# EXHIBIT E

## PROMISSORY NOTE
## SECURED BY DEED OF TRUST
(the "Note")

$450,000.00

Los Angeles, California
September 10, 2007

FOR VALUE RECEIVED, the undersigned ("Maker"), promises to pay to the order of Namco Capital Group, Inc., a California corporation, or the lawful holder of this Note ("Holder"), without grace, deduction, offset, extension, credit, notice or demand, at 12121 Wilshire Blvd., #1400, Los Angeles, CA 90025, or at such other place or to such other party as the Holder of this Note may from time to time designate in writing, the principal sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00), together with interest at the rate of ten (10%) per annum which interest shall accrue monthly upon the principal amount hereof outstanding from time to time. Maker shall make payments of interest only to Holder, in the amount of $3,750.00 per month, in arrears, commencing on the first day of the first calendar month immediately following the date hereof, and continuing thereafter on the first day of each month until the maturity date of this Note.

The interest rate on this Note shall be computed on the basis of a 360-day year, based on the number of days actually elapsed.

This Note shall mature on September 10, 2008, at which time the balance of the outstanding principal sum of this Note, together with any and all accrued but unpaid interest and other charges under this Note, shall be due and payable. Payments for any month which is not a full calendar month shall be prorated on the basis of a thirty (30) day month, based on the actual number of days elapsed. All installments of principal and interest of this Note, and other amounts paid or due hereunder, shall be payable and paid in lawful money of the United States of America, in immediately available funds, at the address set forth above, or such other place as the Holder may designate in writing from time to time. Each payment hereunder shall, when made, be credited first to late charges and other expenses then payable to Holder, then to interest, and the remainder to principal.

Upon failure to pay any installments of interest, principal or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreements contained herein or in any instrument securing payment of this Note, or any of the Loan Documents (as such terms is defined below), or upon the occurrence of an event of default (or any event which with notice, lapse of time, or both would constitute an event of default) under any of the Loan Documents, then such failure and/or event shall immediately and automatically constitute a default under this Note, and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable. During the period commencing upon any such event of default and continuing until such default is cured, but without limiting or waiving, in any way, Maker's liability resulting from such default, and without limiting any rights or remedies of Holder under this Note or any of the other Loan Documents, or at law or equity, any and all delinquent amounts shall be added to the principal balance hereunder and shall bear interest at the rate set forth in this Note, compounded monthly. In addition, during the period commencing with such event of default, the interest rate applicable to the principal amount, as well as any and all delinquent amounts, shall be the total interest rate otherwise charged hereunder plus seven percent (7%) (or, if less, the highest amount allowed by applicable law), compounded monthly, whether or not the aforesaid option has been exercised. Any references in this Note or in any of the other Loan Documents to the "rate set forth in the Note" or similar designation shall be deemed to include such increased interest rate. In addition, such increased rate shall take effect and continue irrespective of any bankruptcy or similar action affecting Borrower and irrespective of the commencement or continuation of any legal proceedings (including judicial and/or non-judicial foreclosure proceedings) by Holder.

-1-

**EXHIBIT E**

Exhibit E 78

If Maker shall fail to make any payment of interest or principal, including the final principal payment or combined principal and interest installment, including, without limitation, any amounts due under the immediately preceding paragraph hereof, or other amount due, within ten (10) days after the date the same is due and payable, a late charge shall be immediately due and payable. Maker recognizes that default by Maker in making the payments herein agreed to be paid when due will result in the Holder incurring additional expenses in servicing the loan, in loss to the Holder of the use of the money due and in frustration to the Holder in meeting its other financial and loan commitments. Maker agrees that, if for any reason Maker fails to pay any amounts due under this Note when due, Holder shall be entitled to compensation for the detriment caused thereby, but that it is extremely difficult and impractical to ascertain the amount of such compensation. Maker therefore agrees that a sum equal to ten cents ($.10) for each One Dollar ($1.00) of each payment of principal, interest, or other amounts to be paid hereunder which becomes delinquent is a reasonable estimate of the said compensation to the Holder of this Note, which sum Maker agrees to pay on demand. This clause is not intended to limit Maker's liability resulting from its default in any way, or Holder's rights or remedies with respect to such default, but is intended solely to compensate Holder in the event of Maker's delay in making any payment due hereunder. Any late charges which may accrue hereunder shall be payable not later than the date the next monthly installment is due under this Note. The sum past due and the late charge hereunder shall individually bear interest at the rate set forth in this Note, compounded monthly, from the due date of the sum past due until the date of the individual payment of such sums.

The Maker and endorsers severally waive presentment, protest and demand, notice of protest, demand and of dishonor and nonpayment of this Note, and expressly agree that this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof.

The undersigned promises to pay all attorneys' fees and costs and other fees and costs (including, without limitation, trustees', consultants', accountants', engineers' and appraisers' fees and expenses) incurred by the Holder hereof in connection with the interpretation, collection and/or enforcement of this Note, and/or any of the other Loan Documents, (whether or not legal proceedings are brought by Holder), and/or the protection of the security thereunder, including, without limitation any such fees and expenses incurred by Holder in connection with, related to, or arising out of any judicial or non-judicial foreclosure proceedings.

