**This page is part of your document - DO NOT DISCARD**



**20071988920**   Pages: 007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/24/07 AT 11:25AM

Fee: 37.00
Tax: 0.00
Other: 0.00
Total: 37.00

1089407       200708240760043   Mail

# TITLE(S) :



L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.       **Number of AIN's Shown**



**THIS FORM IS NOT TO BE DUPLICATED**

08/24/07

20071988920

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd.#1400
Los Angeles, CA 90025

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this    29th   day of  June 2007                                                , between

Kamran Group, LLC, a California limited liability company                       hereinafter called TRUSTOR,

whose address is  8891 Research Drive, Irvine CA 92618

(number and street)                                                (city)       (zone)       (state)

Woodman Partners LLC, a California limited liability company                       herein called TRUSTEE, and
Namco Capital Group, Inc., a California corporation                       herein called BENEFICIARY,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in
Los Angeles                                                                                                       County, California, described as:

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:
1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $3,600,000.00  executed by Trustor in favor of Beneficiary or order.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonable necessary, the specific enumeration herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Benefi.___, stating that all sums secured hereby have been paid, and___, surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event: (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or any interest in Trustor, Lender may, at its option and without further notice to any person, declare the entire principal balance and any other obligations under the Note and/or any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor                                                          Signature of Trustor

Kamran Group, LLC

By: David Golkar-Manager

STATE OF CALIFORNIA,
COUNTY OF _Los Angeles_

On _July 28, 2005_ before me, _Alpha C. Giles_, a
Notary Public in and for said County and State, personally appeared
_David Golker_, ~~personally known~~ to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature _Alpha C. Giles_

WITNESS my hand and official seal.

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

(This line for official notarial seal)

**Deed of Trust**
**WITH POWER OF SALE**
**(Long Form)**

DO NOT RECORD

DONOTRECORD

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid.

Dated _____

To Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

By _____

By _____



**EXHIBIT "ONE"**

## LEGAL DESCRIPTION

Real property in the City of Pasadena, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF BLOCK "V" OF THE SUBDIVISION OF LAND BELONGING TO J .H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID BLOCK "V"; DISTANT THEREON 515 FEET SOUTH OF THE NORTHWEST CORNER; THENCE EAST 317 FEET; THENCE SOUTH 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225 OF DEEDS; THENCE WESTERLY ALONG SAID NORTH LINE 317 FEET TO THE WEST LINE OF SAID BLOCK "V"; THENCE NORTHERLY ALONG SAID WESTERLY LINE 64.52 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION CONVEYED TO WILLIAM H. YOUNG AND WIFE, BY DEED RECORDED IN BOOK 6662 PAGE 191, OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF LOT 9 OF BARNHART, PETRIE, CRAWFORD AND SAWYER'S SUBDIVISION, AS PER MAP RECORDED IN BOOK 13 PAGE 16 OF MISCELLANEOUS RECORDS OF SAID COUNTY; THENCE WEST ALONG THE SOUTH LINE OF LOT 9, 70 FEET; THENCE SOUTH PARALLEL WITH THE SOUTH PROLONGATION OF THE EAST LINE OF SAID LOT 9, 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225, OF DEEDS; THENCE EAST ALONG SAID NORTH LINE, 95 FEET TO THE EAST LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2629 PAGE 162 OF DEEDS; THENCE NORTH ALONG SAID LAST MENTIONED EAST LINE 64.52 FEET TO THE EAST PROLONGATION OF THE SOUTH LINE OF SAID LOT 9; THENCE WEST ALONG THE SAID EAST PROLONGATION 25 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THE WEST 4 FEET THEREOF CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3738 PAGE 261 OF DEEDS.

PARCEL 2:

A PORTION OF BLOCK "V" OF SUBDIVISION OF LANDS OF J. H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID BLOCK "V" DISTANT 579.52 FEET SOUTH OF THE NORTHWEST CORNER OF SAID BLOCK "V"; THENCE EAST 220.4 FEET; THENCE SOUTH 64.53 FEET; THENCE WEST 220.4 FEET TO THE WESTERLY LINE OF SAID BLOCK; THENCE NORTH ALONG SAID WESTERLY LINE 64.53 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THE WESTERLY 4 FEET THEREOF AS CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3812 PAGE 55 OF DEEDS.

