CONDOMINIUM
TRACT NO. 33536    — M.B. 896-84-85
PARCEL MAP    P. M. 87-17-18

INDEX 5713

MAPPING AND GIS SERVICES SCALE 1"=400'

# PROMISSORY NOTE

Los Angeles, California

**$1,900,000.00**

Dated: June 19, 2007

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to Mahnaz Hekmatravan and/or Tatiana Hekmatravan and/or Theodore Hekmatravan ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of One Million Nine Hundred Thousand and 00/100 **Dollars ($1,900,000.00),** together with interest thereon on June 19, 2008 (the "Maturity Date"),at 130 N.Swall #301, Beverly Hills, CA 90211 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding principal amount of this Note shall bear interest at the rate of  Seven and three quarter **Percent (7.75%)** per annum calculated on a 360/360 basis; that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month) . Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning July 1, 2007 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Notwithstanding any other provision of this Note, either party may notify the other for the pay off in writing at least 30 days before the undersigned shall become obligated to repay the principal sum of this Note. This provision applies to the Maturity Date as well.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned, or any party, to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

**Namco Capital Group, Inc.**

**Ezr Namvar-President**

This Note is personally guaranteed by:

Ezri Namvar

When Recorded Mail To

Namco Capital Group, Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

**For Value Received,** the undersigned hereby grants, assigns and transfers to Mehrnaz Hekmatravan as to all beneficial interest   under that certain Deed of Trust dated June 29, 2007 executed by **Kamran Group LLC, a California limited liability company** Trustor, to **Woodman Partners LLC,** Trustee, and   recorded as instrument # 07-1988920 on August 24, 2007 in the County Recorder's office of **Los Angeles** County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**Together** with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:August 24, 2007

Namco Capital Group, Inc.

By:_____
Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _August 28, 2007_ before me, _Madellynn P. Agoncillo_, _Notary Public_ (here insert name and title of the officer), personally appeared _Ezri Namvar_ personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity('es), and that by his/her /their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MADELLYNN P. AGONCILLO
Commission # 1734012
Notary Public - California
Los Angeles County
My Comm. Expires Apr 22, 2011

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO
Namco Capital Group, Inc.
12121 Wilshire Blvd.#1400
Los Angeles, CA 90025

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this    29th   day of   June 2007                                                                                                          , between

Pasadena Athletic Club, Inc., a California corporation                                         hereinafter called TRUSTOR,

whose address is  8891 Research Drive, Irvine CA. 92618
(number and street)                                                                                        (city)        (zone)        (state)

Woodman Partners LLC, a California limited liability company                                  herein called TRUSTEE, and
Namco Capital Group, Inc., a California corporation                                             herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles
County, California, described as:

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:
   1. Performance of each agreement of Trustor herein contained.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $5,000,000.00  executed by Trustor in favor of Beneficiary or order.

To Protect the Security of This Deed of Trust, Trustor Agrees:
   (1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonable necessary, the specific enumeration herein not excluding the general.
   (2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
   (3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.
   (4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.
   Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.
   (5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.
   (6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.
   (7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.
   (8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15) In the event: (a) of a default under this Deed of Trust, or (b) Trustor sells, transfers, grants, hypothecates, conveys, encumbers, alienates, or assigns (voluntarily, involuntarily, or by operation of law), enters into a contract of sale of, or leases, the Property, or any portion of the Property or any interest therein, or any interest in Trustor, Lender may, at its option and without further notice to any person, declare the entire principal balance and any other obligations under the Note and/or any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable. Trustor shall provide to Lender a complete and exact duplicate copy of any contract providing for the transfer of any interest in the Property, or any deed of trust or similar instrument creating a lien or encumbrance on the Property, immediately upon the execution of any such contract, deed of trust, or other instrument. No waiver of Lender's right to accelerate shall be effective unless it is in writing.

(16). Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the note secured hereby (the "Note"). Among other things, Trustor acknowledges that Beneficiary has relied upon the principals of Trustor and their experience in owning and operating the Property in connection with the closing of the loan evidenced by the Note. Accordingly, in the event that the Property or any part thereof or interest therein shall be sold, conveyed, disposed of, alienated, hypothecated, assigned, pledged, mortgaged, further encumbered or otherwise transferred or Trustor shall be divested of its title to the Property or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the prior written consent of Beneficiary being first obtained (which consent may be withheld in Beneficiary's sole and absolute discretion), then, the same shall constitute an Event of Default hereunder and under the Note and Beneficiary shall have the right, at its option, to declare any or all of the indebtedness secured hereby, irrespective of the maturity date specified herein, immediately due and payable and to otherwise exercise any of its other rights and remedies contained herein. Without limiting the generality of the foregoing, it is agreed that the sale, conveyance, transfer or disposition of any of the interest in of any entity which is named as a Trustor herein; or the sale, conveyance, transfer or disposition of any of the interest in any entity whose shares or membership interest may have been pledged to Beneficiary under any other loan document between the parties shall be deemed to be a transfer of an interest in the Property. If any consent to a transfer is given, the transferee by such transfer shall automatically become subject to and obligated by the terms of this Note and all of the other Loan Documents, but Trustor, and any other maker or guarantor of this Note shall not in any way be released from any liability or from any of Trustor's obligations hereunder. Consent to any one transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor

Signature of Trustor

Kamran Group, Pasadena Inc.

