DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR (Bar No. 139091)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:   310.203.8080
Facsimile:   310.203.0567
Email:        dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Case No.:  2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adversary No.:  2:10-ap-01244 BR<br><br>**ANSWER TO COMPLAINT OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE FOR NAMCO CAPITAL GROUP, INC.** |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiff(s),<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendant(s). | Status Conference:<br><br>Date:        June 29, 2010<br>Time:        2:00 p.m.<br>Place:       255 E. Temple Street<br>              Los Angeles, CA 90012<br>Crtm:        1668 |

PRINTED ON

RECYCLED PAPER

6971824v1

Defendant Bradley D. Sharp, Chapter 11 Trustee ("Trustee") for Namco Capital Group Inc. ("Namco" or "Defendant"), through his undersigned attorneys, for himself and no other defendant, hereby responds to and answers the complaint of Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs"), for 1. Breach of Written Contract/Promissory Notes; 2. Breach of Implied Covenant of Good Faith and Fair Dealing; 3. Declaratory Relief; 4. Injunctive Relief; 5. Fraudulent Inducement; 6. Fraud – Intentional Concealment; 7. Fraud – Negligent Concealment; 8. Conversion – Declaration of Constructive/Resulting Trust; 9. Interference with Prospective Economic Advantage; 10. Decree of Dissolution and Winding-Up of Joint Venture; 11. To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs; 12. Rescission; and 13. Cancellation (the "Complaint") as follows:

## INTRODUCTION

1.     Paragraph 1 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

## JURISDICTION AND VENUE

2.     In answering paragraph 2 of the Complaint, the Trustee admits that the Bankruptcy Court has jurisdiction over this matter as the matter is related to the above-captioned bankruptcy case.  The Trustee denies the remaining allegations stated in paragraph 2 of the Complaint.

3.     The Trustee agrees that venue is proper in the Bankruptcy Court and admits to the allegations stated in paragraph 3 of the Complaint.

## PARTIES

4.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 4 of the Complaint and based thereon such allegations are denied.

5.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 5 of the Complaint and based thereon such allegations are denied.

6.     In answering paragraph 6 of the Complaint, the Trustee admits that Namco is a California corporation with its principal place of business at 12121 Wilshire Boulevard, **Suite 200,** Los Angeles, California.  The Trustee lacks knowledge or information sufficient to admit or deny

PRINTED ON
RECYCLED PAPER

6971824v1

- 2 -

JMBM Jeffer Mangels Butler & Marmaro LLP

the remaining allegations stated in paragraph 6 of the Complaint and based thereon such allegations are denied.

7. The Trustee admits to the allegations stated in paragraph 7 of the Complaint.

8. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 8 of the Complaint and based thereon such allegations are denied.

9. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 9 of the Complaint and based thereon such allegations are denied.

10. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 10 of the Complaint and based thereon such allegations are denied.

**GENERAL ALLEGATIONS**

11. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 11 of the Complaint and based thereon such allegations are denied.

12. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 12 of the Complaint and based thereon such allegations are denied.

13. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 13 of the Complaint and based thereon such allegations are denied.

14. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 14 of the Complaint and based thereon such allegations are denied.

15. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 15 of the Complaint and based thereon such allegations are denied.

16. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 16 of the Complaint and based thereon such allegations are denied.

17. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 17 of the Complaint and based thereon such allegations are denied.

18. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 18 of the Complaint and based thereon such allegations are denied.

19. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 19 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

20. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 20 of the Complaint and based thereon such allegations are denied.

21. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 21 of the Complaint and based thereon such allegations are denied.

22. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 22 of the Complaint and based thereon such allegations are denied.

23. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 23 of the Complaint and based thereon such allegations are denied.

24. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 24 of the Complaint and based thereon such allegations are denied.

25. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 25 of the Complaint and based thereon such allegations are denied.

26. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 26 of the Complaint and based thereon such allegations are denied.

27. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 27 of the Complaint and based thereon such allegations are denied.

28. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 28 of the Complaint and based thereon such allegations are denied.

29. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 29 of the Complaint and based thereon such allegations are denied.

