GREGORY M. SALVATO (SBN 126285)
SALVATO LAW OFFICES
Wells Fargo Center
333 So. Grand Avenue, 25th Floor
Los Angeles, California 90071-1529
Telephone: (213) 484-8400
Facsimile: (213) 943-1301
E-mail: GSalvato@Salvatolawoffices.com

Attorneys for Defendants
ASHLAND PROPERTIES, LLC, JAMSHID BAHARVAR,
M.D., MAHMOUD FATORECHI and SOUSSAN HASHEMI,
as Trustees of the FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA HOMAYOUNJAM,
FARAMARZ MASSACHI, as Trustee of the FARMO TRUST,
FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES,
LLC. and DARIUSH SOLEIMANI

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | Case No.: 2:08-32333-BR<br><br>Chapter 11 |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, | Adv. No. 2:10-ap-01244-BR<br><br>**ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>*Status Conference*<br>Date: June 29, 2010<br>Time: 2:00 p.m.<br>Place: Room 1668<br>Roybal Federal Bldg.<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

SALVATO LAW
OFFICES

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,

Defendants.

MEHRNAZ HEKMATRAVAN

Counter Claimant,

vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC,, a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC. a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual,  VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Liability Company, SAWTELLE PROPERTIES, LLC, JAMSHID BAHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, and DOES 101 through 125,

Defendants.

//

//

//

SALVATO LAW
OFFICES

- 2 -
ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

Defendants ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHARVAR, M.D., an individual; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007 (erroneously sued as "FARMO TRUST"); FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and ; DARIUSH SOLEIMANI, an individual; and (collectively, "Defendants"), by and through their undersigned counsel, in answer to the Cross-Complaint (designated a "Counterclaim") by Defendant and Counterclaimant MEHRNAZ HEKMATRAVAN, for themselves alone and no other party, by and through their undersigned counsel, admit, deny, and allege as follows:

## THE PARTIES

15.    In response to Paragraph 15 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

16.    In response to Paragraph 16 of the Counterclaim, Defendants admit the allegations contained therein.

17.    In response to Paragraph 17 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

18.    In response to Paragraph 18 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

19.    In response to Paragraph 19 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations, except that Defendants are informed and believe and on that basis allege that Kamran Pasadena, Inc. is currently suspended by the State of California.

20.    In response to Paragraph 20 of the Counterclaim, Defendants admit the

SALVATO LAW
OFFICES

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

allegations contained therein.

21.    In response to Paragraph 21 of the Counterclaim, Defendants admit the allegations contained therein.

22.    In response to Paragraph 22 of the Counterclaim, Defendants admit that (1) the Farmo Trust Dated January 1, 2007 is a trust, (2) Mahmoud Fatorechi and Soussan Hashemi (who are not named in the Caption of the Hekmatravan Counterclaim) are Trustees of The Fatorechi-Hashemi Family Trust Dated March 29, 2005, and (3) Faramarz Massachi, Mahmoud Fatorechi and Soussan Hashemi are residents of the County of Los Angeles, State of California.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 22 of the Counterclaim.

23.    In response to Paragraph 23 of the Counterclaim, Defendants admit that Morteza Homayounjam, Jamshid Baharvar, Faranak Faye Sarafian, and Dariush Solemani are individuals who reside in the County of Los Angeles, State of California.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and on that basis deny those allegations.

24.    In response to Paragraph 24 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

25.    In response to Paragraph 25 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

### THE CONSPIRACY

26.    In response to Paragraph 26 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

27.    In response to Paragraph 27 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

SALVATO LAW
OFFICES

- 4 -

contained therein and on that basis deny those allegations.

28.    In response to Paragraph 28 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

29.    In response to Paragraph 29 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

30.    In response to Paragraph 30 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

31.    In response to Paragraph 31 of the Counterclaim, Defendants admit that promissory notes in favor of Debtor Namco Capital Group, Inc. were assigned to Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007; Dariush Soleimani; and Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005.   Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 31.

32.    In response to Paragraph 32 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

33.    In response to Paragraph 33 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

## THE LOAN TRANSACTIONS

34.    In response to Paragraph 34 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

35.    In response to Paragraph 35 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

SALVATO LAW
OFFICES

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

contained therein and on that basis deny those allegations.

36.     In response to Paragraph 36 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

37.     In response to Paragraph 37 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

38.     In response to Paragraph 38 of the Counterclaim, including the subparagraphs (A.-C.), Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

39.     In response to Paragraph 39 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

40.     In response to Paragraph 40 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

41.     In response to Paragraph 41 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

42.     In response to Paragraph 42 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

43.     In response to Paragraph 43 of the Counterclaim, Defendants admit that Morteza Homayounjam, Ashland Properties, LLC, Sawtelle Properties, LLC, Jamshid Bahrvar, and Faranak Faye Sarafian were assigned proportional interests in a deed of trust and promissory note in favor of the Debtor, and that Defendants claim interests in the promissory note and deed of trust described in the Paragraph 43.  Except as expressly

SALVATO LAW
OFFICES

- 6 -

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

admitted herein, Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 43, and on that basis deny those allegations.

