A. Barry Cappello (SBN 037835)
abc@cappellonoel.com
Dugan P. Kelley (SBN 207347)
dkelley@cappellonoel.com
CAPPELLO & NOËL LLP
831 State Street
Santa Barbara, California 93101
Telephone: (805) 564-2444
Facsimile: (805) 965-5950

Marc S. Cohen (SBN 65486)
mcohen@kayescholer.com
Ashleigh A. Danker (SBN 138419)
adanker@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><br>---<br><br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation;<br>EZRI NAMVAR, an individual;<br>WOODMAN PARTNERS, LLC, a California limited liability company;<br>FIDELITY NATIONAL TITLE COMPANY, a California corporation<br>DANIEL JACOB ISSAC, an individual;<br>FAY FRANAK SARAFIAN, an individual;<br>DARIOUSH SOLEIMANI, an individual; | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR<br><br>**PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC'S ANSWER TO MEHRMAZ HEKMATRAVAN'S COUNTERCLAIM** |

CAPPELLO
& NOËL LLP
TRIAL LAWYERS

09019.003 - 167788.1

MORTEZA HOMAYOUNJAM, an individual;
MEHRNAZ HEKMATRAVAN, an individual;
JAMSHID BAHARVAR; an individual;
ASHLAND PROPERTIES, LLC, A California
limited liability company;
FARMCO TRUST,
SAWTELLE PROPERTIES, LLC; a California
limited liability company;
MAHMOUD FATORECHI AND SOUSSAN
HASHEMI AS TRUSTEES FOR THE
FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

Defendants.

Comes now the Plaintiffs and Counter-Defendants KAMRAN PASADENA GROUP, INC. and KAMRAN GROUP, LLC, through their undersigned attorneys, hereby respond to and answer the Counterclaim of Defendant and Counter-Claimant MEHRNAZ HEKMATRAVAN as follows:

## AFFIRMATIVE DEFENSES

### (Failure to State a Claim for Relief)

1.      AS A SEPARATE DEFENSE neither the counterclaim nor any claim for relief in the counterclaim states facts sufficient to constitute a claim for relief against these appearing Counter-Defendants.

### (Statute of Limitations)

2.      AS A FURTHER SEPARATE DEFENSE the counterclaim and each cause of action contained therein are barred by the applicable statutes of limitation.

### (Mitigation of Damages)

3.      AS A FURTHER SEPARATE DEFENSE Counter-Claimant's alleged injuries and damages, if any, were aggravated by Counter-Claimant's failure to use reasonable diligence to mitigate them.

### (Waiver)

4.      AS A FURTHER SEPARATE DEFENSE the Counter-Claimant has waived the right to maintain the actions filed in this case.

/ / /

1

09019.003 - 167788.1

(Estoppel)

5.    AS A FURTHER SEPARATE DEFENSE the Counter-Claimant is estopped by action of law or by conduct from maintaining the actions filed in this case.

(Discharge)

6.    AS A FURTHER SEPARATE DEFENSE the obligations of the Counter-Defendants under the terms and conditions of the alleged contract have been discharged by operation of law and/or by virtue of the Counter-Claimant's conduct.

(Fraud in the Procurement)

7.    AS A FURTHER SEPARATE DEFENSE the contracts or obligations alleged by Counter-Claimant were procured by the fraud or misrepresentation of third parties voiding the obligations of Counter-Defendants thereunder.

(Counter-Defendants not Parties to Contract)

8.    AS A FURTHER SEPARATE DEFENSE Counter-Defendants were not parties to the transactions and agreements that are the subject of the counterclaims.

(Prevention of Performance)

9.    AS A FURTHER SEPARATE DEFENSE Counter-Claimant and third parties prevented Counter-Defendants from performing their obligations under the underlying transactions and agreements that are the subject of the counterclaims.

(Lack of Privity)

10.    AS A FURTHER SEPARATE DEFENSE Counter-Defendants did not have an agreement with Counter-Claimant related to the transactions and agreements that are the subject of the counterclaims.

(Failure of Condition Precedent)

11.    AS A FURTHER SEPARATE DEFENSE Counter-Defendants were excused from having to perform their obligations under the transactions and agreements that are the subject of the counterclaims because certain conditions that were required to occur first never occurred.

(Breach by Counter-Claimant)

12.    AS A FURTHER SEPARATE DEFENSE Counter-Claimant breached the

2

transactions and agreements that are the subject of the counterclaims first; thus, Counter-Defendants were excused from performing their obligations.

(Offset)

13.    AS A FURTHER SEPARATE DEFENSE Counter-Defendants is entitled to a credit for money owed by Counter-Claimant, by other Counter-Defendants and third parties.

(Unclean Hands)

14.    AS A FURTHER SEPARATE DEFENSE the Counter-Claimant has "unclean hands" with regard to the relief sought in the counterclaim and is therefore barred from obtaining such relief.

