David M. Poitras - Bar No. 141309
Dan P. Sedor - Bar No. 139091
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:      310.203.8080
Facsimile:      310.203.0567
Email:          dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

Steven T. Gubner - Bar No. 156593
Robyn B. Sokol - Bar No. 159506
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email:      sgubner@ebg-law.com
            rsokol@ebg-law.com

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333 BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Adv. No. 2:10-ap-01244 BR |
| Debtor | Chapter 11 |
| | **ANSWER OF BRADLEY D. SHARP TO COUNTERCLAIMS OF MEHRANAZ HEKMATRAVAN AND CROSSCLAIM OF BRADLEY SHARP FOR DECLARATORY RELIEF** |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC a California limited liability company, | |
| Plaintiffs, | |
| v. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, etc., et al. | |
| Defendants. | |

1

214415

MEHRNAZ HEKMATRAVAN,

Claimant,

v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC., a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual, VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Company, SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, an individual, and DOES 101 through 125,

Defendants.

BRADLEY D. SHARP, Chapter 11 Trustee,

Cross-Plaintiff,

v.

MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California limited liability company, SAWTELLE PROPERTIES, LLC, a California limited liability company, JAMSHID BAHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, DANIEL JACOB ISSAC, an individual, MEHRNAZ HEKMATRAVAN, an individual, MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust

Cross-Defendants.

2

214415

Comes now the Defendant, Counter-Defendant, and Cross-Defendant Bradley D. Sharp, the duly appointed and acting Chapter 11 Trustee ("Trustee") for Namco Capital Group, Inc. ("Namco" or "Debtor") for himself and no other defendant hereby responds to and answers the Counterclaims of Mehrnaz Hekmatravan ("Counter Complaint") and brings Crossclaims against the following Defendants:  Mehrnaz Hekmatravan, an individual; Morteza Homayounjam, an individual; Ashland Properties, LLC, a California limited company; Sawtelle Properties, LLC; a California limited liability company; Jamshid Beharvar, an individual; Faye Faranak Sarafian, an individual; Farmo Trust Dated January 1, 2007, a trust; Darioush Solemani, an individual, Daniel Jacob Issac, an individual, and, Mahmoud Fatorechi and Soussan Hashemi as trustees for The Fatorechi-Hashemi Trust, a trust (collectively, "Cross-Defendants"):

## **ANSWER TO CROSSCLAIMS OF MEHRANZA HEKMATRAVAN**

1.    Paragraphs 1 – 14 of the Answer And Counterclaims of Mehrnaz Hekmatravan ("Counter Complaint") are comprised of Mehranaz Hekmatravan's answer and affirmative defenses to the complaint of Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") for which no answer or response is necessary or appropriate.

2.    In answer to paragraph 15 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 15 of the Counter Complaint and based thereon such allegations are denied.

3.    The Trustee admits to the allegations stated in paragraph 16 of the Counter Complaint.

4.    In answer to paragraph 17 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 17 of the Counter Complaint and based thereon such allegations are denied.

5.    In answer to paragraph 18 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 18 of the Counter Complaint and based thereon such allegations are denied.

3

214415

6. In answer to paragraph 19 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 19 of the Counter Complaint and based thereon such allegations are denied.

7. In answer to paragraph 20 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 20 of the Counter Complaint and based thereon such allegations are denied.

8. In answer to paragraph 21 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 21 of the Counter Complaint and based thereon such allegations are denied.

9. In answer to paragraph 22 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 22 of the Counter Complaint and based thereon such allegations are denied.

10. In answer to paragraph 23 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 23 of the Counter Complaint and based thereon such allegations are denied.

11. In answer to paragraph 24 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 24 of the Counter Complaint and based thereon such allegations are denied.

12. In answer to paragraph 25 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 25 of the Counter Complaint and based thereon such allegations are denied.

13. In answer to paragraph 26 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 26 of the Counter Complaint and based thereon such allegations are denied.

14. In answer to paragraph 27 of the Counter Complaint, the Trustee admits that on June 29, 2007 a Promissory Note Secured by Deed of Trust with the face value of $3,600,000 was issued by the Kamran Group LLC for the benefit of Namco and in exchange for Namco lending $3,600,000 to the Kamran Group LLC ("$3,600,000 Note"). The Trustee further

4

214415

admits that by and through the $3,600,000 Note, the Kamran Group LLC promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The Trustee admits that the $3,600,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on June 29, 2007 for the benefit of Namco ("$3,600,000 Deed of Trust"). The Trustee admits that the $3,600,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on August 24, 2007. The Trustee admits that the $3,600,000 Deed of Trust grants Namco a security interest in the property commonly referred to as the 810-820 N. Marengo St., Pasadena, California property. The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations contained in paragraph 27 of the Counter Complaint and based thereon such allegations are denied.

