GREGORY M. SALVATO  (SBN 126285)
SALVATO LAW OFFICES
Wells Fargo Center
333 So. Flower Street, 25th Floor
Los Angeles, California 90071-1529
Telephone:    (213) 484-8400
Facsimile:    (213) 948-1301
E-mail:        Gsalvato@Salvatolawoffices.com

Attorneys for Defendants
ASHLAND PROPERTIES, LLC, JAMSHID BAHRVAR, M.D.,
MAHMOUD FATORECHI and SOUSSAN HASHEMI, as
Trustees of the FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA HOMAYOUNJAM,
FARAMARZ MASSACHI, as Trustee of the FARMO TRUST,
FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES,
LLC, and DARIUSH SOLEIMANI

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case no.:    2:08-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company, | Adv. No. 2:10-ap-01244-BR **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| Plaintiffs, | **[DEMAND FOR JURY TRIAL]** |
| v. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA | *Status Conference* Date:        June 29, 2010 Time:        2:00 p.m. Place:        Room 1668 Roybal Federal Bldg. 255 E. Temple St. Los Angeles, CA 90012 |

SALVATO LAW
OFFICES

ANSWER TO COMPLAINT

HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHRVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,

Defendants.

Defendants ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, M.D., an individual;  MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005;  MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007 (erroneously sued as "FARMCO TRUST"); FARANAK FAYE SARAFIAN (erroneously sued as FAY FRANAK SARAFIAN), an individual;  SAWTELLE PROPERTIES, LLC, a California limited liability company; and ; DARIUSH SOLEIMANI, an individual; and (collectively, "Defendants"), by and through their undersigned counsel, in answer to the Complaint by KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company (collectively, "Plaintiffs"), admit, deny, and allege as follows:

**INTRODUCTION**

1.      In response to Paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

**JURISDICTION AND VENUE**

2.      In response to Paragraph 2 of the Complaint, Defendants admit the allegations contained therein, except that Defendants do not consent to the entry of final

ANSWER TO COMPLAINT

orders or judgment of the Bankruptcy Court, and hereby request a jury trial on all claims for relief.

3.      In response to Paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

**PARTIES**

4.      In response to Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

5.      In response to Paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.  Defendants are informed and believe and on that basis allege that the entity named Kamran Pasadena Group, Inc., a California corporation, does not exist.  Further, Defendants are informed and believe and on that basis allege that the entity named Kamran Pasadena, Inc. is currently suspended by the State of California.

6.      In response to Paragraph 6 of the Complaint, Defendants admit that Namco is a California corporation with its principal place of business located at 1212 Wilshire Boulevard, Suite 1400, Los Angeles, California.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and on that basis deny those allegations.

7.      In response to Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8.      In response to Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

9.      In response to Paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

10.      In response to Paragraph 10 of the Complaint, Defendants admit that (1)

ANSWER TO COMPLAINT

Faranak Faye Sarafian, Dariush Solemani, Morteza Homayounjam, and Jamshid Baharvar are individuals who reside in California, (2) Mahmoud Fatorechi and Soussan Hashemi are Trustees of The Fatorechi-Hashemi Family Trust Dated March 29, 2005 and (3) Ashland Properties, LLC and Sawtelle Properties, LLC are entities authorized to do business in California.  Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 10.

**GENERAL ALLEGATIONS**

11.     In response to Paragraph 11 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "A." and on that basis deny the allegations in that heading.

12.     In response to Paragraph 12 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

13.     In response to Paragraph 13 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "B." and on that basis deny the allegations in that heading.

14.     In response to Paragraph 14 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

15.     In response to Paragraph 15 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

16.     In response to Paragraph 16 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

ANSWER TO COMPLAINT

those allegations.

17.    In response to Paragraph 17 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

18.    In response to Paragraph 18 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

19.    In response to Paragraph 19 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "C." and on that basis deny the allegations in that heading.

20.    In response to Paragraph 20 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

21.    In response to Paragraph 21 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "D." and on that basis deny the allegations in that heading.