This Note(and all interest and other charges thereon) is secured by a Long Form Deed of Trust and Assignment of Rents, executed by Maker, as Trustor, to Woodman Partners LLC, a California limited liability company, as trustee, in trust, for the benefit of Holder (the "Deed of Trust"), of even date herewith, all with respect to the properties described defined in the Deed of Trust). Additionally, Maker has executed a separate, unsecured and independent Environmental Indemnity in favor of Holder with respect to the Properties. Maker's obligations to Holder are guaranteed by that certain guarantees, of even date herewith, made by various parties, jointly and severally, in favor of Holder. All of the foregoing documents, are referred to herein as the "Loan Documents." Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of Holder, constitute a default under any or all of the other Loan Documents.

The loan made under this Note has been made or arranged by Namco Capital Group,Inc., a California corporation and licensed California real estate broker, and is exempt from usury limitations. However, if fulfillment of any provision hereof or of the other Loan Documents shall be deemed by a court of competent and final jurisdiction to violate any applicable usury restrictions, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and any amount received in excess of such limit shall be applied to reduce the unpaid principal balance hereof and not to the payment of interest, it being understood that in no event shall interest or any other amount paid or agreed to be paid to Holder for the use, forbearance or detention of money to be advanced hereunder or pursuant to the Loan Documents exceed the highest lawful rate permissible under applicable usury laws.

-2-

Exhibit E 79

Maker acknowledges and agrees that Holder has the right to transfer, assign or hypothecate all or any part of this Note, and/or the Loan Documents, to sell participations therein (provided, however, that such transfer, assignment, hypothecation or participation shall be at no expense to Maker). Maker agrees that it shall cooperate fully with Holder in connection with this paragraph promptly upon request and shall execute, and where appropriate, acknowledge and deliver, such estoppel certificates and other documents as Holder may require in connection therewith.

This Note shall be governed by and construed in accordance with the laws of the State of California.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

No single or partial exercise of any power granted to Holder under this Note or the Loan Documents or any other agreement shall preclude any other or further exercise thereof or the exercise of any other power. No delay or omission on the part of Holder in exercising any right under this Note or the Loan Documents shall operate as a waiver of such right or any other right.

The terms of this Note apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. Maker shall not sell, transfer, convey, exchange, assign, lease, sublease, pledge, hypothecate or encumber, voluntarily, involuntarily, by operation of law or otherwise (collectively, a "Transfer") the Properties or any portion thereof or interest therein without the prior written consent of Holder. Holder may grant or deny such consent in its sole discretion and, if consent should be given, any such Transfer shall be subject to (and, in the case of an encumbrance, subordinate to) the Deed of Trust, and to such conditions as Holder may impose in its sole and absolute discretion. In the event of any such Transfer without the prior written consent of Holder, Holder may, at its option, without demand or notice, declare all sums secured hereby immediately due and payable. Consent to one such Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers. As used herein, "Transfer" shall include the sale, agreement to sell, option to sell, conditional sale, exchange, transfer, assignment, leasing, subleasing or conveyance of Maker's interest in the Properties, or any portion thereof or interest therein, including, without limitation, air, water, oil, gas and mineral rights and development rights, whether voluntary, involuntary, by operation of law or otherwise. "Transfer" shall also include any security transaction, including the placing or permitting the placing on the Properties or any portion thereof or interest therein of any mortgage, deed of trust, pledge, hypothecation, assignment of rents or other security device, or, in the event Maker is a partnership, limited liability company, joint venture, trust or corporation, the sale, assignment, conveyance, transfer, disposition, pledge, hypothecation or encumbering of any of the capital stock of Maker or of any part of the beneficial or ownership interest of such partnership, limited liability company, venture or trust, or a withdrawal, dissolution, termination, substitution or change of any general partner or any joint venturer of Maker, whether voluntarily, involuntarily, by operation of law, or otherwise. The term "Transfer" shall also include any such Transfer with respect to any capital stock and/or any beneficial or ownership interest in any general partner, joint venturer or shareholder of Trustor.

Maker hereby covenants to execute and deliver to Holder an estoppel certificate and/or offset statement with respect to the Note or any of the Loan Documents and/or the status of this transaction and/or the Properties, and/or such other matters as Holder may require, immediately upon request therefor by Holder, and to immediately deliver to Holder such information, financial statements and other documents or items as Holder may require from Maker from time to time.

Holder shall have the full right, but not the obligation, to cure any default under, or to acquire, pay down, pay off or otherwise satisfy, any lien, encumbrance, security interest or claim which affects or may affect the Properties, or any part thereof or interest therein (whether or not prior to the Deed of Trust), and if Holder pays or satisfies any such lien, encumbrance, security interest or claim or makes any payment or cures any default thereunder, or makes any other advance hereunder or under any of the Loan Documents, Holder may add any amounts so paid to the amounts secured by the Deed of Trust, and any and all such amounts shall be paid by Maker to Holder upon demand, shall bear interest at the same rate

-3-

Exhibit E 80

specified to be paid on outstanding indebtedness under this Note, compounded monthly, until paid, and all such amounts shall be secured by the Deed of Trust until paid.