Order Number: 8003-292437NPB1
Page Number: 7

APN:  5725-021-024 (Affects: Parcel 2) and 5725-021-025 (Affects: Parcel 1)

**This page is part of your document - DO NOT DISCARD**

 **20071990505**   Pages: 012

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/24/07 AT 03:57PM

Fee: 52.00
Tax: 0.00
Other: 0.00
Total: 52.00

1095069   200708240030048   Mail

# TITLE(S) :



L E A D   S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**      **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd.#1400
Los Angeles, CA 90025

08/24/07



20071990505

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this   29th   day of   June 2007

, between

Pasadena Athletic Club, Inc., a California corporation                     hereinafter called TRUSTOR,

whose address is 8891 Research Drive, Irvine CA 92618
(number and street)                                                                      (city)        (zone)        (state)

Woodman Partners LLC, a California limited liability company                     herein called TRUSTEE, and
Namco Capital Group, Inc., a California corporation                               herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles
County, California, described as:

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**
1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $5,000,000.00 executed by Trustor in favor of Beneficiary or order.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonable necessary, the specific enumeration herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event: (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or any interest in Trustor, Lender may, at its option and without further notice to any person, declare the entire principal balance and any other obligations under the Note and/or any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor           Signature of Trustor

Kamran Group, Pasadena Inc.

Formerly known as Pasadena Athletic Club, Inc.

By: David Golkar

STATE OF CALIFORNIA,
COUNTY OF _Los Angeles_ .
On _July 30, 2010_ before me, _Alpha C Giles_ , a
Notary Public in and for said County and State, personally appeared _____
_____David Golker_____ , personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature _Alpha C. Giles_

WITNESS my hand and official seal.

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

(This Area for Official Notarial Seal)

## Deed of Trust WITH POWER OF SALE (Long Form)

DO NOT RECORD

DONOTRECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.
Dated _____

To Trustee:

MAIL RECONVEYANCE TO:

By _____
By _____

Page 3 of 3

5

# EXHIBIT "ONE"

Order No.: 603803453-M07

# LEGAL DESCRIPTION

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A)    AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/95)

Page 3

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION, OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,

CLTA Preliminary Report Form (Rev 1/1/95)

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE

CLTA Preliminary Report Form (Rev 1/1/95)

*q*

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)   UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT· LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE,· IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

10

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

CLTA Preliminary Report Form (Rev 1/1/95)

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.


END OF LEGAL DESCRIPTION

 **This page is part of your document - DO NOT DISCARD**

 **20071030384** Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/30/07 AT 08:00AM

Fee:  37.00

Tax:  NFPR

Other: 0.00

Total: NFPR

**TitleCompany**

## TITLE(S) :  DEED



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
· **To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

 **THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY
UNITED GENERAL TITLE
NATIONAL COMMERCIAL DIV

RECORDING REQUESTED BY

04/30/07

20071030384

AND WHEN RECORDED MAIL TO.

KAMRAM GROUP, LLC
C/O ROX CONSULTING GROUP, INC.
8891 RESEARCH DRIVE
IRVINE, CA 92618

MAIL TAX STATEMENTS TO·

SAME AS ABOVE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

SPACE ABOVE FOR RECORDER'S USE

**GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX IS $ NOT OF PUBLIC RECORD.
(   ) COMPUTED ON FULL VALUE OF PROPERTY CONVEYED. OR
(   ) COMPUTED ON FULL VALUE LESS VALUE OF LIENS AND ENCUMBRANCES
REMAINING AT TIME OF SALE.
(   ) UNINCORPORATED AREA: ( X  ) CITY OF PASADENA,  AND
FOR A VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,

SYLVIA GORDON, TRUSTEE OF THE SYLVIA GORDON DECLARTION OF TRUST DATED
APRIL 27, 1978

HEREBY GRANT(S) TO

KAMRAN GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF PASADENA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA·

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".

APN# 5713-009-040

PAGE ONE
CONTINUE ON PAGE TWO

3

DATE 4-24-07

SYLVIA GORDON, TRUSTEE OF THE
SYLVIA GORDON DECLARATION OF
TRUST DATED APRIL 27, 1978

BY: _Sylvia Gordon Trustee_
SYLVIA GORDON, AS TRUSTEE

STATE OF CALIFORNIA        )
                          ) SS
COUNTY OF _Las Angles_    )

ON _April 26, 2007_ BEFORE ME, _Laurie A Garcia_ A NOTARY PUBLIC

PERSONALLY APPEARED, **SYLVIA GORDON** PERSONALLY KNOWN TO ME OR PROVED
TO ME ON THE BASIS OF SATISFACTORY EVIDENCE,  TO BE THE PERSON(S) WHOSE
NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO
ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED
CAPACITY(IES), AND THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE
PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED
THE INSTRUMENT.