Formerly known as Pasadena Athletic Club, Inc.

By David Golkar

STATE OF CALIFORNIA,
COUNTY OF Los Angeles
On July 26, 2005 before me, Alpha C Giles ,
Notary Public in and for said County and State, personally appeared
David Golker , personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

Signature Alpha C. Giles

WITNESS my hand and official seal.

(This Area for Official notarial seal)

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

**Deed of Trust WITH POWER OF SALE (Long Form)**

DO NOT RECORD

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.
Dated _____

To Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

| |
|---|
| |
| |
| |
| |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

By _____

By _____

Page 3 of 3

# EXHIBIT "ONE"

)                                                                    )
                                                        Order No.: 603803453-M07

## LEGAL DESCRIPTION

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A)    AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/95)

Order No.: 603803453-M07

## LEGAL DESCRIPTION
### (continued)

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,

CLTA Preliminary Report Form (Rev 1/1/95)

)
Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE

Order No.: 603803453-M07

## LEGAL DESCRIPTION
### (continued)

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)   UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

Order No.: 603803453-M07

# LEGAL DESCRIPTION
(continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

END OF LEGAL DESCRIPTION

When Recorded Mail To

Namco Capital Group, Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025



09/04/07

20072053521

**COPY**

Has not been compared with original.
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR - RECORDER

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

**For Value Received,** the undersigned hereby grants, assigns and transfers to Mehrnaz Hekmatravan as to all beneficial interest   under that certain Deed of Trust dated June 29, 2007 executed by **Kamran Group LLC, a California limited liability company** Trustor, to **Woodman Partners LLC,** Trustee, and  recorded as instrument # 07-1988920 on August 24, 2007 in the County Recorder's office of **Los Angeles** County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**Together** with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated: August 24, 2007

Namco Capital Group, Inc.

By: _____
   Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_____

On _August 28, 2007___ before me, _Madellynn P. Agoncillo_ _Notary Public_ (here insert name and title of the officer), personally appeared _Ezri Namvar_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her /their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____



MADELLYNN P. AGONCILLO
Commission # 1734012
Notary Public - California
Los Angeles County
My Comm. Expires Apr 22, 2011

**EXHIBIT A**

**PARCEL 1:**

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 0.87 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 2 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-040

**PARCEL 2:**

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 5.581 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CAUFORNIA, AS PER MAP RECORDED 1N BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 3 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-041

**PARCEL 3:**

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 2.21 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM PORTIONS OF SAID LAND, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES, WITHOUT, HOWEVER THE RIGHT OF SURFACE ENTRY, AS PROVIDED FOR IN THE DEEDS RECORDED JANUARY 21, 1974 AS INSTRUMENT NO, 71, JANUARY 21, 1974 AS INSTRUMENT NO. 32, FEBRUARY 15, 1974 AS INSTRUMENT NO. 160 AND FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, ALL IN SAID OFFICE OF THE COUNTY RECORDER.

CCTC-L st EE-01-27-99

B) UNIT 4 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-042

## PARCEL 4:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1 .92 PERCENT INTEREST IN AND TO LOT 1, OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 1 2, 1978 AS INSTRUMENT NO. 78-752467, OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 0 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN.AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71.

EXCEPT FROM PARCELS 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF THE DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; DEED OF TRUST SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE ORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE ORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN ROOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN ROOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY  · RECORDER OF SAID COUNTY.
PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN ROOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A TINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET1 MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34°42'46 EAST, ALONG SAID PARALLEL LINE 1 8.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET; THENCE FROM A TANGENT BEARING SOUTH 69°10'25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2°13'09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID SOUTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 OF THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020); RECORDED IN ROOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE . COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-441 5 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65°20'05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN ROOK D-4415 PAGE 340, OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE A. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974, AS INSTRUMENT NO. 162.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 1 5, 1974, AS INSTRUMENT NO. 159.

(B) UNIT 5 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL NO: 5713-009-043

**PARCEL 5:**

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT I OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS I THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WIT HOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID

TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 74-7 1 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, N THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED N BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED N BOOK 10 PAGE 2 OF MISCELLANEOUS RECORDS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, TN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED N BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 300 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1,2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-162, OF OFFICIAL RECORDS

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICEOF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-259 OF OFFICIAL RECORDS.