30. Paragraph 30 of the Complaint states a prayer for relief and does not require an answer.

31. In answering paragraph 31 of the Complaint, the Trustee denies that Plaintiffs did not receive any consideration from Namco regarding the referenced Promissory Notes. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 31 of the Complaint and based thereon such allegations are denied.

32. In answering paragraph 32 of the Complaint, the Trustee admits that involuntary bankruptcy cases were filed against Namco and Ezri Namvar, the Promissory Notes referenced in

PRINTED ON
RECYCLED PAPER

6971824v1

the Complaint are in default, and that in his capacity as the chapter 11 trustee of Namco, the Trustee has recorded notices of default under the applicable deeds of trust based upon such defaults.  The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 32 of the Complaint and based thereon such allegations are denied.

33.    In answering paragraph 33 of the Complaint, the Trustee denies that no consideration was given to Plaintiffs by Namco in connection with the referenced Promissory Notes and real property.  The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 33 of the Complaint and based thereon such allegations are denied.

34.    Paragraph 34 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

35.    Paragraph 35 of the Complaint states a prayer for relief and does not require an answer.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contract/Promissory Notes – All Plaintiffs Against the Namco Trustee)

36.    The Trustee incorporates by reference his responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.    In answering paragraph 37 of the Complaint, the Trustee admits that the Plaintiffs owe Namco in excess of $12,000,000.  The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 37 of the Complaint and based thereon such allegations are denied.

38.    The Trustee denies the allegations stated in paragraph 38 of the Complaint.

39.    The Trustee denies the allegations stated in paragraph 39 of the Complaint.

40.    The Trustee denies the allegations stated in paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing – All Plaintiffs Against the Namco Trustee)

41.    The Trustee incorporates by reference his responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

PRINTED ON
RECYCLED PAPER

6971824v1

42. Paragraph 42 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

43. The Trustee denies the allegations stated in paragraph 43 of the Complaint.

44. The Trustee denies the allegations stated in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a prayer for relief and does not require an answer.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment – All Plaintiffs Against All Defendants)

46. The Trustee incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. The Trustee denies the allegations stated in paragraph 47 of the Complaint.

48. The Trustee denies the allegations stated in paragraph 48 of the Complaint.

49. The Trustee denies the allegations stated in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states a prayer for relief and does not require an answer.

## FOURTH CLAIM FOR RELIEF

### (Preliminary Injunctive Relief – All Plaintiffs Against All Defendants – 11 U.S.C. § 105; FRBP 7001(7))

51. The Trustee incorporates by reference his responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. The Trustee denies the allegations stated in paragraph 52 of the Complaint.

53. The Trustee denies the allegations stated in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

55. Paragraph 55 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

PRINTED ON
RECYCLED PAPER

6971824v1

- 6 -

## FIFTH CLAIM FOR RELIEF

**(Fraudulent Inducement – All Plaintiffs Against the Namco Trustee)**

56.   The Trustee incorporates by reference his responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 57 of the Complaint and based thereon such allegations are denied.

58.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 58 of the Complaint and based thereon such allegations are denied.

59.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 59 of the Complaint and based thereon such allegations are denied.

60.   The Trustee denies the allegations stated in paragraph 60 of the Complaint.

61.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 61 of the Complaint and based thereon such allegations are denied.

62.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 62 of the Complaint and based thereon such allegations are denied.

63.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 63 of the Complaint and based thereon such allegations are denied.

64.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 64 of the Complaint and based thereon such allegations are denied.

## SIXTH CLAIM FOR RELIEF

**(Fraud-Intentional Concealment – All Plaintiffs Against the Namco Trustee)**

65.   The Trustee incorporates by reference his responses to paragraphs 1 through 64 of the Complaint as if fully set forth herein.[1]

---

[1]   The Complaint has two paragraph 63s and two paragraph 64s (63 and 64 are repeated in both the Fifth and Sixth Claims for Relief).

PRINTED ON

RECYCLED PAPER

6971824v1

66. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the second paragraph 64 of the Complaint and based thereon such allegations are denied.