44.    In response to Paragraph 44 of the Counterclaim, Defendants admit that one of the properties that is the subject of this adversary proceeding is known as 25 Walnut Street, Pasadena, California.  Except as expressly admitted herein, Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 44, and on that basis deny those allegations.

45.    In response to Paragraph 45 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

46.    In response to Paragraph 46 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

47.    In response to Paragraph 47 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

48.    In response to Paragraph 48 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

49.    In response to Paragraph 49 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

50.    In response to Paragraph 50 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

51.    In response to Paragraph 51 of the Counterclaim, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

SALVATO LAW
OFFICES

- 7 -
ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

## FIRST COUNTERCLAIM FOR RELIEF

### FRAUD

**(AGAINST DEFENDANTS KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, HAMID TABATABAI aka HAMID TABA, and all DOE DEFENDANTS)**

52. In response to Paragraph 52 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

53. In response to Paragraph 53 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

54. In response to Paragraph 54 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

55. In response to Paragraph 55 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

56. In response to Paragraph 56 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

57. In response to Paragraph 57 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

58. In response to Paragraph 58 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

59. In response to Paragraph 59 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that

SALVATO LAW
OFFICES

- 8 -

basis deny those allegations.

60.    In response to Paragraph 60 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

61.    In response to Paragraph 61 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

## SECOND COUNTERCLAIM FOR RELIEF

### JUDICIAL FORECLOSURE OF COLLATERAL ASSIGNMENT OF KAMRAN LLC NOTE, AND KAMRAN LLC DEED OF TRUST,

### (AGAINST ALL DEFENDANTS)

62.    In response to Paragraph 62 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

63.    In response to Paragraph 63 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

64.    In response to Paragraph 64 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## THIRD COUNTERCLAIM FOR RELIEF

### JUDICIAL FORECLOSURE OF KAMRAN LLC DEED OF TRUST,

### (AGAINST ALL DEFENDANTS CLAIMING ANY INTEREST IN THE MARENGO PROPERTY AND ALL DOES)

65.    In response to Paragraph 65 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

SALVATO LAW
OFFICES

- 9 -

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

66. In response to Paragraph 66 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

67. In response to Paragraph 67 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

68. In response to Paragraph 68 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

69. In response to Paragraph 69 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

70. In response to Paragraph 70 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## FOURTH COUNTERCLAIM FOR RELIEF

### BREACH OF PERSONAL GUARANTY AGREEMENT

### (AGAINST ALL DEFENDANTS DAVID J. GOLKAR AND ALL DOES)

71. In response to Paragraph 71 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

72. In response to Paragraph 72 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

73. In response to Paragraph 73 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

SALVATO LAW
OFFICES

- 10 -

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

## FIFTH COUNTERCLAIM FOR RELIEF

### DECLARATORY RELIEF

### (AGAINST ALL DEFENDANTS)

74.     In response to Paragraph 74 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

75.     In response to Paragraph 75 of the Counterclaim, Defendants admit that they claim an interest in the instruments, notes, deeds of trusts, documents and properties referred to in the Paragraph.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 and on that basis deny those allegations.

76.     In response to Paragraph 76 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

77.     In response to Paragraph 77 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## SIXTH COUNTERCLAIM FOR RELIEF

### CONSTRUCTIVE TRUST

### (AGAINST ALL DEFENDANTS)

78.     In response to Paragraph 78 of the Counterclaim, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

79.     In response to Paragraph 79 of the Counterclaim, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

//

//

SALVATO LAW
OFFICES

- 11 -

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

## PRAYER FOR RELIEF

WHEREFORE, in answer to the Prayer for Relief (pages 25-28), Defendants deny that Hekmatravan is entitled to recovery or any other relief on any claim alleged in the Counterclaim.

## FIRST DEFENSE

### (Failure to State A Claim, FRCP Rule 12(B)(6))

1.     Hekmatravan is barred from any recovery against Defendants on the grounds that the Counterclaim fails to state claims against these Defendants for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012.

## SECOND DEFENSE

### (Statute of Limitations)

2.     Hekmatravan is barred from relief because the claims in the Counterclaim are barred by the applicable statutes of limitation, including but not limited to, California Civil Procedure Code sections 337, 338, 339, 340, and 343.

## THIRD DEFENSE

### (Laches)

2.     Hekmatravan is barred from any recovery against Defendants because of her delay in asserting any right to recovery or other relief, and such delay has severely prejudiced Defendants' rights and defenses in this matter and Defendants' ability to defend against the Counterclaim.

## FOURTH DEFENSE

### (Equitable Estoppel)

4.     Defendants allege that Hekmatravan is barred from relief under the doctrine of equitable estoppel because and to the extent of her inequitable conduct to the detriment of the Defendants.