(Consent)

15.    AS A FURTHER SEPARATE DEFENSE the Counter-Claimant took an active or affirmative part in the conduct alleged in the counterclaim, and therefore is barred from asserting these claims.

(Failure to Join an Indispensible Party)

16.    AS A FURTHER SEPARATE DEFENSE Counter-Claimant has failed to join an indispensible party.

(Assumption of Risk)

17.    AS A FURTHER SEPARATE DEFENSE Counter-Claimant entered into the transactions and agreements that are the subject of the counterclaims and thereby assumed the risk associated with these transactions and obligations.

(Failure of Consideration)

18.    AS A SEPARATE DEFENSE performance under the alleged transactions and agreements was excused by the failure of consideration to be provided by Counter-Claimant. Additionally, any obligation to perform on Counter-Defendants' part is excused because Counter-Defendants have not received any consideration from Counter-Claimant, other Counter-Defendants or third parties.

(Comparative Fault)

19.    AS A SEPARATE DEFENSE the Counter-Claimant was guilty of comparative fault

3

09019.003 - 167788.1

or negligence in the matters set forth in the counterclaim which proximately caused or contributed to the injuries or damages alleged in the counterclaim.

(Third Party Fault)

20.    AS A FURTHER SEPARATE DEFENSE third parties, and each of them, unnamed in the counterclaim, were guilty of negligence, or other acts or omissions related to the matters set forth in the counterclaim which proximately caused the injuries and damages alleged therein, if any.

(Laches)

21.    AS A FURTHER SEPARATE DEFENSE the actions filed in this case are not maintainable under the doctrine of laches because of Counter-Claimant's prejudicial delay in asserting them.

22.    Counter Defendants deny the allegations of paragraphs 1 through 14 of the counterclaim, including subparagraphs 1 through 4 of paragraph 14 at 6:7-14.

23.    Counter-Defendants admit the allegations of paragraphs 15 through 19 of the counterclaim.

24.    Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 20 through 22, and on that basis, deny each and every allegation contained therein.

25.    Counter-Defendants admit the allegation of paragraphs 23 that David Golkar is an individual and resident of the County of Los Angeles.  Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in paragraph 23 and on that basis, deny each and every allegation contained therein.

26.    Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 24 and 25, and on that basis, deny each and every allegation contained therein.

27.    Counter Defendants deny the allegations of paragraphs 26 through 51 of the counterclaim.

28.    Counter Defendants deny the allegations and counterclaims for relief alleged in paragraphs 52 through 79 of the counterclaim.

4

09019.003 - 167788.1

29.     Counter Defendants deny the prayers for relief alleged in pages 25:5 through the end of the counterclaim.

WHEREFORE, Counter-Defendants pray:

1.     That Counter-Claimant take nothing by way of this counterclaim and that Counter-Defendants have judgment in their favor;

2.     That Counter-Defendants be awarded costs of suit incurred in defense of this action, and attorney fees on all appropriate special defenses; and,

3.     For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Counter-Defendants hereby demand trial by jury of all issues so triable.

DATED: May 27, 2010                         CAPPELLO & NOËL LLP
                                            KAYE SCHOLER LLP


By: _____
    A. Barry Cappello
    Matthew M. Clarke
    Dugan P. Kelley
    Marc S. Cohen
    Ashleigh A. Danker
    Attorneys for Plaintiffs and Counter-Defendants
    Kamran Pasadena Group, Inc. and Kamran
    Group, LLC

5

09019.003 - 167788.1

| In re:NAMCO CAPITAL GROUP, INC., a California Corporation | CHAPTER 11 |
|---|---|
| Debtor(s).<br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. ... | CASE NUMBER 2:08bk-32333-BR<br><br>Adversary No. 2:10-ap-012444-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 831 State Street, Santa Barbara, CA, 93101

The foregoing document described as **PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC'S ANSWER TO MEHRMAZ HEKMATRAVAN'S COUNTERCLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 27, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, a nd/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (**indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____May 27, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 27, 2010 | Tina Vanderhook | _____ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          **F 9013-3.1**

| | | |
|---|---|---|
| In re:NAMCO CAPITAL GROUP, INC., a California Corporation<br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11<br>Trustee of Namco Capital Group, Inc. ... | Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:08bk-32333-BR<br><br>Adversary No. 2:10-ap-012444-BR |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- David M. Poitras           dpoitras@jmbm.com
- Joseph A. Eisenberg        jeisenberg@jmbm.com
- Marc S. Cohen              mcohen@kayescholer.com
- Ashleigh A. Danker         adanker@kayescholer.com
- Gregory M. Salvato         gsalvato@pmcos.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

## III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

- Saul Reiss                 saulreiss@verizon.net              (by email)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                              **F 9013-3.1**