15.    In answer to paragraph 28 of the Counter Complaint, the Trustee admits that on June 29, 2007 a Promissory Note Secured by Deed of Trust with the face value of $5,000,000 was issued by the Kamran Group Pasadena, Inc. for the benefit of Namco and in exchange for Namco lending $5,000,000 to the Kamran Group Pasadena, Inc. ("$500,000 Note"). The Trustee further admits that by and through the $5,000,000 Note, the Kamran Group Pasadena, Inc. promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The Trustee admits that the $5,000,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on June 29, 2007 for the benefit of Namco ("$5,000,000 Deed of Trust"). The Trustee admits that the $5,000,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on August 27, 2007. The Trustee admits that the $5,000,000 Deed of Trust grants Namco a security interest in the property commonly referred to as the 25 West Walnut Street, Pasadena, California property ("Walnut Property"). The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 28 of the Counter Complaint and based thereon such allegations are denied.

16.    In answer to paragraph 29 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 29 of the Counter Complaint and based thereon such allegations are denied.

5

214415

17.    In answer to paragraph 30 of the Counter Complaint, the Trustee admits that Namco made three loans to the Kamran Group, LLC in the amounts of $600,000, $1,300,000 and $450,000.

a.  The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $600,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $600,000 to the Kamran Group, LLC ("$600,000 Note").  The Trustee admits that the $600,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$600,000 Deed of Trust").  The Trustee admits that the $600,000 Deed of Trust grants Namco a security interest in unit 4 of a condominium building, APN: 5713-0029-042, which is a small portion of the Walnut Property.

b.  The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $1,300,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $1,300,000 to the Kamran Group, LLC ("$1,300,000 Note). The $1,300,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$1,300,000 Deed of Trust").  The $1,300,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 17, 2007.

c.  The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $450,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $450,000 to the Kamran Group, LLC ("$450,000 Note").  The Trustee admits that the $450,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$450,000 Deed of Trust").  The Trustee admits that the $450,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on

6

214415

September 17, 2007.  The Trustee admits that the $450,000 Deed of Trust grants Namco a security interest in unit 2 of a condominium building, APN: 5713-0029-040, which is a small portion of the Walnut Property.

The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 30 of the Counter Complaint and based thereon such allegations are denied.

18.    In answer to paragraph 31 of the Counter Complaint, the Trustee admits the allegations contained therein.  The Trustee admits that a 100% beneficial interest in the $450,000 Note, $1,300,000 Note and the $600,000 were assigned to the Farmo Trust Dated January 1, 2007, Darioush Solemani, and The Faorechi-Hashemi, Family Trust, respectfully.  The Trustee admits that the Farmo Trust Dated January 1, 2007 was provided a 100% beneficial interest in the $450,000 Note that was recorded on February 5, 2008.  The Trustee admits that Darioush Soleimani was provided a 100% beneficial interest in the $1,300,000 Note that was recorded on January 14, 2008.  The Trustee admits that the Fatorechi-Hashemi Family Trust was provided a 100% beneficial interest in the $600,000 Note that was recorded on January 22, 2008.

19.    In answer paragraph 32 of the Counter Complaint, the Trustee admits that on September 11, 2008 a Promissory Note Secured by Deed of Trust with the face value of $1,700,000 was issued by the Kamran Group, Pasadena, Inc. for the benefit of Namco ("$1,700,000 Note").  The $1,700,000 Note was secured by a Short Form Deed of Trust and Assignment of Rents executed on September 11, 2008 by David Golkar, manager of Kamran Group LLC for the benefit of the Namco ("$1,700,000 Deed of Trust").  The $1,700,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 30, 2008. The $1,700,000 Deed of Trust grants Namco a security interest in unit 1 of a condominium building, which is a small portion of the Walnut Property.  The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 30 of the Counter Complaint and based thereon such allegations are denied.

7

214415

20.    In answer to paragraph 33 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 33 of the Counter Complaint and based thereon such allegations are denied.

21.    In answer to paragraph 34 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 34 of the Counter Complaint and based thereon such allegations are denied.

22.    In answer to paragraph 35 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 35 of the Counter Complaint and based thereon such allegations are denied.

23.    In answer to paragraph 36 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 36 of the Counter Complaint and based thereon such allegations are denied.

24.    In answer to paragraph 37 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 37 of the Counter Complaint and based thereon such allegations are denied.