22.    In response to Paragraph 22 of the Complaint, including the subparagraphs (a.-d.), Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

23.    In response to Paragraph 23 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

24.    In response to Paragraph 24 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

ANSWER TO COMPLAINT

those allegations.

25. In response to Paragraph 25 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations. Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "E." and on that basis deny the allegations in that heading.

26. In response to Paragraph 26 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

27. In response to Paragraph 27 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations. Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "F." and on that basis deny the allegations in that heading.

28. In response to Paragraph 28 of the Complaint, including the subparagraphs (a.-d.) and the allegations in all caps, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

29. In response to Paragraph 29 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations. Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "G." and on that basis deny the allegations in that heading.

30. In response to Paragraph 30 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

31. In response to Paragraph 31 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations. Defendants also lack knowledge sufficient to form a belief as to the

ANSWER TO COMPLAINT

allegations contained in heading "H." and on that basis deny the allegations in that heading.

32.    In response to Paragraph 32 of the Complaint, Defendants admit that involuntary bankruptcy proceedings were commenced against Namco and Namvar and that R. Todd Nielsen was appointed the Chapter 11 Trustee for Namvar.   Except as expressly admitted herein, Defendants lack knowledge sufficient to form a belief as to the allegations contained in Paragraph 32, including the subparagraphs (a.-e.) and the allegations in all caps, and on that basis deny all of those allegations.

33.    In response to Paragraph 33 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also lack knowledge sufficient to form a belief as to the allegations contained in heading "I." and on that basis deny the allegations in that heading.

34.    In response to Paragraph 34 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also deny that Plaintiffs are entitled to any of the relief requested in Paragraph 34.

35.    In response to Paragraph 35 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.  Defendants also deny that Plaintiffs are entitled to any of the relief or damages requested in Paragraph 35.

## ANSWER TO FIRST CLAIM FOR RELIEF
### (Breach of Written Contract/Promissory Notes – All Plaintiffs Against the Namco Trustee)

36.    In response to Paragraph 36 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

37.    In response to Paragraph 37 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

those allegations.

38.    In response to Paragraph 38 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

39.    In response to Paragraph 39 of the Complaint (including the bullet-point allegations), Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

40.    In response to Paragraph 40 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Breach of Implied Covenant of Good Faith and Fair Dealing – All Plaintiffs Against the Namco Trustee)

41.    In response to Paragraph 41 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

42.    In response to Paragraph 42 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

43.    In response to Paragraph 43 of the Complaint (including the bullet-point allegations), Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

44.    In response to Paragraph 44 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

45.    In response to Paragraph 45 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

- 8 -

## ANSWER TO THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – All Plaintiffs Against All Defendants)

46.     In response to Paragraph 46 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

47.     In response to Paragraph 47 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

48.     In response to Paragraph 48 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

49.     In response to Paragraph 49 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

50.     In response to Paragraph 50 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## ANSWER TO FOURTH CLAIM FOR RELIEF
### (Preliminary Injunctive Relief – All Plaintiffs Against All Defendants)
### 11 U.S.C. § 105; FRBP 7001(7)

51.     In response to Paragraph 51 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

52.     In response to Paragraph 52 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

53.     In response to Paragraph 53 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

those allegations.

54.    In response to Paragraph 54 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

55.    In response to Paragraph 55 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## ANSWER TO FIFTH CLAIM FOR RELIEF
### (Fraudulent Inducement – All Plaintiffs Against the Namco Trustee)

56.    In response to Paragraph 56 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

57.    In response to Paragraph 57 of the Complaint (including the bullet-point allegations), Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

58.    In response to Paragraph 58 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

59.    In response to Paragraph 59 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

60.    In response to Paragraph 60 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

61.    In response to Paragraph 61 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

62.    In response to Paragraph 62 of the Complaint, Defendants lack knowledge

sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

63.     In response to Paragraph 63 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

64.     In response to Paragraph 64 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

## ANSWER TO SIXTH CLAIM FOR RELIEF
### (Fraud-Intentional Concealment– All Plaintiffs Against the Namco Trustee)

63.     In response to Paragraph 63 of the Complaint (Sixth Claim for Relief), Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.[1]

64.     In response to Paragraph 64 of the Complaint (Sixth Claim for Relief), Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

65.     In response to Paragraph 65 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

66.     In response to Paragraph 66 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

67.     In response to Paragraph 67 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

---

[1] The Complaint has two paragraph 63s and two paragraph 64s (63 and 64 are repeated in both the Fifth and Sixth Claims for Relief)
.