If "Maker" consists of more than one person or entity executing this Note, each and every such person and/or entity shall be jointly and severally liable with respect to all obligations of "Maker" under this Note.

MAKER:

Kamran Group, LLC

BY: David Golkar-Manager

-4-

**This page is part of your document - DO NOT DISCARD**

 **20072133932** Pages: 005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

09/17/07 AT 12:16PM

Fee: 31.00
Tax: 0.00
Other: 0.00
Total: 31.00

1173432    200709170010061    Mail

**TITLE(S) :**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.        **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit E 82

09/17/07

20072133932

SPACE ABOVE THIS LINE FOR RECORDER'S USE

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd. #1400
Los Angeles, CA 90025

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this   10th   day of   September 2007                                                                      ; between
                      Kamran Group, LLC., a California limited liability company                          hereinafter called TRUSTOR,

whose address is 8891 Research Drive, Irvine CA 92618
                      (number and street)                                                              (city)        (zone)        (state)

                      Woodman Partners LLC, a California limited liability company                      herein called TRUSTEE, and
                      Namco Capital Group, Inc., a California corporation                                herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in
                                                                              County, California, described as:
Los Angeles

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to
collect and apply such rents, issues and profits.

For the Purpose of Securing:
      1. Performance of each agreement of Trustor herein contained.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and
any extension of renewal thereof, in the principal sum of $450,000.00  executed by Trustor in favor of Beneficiary or order.

To Protect the Security of This Deed of Trust, Trustor Agrees:
      (1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and
workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished
therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to
commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or
use of said property may be reasonably necessary, the specific enumeration herein not excluding the general.
      (2)  To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or
other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary
the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default
hereunder or invalidate any act done pursuant to such notice.
      (3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all
costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may
appear, and in any suit brought by Beneficiary to foreclose this Deed.
      (4)  To pay:  at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when
due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of
this Trust.
      Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to
or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem
necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or
proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or
lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his
reasonable fees.
      (5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by
law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount
demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.
      (6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and
shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of
proceeds of fire or other insurance.
      (7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due
of all other sums so secured or to declare default for failure so to pay.
      (8)  That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and
said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may:  reconvey any part of
said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement
subordinating the lien or charge hereof.

Exhibit E 83

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or any interest in Trustor, Lender may, at its option and without further notice to any person, declare the entire principal balance and any other obligations under the Note and/or any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor                                                                          Signature of Trustor

Kamran Group, LLC

By: David Golkar-Manager

Page 2 of 3

Exhibit E 84

STATE OF CALIFORNIA,
COUNTY OF _Los Angeles_
On _September 19, 2007_ before me, _Alpha C. Giles Notary Public_,
Notary Public in and for said County and State, personally appeared
_David Voelker_, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature _Alpha C. Giles_

WITNESS my hand and official seal.

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

**Deed of Trust WITH POWER OF SALE (Long Form)**

DO NOT RECORD

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.
Dated _____

MAIL RECONVEYANCE TO:

By _____

By _____

Page 3 of 3

Exhibit E 85

**Exhibit 1**

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 0.57 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 2 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-040

Exhibit E 86

EXHIBIT F

Exhibit F 87

( )                                                                    ( )

## PROMISSORY NOTE
## SECURED BY DEED OF TRUST
(the "Note")

$3,600,000.00

Los Angeles, California
June 29, 2007

FOR VALUE RECEIVED, the undersigned ("Maker"), promises to pay to the order of Namco Capital Group, Inc., a California corporation, or the lawful holder of this Note ("Holder"), without grace, deduction, offset, extension, credit, notice or demand, at 12121 Wilshire Blvd., #1400, Los Angeles, CA 90025, or at such other place or to such other party as the Holder of this Note may from time to time designate in writing, the principal sum of Three Million Six Hundred Thousand and 00/100 Dollars ($3,600,000.00), together with interest at the rate of ten (10%) per annum which interest shall accrue monthly upon the principal amount hereof outstanding from time to time. Maker shall make payments of interest only to Holder, in the amount of $30,000.00 per month, in arrears, commencing on the first day of the first calendar month immediately following the date hereof, and continuing thereafter on the first day of each month until the maturity date of this Note.

The interest rate on this Note shall be computed on the basis of a 360-day year, based on the number of days actually elapsed.

This Note shall mature on June 28, 2008, at which time the balance of the outstanding principal sum of this Note, together with any and all accrued but unpaid interest and other charges under this Note, shall be due and payable. Payments for any month which is not a full calendar month shall be prorated on the basis of a thirty (30) day month, based on the actual number of days elapsed. All installments of principal and interest of this Note, and other amounts paid or due hereunder, shall be payable and paid in lawful money of the United States of America, in immediately available funds, at the address set forth above, or such other place as the Holder may designate in writing from time to time. Each payment hereunder shall, when made, be credited first to late charges and other expenses then payable to Holder, then to interest, and the remainder to principal.