WITNESS MY HAND AND OFFICIAL SEAL.

_Laurie A. Garcia_

LAURIE A GARCIA
Commission # 1459429
Notary Public - California
Los Angeles County
My Comm Expires Dec 30, 2007

SEAL

PAGE TWO

Order Number: 8003-286084NPB1
Page Number

4

## Exhibit "A"

**LEGAL DESCRIPTION**

Real property in the City of Pasadena, County of Los Angeles, State of California, described as
follows:

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 0.87 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF
PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN
RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY
RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS
RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED
JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 2 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-040

~ ˙GRDING REQUESTED BY
˙˙˙TED GENERAL TITLE
˙.ATIONAL COMMERCIAL DIV



07/06/07

**20071608521**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

KAMRAN GROUP, LLC
8891 RESEARCH DRIVE
IRVINE, CA 92618

MAIL TAX STATEMENTS TO:

SAME AS ABOVE
●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●
3035144                                    SPACE ABOVE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX IS $ <u>NOT OF PUBLIC RECORD</u>.
( ) COMPUTED ON FULL VALUE OF PROPERTY CONVEYED. OR
( ) COMPUTED ON FULL VALUE LESS VALUE OF LIENS AND ENCUMBRANCES
REMAINING AT TIME OF SALE.
( ) UNINCORPORATED AREA: ( X ) CITY OF PASADENA, AND
FOR A VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,

RICHARD E. DAVIS, TRUSTEE OF THE RICHARD DAVIS TRUST U/A DATED APRIL 4, 1989 AS
TO AN UNDIVIDED 18.5% INTEREST AND RICHARD E. DAVIS, TRUSTEE OF THE DAVIS 1998
CHARITABLE REMAINDER UNITRUST DATED DECEMBER 29, 1998 AS TO AN UNDIVIDED
81.5% INTEREST

HEREBY GRANT(S) TO

KAMRAN GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF PASADENA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".

APN#: 5713-009-041

PAGE ONE
CONTINUE ON PAGE TWO

DATE ___June 30, 2007___

RICHARD E. DAVIS, TRUSTEE OF THE RICHARD
DAVIS TRUST U/A DATED APRIL 4, 1989

BY _____
RICHARD E. DAVIS, TRUSTEE

RICHARD E. DAVIS, TRUSTEE OF THE DAVIS
1998 CHARITABLE REMAINDER UNITRUST
DATED DECEMBER 29, 1998

BY _____

STATE OF CALIFORNIA            )
                               ) SS
COUNTY OF ___Los Angeles___ )

ON ___June 30, 07___ BEFORE ME, ___Louis Jilly_____, A NOTARY PUBLIC

PERSONALLY APPEARED, RICHARD E. DAVIS PERSONALLY KNOWN TO ME OR PROVED
TO ME ON THE BASIS OF SATISFACTORY EVIDENCE, TO BE THE PERSON(S) WHOSE
NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO
ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED
CAPACITY(IES), AND THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE
PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED
THE INSTRUMENT.

WITNESS MY HAND AND OFFICIAL SEAL.

_____

LOUIS JILLY
Commission # 1429990
Notary Public - California
Los Angeles County
My Comm. Expires Jul 12, 2007

.SEAL

PAGE TWO

Exhibit "A"

**LEGAL DESCRIPTION**

Real property in the City of Pasadena, County of Los Angeles, State of California, described as follows:

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 5.581 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 3 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-041

RECORDING REQUESTED L.
UNITED GENERAL TITLE
NATIONAL COMMERCIAL DIV

**RECORDING REQUESTED BY**
United General Title Insurance Co National
Commercial Division

**AND WHEN RECORDED MAIL TO:**
Kamran Group, LLC
c/o Rox Consulting Group
8891 Research Dr.
Irvine, CA 92618

07/03/07

**20071585356**

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 5713-009-042

File No.: 282512-KT

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX  $858.00
[ xx     ] computed on the consideration or full value of property conveyed, OR
[        ] computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[        ] unincorporated area;  [ ] City of **Pasadena**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Gay C. Utter, an unmarried woman**

hereby GRANTS to Kamran Group, LLC, a California limited liability company

the following described property in the City of **Pasadena**, County of **Los Angeles**, State of **California**:

**A CONDOMINIUM COMPRISED OF:**

**A) AN UNDIVIDED 2.21 PERCENT INTEREST IN LOT 1 OF TRACT NO., 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY,**

**EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.**

**ALSO EXCEPT FROM PORTIONS OF SAID LAND, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES, WITHOUT, HOWEVER THE RIGHT OF SURFACE ENTRY, AS PROVIDED FOR IN THE DEEDS RECORDED JANUARY 21, 1974 AS INSTRUMENT NO, 71, JANUARY 21, 1974 AS INSTRUMENT NO. 82, FEBRUARY 15, 1974 AS INSTRUMENT NO. 160 AND FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, ALL IN SAID OFFICE OF THE COUNTY RECORDER.**

**B) UNIT 4 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.**

Dated:   __03/01/2007__

_Gay C. Utter (signature)_
Gay C. Utter

Mail Tax Statements To:  **SAME AS ABOVE**

A.P.N.: **5713-009-042**          Grant Deed - continued          File No.:**8003-282512NPB1**
                                                                                    (kst)
                                                                   Date: **03/01/2007**

STATE OF __California__ )SS
COUNTY OF __Los Angeles__ )

On __March 9, 2007__ , before me, __Alexa M. Ibarra__ ,
Notary Public, personally appeared
_____ __Gay C. Utter__ _____, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

ALEXA M. IBARRA
Commission # 1440049
Notary Public - California
Los Angeles County
My Comm. Expires Oct 15, 2007

Signature _____

My Commission Expires: __Oct. 15, 2007__          *This area for official notarial seal*

Notary Name: __Alexa M. Ibarra__          Notary Phone: __(213) 864-5461__
Notary Registration Number: __1440049__          County of Principal Place of Business: __Los Angeles__



This page is part of your document - DO NOT DISCARD

**20081747674**

Pages: 009

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

09/30/08 AT 08:01AM

Fee: 45.00
Tax: 0.00
Other: 0.00

Total: 45.00

2335441    200809300180037    Mail

## TITLE(S) :

L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

09/30/08

20081747674

2

Recording Request By

Namco Capital Group

When Recorded Mail To

Above

Name: Mandy

Mailing Address: 12121 Wilshire Blvd #1400

City, State, Zip: Los Angeles, CA 90025

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

Short Form Deed of Trust and Assignment of Rents



3

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME  Namco Capital Group, Inc.

ADDRESS  12121 Wilshire Blvd., #1400

CITY  Los Angeles
STATE & ZIP  CA 90025

TITLE ORDER NO._____     ESCROW NO._____     APN NO._____

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (INDIVIDUAL)

**This Deed of Trust,** made this     11th     day of     September 2008

between  Pasadena Athletic Club, Inc., a California corporation

, herein called Trustor,

whose address is  575 Anton Blvd, #820  Costa Mesa CA 92626

Dimes LLC, a California limited liability company , herein called Trustee, and Namco Capital Group, Inc., a California corporation

, herein called Beneficiary,

**Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in  Los Angeles
California, described as:                                                                                                    County,

Set Forth in Exhibit "A" attached hererto and made a part hereof

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,700,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1297 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/6/68 | 7090 | 14 | SANTA BARBARA | 9/6/68 | 2244 | 922 |
| KERN | 9/6/68 | 4195 | 363 | VENTURA | 9/6/68 | 3363 | 94 | SAN LUIS OBISPO | 9/10/68 | 1489 | 429 | LOS ANGELES | 8/26/68 | T5910 | 842 |
| RIVERSIDE | 9/10/68 | | ACCOUNT | | YEAR 1968 | | | SAN DIEGO | 9/10/68 | | SERIES 9 BOOK 1968 PAGE 155820 | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Kamran Group, Pasadena Inc.
Formerly known as  Pasadena Athletic Club, Inc.

BY: _____
David Golkar-President

STATE OF  California
COUNTY OF  Los Angeles

On September 11th, 20 08, before me, Alpha C. Giles Notary Public personally appeared  David J. Golkar , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature



ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 23, 2010

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein

# To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them)

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby .

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.





**DO NOT RECORD**
## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.

To GATEWAY TITLE COMPANY, Trustee:                                    Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

By _____

By _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)   UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMBROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 42.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

Order No.: 603803453-M07

# LEGAL DESCRIPTION
### (continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Order No.: 603803453-M07

# LEGAL DESCRIPTION
## (continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT, THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG PAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

CLTA Preliminary Report Form (Rev 1/1/95)

Page 8

Order No.: 603803453-M07

# LEGAL DESCRIPTION
### (continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 24 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

END OF LEGAL DESCRIPTION