(B) UNIT I AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

APN: 5713-009-039

## PARCEL 6:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS I THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE2 OF MISCELLANEOUS RECORDS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIPE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 74-71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAW LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAD NORTHWESTERLY LINE OF THE SOUTHEASTERLY 300 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 3226 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE1 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

APN: 5713-009-044

ORDER NO. 6083079

## SCHEDULE A

THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

A Fee

TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

Kamran Group, LLC, a California Limited Liability Company

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THAT PORTION OF BLOCK "V" OF THE SUBDIVISION OF LAND BELONGING TO J.H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE WEST LINE OF SAID BLOCK "V"; DISTANT THEREON 515 FEET SOUTH OF THE NORTHWEST CORNER; THENCE EAST 317 FEET; THENCE SOUTH 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225 OF DEEDS; THENCE WESTERLY ALONG SAID NORTH LINE 317 FEET TO THE WEST LINE OF SAID BLOCK "V"; THENCE NORTHERLY ALONG SAID WESTERLY LINE 64.52 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION CONVEYED TO WILLIAM H. YOUNG AND WIFE, BY DEED RECORDED IN BOOK 6662 PAGE 191, OFFICIAL RECORDS, DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEAST CORNER OF LOT 9 OF BARNHART, PETRIE, CRAWFORD AND SAWYER'S SUBDIVISION, AS PER MAP RECORDED IN BOOK 13 PAGE 16 OF MISCELLANEOUS RECORDS OF SAID COUNTY; THENCE WEST ALONG THE SOUTH LINE OF LOT 9, 70 FEET; THENCE SOUTH PARALLEL WITH THE SOUTH PROLONGATION OF THE EAST LINE OF SAID LOT 9, 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225, OF DEEDS; THENCE EAST ALONG SAID NORTH LINE, 95 FEET TO THE EAST LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2629 PAGE 162 OF DEEDS; THENCE NORTH ALONG SAID LAST MENTIONED EAST LINE 64.52 FEET TO THE EAST PROLONGATION OF THE SOUTH LINE OF SAID LOT 9; THENCE WEST ALONG THE SAID EAST PROLONGATION 25 FEET TO THE POINT OF BEGINNING.   .

ALSO EXCEPT THE WEST 4 FEET THEREOF CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3738 PAGE 261 OF DEEDS.

2

**PARCEL 2:**

A PORTION OF BLOCK "V" OF SUBDIVISION OF LANDS OF J. H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID BLOCK "V" DISTANT 579.52 FEET SOUTH OF THE NORTHWEST CORNER OF SAID BLOCK "V"; THENCE EAST 220.4 FEET; THENCE SOUTH 64.53 FEET; THENCE WEST 220.4 FEET TO THE WESTERLY LINE OF SAID BLOCK; THENCE NORTH ALONG SAID WESTERLY LINE 64.53 FEET TO THE POINT OF BEGINNING. EXCEPT THEREFROM THE WESTERLY 4 FEET THEREOF AS CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3812 PAGE 55 OF DEEDS.

**END OF SCHEDULE A**

3

# NAMCO

12121 Wilshire Boulevard, Suite 1400 • Los Angeles, CA  90025
Tel: (310) 207-1000    Fax: (310) 207-6308

October 6, 2008

To Whom It May Concern:.

In light of the current economic crisis we are experiencing. Namco Capital Group, Inc. has reduced your interest rate to five percent (5%).  We apologize for any inconvenience this may have caused you.

Sincerely,

Namco Capital Group, Inc.

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**

I have read the foregoing _____

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ | _____
Type or Print Name | Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES

I am employed in the county of ___LOS ANGELES___ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 2800 28TH STREET, SUITE 328, SANTA MONICA, CALIFORNIA 90405

On, APRIL 20, 2010 I served the foregoing document described as ANSWER AND COUNTER CLAIM OF MEHRNAZ HEKMATRAVAN

on THE INTERESTED PARTIES in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

A. BARRY CAPPELLO, ESQ., DUGAN, P. KELLY, ESQ., CAPPELLO & NOEL, LLP., 831 STATE STREET, SANTA BARBARA, CALIFORNIA 93101
MARC S. COHEN, ESQ., KAYE SCHOLER LLP, 1999 AVENUE OF THE STARS, SUITE 1700 LOS ANGELES, CALIFORNIA 90067

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at SANTA MONICA , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on APRIL 20, 2010 , at SANTA MONICA , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KAREN OGAWA | _____
Type or Print Name | Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT BOX, OR BAG)
**FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus    Rev 7.99