67. In answering paragraph 65 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 65 of the Complaint and based thereon such allegations are denied.

68. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 66 of the Complaint and based thereon such allegations are denied.

69. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 67 of the Complaint and based thereon such allegations are denied.

70. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 68 of the Complaint and based thereon such allegations are denied.

71. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 69 of the Complaint and based thereon such allegations are denied.

72. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 70 of the Complaint and based thereon such allegations are denied.

73. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 71 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

- 8 -

## SEVENTH CLAIM FOR RELIEF

### (Fraud-Negligent Concealment – All Plaintiffs Against the Namco Trustee)

74.    The Trustee incorporates by reference his responses to paragraphs 1 through 71 of the Complaint as if fully set forth herein.

75.    In answering paragraph 73 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 73 of the Complaint and based thereon such allegations are denied.

76.    The Trustee denies the allegations stated in paragraph 74 of the Complaint.

77.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 75 of the Complaint and based thereon such allegations are denied.

78.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 76 of the Complaint and based thereon such allegations are denied.

79.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 77 of the Complaint and based thereon such allegations are denied.

80.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 78 of the Complaint and based thereon such allegations are denied.

81.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 79 of the Complaint and based thereon such allegations are denied.

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON RECYCLED PAPER

6971824v1

## EIGHTH CLAIM FOR RELIEF

**(Conversion – Declaration of Constructive/Resulting Trust – All Plaintiffs Against the Namco Trustee)**

82.    The Trustee incorporates by reference his responses to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

83.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 81 of the Complaint and based thereon such allegations are denied.

84.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 82 of the Complaint and based thereon such allegations are denied.

85.    The Trustee denies the allegations stated in paragraph 83 of the Complaint.

86.    The Trustee denies the allegations stated in paragraph 84 of the Complaint.

## NINTH CLAIM FOR RELIEF

**(Interference with Prospective Economic Advantage – All Plaintiffs Against the Namco Trustee)**

87.    The Trustee incorporates by reference his responses to paragraphs 1 through 84 of the Complaint as if fully set forth herein.

88.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 86 of the Complaint and based thereon such allegations are denied.

89.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 87 of the Complaint and based thereon such allegations are denied.

90.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 88 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

6971824v1

91.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 89 of the Complaint and based thereon such allegations are denied.

92.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 90 of the Complaint and based thereon such allegations are denied.

## TENTH CLAIM FOR RELIEF

**(Decree of Dissolution and Wind-Up of Joint Venture – All Plaintiffs Against the Namco Trustee)**

93.    The Trustee incorporates by reference his responses to paragraphs 1 through 90 of the Complaint as if fully set forth herein.

94.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 92 of the Complaint and based thereon such allegations are denied.

## ELEVENTH CLAIM FOR RELIEF

**(To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs – All Plaintiffs Against All Defendants and Does 1-100, inclusive)**

95.    The Trustee incorporates by reference his responses to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

96.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 94 of the Complaint and based thereon such allegations are denied.

97.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 95 of the Complaint and based thereon such allegations are denied.

98.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 96 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

99. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 97 of the Complaint and based thereon such allegations are denied.

100. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 98 of the Complaint and based thereon such allegations are denied.

101. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 99 of the Complaint and based thereon such allegations are denied.

## TWELFTH CLAIM FOR RELIEF

### (Rescission – All Plaintiffs Against All Defendants)

102. The Trustee incorporates by reference his responses to paragraphs 1 through 99 of the Complaint as if fully set forth herein.

103. In answering paragraph 101 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 101 of the Complaint and based thereon such allegations are denied.

104. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 102 of the Complaint and based thereon such allegations are denied.

105. Paragraph 103 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

## THIRTEENTH CLAIM FOR RELIEF

### (Cancellation – All Plaintiffs Against All Defendants)

106. The Trustee incorporates by reference his responses to paragraphs 1 through 103 of the Complaint as if fully set forth herein.