SALVATO LAW
OFFICES

- 12 -

ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

## FIFTH DEFENSE

### (Waiver)

5.      Hekmatravan is barred from any recovery against Defendants because of the doctrine of waiver.

## SIXTH DEFENSE

### (Unclean Hands)

6.      Defendants allege that Hekmatravan is barred from any recovery against Defendants because of her unclean hands, which relates directly to the transactions that are the subject of her claims.

## SEVENTH DEFENSE

### (*In Pari Delicto*)

7.      Defendants allege that Hekmatravan is barred from relief under the doctrine of *In Pari Delicto* in that she may not be permitted to benefit from the granting of any relief with respect to transactions in which she participated; any such relief would be unjust to Defendants, and benefit only the parties engaged in wrongful conduct.

## EIGHTH DEFENSE

### (Lack of Standing)

8.      Hekmatravan is barred from relief against Defendants because she lack standing to pursue the claims asserted in the Counterclaim.

## NINTH DEFENSE

### (Actions of Others)

9.      Hekmatravan is barred from any recovery against Defendants on the grounds that any damages or other harm sustained by Hekmatravan is the result of actions or inactions of others, and not of Defendants.

## TENTH DEFENSE

### (Equitable And Statutory Liens)

10.      Defendants claim an equitable lien and a statutory lien under the Bankruptcy Code on the notes, deeds of trusts, instruments and properties discussed in the

SALVATO LAW
OFFICES

- 13 -

Counterclaim.

## ELEVENTH DEFENSE

### (Perfected Security Interest – Possession of Collateral)

11.    Defendants assert that their security interests in the promissory notes, deeds of trust, instruments, obligations and properties that are alleged in the Counterclaim are valid and perfected and unavoidable based on possession of the collateral that secured those instruments and obligations.

## TWELFTH DEFENSE

### (Perfected Security Interest/Lien Priority –

### California Business & Professions Code § 10233.2)

12.    Defendants assert that their security interests in the promissory notes, deeds of trust, instruments, obligations and properties that are alleged in the Counterclaim are valid and perfected and unavoidable pursuant to California Business and Professions Code section 10233.2.

## THIRTEENTH DEFENSE

### (Failure to Mitigate Damages)

13.    Defendants allege that Hekmatravan has failed and refused to exercise reasonable efforts to mitigate her damages, if any.

## FOURTEENTH DEFENSE

### (No Attorneys' Fees)

14.    Defendants allege that the Counterclaim fails to state facts sufficient to constitute a claim for attorneys' fees.

## FIFTEENTH DEFENSE

### (Ripeness)

15.    Hekmatravan's claim for declaratory judgment is barred because it has not ripened into a justiciable controversy between the parties.

SALVATO LAW
OFFICES

- 14 -

## SIXTEENTH DEFENSE

### (Mootness)

16.    Hekmatravan's claim for declaratory judgment is barred by the doctrine of mootness.

## SEVENTEENTH DEFENSE

### (Setoff and Recoupment)

17.    Hekmatravan is barred from any recovery against Defendants because, in the unlikely event that Defendants are found to be liable, Defendants are entitled to an setoff in the amount of (a) all consideration or value transferred to or for the benefit of the Debtor, its principals and related entities and (b) all claims that Defendants have or may assert against the Trustee, the Debtor's estate, or any principals of the Debtor.

## EIGHTEENTH DEFENSE

### (Additional Defenses)

18.    Defendants believe that there are other and further defenses to the allegations in the Counterclaim, and therefore reserve the right to add such further defenses as discovery or further investigation shall reveal.

WHEREFORE, Defendants pray for judgment as follows:

1.    That judgment be entered in favor of Defendants and against Hekmatravan on the Counterclaim;

2.    For Defendants' attorneys' fees;

3.    For Defendants' costs of suit incurred herein; and

//

//

//

//

//

//

SALVATO LAW
OFFICES

- 15 -
ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br><div align="right">Debtor(s).</div> | CHAPTER **11** |
|---|---|
| | CASE NUMBER  **2:08-32333-BR** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Wells Fargo Center, 333 So. Grand Avenue, 25th Floor, Los Angeles, CA 90071-1529**

A true and correct copy of the foregoing document described  **ANSWER TO COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN; DEMAND FOR JURY TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **MAY 24, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **MAY 24, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 24, 2010 | Gregory M. Salvato | */s/ Gregory M. Salvato* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 9013-3.1**

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br><div align="right">Debtor(s).</div> | CHAPTER **11**<br><br>CASE NUMBER **2:08-32333-BR** |
|---|---|

Electronic Mail Notice List

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    calendar@salvatolawoffices.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov


U.S. Mail

Saul Reiss, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street
Suite 328
Santa Monica, CA  90405

A Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Dugan P. Kelley
Cappello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Timothy Neufeld
Newfeld Law Group
360 E. 2nd Street Ste 703
Los Angeles, CA  90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**