25.    In answer to paragraph 38 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 38 of the Counter Complaint and based thereon such allegations are denied.

26.    In answer to paragraph 39 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 39 of the Counter Complaint and based thereon such allegations are denied.

27.    In answer to paragraph 40 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 40 of the Counter Complaint and based thereon such allegations are denied.

28.    In answer to paragraph 41 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 41 of the Counter Complaint and based thereon such allegations are denied.

8

214415

29.    In answer to paragraph 42 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 42 of the Counter Complaint and based thereon such allegations are denied.

30.    In answer to paragraph 43 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 43 of the Counter Complaint and based thereon such allegations are denied.

31.    In answer to paragraph 44 of the Counter Complaint, the Trustee admits to the allegations contained therein.

32.    In answer to paragraph 45 of the Counter Complaint, the Trustee admits to the allegations contained therein.

33.    In answer to paragraph 46 of the Counter Complaint, the Trustee admits to the allegations contained therein.

34.    In answer to paragraph 47 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 47 of the Counter Complaint and based thereon such allegations are denied.

35.    In answer to paragraph 48 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 48 of the Counter Complaint and based thereon such allegations are denied.

36.    In answer to paragraph 49 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 49 of the Counter Complaint and based thereon such allegations are denied.

37.    In answer to paragraph 50 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 50 of the Counter Complaint and based thereon such allegations are denied.

38.    Paragraph 51 of the Counter Complaint incorporates Exhibits "A" – "K" and does not require a response.

///

///

9

214415

**FIRST COUNTERCLAIM FOR RELIEF FRAUD**

**(AGAINST COUNTER-DEFENDANTS KAMRAN GROUP, LLC, KAMRAN GROUP,**

**INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, HAMID TABATABAI AKA**

**HAMID TABA AND ALL DOES COUNTER-DEFENDANTS)**

39.    In answer to paragraph 52 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 38 of this Answer.

40.    In answer to paragraphs 53 – 61, these allegations are not directed to the Trustee, and do not form the basis for any claims asserted against the Trustee or the bankruptcy estate of Namco ("Namco Estate").  Accordingly, the Trustee does not need to (and does not) respond to them.  Insofar as any of these allegations are determined to be directed to the Trustee or the Namco Estate, the Trustee generally lacks sufficient information at this time either to admit or deny the allegations and  based thereon such allegations are denied.

**SECOND COUNTERCLAIM FOR RELIEF**

**JUDICIAL FORECLOSURE OF COLLATERAL ASSIGNMENT OF KAMRAN LLC**

**NOTE, AND KAMRAN LLC DEED OF TRUST**

**(AGAINST ALL COUNTER-DEFENDANTS)**

41.    In answer to paragraph 62 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 40 of this Answer.

42.    In answer to paragraph 63 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 49 of the Counter Complaint and based thereon such allegations are denied.

43.    In answer to paragraph 64 of the Counter Complaint, the Trustee denies each and every allegation contained therein.

///

///

///

///

10

214415

# THIRD COUNTERCLAIM FOR RELIEF

## JUDICIAL FORECLOSURE OF KAMRAN LLC DEED OF TRUST

## (AGAINST ALL COUNTER-DEFENDANTS CLAIMING ANY INTEREST IN THE MARENGO PROPERTY AND ALL DOES)

44.    In answer to paragraph 65 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 44 of this Answer.

45.    In answer to paragraph 66 of the Counter Complaint, the Trustee admits that the Kamran LLC Note (referred to by the Trustee as the $3,600,000 Note), the $5,000,000 Note, the $1,700,000 Note, the $450,000 Note, the $600,000 Note, and the $1,300,000 Note are in default. The Trustee admits that in his capacity as the chapter 11 trustee of Namco, he has recorded notices of default under the applicable deeds of trust based upon such defaults. The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations contained in paragraph 66 of the Counter Complaint and based thereon the balance of such allegations are denied.

46.    In answer to paragraph 67 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

47.    In answer to paragraph 68 of the Counter Complaint, the allegations state legal conclusions and interprets the Kamran LLC Note (referred to by the Trustee as the $3,600,000 Note) to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

48.    In answer to paragraph 69 of the Counter Complaint, the allegations state legal conclusions and interprets the Kamran LLC Note (referred to by the Trustee as the $3,600,000 Note) to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

49.    In answer to paragraph 70 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

11

214415

**FOURTH COUNTERCLAIM FOR RELIEF**

**BREACH OF PERSONAL GUARANTY AGREEMENT**

**(AGAINST COUNTER-DEFENDANTS DAVID J. GOLKAR AND ALL DOES)**

50.    In answer to paragraph 71 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 49 of this Answer.

51.    In answer to paragraphs 72 -73, these allegations are not directed to the Trustee, and do not form the basis for any claims asserted against the Trustee or the Namco Estate. Accordingly, the Trustee does not need to (and does not) respond to them.  Insofar as any of these allegations are determined to be directed to the Trustee or the Namco Estate, the Trustee generally lacks sufficient information at this time either to admit or deny the allegations and based thereon such allegations are denied.