- 11 -

68. In response to Paragraph 68 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

69. In response to Paragraph 69 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

70. In response to Paragraph 70 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

71. In response to Paragraph 71 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

## ANSWER TO SEVENTH CLAIM FOR RELIEF
**(Fraud-Negligent Concealment– All Plaintiffs Against the Namco Trustee)**

72. In response to Paragraph 72 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

73. In response to Paragraph 73 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

74. In response to Paragraph 74 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

75. In response to Paragraph 75 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

76. In response to Paragraph 76 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

- 12 -
ANSWER TO COMPLAINT

those allegations.

77.     In response to Paragraph 77 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

78.     In response to Paragraph 78 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

79.     In response to Paragraph 79 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

### ANSWER TO EIGHTH CLAIM FOR RELIEF
**(Conversion–Declaration of Constructive/Resulting Trust–
All Plaintiffs Against the Namco Trustee)**

80.     In response to Paragraph 80 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

81.     In response to Paragraph 81 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

82.     In response to Paragraph 82 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

83.     In response to Paragraph 83 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

84.     In response to Paragraph 84 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

ANSWER TO COMPLAINT

**ANSWER TO NINTH CLAIM FOR RELIEF**
**(Interference with Prospective Economic Advantage–**
**All Plaintiffs Against the Namco Trustee)**

85.     In response to Paragraph 85 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

86.     In response to Paragraph 86 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

87.     In response to Paragraph 87 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

88.     In response to Paragraph 88 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

89.     In response to Paragraph 89 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the claimed damages.

90.     In response to Paragraph 90 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

**ANSWER TO TENTH CLAIM FOR RELIEF**
**(Decree of Dissolution and Winding Up of Joint Venture–**
**All Plaintiffs Against the Namco Trustee)**

91.     In response to Paragraph 91 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth

- 14 -
ANSWER TO COMPLAINT

herein.

92.    In response to Paragraph 92 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requested relief.

## ANSWER TO ELEVENTH CLAIM FOR RELIEF
**(To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs –
All Plaintiffs Against All Defendants and Does 1 – 100, inclusive)**

93.    In response to Paragraph 93 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

94.    In response to Paragraph 94 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

95.    In response to Paragraph 95 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

96.    In response to Paragraph 96 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

97.    In response to Paragraph 97 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

98.    In response to Paragraph 98 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

99.    In response to Paragraph 99 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

//

//

## ANSWER TO TWELFTH CLAIM FOR RELIEF
### (Rescission – All Plaintiffs Against All Defendants)

100.     In response to Paragraph 100 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

101.     In response to Paragraph 101 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

102.     In response to Paragraph 102 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

103.     In response to Paragraph 103 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the notice and request for rescission.

## ANSWER TO THIRTEENTH CLAIM FOR RELIEF
### (Cancellation – All Plaintiffs Against All Defendants)

104.     In response to Paragraph 104 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

105.     In response to Paragraph 105 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

106.     In response to Paragraph 106 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

- 16 -

107.    In response to Paragraph 107 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

108.    In response to Paragraph 108 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

109.    In response to Paragraph 109 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for cancellation.

### ANSWER TO FOURTEENTH CLAIM FOR RELIEF
**(Slander of Title – All Plaintiffs Against All Defendants)**

110.    In response to Paragraph 110 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

111.    In response to Paragraph 111 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

112.    In response to Paragraph 112 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

113.    In response to Paragraph 113 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

114.    In response to Paragraph 114 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the requests for attorney's fees and damages.