Upon failure to pay any installments of interest, principal or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreements contained herein or in any instrument securing payment of this Note, or any of the Loan Documents (as such terms is defined below), or upon the occurrence of an event of default (or any event which with notice, lapse of time, or both would constitute an event of default) under any of the Loan Documents, then such failure and/or event shall immediately and automatically constitute a default under this Note, and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable. During the period commencing upon any such event of default and continuing until such default is cured, but without limiting or waiving, in any way, Maker's liability resulting from such default, and without limiting any rights or remedies of Holder under this Note or any of the other Loan Documents, or at law or equity, any and all delinquent amounts shall be added to the principal balance hereunder and shall bear interest at the rate set forth in this Note, compounded monthly. In addition, during the period commencing with such event of default, the interest rate applicable to the principal amount, as well as any and all delinquent amounts, shall be the total interest rate otherwise charged hereunder plus seven percent (7%) (or, if less, the highest amount allowed by applicable law), compounded monthly, whether or not the aforesaid option has been exercised. Any references in this Note or in any of the other Loan Documents to the "rate set forth in the Note" or similar designation shall be deemed to include such increased interest rate. In addition, such increased rate shall take effect and continue irrespective of any bankruptcy or similar action affecting Borrower and irrespective of the commencement or continuation of any legal proceedings (including judicial and/or non-judicial foreclosure proceedings) by Holder.

-1-

**EXHIBIT F**

Exhibit F 88

If Maker shall fail to make any payment of interest or principal, including the final principal payment or combined principal and interest installment, including, without limitation, any amounts due under the immediately preceding paragraph hereof, or other amount due, within ten (10) days after the date the same is due and payable, a late charge shall be immediately due and payable. Maker recognizes that default by Maker in making the payments herein agreed to be paid when due will result in the Holder incurring additional expenses in servicing the loan, in loss to the Holder of the use of the money due and in frustration to the Holder in meeting its other financial and loan commitments. Maker agrees that, if for any reason Maker fails to pay any amounts due under this Note when due, Holder shall be entitled to compensation for the detriment caused thereby, but that it is extremely difficult and impractical to ascertain the amount of such compensation. Maker therefore agrees that a sum equal to ten cents ($.10) for each One Dollar ($1.00) of each payment of principal, interest, or other amounts to be paid hereunder which becomes delinquent is a reasonable estimate of the said compensation to the Holder of this Note, which sum Maker agrees to pay on demand. This clause is not intended to limit Maker's liability resulting from its default in any way, or Holder's rights or remedies with respect to such default, but is intended solely to compensate Holder in the event of Maker's delay in making any payment due hereunder. Any late charges which may accrue hereunder shall be payable not later than the date the next monthly installment is due under this Note. The sum past due and the late charge hereunder shall individually bear interest at the rate set forth in this Note, compounded monthly, from the due date of the sum past due until the date of the individual payment of such sums.

The Maker and endorsers severally waive presentment, protest and demand, notice of protest, demand and of dishonor and nonpayment of this Note, and expressly agree that this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof.

The undersigned promises to pay all attorneys' fees and costs and other fees and costs (including, without limitation, trustees', consultants', accountants', engineers' and appraisers' fees and expenses) incurred by the Holder hereof in connection with the interpretation, collection and/or enforcement of this Note, and/or any of the other Loan Documents, (whether or not legal proceedings are brought by Holder), and/or the protection of the security thereunder, including, without limitation any such fees and expenses incurred by Holder in connection with, related to, or arising out of any judicial or non-judicial foreclosure proceedings.

This Note(and all interest and other charges thereon) is secured by a Long Form Deed of Trust and Assignment of Rents, executed by Maker, as Trustor, to Woodman Partners LLC, a California limited liability company, as trustee, in trust, for the benefit of Holder (the "Deed of Trust"), of even date herewith, all with respect to the properties described defined in the Deed of Trust). Additionally, Maker has executed a separate, unsecured and independent Environmental indemnity in favor of Holder with respect to the Properties. Maker's obligations to Holder are guaranteed by that certain guarantees, of even date herewith, made by various parties, jointly and severally, in favor of Holder. All of the foregoing documents, are referred to herein as the "Loan Documents." Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of Holder, constitute a default under any or all of the other Loan Documents.

The loan made under this Note has been made or arranged by Namco Capital Group,Inc., a California corporation and licensed California real estate broker, and is exempt from usury limitations. However, if fulfillment of any provision hereof or of the other Loan Documents shall be deemed by a court of competent and final jurisdiction to violate any applicable usury restrictions, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and any amount received in excess of such limit shall be applied to reduce the unpaid principal balance hereof and not to the payment of interest, it being understood that in no event shall interest or any other amount paid or agreed to be paid to Holder for the use, forbearance or detention of money to be advanced hereunder or pursuant to the Loan Documents exceed the highest lawful rate permissible under applicable usury laws.