107. The Trustee admits the allegations stated in paragraph 105 of the Complaint.

108. The Trustee denies the allegations stated in paragraph 106 of the Complaint.

PRINTED ON
RECYCLED PAPER

6971824v1

109.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 107 of the Complaint and based thereon such allegations are denied.

110.    The Trustee denies the allegations stated in paragraph 108 of the Complaint.

111.    The Trustee denies the allegations stated in paragraph 109 of the Complaint.

## FOURTEENTH CLAIM FOR RELIEF

### (Slander of Title – All Plaintiffs Against All Defendants)

112.    The Trustee incorporates by reference his responses to paragraphs 1 through 109 of the Complaint as if fully set forth herein.

113.    In answering paragraph 111 of the Complaint, the Trustee admits that he caused notices of default to be recorded in November 2009.  The Trustee denies the remaining allegations stated in paragraph 111 of the Complaint.

114.    The Trustee denies the allegations stated in paragraph 112 of the Complaint.

115.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 113 of the Complaint and based thereon such allegations are denied.

116.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 114 of the Complaint and based thereon such allegations are denied.

117.    The Trustee denies the allegations stated in paragraph 115 of the Complaint.

118.    The Trustee denies the allegations stated in paragraph 116 of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF

### (For An Accounting – All Plaintiffs Against All Defendants)

119.    The Trustee incorporates by reference his responses to paragraphs 1 through 116 of the Complaint as if fully set forth herein.

120.    The Trustee denies the allegations stated in paragraph 118 of the Complaint.

121.    Paragraph 119 of the Complaint states a prayer for relief and does not require an answer.

PRINTED ON
RECYCLED PAPER

6971824v1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by set off.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the Plaintiffs' unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred because any and all acts and/or omissions by the Trustee, if any, were based upon legally sufficient justification.

### NINTH AFFIRMATIVE DEFENSE

The Trustee adopts and incorporates all other valid defenses raised by any of its co-defendants, as such defenses may be applicable to this defendant.

PRINTED ON

RECYCLED PAPER

6971824v1

## TENTH AFFIRMATIVE DEFENSE

The Trustee presently has insufficient knowledge or information on which to form a basis as to whether it may have additional, as yet unstated, defenses available to it.  Based thereon, the Trustee reserves the right to assert additional defenses in the event facts subsequently become known to the Trustee which suggest that such additional defenses would be appropriate.

**WHEREFORE,** the Trustee prays for judgment against Plaintiffs as follows:

A.      That Plaintiffs take nothing by way of the Complaint;

B.      That the Trustee be awarded his costs of suit incurred herein; and

C.      That the Trustee be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  April 28, 2010          JEFFER, MANGELS, BUTLER & MARMARO LLP


By: */s/ David M. Poitras*
        DAVID M. POITRAS P.C.
        Attorneys for Defendant, Bradley D. Sharp, Chapter 11
        Trustee for Namco Capital Group Inc.

PRINTED ON
RECYCLED PAPER

6971824v1

- 15 -

| In re: | CHAPTER 11 |
|---|---|
| NAMCO CAPITAL GROUP, INC., a California corporation, | Case No. 2:08-bk-32333-BR |
| Debtor(s). | |
| KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group Inc. ... | Adversary No. 2:10-ap-012444-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

The foregoing document described as **ANSWER TO COMPLAINT OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE FOR NAMCO CAPITAL GROUP, INC.;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 29, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED BY OVERNIGHT MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2010 | Billie Terry | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re:<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor(s).<br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11<br>Trustee of Namco Capital Group Inc. ... | CHAPTER 11<br><br>Case No. 2:08-bk-32333-BR<br><br><br>Adversary No. 2:10-ap-012444-BR |
| --- | --- |

**ADDITIONAL SERVICE INFORMATION (if needed):**

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL

Attorneys for Plaintiffs, Kamran Pasadena Group, Inc. and Kamran Group, LLC
A. Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA 93101

Attorneys for Defendant, Mehrnaz Hekmatravan

Saul Reiss, Esq.
Law Offices of Saul Reiss, P.C.
2800 28th Street, Suite 328
Santa Monica, CA 90405

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                     **F 9013-3.1**