**FIFTH COUNTERCLAIM FOR RELIEF**

**DECLARATORY RELIEF**

**(AGAINST ALL COUNTER-DEFENDANTS)**

52.    In answer to paragraph 74 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 51 of this Answer.

53.    In answer to paragraph 75 of the Counter Complaint, the Trustee admits that he on behalf of the Namco Estate holds an interest in and the Namco Estate is the sole secured creditor with respect to the Walnut Property, the Units, the Kamran Pasadena Note, the Kamran Pasadena TD, the 2008 Note and TD.

54.    In answer to paragraph 76 of the Counter Complaint, the Trustee denies each and every allegations contained therein.

55.    In answer to paragraph 77 of the Counter Complaint, the allegations state conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.

///

///

12

214415

## SIXTH COUNTERCLAIM FOR RELIEF

## CONSTRUCTIVE TRUST

## (AGAINST ALL COUNTER-DEFENDANTS)

56.    In answer to paragraph 78 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 55 of this Answer.

57.    In answer to paragraph 79 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.

## <u>AFFIRMATIVE DEFENSES</u>

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by waiver.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by set off.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by recoupment.

13

214415

**SEVENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred by the Plaintiffs' unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred because any and all acts and/or omissions by the Trustee, if any, were based upon legally sufficient justification.

**NINTH AFFIRMATIVE DEFENSE**

The relief sought by Counterclaimant is barred as Counterclaimant is not a properly perfected secured creditor with respect to the Kamran LLC Note or Kamran Pasadena Note and has no standing or right to foreclose on the real property securing such notes.

**TENTH AFFIRMATIVE DEFENSE**

The Trustee presently has insufficient knowledge of information on which to form a basis as to whether it may have additional, as yet unstated, defenses available to it. Based thereon, the Trustee reserves the right to assert additional defenses in the event facts subsequently become known to the Trustee which suggest that such additional defenses would be appropriate.

WHEREFORE, the Trustee prays for judgment as follows:

A.      That Mehrenaz Hekmatravasn take nothing by way of the Cross Complaint;

B.      That the Trustee be awarded his costs of suit incurred herein; and

C.      That the Trustee be awarded such other and further relief as the Court may deem just and proper.

**CROSSCLAIMS**

Comes now the Trustee and Cross-Defendant and alleges as follows with respect to his Cross-Claims against Cross-Defendants:

///

///

14

214415

**GENERAL ALLEGATIONS**

1.      On December 22, 2008 (the "Petition Date"), creditors filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code against Namco.

2.      Namco consented to an order for relief, and an order for relief was entered on January 29, 2009.  Namco operated as a debtor-in-possession from January 29, 2009, until the Court granted the motion of the United States Trustee to appoint a chapter 11 trustee pursuant to the order entered on May 1, 2009.  The Court entered the order approving the appointment of Bradley D. Sharp as chapter 11 trustee for Namco on May 8, 2009.

3.      Prior to the Namco Petition Date, Namco had been in business for approximately 20 years.  Namco's general business model was relatively simple and straightforward - Namco would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a fixed rate of return, and Namco would then either lend those funds to third parties (hereinafter a "Borrower"), at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or invest such funds in various real estate projects. Most often, the funds provided by the Namco Lenders were not earmarked for a specific purpose; rather, such funds were pooled by Namco and lent to third parties or otherwise invested as opportunities were presented.

4.      Typically, the transactions between Namco and a Namco Lender would be memorialized by way of an unsecured promissory note from Namco to the Namco Lender, although in some cases Namco secured or attempted to secure these promissory notes in various ways, typically by assigning beneficial interests in deeds of trust owned by Namco or affiliates of Namco.  Ezri Namvar purportedly personally guaranteed many of Namco's obligations to the Namco Lenders.  So long as a promissory note was outstanding, Namco typically paid such Namco Lender interest on a monthly basis from Namco's general purpose/operating funds.  The loans that Namco made to Borrowers were typically real estate loans secured by deeds of trust.