115.    In response to Paragraph 115 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny

those allegations and the claimed damages and attorney's fees.

116. In response to Paragraph 116 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for punitive damages.

### ANSWER TO FIFTEENTH CLAIM FOR RELIEF
### (For An Accounting – All Plaintiffs Against All Defendants)

117. In response to Paragraph 117 of the Complaint, Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

118. In response to Paragraph 118 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

119. In response to Paragraph 119 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations and the request for an accounting.

### PRAYER FOR RELIEF

WHEREFORE, in answer to the Prayer for Relief, Defendants deny that Plaintiffs are entitled to recovery or any other relief on any claim alleged in the Complaint.

### FIRST DEFENSE
### (Failure to State A Claim, FRCP Rule 12(B)(6))

1. Plaintiffs are barred from any recovery against Defendants on the grounds that the Complaint fails to state claims against these Defendants for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012.

### SECOND DEFENSE
### (Statute of Limitations)

- 18 -

ANSWER TO COMPLAINT

2.      Plaintiffs are barred from relief because the claims in the Complaint are barred by the applicable statutes of limitation, including but not limited to, Bankruptcy Code sections 544 and 548, California Civil Code section 3439.09 and California Civil Procedure Code sections 337, 338, 339, 340, and 343.

## THIRD DEFENSE
### (Laches)

3.      Plaintiffs are barred from any recovery against Defendants because of Plaintiffs' delay in asserting any right to recovery or other relief, and such delay has severely prejudiced Defendants' rights and defenses in this matter and Defendants' ability to defend against the Complaint.

## FOURTH DEFENSE
### (Equitable Estoppel)

4.      Defendants allege that Plaintiffs are barred from relief under the doctrine of equitable estoppel because and to the extent of Plaintiffs' inequitable conduct to the detriment of the Defendants.

## FIFTH DEFENSE
### (Waiver)

5.      Plaintiffs are barred from any recovery against Defendants because of the doctrine of waiver.

## SIXTH DEFENSE
### (Unclean Hands)

6.      Defendants allege that Plaintiffs are barred from any recovery against Defendants because of Plaintiffs' unclean hands, which relates directly to the transactions that are the subject of Plaintiffs' claims.

## SEVENTH DEFENSE
### (*In Pari Delicto*)

7.      Defendants allege that Plaintiffs are barred from relief under the doctrine of *In Pari Delicto* in that they may not be permitted to benefit from the avoidance of

- 19 -

transactions in which they participated; any such avoidance would be unjust to Defendants, and benefit only the parties engaged in wrongful conduct.

## EIGHTH DEFENSE

### (Lack of Standing)

8. Plaintiffs are barred from relief against Defendants because Plaintiffs lack standing to pursue the claims asserted in the Complaint.

## NINTH DEFENSE

### (Actions of Others)

9. Plaintiffs are barred from any recovery against Defendants on the grounds that any damages or other harm sustained by Plaintiffs are the result of actions or inactions of others, and not of Defendants.

## TENTH DEFENSE

### (Consideration by the Debtor for Promissory Notes)

10. Plaintiffs' claims that are based on, or related to, promissory notes in favor of the Debtor are barred because Defendants are informed and believe that the Debtor (and/or principals or affiliates of the Debtor) provided valid consideration to Plaintiffs in exchange for such promissory notes.

## ELEVENTH DEFENSE
### (Reasonably Equivalent Value)

11. Plaintiffs are barred from relief because, and to the extent that, all transfers and obligations referenced in the Complaint were given in exchange for reasonably equivalent value and Plaintiffs cannot meet their burden of proof that there was no reasonably equivalent value given in exchange for such transfers or obligations.

## TWELFTH DEFENSE

### (For Value and in Good Faith)

12. Plaintiffs are barred from relief for the transfers or obligations alleged to have been made or received by Defendants because any such transfers or obligations were taken for value and in good faith, and without knowledge of their voidability, within the

- 20 -

meaning of California Civil Code section 3439.08(a) and Bankruptcy Code sections 548(c) and 550(b), among other statutes.