-2-

Exhibit F 89

Maker acknowledges and agrees that Holder has the right to transfer, assign or hypothecate all or any part of this Note, and/or the Loan Documents, to sell participations therein (provided, however, that such transfer, assignment, hypothecation or participation shall be at no expense to Maker). Maker agrees that it shall cooperate fully with Holder in connection with this paragraph promptly upon request and shall execute, and where appropriate, acknowledge and deliver, such estoppel certificates and other documents as Holder may require in connection therewith.

This Note shall be governed by and construed in accordance with the laws of the State of California.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

No single or partial exercise of any power granted to Holder under this Note or the Loan Documents or any other agreement shall preclude any other or further exercise thereof or the exercise of any other power. No delay or omission on the part of Holder in exercising any right under this Note or the Loan Documents shall operate as a waiver of such right or any other right.

The terms of this Note apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. Maker shall not sell, transfer, convey, exchange, assign, lease, sublease, pledge, hypothecate or encumber, voluntarily, involuntarily, by operation of law or otherwise (collectively, a "Transfer") the Properties or any portion thereof or interest therein without the prior written consent of Holder. Holder may grant or deny such consent in its sole discretion and, if consent should be given, any such Transfer shall be subject to (and, in the case of an encumbrance, subordinate to) the Deed of Trust, and to such conditions as Holder may impose in its sole and absolute discretion. In the event of any such Transfer without the prior written consent of Holder, Holder may, at its option, without demand or notice, declare all sums secured hereby immediately due and payable. Consent to one such Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers. As used herein, "Transfer" shall include the sale, agreement to sell, option to sell, conditional sale, exchange, transfer, assignment, leasing, subleasing or conveyance of Maker's interest in the Properties, or any portion thereof or interest therein, including, without limitation, air, water, oil, gas and mineral rights and development rights, whether voluntary, involuntary, by operation of law or otherwise. "Transfer" shall also include any security transaction, including the placing or permitting the placing on the Properties or any portion thereof or interest therein of any mortgage, deed of trust, pledge, hypothecation, assignment of rents or other security device, or, in the event Maker is a partnership, limited liability company, joint venture, trust or corporation, the sale, assignment, conveyance, transfer, disposition, pledge, hypothecation or encumbering of any of the capital stock of Maker or of any part of the beneficial or ownership interest of such partnership, limited liability company, venture or trust, or a withdrawal, dissolution, termination, substitution or change of any general partner or any joint venturer of Maker, whether voluntarily, involuntarily, by operation of law, or otherwise. The term "Transfer" shall also include any such Transfer with respect to any capital stock and/or any beneficial or ownership interest in any general partner, joint venturer or shareholder of Trustor.

Maker hereby covenants to execute and deliver to Holder an estoppel certificate and/or offset statement with respect to the Note or any of the Loan Documents and/or the status of this transaction and/or the Properties, and/or such other matters as Holder may require, immediately upon request therefor by Holder, and to immediately deliver to Holder such information, financial statements and other documents or items as Holder may require from Maker from time to time.

Holder shall have the full right, but not the obligation, to cure any default under, or to acquire, pay down, pay off or otherwise satisfy, any lien, encumbrance, security interest or claim which affects or may affect the Properties, or any part thereof or interest therein (whether or not prior to the Deed of Trust), and if Holder pays or satisfies any such lien, encumbrance, security interest or claim or makes any payment or cures any default thereunder, or makes any other advance hereunder or under any of the Loan Documents, Holder may add any amounts so paid to the amounts secured by the Deed of Trust, and any and all such amounts shall be paid by Maker to Holder upon demand, shall bear interest at the same rate

-3-

Exhibit F 90

specified to be paid on outstanding indebtedness under this Note, compounded monthly, until paid, and all such amounts shall be secured by the Deed of Trust until paid.

If "Maker" consists of more than one person or entity executing this Note, each and every such person and/or entity shall be jointly and severally liable with respect to all obligations of "Maker" under this Note.

MAKER:

Kamran Group, LLC

BY: David Golkar-Manager

−4−

Exhibit F 91

**This page is part of your document - DO NOT DISCARD**

 **20071988920** Pages: 007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

Fee: 37.00
Tax: 0.00
Other: 0.00

·08/24/07 AT 11:25AM

Total: 37.00

1089407    200708240760043    Mail

**TITLE(S) :**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.    **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit F 92



08/24/07

20071988920

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd. #1400
Los Angeles, CA 90025

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this   29th   day of   June 2007
                                                                                                                                                              , between
                                             Kamran Group, LLC, a California limited liability company                                        hereinafter called TRUSTOR,
whose address is  8891 Research Drive, Irvine CA 92618
          (number and street)                                                                         (city)         (zone)         (state)

            Woodman Partners LLC, a California limited liability company                                                    herein called TRUSTEE, and
            Namco Capital Group, Inc., a California corporation                                                            herein called BENEFICIARY,

Witnesseth:  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in
Los Angeles                                                                                                               County, California, described as:

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to
collect and apply such rents, issues and profits.