5.      While it was the practice of Namco to issue assignments of beneficial interests there exist only a few instances where Namco actually provided the assignee of such beneficial

15

214415

interest with the original underlying promissory notes and deeds of trust. It was Namco's general practice to retain possession of the original underlying instruments.

6. Namco was not in the business of selling real estate or selling interests in real estate to third parties.

7. Namco did not administer or service third party loans for the benefit of its investors pursuant to servicing agreements or otherwise.

8. Namco did not have written servicing agreements with any of the Cross-Defendants.

9. Namco did not service the $5,000,000 Note, $600,000 Note, $1,300,000 Note, $450,000 Note, $1,700,000 Note and $3,600,000 Note (collectively, "Notes") for the benefit of the Cross-Defendants.

10. Namco never collected the monthly payments due under the Notes. Cross-Defendants received interest payments on their investments from Namco's general operating funds, despite the fact that no interest payments were being made on the underlying Notes.

### **Secured Loans Made to Plaintiffs by Namco**

11. Namco made a number of loans to the Plaintiffs secured by the real property that the Plaintiffs acquired and intended to develop with the funds loaned to it by and through Namco. Each loan made was documented by a promissory note made payable for the benefit of the Namco and each promissory note was secured by a lien on real property.

12. The Trustee is informed and believes that initially, Plaintiffs and a Namco related entity (Tranmar Properties, LLC or Beshmada, LLC) intended to combine and develop the Walnut Property and parcel adjacent to the Walnut Property located at 233 N. Fair Oaks, Avenue, Pasadena, California into a high-end mixed use community featuring a W Hotel, Spago Restaurant, retail shops and a condominium complex. The proposed condominium plan called for greater than 10 units, requiring the parties to develop and provide Section VIII housing at an alternative location. To comply with this city-based ordinance, Namco financed the Plaintiffs'

16

214415

purchase of a Pasadena parcel located at 810-820 N. Marengo St, approximately one mile from the Walnut Property, the Marengo Property.

13.    On June 29, 2007, a Promissory Note Secured by Deed of Trust with the face value of $3,600,000 was issued by the Kamran Group LLC for the benefit of Namco and in exchange for Namco lending $3,600,000 to the Kamran Group, LLC, the $3,600,000 Note. By and through the $3,600,000 Note, the Kamran Group, LLC promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The $3,600,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on June 29, 2007 for the benefit of Namco, the $3,600,000 Deed of Trust. The $3,600,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on August 27, 2007. The $3,600,000 Deed of Trust grants Namco a security interest in the Marengo Property.

14.    On June 29, 2007, a Promissory Note Secured by Deed of Trust with the face value of $5,000,000 was issued by the Kamran Group Pasadena, Inc. for the benefit of Namco and in exchange for Namco lending $5,000,000 to the Kamran Group Pasadena, Inc., the $5,000,000 Note. By and through the $5,000,000 Note, the Kamran Group Pasadena, Inc. promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The $5,000,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on June 29, 2007 for the benefit of the Namco, the $5,000,000 Deed of Trust. The $5,000,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on August 27, 2007. The $5,000,000 Deed of Trust grants Namco a security interest in the property or portions of the Walnut Property.

15.    On September 10, 2007, a Promissory Note Secured by Deed of Trust with the face value of $600,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $600,000 to the Kamran Group, LLC, the $600,000 Note. The $600,000 Note provides that the Kamran Group, LLC promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The $600,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of

17

214415

Namco, $600,000 Deed of Trust. The $600,000 Deed of Trust grants Namco a security interest in unit 4 of a condominium building, APN: 5713-009-042, which is a portion of the Walnut Property.

16. On September 10, 2007, a Promissory Note Secured by Deed of Trust with the face value of $1,300,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $1,300,000 to the Kamran Group, LLC, the $1,300,000 Note. The $1,300,000 Note provides that the Kamran Group, LLC promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The $1,300,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco, $1,300,000 Deed of Trust. The $1,300,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 17, 2007. The $1,300,000 Deed of Trust grants Namco a security interest in unit 3 of a condominium building, APN: 5713-009-041, which is a portion of the Walnut Property.

17. On September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $450,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $450,000 to the Kamran Group, LLC, the $450,000 Note. The $450,000 Note provides that the Kamran Group, LLC promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note." The $450,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco, the $450,000 Deed of Trust. The $450,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 17, 2007. The $450,000 Deed of Trust grants Namco a security interest in unit 2 of a condominium building, APN: 5713-0029-040, which is a portion of the Walnut Property.