## THIRTEENTH DEFENSE

### (No Insolvency)

13. Plaintiffs are barred from relief because, at all relevant times of the transfers and obligations alleged in the complaint, the Debtor was not insolvent and Plaintiffs have no evidence of, and cannot meet their burden of proof with respect to, the Debtor's insolvency at the time of such transfers.

## FOURTEENTH DEFENSE

### (Equitable and Statutory Liens)

14. Defendants claim an equitable lien and a statutory lien under the Bankruptcy Code to the extent of any value provided to the Debtor.

## FIFTEENTH DEFENSE

### (Perfected Security Interest/Lien Priority – Possession of Collateral)

15. Defendants assert that their security interests in the promissory notes, deeds of trust, and related instruments and agreements that are alleged in the Complaint are perfected, entitled to priority and unavoidable based on possession of the collateral that secured those instruments and agreements.

## SIXTEENTH DEFENSE
### (Perfected Security Interest/Lien Priority – California Business & Professions Code § 10233.2)

16. Defendants assert that their security interests in the promissory notes, deeds of trust, and related instruments and agreements that are alleged in the Complaint are perfected, entitled to priority and unavoidable pursuant to California Business and Professions Code section 10233.2, which permits perfection of a security interest by recordation of proof of the assignment of the original security instrument in connection with the "sale" of a promissory note that is serviced by a broker.

- 21 -

//

## SEVENTEENTH DEFENSE
### (Defendants Not Connected with Conduct Purportedly Giving Rise to Rescission/Cancellation)

17.    Plaintiffs' are not entitled to rescission or cancellation of any obligations, agreements or instruments against Defendants because Defendants were in no way connected with any of the alleged wrongful conduct that Plaintiffs claim occurred (Defendants deny that any such wrongful conduct occurred).

## EIGHTEENTH DEFENSE
### (Justification)

18.    Defendants are informed and believe that the documents that are the subject of Plaintiffs' claim for slander of title are not false, but are true.

## NINTEENTH DEFENSE
### (Litigation Privilege— California Civil Code § 47(b))

19.    Defendants are informed and believe that the documents that are the subject of Plaintiffs' claim for slander of title were filed/recorded in good faith in conjunction with a judicial proceeding and are therefore protected by the litigation privilege.

## TWENTIETH DEFENSE
### (Privilege of Interested Party/Rival Claimant to Real Property California Civil Code § 47(c))

20.    Defendants are informed and believe that the documents that are the subject of Plaintiffs' claim for slander of title were filed/recorded without malice by parties (or agents of such parties) who claim an interest in the properties against which the documents were filed/recorded.

//

- 22 -

ANSWER TO COMPLAINT

//

//

### TWENTY-FIRST DEFENSE
**(Defendants Failed to Publish Allegedly Disparaging Material)**

21.     Plaintiffs' claim for slander of title is barred because Defendants never recorded, filed or published any of the documents that are the subject of the claim.

### TWENTY-SECOND DEFENSE
**(Failure to Mitigate Damages)**

22.     Defendants allege that Plaintiffs have failed and refused to exercise reasonable efforts to mitigate Plaintiffs' damages, if any.

### TWENTY-THIRD DEFENSE
**(No Attorneys' Fees)**

23.     Defendants allege that the Complaint fails to state facts sufficient to constitute a claim for attorneys' fees.

### TWENTY-FOURTH DEFENSE
**(Ripeness)**

24.     Plaintiffs' third claim for declaratory judgment is barred because it has not ripened into a justiciable controversy between the parties.

### TWENTY-FIFTH DEFENSE
**(Mootness)**

25.     Plaintiffs' third claim for declaratory judgment is barred by the doctrine of mootness.

### TWENTY-SIXTH DEFENSE
**(Not a Valid Entity/Proper Plaintiff)**

29.     Defendants are informed and believe that the entity named Kamran Pasadena Group, Inc., a California corporation, does not exist.