For the Purpose of Securing:
     1. Performance of each agreement of Trustor herein contained.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and
any extension of renewal thereof, in the principal sum of $3,600,000.00 executed by Trustor in favor of Beneficiary or order.:

To Protect the Security of This Deed of Trust, Trustor Agrees:
     (1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and
workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished
therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to
commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or
use of said property may be reasonable necessary, the specific enumeration herein not excluding the general.
     (2)  To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or
other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary
the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default
hereunder or invalidate any act done pursuant to such notice.
     (3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all
costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may
appear, and in any suit brought by Beneficiary to foreclose this Deed.
     (4)  To pay:  at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when
due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of
this Trust.
     Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to
or demand upon Trustor and without releasing Trustor from any obligation hereof, may:  make or do the same in such manner and to such extent as either may deem
necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes;  appear in and defend any action or
proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or
lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his
reasonable fees.
     (5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by
law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount
demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.
     (6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and
shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of
proceeds of fire or other insurance.
     (7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due
of all other sums so secured or to declare default for failure so to pay.
     (8)  That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and
said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of
said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement
subordinating the lien or charge hereof.

Exhibit F 93

*3*

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and _____ a surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or may any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor

Kamran Group, LLC

By: David Golkar-Manager

Signature of Trustor

Page 2 of 3

Exhibit F 94

4

STATE OF CALIFORNIA,
COUNTY OF _Los Angeles_
On _July 05, 2008_ before me, _Alpha C. Giles_,
Notary Public in and for said County and State, personally appeared
_David Miller_, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature _Alpha C. Giles_

WITNESS my hand and official seal.

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

[Place here for official notarial seal]

DO NOT RECORD

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid.

Dated _____

MAIL RECONVEYANCE TO:

By _____

By _____

Deed of Trust
WITH POWER OF SALE
(Long Form)

Page 3 of 3

Exhibit F 95

5

EXHIBIT "ONE"

Order Number: 8003-292437NPB1
Page Number: 6

## LEGAL DESCRIPTION

Real property in the City of Pasadena, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF BLOCK "V" OF THE SUBDIVISION OF LAND BELONGING TO J .H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID BLOCK "V"; DISTANT THEREON 515 FEET SOUTH OF THE NORTHWEST CORNER; THENCE EAST 317 FEET; THENCE SOUTH 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225 OF DEEDS; THENCE WESTERLY ALONG SAID NORTH LINE 317 FEET TO THE WEST LINE OF SAID BLOCK "V"; THENCE NORTHERLY ALONG SAID WESTERLY LINE 64.52 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION CONVEYED TO WILLIAM H. YOUNG AND WIFE, BY DEED RECORDED IN BOOK 6662 PAGE 191, OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF LOT 9 OF BARNHART, PETRIE, CRAWFORD AND SAWYER'S SUBDIVISION, AS PER MAP RECORDED IN BOOK 13 PAGE 16 OF MISCELLANEOUS RECORDS OF SAID COUNTY; THENCE WEST ALONG THE SOUTH LINE OF LOT 9, 70 FEET; THENCE SOUTH PARALLEL WITH THE SOUTH PROLONGATION OF THE EAST LINE OF SAID LOT 9, 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225, OF DEEDS; THENCE EAST ALONG SAID NORTH LINE, 95 FEET TO THE EAST LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2629 PAGE 162 OF DEEDS; THENCE NORTH ALONG SAID LAST MENTIONED EAST LINE 64.52 FEET TO THE EAST PROLONGATION OF THE SOUTH LINE OF SAID LOT 9; THENCE WEST ALONG THE SAID EAST PROLONGATION 25 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THE WEST 4 FEET THEREOF CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3738 PAGE 261 OF DEEDS.

PARCEL 2:

A PORTION OF BLOCK "V" OF SUBDIVISION OF LANDS OF J. H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID BLOCK "V" DISTANT 579.52 FEET SOUTH OF THE NORTHWEST CORNER OF SAID BLOCK "V"; THENCE EAST 220.4 FEET; THENCE SOUTH 64.53 FEET; THENCE WEST 220.4 FEET TO THE WESTERLY LINE OF SAID BLOCK; THENCE NORTH ALONG SAID WESTERLY LINE 64.53 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THE WESTERLY 4 FEET THEREOF AS CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3812 PAGE 55 OF DEEDS.

*United General Title Insurance Company*

Exhibit F 97

Order Number: 8003-292437NPB1
Page Number: 7

APN: 5725-021-024 (Affects: Parcel 2) and 5725-021-025 (Affects: Parcel 1)

United General Title Insurance Company

Exhibit F 98

# EXHIBIT G

7113 8257 1473 7787 0745

11-13-09

COPY of Document Recorded
2009- 1709793
Has not been compared with original
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER COUNTY CLERK

Recording Requested By
and When Recorded Mail to:

Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105

Trustee Sale No: 09-00811-4C
Loan No: Walnut Ave Unit 501

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $949,105.86 as of November 1, 2009, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

o find out the amount you must pay, or to arrange for payment to stop the foreclosure, or your property is in foreclosure for any other reason, contact :