18. On September 11, 2008, a Promissory Note Secured by Deed of Trust with the face value of $1,700,000 was issued by the Kamran Group, Pasadena, Inc. for the benefit of the Namco and in exchange for Namco lending $1,700,000 to the Kamran Group, Pasadena, Inc., the

18

214415

$1,700,000 Note.  The $1,700,000 Note provides that the Kamran Group, Pasadena, Inc. promises "to pay to the order of Namco Capital Group, Inc. a California corporation, or the lawful holder of [the] Note."  The $1,700,000 Note was secured by a Short Form Deed of Trust and Assignment of Rents executed on September 11, 2008 by David Golkar, president for the benefit of the Namco, the $1,700,000 Deed of Trust.  The $1,700,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 30, 2008.  The $1,700,000 Deed of Trust grants Namco a security interest in unit 1 of a condominium building, which is a portion of the Walnut Property.

**Assignments of Beneficial Interest Involving Cross-Defendants**

19.    In an attempt to provide Namco's unsecured creditors including the Cross-Defendants with collateral to secure their promissory notes, promissory notes issued by Namco, Ezri Namvar the then president of Namco routinely issued and executed Collateral Assignments of Deed of Trust.

20.    Ashland Properties, LLC was provided an 8% beneficial interest in the $5,000,000 Deed of Trust to secure a loan it made to Namco on or about November 6, 2007 in the amount of $420,000.  This assignment was recorded on November 7, 2007.

21.     Morteza Homayounjam was provided with a 25% beneficial interest in the $5,000,000 Deed of Trust to secure a loan Morteza Homayounjam made to Namco on or about July 1, 2007 in the amount of $1,000,000.  The Trustee is informed and believes that this assignment was recorded on September 13, 2007.

22.    Sawtelle Properties, LLC was provided with a 16% beneficial interest in the $5,000,000 Deed of Trust to secure a loan Sawtelle Properties, LLC made to Namco on or about November 6, 2007 in the amount of $1,100,000.

23.     Jamshid Bharvar and Shohreh E. Bharvar were provided with a 40% beneficial interest in the $5,000,000 Deed of Trust to secure a loan they made to Namco on or about May 7, 2008. The amount of the loan was $1,542,000.  The Trustee is informed and believes that this assignment was recorded on March 25, 2008.

19

214415

24.    Faranak Faye Sarafian was provided a 5.5% beneficial interest in the $5,000,000 Deed of Trust to secure a loan Faranak Faye Sarafian made to Namco on or about March 1, 2006 in the amount of $260,000.  The Trustee is informed and believes that this assignment was recorded on June 17, 2008.

25.    The Farmo Trust was provided a 100% beneficial interest in the $450,000 Deed of Trust to secure its loan made to Namco on or about February 1, 2008 in the amount of $450,000. The Trustee is informed and believes that this assignment was recorded on February 5, 2008.

26.    Darioush Soleimani was provided a 100% beneficial interest in the $1,300,000 Deed of Trust to secure a loan made by Darioush Soleimani to the Namco on or about January 9, 2008 in the amount of $1,000,000.  The Trustee is informed and believes that this assignment was recorded on January 14, 2008.

27.    Fatorechi-Hashemi Family Trust was provided a 100% beneficial interest in the $600,000 Deed of Trust to secure a loan it made to Namco on or about October 10, 2006 in the amount of $500,000.  The Trustee is informed and believes that this assignment was recorded on January 22, 2008.

28.    Mehrnaz Hekmatravan was provided a 100% beneficial interest in the $3,600,000 Deed of Trust according to the Collateral Assignment of Deed of Trust which provides that Namco granted Mehrnaz Hekmatravan a beneficial interest "under that certain Deed of Trust dated June 29, 2007 …recorded as instrument # 07-1988920 on August 24, 2007…", the $3,600,000 Deed of Trust.  The Trustee is informed and believes that the assignment of beneficial interest in the $3,600,000 Deed of Trust was made by Namco in an attempt to secure a loan in the amount of $1,900,000 made by Mehrnaz Hekmatravan to Namco.

**Namco and Now the Trustee Have Always Been In Possession**

**and Control of the Notes and Deeds of Trust.**

29.    The $5,000,000 Note, $600,000 Note, $1,300,000 Note, $450,000 Note, and $1,700,000 Note were issued for the benefit of Namco and were secured by the Walnut Property or portions of the Walnut Property.

20

214415

30.     The $3,600,000 Note was issued for the benefit of Namco and was secured by the Marengo Property.

31.     The original $5,000,000 Deed of Trust, $600,000 Deed of Trust, $1,300,000 Deed of Trust, $450,000, Deed of Trust, $1,700,000 Deed of Trust, and $3,600,000 Deed of Trust (collectively, "Deeds of Trust") are in the possession of the Trustee and never were in the possession of any of the Cross-Defendants nor anyone other than Namco or one of its related entities.  On the Petition Date, the Deeds of Trust were in the possession of Commerce Escrow, Co. as escrow agent having been deposited into escrow by Namco.