- 23 -

ANSWER TO COMPLAINT

//

//

## TWENTY-SEVENTH DEFENSE
### (Suit by Suspended Corporation)

27.    Defendants are informed and believe that the entity named Kamran Pasadena, Inc. is currently suspended by the State of California.  Thus, that entity lacks capacity to commence or defend against any lawsuit, action or proceeding.

## TWENTY-EIGHTH DEFENSE
### (Setoff and Recoupment)

28.    Plaintiffs are barred from any recovery against Defendants because, in the unlikely event that Defendants are found to be liable, Defendants are entitled to an setoff in the amount of (a) all consideration or value transferred to or for the benefit of the Debtor, its principals and related entities and (b) all claims that Defendants have or may assert against the Trustee, the Debtor's estate, or any principals of the Debtor.

## TWENTY-NINTH DEFENSE
### (Additional Defenses)

29.    Defendants believe that there are other and further defenses to the allegations in the Complaint, and therefore reserve the right to add such further defenses as discovery or further investigation shall reveal.

WHEREFORE, Defendants pray for judgment as follows:

1.    That judgment be entered in favor of Defendants and against the Plaintiffs on the Complaint;

2.    For Defendants' costs of suit incurred herein;

3.    For Defendants' attorneys' fees pursuant to 28 U.S.C. § 1927 and Federal Rule of Bankruptcy Procedure 9011 and pursuant to contract; and

//

- 24 -
ANSWER TO COMPLAINT

//

//

4.      For such other and further relief as the Court deems just and proper.

DATED: June 7, 2010              GREGORY M. SALVATO, ESQ.
SALVATO LAW OFFICES

*/s/Gregory M. Salvato*
By: _____ .
        Gregory M. Salvato

Attorneys for Defendants
ASHLAND PROPERTIES, LLC, JAMSHID
BAHRVAR, M.D., MAHMOUD FATORECHI
and SOUSSAN HASHEMI, as Trustees of the
FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA
HOMAYOUNJAM, FARAMARZ
MASSACHI, as Trustee of the FARMO
TRUST, FARANAK FAYE SARAFIAN,
SAWTELLE PROPERTIES, LLC, and
DARIUSH SOLEIMANI

## **JURY DEMAND**

Defendants each hereby demand a jury on all claims for relief.

DATED: June 7, 2010              GREGORY M. SALVATO, ESQ.
SALVATO LAW OFFICES

*/s/Gregory M. Salvato*
By: _____ .
        Gregory M. Salvato

- 25 -
ANSWER TO COMPLAINT

Attorneys for Defendants
ASHLAND PROPERTIES, LLC, JAMSHID BAHRVAR, M.D., MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005, MORTEZA HOMAYOUNJAM, FARAMARZ MASSACHI, as Trustee of the FARMO TRUST, FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES, LLC, and DARIUSH SOLEIMANI

ANSWER TO COMPLAINT

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br>Debtor(s). | CHAPTER **11**<br><br>CASE NUMBER **2:08-32333-BR** |
|---|---|
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV.  PROC. NO. **2:10-ap-01244-BR** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Wells Fargo Center, 333 So. Grand Avenue, 25th Floor, Los Angeles, CA 90071-1529**

A true and correct copy of the foregoing document described   **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT [DEMAND FOR JURY TRIAL]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **JUNE 7, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **JUNE 7, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Barry Russell**
**United States Bankruptcy Court**
**255 E. Temple Street, Room 1660**
**Los Angeles, CA  90071**

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 7, 2010** | **Karina Gonzalez** | */s/ Karina Gonzalez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

| In re: | CHAPTER **11** |
|---|---|
| **NAMCO CAPITAL GROUP, INC.,** | CASE NUMBER **2:08-32333-BR** |
| Debtor(s). | |
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV.  PROC. NO. **2:10-ap-01244-BR** |

Electronic Mail Notice List

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

U.S. Mail

Saul Reiss, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street
Suite 328
Santa Monica, CA  90405

A Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Dugan P. Kelley
Cappello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Timothy Neufeld
Newfeld Law Group
360 E. 2nd Street Ste 703
Los Angeles, CA  90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                 **F 9013-3.1**