EXHIBIT G

Exhibit G 100

Bradley D. Sharp, Chapter 11 Trustee for
Namco Capital Group, Inc.
c/o Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA  94105
Phone: 415-247-2450  TS# 09-00811-4  c

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan.  Notwithstanding the fact that your property is in foreclosure,
you may offer your property for sale, provided the sale is concluded prior to the conclusion
of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the
"Beneficiary") under that certain Long Form Deed of Trust and Assignment of Rents dated
as of September 10, 2007, executed by Kamran Group, LLC, a California limited liability
company, as trustor (the "Original Trustor"), to secure obligations in favor of Namco Capital
Group, Inc., as beneficiary, recorded on September 17, 2007, as Instrument No.
20072133956 of Official Records in the office of the Recorder of Los Angeles County,
California  (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein
from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (with any
additions thereto and less any reconveyances therefrom, the "Trust Property"), and that

The Deed of Trust secures the  payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in that certain Promissory Note
Secured by Deed of Trust with a face amount of $600,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time
to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of
Trust, together with any modifications thereto, are collectively referred to herein from time
to time as the "Secured Obligations"; and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its
successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust
or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note,
Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has
occurred in that the Trustor has failed to perform obligations pursuant to or under the
Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the
principal sum which became due; together with interest due thereon; together with late
charges due; together with default interest due; and that

Exhibit G 101

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: November 11, 2009
09-00811-4 C

Fidelity National Title Company,
Agent for the Beneficiary
By: Title Court Services, Inc., authorized signor

By: Lisa Reyes, Authorized agent

Exhibit G 102

# EXHIBIT H

7113 8257 1473 7787 0844

11-13-09

Recording Requested By
and When Recorded Mail to:

COPY of Document Recorded
2009- 1709794
... has been compared with original
... that will be returned when
... cessing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER COUNTY CLERK

Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105

Trustee Sale No: 09-00812-4C
Loan No: Walnut Ave Unit 504

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $2,056,396.15 as of November 1, 2009, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

EXHIBIT H

Exhibit H 104

Bradley D. Sharp, Chapter 11 Trustee for
Namco Capital Group, Inc.
c/o Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105
Phone: 415-247-2450  TS# 09-00812-4  c

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan. Notwithstanding the fact that your property is in foreclosure,
you may offer your property for sale, provided the sale is concluded prior to the conclusion
of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the
"Beneficiary") under that certain Long Form Deed of Trust and Assignment of Rents dated
as of September 10, 2007, executed by Kamran Group, LLC, a California limited liability
company, as trustor (the "Original Trustor"), to secure obligations in favor of Namco Capital
Group, Inc., as beneficiary, recorded on September 17, 2007, as instrument No.
20072133936 of Official Records in the office of the Recorder of Los Angeles County,
California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein
from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (with any
additions thereto and less any reconveyances therefrom, the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in that certain Promissory Note
Secured by Deed of Trust with a face amount of $1,300,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time
to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of
Trust, together with any modifications thereto, are collectively referred to herein from time
to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its
successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust
or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note,
Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has
occurred in that the Trustor has failed to perform obligations pursuant to or under the
Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the
principal sum which became due; together with interest due thereon; together with late
charges due; together with default interest due; and that

Exhibit H 105

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: November 11, 2009
09-00812-4 C

Fidelity National Title Company,
Agent for the Beneficiary
By: Title Court Services, Inc., authorized signor

By: LiSa Reyes, authorized agent



# EXHIBIT I

Exhibit I 107

7113 8257 1473 7787 0660

Recording Requested By
and When Recorded Mail to:

11-1309

of Document Recorded

2009- 1709792

has not been compared with original
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER COUNTY CLERK

Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA  94105

Trustee Sale No: 09-00809-4C
Loan No:  Walnut Ave Unit 1

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $8,207,101.79 as of November 1, 2009, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

o find out the amount you must pay, or to arrange for payment to stop the foreclosure, or your property is in foreclosure for any other reason, contact:

**EXHIBIT I**

Exhibit I 108

Bradley D. Sharp, Chapter 11 Trustee for
Namco Capital Group, Inc.
c/o Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA  94105
Phone: 415-247-2450  TS# 09-00809-4  c

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan.  Notwithstanding the fact that your property is in foreclosure,
you may offer your property for sale, provided the sale is concluded prior to the conclusion
of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the
"Beneficiary") under that certain Long Form Deed of Trust and Assignment of Rents dated
as of June 29, 2007, executed by Pasadena Athletic Club, Inc., a California corporation, as
trustor (the "Original Trustor"), to secure obligations in favor of Namco Capital Group, Inc.,
as beneficiary, recorded on August 24, 2007, as Instrument No. 20071990505 of Official
Records in the office of the Recorder of Los Angeles County, California  (the "Original Deed
of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein
from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (with any
additions thereto and less any reconveyances therefrom, the "Trust Property"), and that

The Deed of Trust secures the  payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in that certain Promissory Note
Secured by Deed of Trust with a face amount of $5,000,000.00, executed by Kamran Group
Pasadena, Inc., formerly known as Pasadena Athletic Club, Inc. (the "Original Note"), and
that