32.     The Cross-Defendants never were provided the original Notes or original Deeds of Trust.  Prior to depositing the original Notes and original Deeds of Trust into escrow, Namco or one of  Namco's related limited liability companies retained the original Notes and original Deeds of Trust.

33.     The Cross-Defendants never had possession of the Notes or Deeds of Trust. Namco retained possession of the original Notes and original Deeds of Trust.  On or about December, 2008 Namco placed the original Notes and Deeds of Trust into an escrow that Namco opened with Commerce Escrow.   Commerce Escrow held the Notes and Deeds of Trust solely as an agent.  The escrow opened by Namco at Commerce Escrow never closed and ultimately the original documents contained in the escrow file and held by Commerce Escrow including the original Notes and Deeds of Trust were returned to the parties that deposited such documents. As Namco had filed for bankruptcy protection, the original Notes and Deeds of Trust were ultimately returned to the Trustee and are currently in the possession of the Trustee.

///

///

///

///

///

///

///

21

214415

**FIRST CROSSCLAIM FOR RELIEF**

**(For Declaratory Relief Against Defendants and Cross-Defandants Hekmatravan,**

**Morteza Homayounjam, Ashland Properties, LLC, Sawtelle Properties, LLC,**

**Jamshid Beharvar, Faye Faranak Sarafian, Farmo Trust Dated January 1, 2007,**

**Darioush Solemani, Daniel Jacob Issac and Mahmoud Fatorechi and Soussan Hashemi as**

**trustees for The Fatorechi-Hashemi Trust)**

34.     Trustee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as though fully incorporated herein and made a part hereof.

35.     An actual controversy exists between the Trustee and the Cross-Defendants as to whether the Cross-Defendants are properly perfected secured creditors with respect to the Notes and whether the Cross-Defendants have the right to foreclose on the Notes or the real property securing the Notes -- the Walnut Property and the Marengo Property.

36.     Cross-Defendants assert that they are properly perfected secured creditors by virtue of the Assignment of Beneficial Interests they received from Namco and recorded.

37.     The Trustee contends that the Cross-Defendants are not properly secured creditors with respect to the Notes, Deeds of Trust, the Walnut Property or the Marengo Property.

38.     The Trustee contends that the Cross-Defendants are not properly perfected secured creditors as they never took possession of the Notes and Deeds of Trust.  Actual possession of the original underlying instruments, the Notes and Deeds of Trust, is required to perfect the Cross-Defendants' assignments of beneficial interest.

///

///

///

///

///

///

22

214415

39. Certain of the Cross-Defendants[1] assert that the exception to perfection by possession set forth in California Business & Profession Code 10233.2 applies to the transactions between Namco and the Cross-Defendants. The Trustee disputes this contention and submits that Cal. Bus. & Pro. Code § 10233.2 does not apply to the Cross-Defendants or any other creditors in the Namco bankruptcy case.

40. A judicial declaration is necessary and appropriate at this time, declaring that the Cross-Defendants are not properly perfected secured creditors with respect to the Notes and Deeds of Trust and declaring that the Cross-Defendants have absolutely no rights and interests in the Notes and Deeds of Trust or the real property which that has been granted to secures such Notes in favor of Namco, the Walnut Property and the Marengo Property.

WHEREFORE, the Trustee prays for judgment against Cross-Defendants as follows:

A. For a declaration that the Cross-Defendants are not properly perfected secured creditors with respect to the Notes and Deeds of Trust;

B. For a declaration that the Cross-Defendants have no right to execute on the Notes or the underlying real property securing the Notes;

C. Expunging the Assignments of Beneficial Interest provided to each of the Cross-Defendants ("Assignments") from title to the Marengo Property and title to the Walnut Property;

D. For a declaration that the Assignments and any purported interest of the Cross-Defendants in the Walnut Property or Walnut Property are declared to be null void and of no effect.