The Original Note and any modifications thereto are collectively referred to herein from time
to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of
Trust, together with any modifications thereto, are collectively referred to herein from time
to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its
successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust
or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note,
Secured Obligations, the Deed of Trust and/or any other loan documents, and that

Exhibit I 109

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the principal sum which became due; together with interest due thereon; together with late charges due; together with default interest due; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: November 10, 2009
09-00809-4 C

Fidelity National Title Company,
Agent for the Beneficiary
By:  Title Court Services, Inc., authorized signor

y:Lisa Rofes Authorized Agent

Exhibit I 110

# EXHIBIT J

7113 8257 1473 7876 0113

Recording Requested By
and When Recorded Mail to:

Fidelity National Title Company
136 Main St. Ste.1900
San Francisco, CA 94105

> **Recorded**
>
> NOV 1 8 2009
>
> Fidelity National Title Company

Trustee Sale No: 09-00810-4C
Loan No: Walnut Ave Unit 505

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $711,829.37 as of November 1, 2009, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact :



**EXHIBIT J**

Exhibit J 112

Bradley D. Sharp, Chapter 11 Trustee for
Namco Capital Group, Inc.
c/o Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105
Phone: 415-247-2450  TS# 09-00810-4  c

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan. Notwithstanding the fact that your property is in foreclosure,
you may offer your property for sale, provided the sale is concluded prior to the conclusion
of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the
"Beneficiary") under that certain Long Form Deed of Trust and Assignment of Rents dated
as of September 10, 2007, executed by Kamran Group, LLC, a California limited liability
company, as trustor (the "Original Trustor"), to secure obligations in favor of Namco Capital
Group, Inc., as beneficiary, recorded on September 17, 2007, as Instrument No.
20072133932 of Official Records in the office of the Recorder of Los Angeles County,
California  (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein
from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (with any
additions thereto and less any reconveyances therefrom, the "Trust Property"), and that

The Deed of Trust secures the  payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in that certain Promissory Note
Secured by Deed of Trust with a face amount of $450,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time
to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of
Trust, together with any modifications thereto, are collectively referred to herein from time
to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its
successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust
or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note,
Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has
occurred in that the Trustor has failed to perform obligations pursuant to or under the
Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the
principal sum which became due; together with interest due thereon; together with late
charges due; together with default interest due; and that

Exhibit J 113

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1.  Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2.  Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3.  Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4.  Compliance with any applicable laws, regulations or orders, and all other such matters;

5.  Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: November 10, 2009
09-00810-4 C

Fidelity National Title Company,
Agent for the Beneficiary.
By: Title Court Services, Inc., authorized signor

By: _____

# EXHIBIT K

7113 8257 1473 7787 0622

Recording Requested By
and When Recorded Mail to:

COPY of Document Recorded
11.13.09
2009- 1709791
Has not been compared with original
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER COUNTY CLERK

Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105

Trustee Sale No: 09-00808-4C
Loan No: N. Marengo / Kamran

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $5,909,113.16 as of November 1, 2009, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or your property is in foreclosure for any other reason, contact:

**EXHIBIT K**

Exhibit K 116

Bradley D. Sharp, Chapter 11 Trustee for
Namco Capital Group, Inc.
c/o Fidelity National Title Company
135 Main St. Ste.1900
San Francisco, CA 94105
Phone: 415-247-2450  TS# 09-00808-4 c

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan. Notwithstanding the fact that your property is in foreclosure,
you may offer your property for sale, provided the sale is concluded prior to the conclusion
of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That default has been declared by the current beneficiary (the
"Beneficiary") under that certain Long Form Deed of Trust and Assignment of Rents dated
as of June 29, 2007, executed by Kamran Group, LLC, a California limited liability company,
as trustor (the "Original Trustor"), to secure obligations in favor of Namco Capital Group,
Inc., as beneficiary, recorded on August 24, 2007, as Instrument No. 20071988920 of Official
Records in the office of the Recorder of Los Angeles County, California (the "Original Deed
of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein
from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (with any
additions thereto and less any reconveyances therefrom, the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in that certain Promissory Note
Secured by Deed of Trust with a face amount of $3,600,000.00 (the "Original Note"), and that

The Original Note and any modifications thereto are collectively referred to herein from time
to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of
Trust, together with any modifications thereto, are collectively referred to herein from time
to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor or, if applicable, its
successor in interest with respect to the Trust Property, and that

The term "Trustee" as used herein shall mean the original trustee under the Deed of Trust
or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note,
Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has
occurred in that the Trustor has failed to perform obligations pursuant to or under the
Secured Obligations and/or the Deed of Trust, specifically: failed to pay the balance of the
principal sum which became due; together with interest due thereon; together with late
charges due; together with default interest due; and that

Exhibit K 117

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;

2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;

3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;

4. Compliance with any applicable laws, regulations or orders, and all other such matters;

5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: November 10, 2009
09-00808-4 C

Fidelity National Title Company,
Agent for the Beneficiary
By: Title Court Service, Inc., authorized signor

By: Lisa Reyes, authorized agent

Exhibit K 118