---

[1] Ashland Properties, LLC, Jamshid Baharvar and/or Shohreh E. Baharvar, Farmo Trust Dated January 1, 2007, Mahmoud Fatorechi and Soussan Hashemi, Trustees of Fatorechi-Hashemi Family Trust Dated March 29, 2005, Morteza Homayounjam, Faranak Faye Sarafian, Sawtelle Properties, LLC and Darioush Soleimani ("Relief from Stay Moving Parties") filed a Motion for Relief from the Automatic stay in the Namco Case on or about July 3, 2009. By and through the Motion, the Relief from Stay Moving Parties seek relief from the stay to pursue their rights and remedies with respect to each of their assignments of beneficial interests and ultimately foreclose on the Walnut Property. The Motion for Relief from Stay is pending with the primary issue to be resolved being whether the Relief from Stay Moving Parties are properly perfected secured creditors. While the Trustee plans to file a Motion for Summary Judgment to resolve this issue, in the abundance of caution, the Motion for Relief from Stay Moving Parties who are also Defendants in the above captioned adversary proceeding are named here as Cross-Defendants.

23

214415

E.     That the Trustee be awarded such other and further relief as the Court may deem just and proper.

Dated:  May 27  , 2010                          JEFFER MANGELS BUTLER
                                                & MARMARO, LLP


                                                By:   /s/ David M. Poitras_____
                                                      David M. Poitras
                                                      Counsel for Bradley D. Sharp,
                                                      Chapter 11 Trustee for the Estate of Estate
                                                      Financial Mortgage Fund


Dated:  May 27  , 2010                          EZRA BRUTZKUS GUBNER LLP


                                                By:   /s/ Robyn B. Sokol _____
                                                      Robyn B. Sokol
                                                      Special Counsel for Bradley D. Sharp,
                                                      Chapter 11 Trustee for Namco Capital
                                                      Group, Inc

24

214415

| In re: NAMCO CAPITAL GROUP, INC., *etc.*, *et al.*, | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:08-bk-32333-BR |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

A true and correct copy of the foregoing document described **ANSWER OF BRADLEY D. SHARP TO COUNTERCLAIMS OF MEHRANAZ HEKMATRAVAN AND CROSSCLAIM OF BRADLEY SHARP FOR DECLARATORY RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 28, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Matthew Clarke on behalf of Plaintiff Kamran Pasadena Group, Inc. - mclarke@cappellonoel.com

Marc S Cohen on behalf of Plaintiff Kamran Pasadena Group, Inc. - mcohen@kayescholer.com

Ashleigh A Danker on behalf of Plaintiff Kamran Pasadena Group, Inc. - adanker@kayescholer.com

Joseph A Eisenberg on behalf of Defendant Bradley Sharp - jae@jmbm.com

David M Poitras on behalf of Defendant Bradley Sharp - dpoitras@jmbm.com

Gregory M Salvato on behalf of Defendant Ashland Properties LLC - gsalvato@pmcos.com, calendar@salvatolawoffices.com

Gregory M Salvato on behalf of Defendant Farmco Trust - gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com

United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **May 28, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA  90012
[Via U.S. Mail]

☒ Service information continued on attached page

25

214415

**III.  <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 28, 2010 | Nikola A. Fields | /s/ Nikola A. Fields |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

26

214415

## **SERVICE LIST VIA U.S. MAIL**

| | |
|---|---|
| Mahmoud Fatorechi<br>Weissmann Wolff et al<br>9665 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212<br><br>Soussan Hashemi<br>Weissmann Wolff<br>9665 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212 | Timothy Neufeld on behalf of Defendant<br>Bradley Sharp<br>Neufeld Law Group<br>360 E 2nd St Ste 703<br>Los Angeles, CA 90012<br><br>Saul Reiss on behalf of Defendant<br>Mehrnaz Hekmatravan<br>Law Offices of Saul Reiss<br>2800 28th Street, Suite 328<br>Santa Monica, CA 90405 |

27

214415

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Steven T. Gubner<br>Robyn B. Sokol<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone:  (818) 827-9000<br>Facsimile:  (818) 827-9099<br><br>*Attorney for Plaintiff*   Special Counsel for Bradley Sharp, Chapter 11 Trustee for Namco Capital Group, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER   2:08-bk-32333 BR<br><br>ADVERSARY NUMBER 2:10-ap-01244 BR |
|---|---|
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC a California limited liability company,<br>                                                        Plaintiff(s),<br>                        vs.<br>BRADLEY D. SHARP, Chapter 11 Trustee, etc. et al.,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

| | |
|---|---|
| [X] **255 East Temple Street, Los Angeles** | [ ] **411 West Fourth Street, Santa Ana** |
| [ ] **21041 Burbank Boulevard, Woodland Hills** | [ ] **1415 State Street, Santa Barbara** |
| [ ] **3420 Twelfth Street, Riverside** | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
        *Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

F70041

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re                    (SHORT TITLE) | CASE NO.: 2:08-bk-32333 |
|---|---|
|                                      Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                           **F 7004-1**