GREGORY M. SALVATO  (SBN 126285)
SALVATO LAW OFFICES
Wells Fargo Center
333 So. Flower Street, 25th Floor
Los Angeles, California 90071-1529
Telephone:    (213) 484-8400
Facsimile:     (213) 948-1301
E-mail:        Gsalvato@Salvatolawoffices.com

Attorneys for Counterclaimants:
ASHLAND PROPERTIES, LLC, JAMSHID BAHRVAR, M.D.,
MAHMOUD FATORECHI and SOUSSAN HASHEMI, as
Trustees of the FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA HOMAYOUNJAM,
FARAMARZ MASSACHI, as Trustee of the FARMO TRUST,
FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES,
LLC, and DARIUSH SOLEIMANI

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| In re: | Case No.:    2:08-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company | Adv. No. 2:10-ap-01244-BR **COUNTERCLAIM AND CROSS-CLAIM FOR:** **(1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS;** **(2) RELIEF FROM THE AUTOMATIC STAY; AND** **(3) OTHER EQUITABLE RELIEF** |
| Plaintiffs, v. BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual: MORTEZA | *Status Conference* Date:       June 29, 2010 Time:       2:00 p.m. Place:      Room 1668 Roybal Federal Bldg. 255 E. Temple St. Los Angeles, CA 90012 |

SALVATO LAW
OFFICES

COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY COMPLAINT

HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHRVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100

        Defendants.

ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and , DARIUSH SOLEIMANI, an individual;

        Counter-Claimants,
        Cross-Claimants, and
        Third Party Plaintiffs,

    v.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

        Counter-Defendants, and
        Cross-Defendants .

//

//

- 2 -
COUNTERCLAIM AND CROSS-CLAIM

Counterclaimants and cross-claimants ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, M.D., an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005;  MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007 (erroneously sued as "FARMCO TRUST"); FARANAK FAYE SARAFIAN (erroneously sued as FAY FRANAK SARAFIAN), an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and DARIUSH SOLEIMANI, an individual (collectively, "Counterclaimants"), allege as follows:

**JURISDICTION AND VENUE**

1.      This Bankruptcy Court has jurisdiction over this counterclaim, cross-claim and third party complaint (hereinafter, the "Counterclaim") pursuant to 28 U.S.C. § 1334. The Counterclaim is brought pursuant to Bankruptcy Code Sections 506(a), 362(d) and 105(a), and Federal Rules of Bankruptcy Procedure 7001(1), 7001(2), 7001(7), 7001(9), and 9014(c), among others.  This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409(a) in that the Counterclaim relates to the bankruptcy proceeding  entitled *In re Namco Capital Group, Inc.*, Case No. 2:08-32333-BR, commenced by the involuntary petition under Chapter 11 filed against Namco Capital Group, Inc. (the "Debtor") on December 22, 2008 (the "Bankruptcy Case").

**PARTIES**

2.      All of the Counterclaimants assert perfected and unavoidable liens on the property of the Debtor's estate based on recorded collateral assignments from the Debtor to each of the Counterclaimants, which assignments of an underlying promissory note and deed in trust in favor of the Debtor secure obligations new due and owing from the Debtor to each Counterclaimant.

3.      Counterclaimants Faranak Faye Sarafian; Dariush Soleimani; Morteza Homayounjam; Jamshid Bahrvar, M.D.; Faramarz Massachi, as Trustee of the Farmo Trust Dated January 1, 2007; and Mahmoud Fatorechi and Soussan Hashemi, as Trustees

for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, each reside in Los Angeles County, California.

4.      Counterclaimants Ashland Properties, LLC and Sawtelle Properties, LLC are each California limited liability companies authorized to do business in California.

5.      Counterclaimants are informed and believe and on that basis allege that counter-defendant Kamran Pasadena, Inc. is a California corporation that was formerly known as Kamran Group, Pasadena, Inc. dba Pasadena Athletic Club.  Counterclaimants are informed and believe and on that basis allege that Kamran Pasadena, Inc. is currently suspended by the State of California, and consequently has no right under California law to prosecute or defend this action.

6.      Counterclaimants are informed and believe and on that basis allege that counter-defendant Kamran Group, LLC is a California limited liability company.

7.      On May 8, 2009, cross-defendant Bradley D. Sharp was appointed the Chapter 11 Trustee of the Debtor's bankruptcy estate and he continues to operate the Debtor's business with all of the powers and authority granted under Bankruptcy Code Sections 1107 and 1108.  Cross-defendant Bradley D. Sharp (hereinafter the "Trustee") is sued here in his capacity as the duly appointed Chapter 11 Trustee for the Debtor.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of counter-defendants, cross-defendants and third-party defendants Roes 1 through 20, inclusive (hereinafter, the "ROE Defendants") are unknown to Counterclaimants, who therefore sue the ROE Defendants by fictitious names. Counterclaimants are informed and believe and on that basis allege that each of the Roe Defendants (1) is legally responsible in some manner for the events and happenings referred to herein and legally and proximately caused injury and damages thereby to Counterclaimants as alleged herein and/or (2) has or claims an interest in the promissory notes, deeds of trust and other instruments and documents that are the subject of the Counterclaim and this Adversary Proceeding.

9.      Counterclaimants are informed and believe and on that basis allege that at

- 4 -
COUNTERCLAIM AND CROSS-CLAIM

all times mentioned herein, each of the ROE Defendants  was, and is, the agent, servant and employee of each of the Trustee, Kamran Pasadena, Inc. and Kamran Group, LLC (the "Counterdefendants")  and each of the things alleged to have been done by said ROE Defendants was done in the capacity of and as agent of the one or more of the other Counterdefendants.

## GENERAL ALLEGATIONS

*A.*    *Loans and Promissory Notes between Counterclaimants and the Debtor, and the Debtor's Assignmenst of Collateral to Secure the Promissory Notes*

    **(1)**    *Promissory Note and Collateral Provided to Morteza Homayounjam*

10.    On or before July 1, 2007, Morteza Homayounjam loaned the Debtor a net total of $1.1 million.  To evidence this loan balance, on or about July 1, 2007 the Debtor executed a promissory note in favor of Homayounjam in the principal amount of $1.1 million, payable with interest at 7.75% per annum, upon 30 days advance notice (the "Homayounjam Note").

11.    The Homayounjam Note is secured by a Collateral Assignment of Deed of Trust dated August 31, 2007 (the "Homayounjam Collateral Assignment"), in which the Debtor assigned to Homayounjam a 25% beneficial interest in the following:

    a.    A promissory note dated June 29, 2007, executed by Kamran Pasadena, Inc. in favor of the Debtor, in the principal amount of $5 million (the "$5 Million Kamran Pasadena Note"); and

    b.    A deed of trust dated June 29, 2007, executed by Kamran Pasadena, Inc. in favor of the Debtor to secure the $5 Million Kamran Pasadena Note, on certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN Nos. 5713-009-039 and 5713-009-044) (the "$5 Million Kamran Pasadena Deed of Trust").

12.    The $5 Million Kamran Pasadena Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on August 24, 2007, as Instrument

No. 20071990505.

13.    The Homayounjam Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on September 13, 2007 as Instrument No. 20072115288.

14.    True and correct copies of the Homayounjam Note and the Homayounjam Collateral Assignment are attached as Exhibit 1.

15.    The Debtor defaulted on the Homayounjam Note by, among other things, failing to make the monthly interest payments due in October, 2008, and thereafter.

**(2)**    ***Promissory Note and Collateral Provided to Ashland Properties, LLC***

16.    On or before November 6, 2007, Ashland Properties, LLC loaned the Debtor a net total of $420,000.  In exchange for this loan, on or about November 6, 2007, the Debtor executed a promissory note in favor of Ashland Properties, LLC in the principal amount of $420,000, payable at 7.75% interest per annum, upon 30 days advance notice (the "Ashland Properties Note").

17.    The Ashland Properties Note is secured by the Debtor's collateral assignment of an 8% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Ashland Properties Collateral Assignment").  The Ashland Properties Collateral Assignment, which is dated November 6, 2008, was recorded in the Official Records of the Los Angeles County Recorder's Office on November 7, 2007 as Instrument No. 20072498568.

18.    True and correct copies of the Ashland Properties Note and the Ashland Properties Collateral Assignment are attached as Exhibit 2.

19.    The Debtor defaulted on the Ashland Properties Note by, among other things, failing to make the full monthly interest payment due in September, 2008 and failing to pay the entire principal amount and all unpaid interest when the note matured.

**(3)**    ***Promissory Note and Collateral Provided to Sawtelle Properties, LLC***

20.    On or before November 6, 2007, Sawtelle Properties, LLC loaned the Debtor a net total of $780,000.  In exchange for this loan, on or about November 6, 2007,

COUNTERCLAIM AND CROSS-CLAIM

the Debtor executed a promissory note in favor of Sawtelle Properties, LLC in the principal amount of $780,000, payable with interest at 7.75% interest per annum, upon 30 days advance notice (the "Sawtelle Properties Note").

21.    The Sawtelle Properties Note is secured by the Debtor's collateral assignment of a 16% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Sawtelle Properties Collateral Assignment").  The Sawtelle Properties Collateral Assignment, which is dated November 5, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on November 7, 2007 as Instrument No. 20072498569.

22.    True and correct copies of the Sawtelle Properties Note and the Sawtelle Properties Collateral Assignment are attached as Exhibit 3.

23.    The Debtor defaulted on the Sawtelle Properties Note by, among other things, failing to make the full monthly interest payment due in October 2008 or thereafter.

### *(4)    Promissory Note and Collateral Provided to Jamshid Baharvar and/or Shorehn Baharvar*

24.    On or before May 7, 2008, Jamshid Baharvar and Shorehn Baharvar loaned the Debtor a net total of $1.542 million.  In exchange for this loan, on or about May 7, 2008 the Debtor executed a promissory note in favor of Jamshid Baharvar and/or Shorehn Baharvar in the principal amount of $1.542 million, payable at 7.5% upon 30 days advance notice (the "Baharvar Note").

25.    The Baharvar Note is secured by the Debtor's collateral assignment of a 40% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Baharvar Collateral Assignment").  The Baharvar Collateral Assignment, which is dated January 16, 2008, was recorded in the Official Records of the Los Angeles County Recorder's Office on March 25, 2008 as Instrument No. 20080511243.

26.    True and correct copies of the Baharvar Note and the Baharvar Collateral

COUNTERCLAIM AND CROSS-CLAIM

Assignment are attached as Exhibit 4.

27.     The Debtor defaulted on the Baharvar Note by, among other things, failing to make the full monthly interest payment due in October 2008,  and failing to make any monthly interest payments due thereafter.

### *(5)     Promissory Note and Collateral Provided to Faranak Faye Sarafian*

28.     On or before March 1, 2006, Faranak Faye Sarafian loaned the Debtor a net total of $260,000.  In exchange for this loan, on or about March 1, 2006 the Debtor executed a promissory note in favor of Faranak Faye Sarafian in the principal amount of $260,000, payable with interest at 6.75%  per annum, on September 1, 2006 or upon 30 days advance notice (the "Sarafian Note").

29.     The Sarafian Note is secured by the Debtor's collateral assignment of a 5.5% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Sarafian Collateral Assignment").  The Sarafian Collateral Assignment, which is dated October 29, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on June 17, 2008 as Instrument No. 20081075595.

30.     True and correct copies of the Sarafian Note and the Sarafian Collateral Assignment are attached as Exhibit 5.

31.     The Debtor defaulted on the Sarafian Note by, among other things, failing to make the full interest payment due in September 2008 and failing to make any monthly interest payments due thereafter.

### *(6)     Promissory Note and Collateral Provided to the Faramaz Massachi*

32.     On or before February 1, 2008, Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, loaned the Debtor a net total of $450,000.  In exchange for this loan, on or about February 1, 2008 the Debtor executed a promissory note in favor of Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, in the principal amount of $450,000, payable with interest at 6.5% per annum, on February 1, 2009  (the "Massachi Note").

COUNTERCLAIM AND CROSS-CLAIM

33.    The Massachi Note is secured by a Collateral Assignment of Deed of Trust dated February 1, 2008 (the "Massachi Collateral Assignment"), in which the Debtor assigned to Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, a 100% beneficial interest in the following:

    a.    A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $450,000 (the "$450,000 Kamran Note"); and

    b.    A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $450,000 Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-040) (the "$450,000 Kamran Deed of Trust").

34.    The $450,000 Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133932.

35.    The Massachi Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on February 5, 2008 as Instrument No. 20080214974.

36.    True and correct copies of the Massachi Note and the Massachi Collateral Assignment are attached as Exhibit 6.

37.    The Debtor defaulted on the Massachi Note by, among other things, failing to make the full monthly interest payment due in October 2008 and failing to make any monthly interest payments due thereafter.

*(7)    Promissory Note and Collateral Provided to Dariush Soleimani*

38.    On or before January 8, 2008 Dariush Soleimani loaned the Debtor a net total of $1 million.  In exchange for this loan, on or about January 8, 2008 the Debtor executed a promissory note in favor of Soleimani in the principal amount of $1 million, payable with interest at 8% per annum, on January 8, 2009  (the "Soleimani Note").

39.    The Soleimani Note is secured by a Collateral Assignment of Deed of Trust

dated January 8, 2008 (the "Soleimani Collateral Assignment"), in which the Debtor assigned to Soleimani a 100% beneficial interest in the following:

a. A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $1.3 million (the "$1.3 Million Kamran Note"); and

b. A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $1.3 million Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-041) (the "$1.3 Million Kamran Deed of Trust").

40. The $1.3 Million Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133936.

41. The Soleimani Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on January 14, 2008 as Instrument No. 20080072494.

42. True and correct copies of the Soleimani Note and the Soleimani Collateral Assignment are attached as Exhibit 7.

43. The Debtor defaulted on the Soleimani Note by, among other things, failing to make the monthly interest payments due starting in August 2008.

*(8)* ***Promissory Note and Collateral Provided to the Mahmoud Fatorechi and Soussan Hashemi***

44. On or before October 10, 2006, Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, loaned the Debtor a net total of $500,000. In exchange for this loan, on or about October 10, 2006 the Debtor executed a promissory note in favor of Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, in the principal amount of $1 million, payable with interest at 7.5% on April 10, 2007  (the "Fatorechi-Hashemi Note").

45.    The Fatorechi-Hashemi Note is secured by a Collateral Assignment of Deed of Trust dated February 1, 2008 (the "Fatorechi-Hashemi Collateral Assignment"), in which the Debtor assigned to Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, a 100% beneficial interest in the following:

    a.    A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $600,000 (the $600,000 Kamran Note"); and

    b.    A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $600,000 Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-042) (the "$600,000 Kamran Deed of Trust").

46.    The $600,000 Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133956.

47.    The Fatorechi-Hashemi Collateral Assignment, which is dated December 19, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on January 22, 2008 as Instrument No. 20080117011.

48.    True and correct copies of the Fatorechi-Hashemi Note and the Fatorechi-Hashemi Collateral Assignment are attached as Exhibit 8.

49.    The Debtor defaulted on the Fatorechi-Hashemi Note by, among other things, failing to make the full monthly interest payment due in September 2008 and failing to make any monthly interest payments due thereafter.

50.    Counterclaimants are informed and believe that Ezri Namvar, or a person or entity controlled by Ezri Namvar, retained or was assigned a 5.5% beneficial interest in the $5 Million Kamran Promissory Note and $5 Million Kamran Deed of Trust.

//

//

COUNTERCLAIM AND CROSS-CLAIM

**B.    *Attorney's Fee Provisions in Promissory Notes***

51.    Each of eight promissory notes from the Debtor to the Counterclaimants identified above (hereinafter the "Counterclaimant Notes"), as well as each of the promissory notes from Kamran Pasadena, Inc. and Kamran Group, LLC that secured the Counterclaimant Notes  (collectively, hereinafter, the "Kamran Notes"), contain provisions providing for attorney's fees and costs in connection with the enforcement or collection of such notes.

**C.    *Perfection of Counterclaimants' Security Interests***

*(1)    **Perfection by Possession of the Original Kamran Notes***

52.    Counterclaimants are informed and believe that at some time and from time to time prior to the commencement of the Bankruptcy Case, one or more of the Counterclaimants held actual physical possession of the original Kamran Notes securing their respective interests.  Prior to the bankruptcy filing, possession of such notes was delivered to Commerce Escrow Company for the benefit of each of the respective Counterclaimants for the purposes of consummating a sale of the property at 25 W. Walnut Avenue, and after the appointment of the Trustee, Counterclaimants could not recover the notes they had previously held.

*(2)    **Perfection By Operation of State Law***

53.    Counterclaimants are informed and believe and on that basis allege that all times in connection with the loans and promissory notes between Counterclaimants and the Debtor, both the Debtor and Ezri Namvar (the sole shareholder, sole director, President and Chief Financial Officer of the Debtor) acted as a broker within the meaning of California Business and Professions Code section 10131 and/or as a principal within the meaning of California Business and Professions Code section 10131.1.

54.    Counterclaimants are informed and believe and on that basis allege that at all relevant times, Namvar was licensed as a broker by the California Department of Real Estate and was the sole "designated officer" of the Debtor for purposes of the Debtor's

license with the California Department of Real Estate.

55.     Counterclaimants are informed and believe that except as alleged herein, at all relevant times, the Debtor held the original Kamran Notes for the purpose of servicing those notes and arranging a payoff of the Kamran Notes as part of a sale or refinancing of the Property.

56.     Counterclaimants are informed and believe and on that basis allege that the Debtor and Namvar (1) "arranged" the loans from Counterclaimants to the Debtor within the meaning of Business and Professions Code section 10233.2 and (2) "sold" and "dispos[ed]" of the Kamran Notes to Counterclaimants the meaning of Business and Professions Code sections 10233.2 and 10131.1(b)(2), that (3) the Debtor assigned such notes or a fractionalized interest therein to the respective Counterclaimants and (4) recorded evidence of such assignment by way of the recorded Collateral Assignments.

57.     Counterclaimants are informed and believe and on that basis allege that the Debtor and Namvar undertook to service the Kamran Notes on behalf of Counterclaimants.

## D.      *Counterclaimants' Motion for Relief from Stay and Proofs of Claim*

58.     On July 3, 2009, Counterclaimants filed a motion for relief from stay in this Bankruptcy Case, seeking to proceed under applicable non-bankruptcy law to enforce their remedies to foreclose upon and obtain possession of the real property at 25 West Walnut Street, which secured the Kamran Notes and the Counterclaimant Notes. Counterclaimants also sought in the alternative that the Court order adequate protection.

59.     As of the date of this Counterclaim, the Court has not yet made a final ruling on the Countrclaimants' motion for relief from stay.

60.     On November 12 and 13, 2009, Counterclaimants filed proofs of claim based on each of the Counterclaimant Notes.

COUNTERCLAIM AND CROSS-CLAIM

*E.*        *The Trustee's Intent to Foreclose on the Property at 25 West Walnut Street*

61.    Counterclaimants are informed and believe and on that basis allege that in November 2009, the Trustee recorded Notices of Default against the properties at 25 West Walnut Street, based on defaults on each of the Kamran Notes.  Counterclaimants did not participate in the preparation or recording of any of these Notices of Default and had no actual knowledge of the Notices until the commencement of this Adversary Proceeding.

62.    Counterclaimants are informed and believe and on that basis allege that the Trustee intends to foreclose upon the property at 25 West Walnut Street, without proper authorization from Counterclaimants.

63.    Counterclaimants do not authorize and have not authorized the Trustee to foreclose on the property at 25 West Walnut Street, which would cause Counterclaimants irreparable and irremediable harm to their property and financial interests.

## FIRST CLAIM FOR RELIEF

### (For Determination of the Extent, Validity and Priority of Liens, Pursuant to Bankruptcy Code Section 506(a))

### [By All Counterclaimants Against All Counterdefendants]

64.    By this reference Counterclaimants hereby incorporate the allegations set forth above in paragraphs 1-63, inclusive, as though set forth in full herein.

65.    Counterclaimants allege that an actual dispute exists as to the the validity, priority and extent of their respective liens based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the collateral assignments of the Kamran Notes and Kamran Deeds of Trusts to Counterclaimants (hereinafter, the "Counterclaimant Collateral Assignments"), which all secure Counterclaimants' claims, as well as the amount of their respective claims asserted in this Bankruptcy Case.

66.    Kamran Pasadena, Inc. and Kamran Group, LLC have asserted that the Kamran Notes and the Kamran Deeds of Trust are not valid because the Kamran Notes are not supported by valid consideration.

67.    The Trustee has asserted that the security interests granted to Counterclaimants by the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the Counterclaimant Collateral Assignments are unperfected and avoidable under applicable law.

68.    Counterclaimants assert that the Kamran Notes and the Kamran Deeds of Trust are valid and binding obligations because they is informed and believe and on that basis alleges that the Kamran Notes are supported by valid consideration.

69.    Counterclaimants assert that their security interests are perfected and unavoidable pursuant to California Business and Professions Code section 10233.2, which permits perfection of a security interest without actual possession of the original security instrument in connection with the "sale"/"disposition" of a promissory note that is serviced by a broker.

70.    Specifically, Counterclaimants contend that section 10233.2 applies to perfect their security interest because they are informed and believe and on that basis allege that:

a.    At all relevant times, the Debtor and Ezri Namvar acted as a broker within the meaning of California Business and Professions Code section 10131 and/or as a principal within the meaning of California Business and Professions Code section 10131.1;

b.    At all relevant times, the Debtor retained possession of the original Kamran Notes and Kamran Deeds of Trust, which secure the Counterclaimant Notes;

c.    The Debtor and Namvar (a) "arranged" the loans from Counterclaimants to the Debtor within the meaning of Business and Professions Code sections 10233.2 and (b) "sold" and "dispos[ed]" of the Kamran Notes to Counterclaimants within the meaning of Business and Professions Code sections 10233.2 and 10131.1(b)(2);

d.    The Debtor and Namvar undertook to service the Kamran Notes on behalf of Counterclaimants;

COUNTERCLAIM AND CROSS-CLAIM

e.     The Kamran Deeds of Trust and the Counterclaimant Collateral

Assignments are recorded in the office of the county recorder in the county

in which the secured property is located (Los Angeles County); and

f.     The Kamran Notes were assigned to Counterclaimants.

71.     Pursuant to Bankruptcy Code Section 506(a), Counterclaimants therefore

seek a declaration of the Court setting out the parties' respective rights with respect to the

Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the

Counterclaimant Collateral Assignments, and the extent, validity and priority of

Counterclaimants' liens based on those instruments.

72.     Specifically, Counterclaimants seek a declaration that (1) the Kamran Notes

and Kamran Deeds of Trust are valid and binding obligations that are supported by valid

consideration, (2) Counterclaimants have valid, perfected and unavoidable security

interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant

Notes, and the Counterclaimant Collateral Assignments, and (3) Counterclaimants may

therefore foreclose on the property at 25 West Walnut Street based on their perfected

security interests.

**SECOND CLAIM FOR RELIEF**

**(For Determination of the Extent, Validity and Priority of Liens, Pursuant to**

**Bankruptcy Code Section 506(a))**

**[By All Counterclaimants Against All Counterdefendants]**

73.     By this reference Counterclaimants hereby incorporate the allegations set

forth above in paragraphs 1-72, inclusive, as though set forth in full herein.

74.     Counterclaimants allege that an actual dispute exists as to the amount of his

claim asserted in this Bankruptcy Case and the validity, priority and extent of their

respective liens based on the Kamran Notes and Kamran Deeds of Trust assigned to

Counterclaimants by way of the Counterclaimant Assignments.

75.     Among other things, Kamran Pasadena, Inc. and Kamran Group, LLC have

asserted that the 1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are

not valid because the $1.3 Million Kamran Note is not supported by valid consideration.

76.      Among other things, the Trustee has asserted that the security interest granted to Soleimani by the $1.3 Million Kamran Note, the $1.3 Million Kamran Deed of Trust, the Soleimani Note, and the Soleimani Collateral Assignment is unperfected and otherwise avoidable under applicable law.

77.      Among other things, Counterclaimant Soleimani asserts that the $1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are valid and binding obligations because he is informed and believes and on that basis alleges that the $1.3 Million Kamran Note is supported by valid consideration.  Soleimani asserts that his security interest is perfected and unavoidable because he (1) retained possession of the original $1.3 Million Kamran Note (which secured the Soleimani Note) and (2) delivered the original $1.3 Million Kamran Note to Commerce Escrow Company Debtor only after the Debtor instructed Commerce Escrow Company to hold possession of the original $1.3 Million Kamran Note for Soleimani's benefit.

78.      Pursuant to Bankruptcy Code Section 506(a), Counterclaimants seek a declaration of the Court setting out the parties' respective rights with respect to all of the Kamran Notes, the Kamran Deed of Trust, and the extent, validity and priority of their respective liens based on those instruments.

79.      Specifically, Counterclaimant  Soleimani seeks a declaration that (1) the $1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are valid and binding obligations that are supported by valid consideration, (2) Soleimani has a perfected and unavoidable security interest based on the $1.3 Million Kamran Note, the $1.3 Million Kamran Deed of Trust, the Soleimani Note, and the Soleimani Collateral Assignment, and (3) Soleimani may therefore foreclose on the property at 25 West Walnut Street based on his perfected security interest.

//

//

//

## **THIRD CLAIM FOR RELIEF**

### **(For Relief from the Automatic Stay and Turnover of Proceeds)**

### **[By All Counterclaimants Against the Trustee**

### **and Roes 1 through 20, inclusive]**

80.     By this reference Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1-79, inclusive, as though set forth in full herein.

81.     Counterclaimants seek relief from the automatic bankruptcy stay pursuant to Bankruptcy Code Sections 362(d) (1) and 362(d)(2) as to their fully perfected security interests in the collateral:

    a.     for cause, including the lack of adequate protection of their respective interests in property;

    b.     because the Debtor does not have any equity in the property and such property is not necessary to an effective reorganization of the Debtor.

82.     In the alternative, Counterclaimant seek an order requiring the Trustee to turn over to them all proceeds received by the Trustee or estate that relate to the sale or disposition of the property at 25 West Walnut Street.

83.     Counterclaimants' interests in such property cannot be avoided by the Trustee.

84.     By reason of the foregoing, Counterclaimants, and each of them, are entitled to an Order for the delivery of all proceeds received by the Trustee or Debtor's estate that relate to the sale or disposition of the property at 25 West Walnut Street, up to the amount of Counterclaimants' interests in those proceeds.

WHEREFORE, Counterclaimants, and each of them, pray against Counterdefendants, and each of them, as follows:

1.     For a determination of the extent, validity and priority of the liens asserted by Counterclaimants based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments, including, but

not limited to, a determination that:

    a.    the Kamran Notes and Kamran Deeds of Trust are valid and binding obligations of the Debtor that are supported by valid consideration,

    b.    Counterclaimants have perfected and unavoidable security interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments; and

    c.    Counterclaimants may therefore foreclose on the property at 25 West Walnut Street based on their perfected security interests.

2.    For an Order granting Counterclaimants relief:

    a.    from the automatic bankruptcy stay pursuant to Bankruptcy Code Sections 362(d)(1) and 362(d)(2) to exercise all of their remedies under applicable non-bankruptcy law in order to enforce their rights as payees, assignees and creditors under the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments and in particular, to take actions to foreclose upon and obtain possession of the property at 25 West Walnut Street; or, in the alternative,

    b.    granting Counterclaimants adequate protection of their security interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments;

3.    For an Order directing the Trustee to deliver to Counterclaimants all proceeds received by the Trustee or estate that relate to the sale or disposition of the property at 25 West Walnut Street, up to the amount of Counterclaimants' respective interests in those proceeds;

4.    For injunctive relief and other equitable relief;

5.    For attorney's fees and costs of suit;

//

//

//

COUNTERCLAIM AND CROSS-CLAIM

6.      For such other and further relief as the Court may deem proper.

DATED:  June 7, 2010                          GREGORY M. SALVATO, ESQ.
                                              SALVATO LAW OFFICES


                                                  */s/ Gregory M. Salvato*
                                              By:
                                                   Gregory M. Salvato

                                              Attorneys for Counterclaimants

                                              ASHLAND PROPERTIES, LLC, JAMSHID
                                              BAHARVAR, M.D., MAHMOUD
                                              FATORECHI and SOUSSAN HASHEMI, as
                                              Trustees of the FATORECHI-HASHEMI
                                              FAMILY TRUST Dated March 29, 2005,
                                              MORTEZA HOMAYOUNJAM, FARAMARZ
                                              MASSACHI, as Trustee of the FARMO
                                              TRUST, FARANAK FAYE SARAFIAN,
                                              SAWTELLE PROPERTIES, LLC, and
                                              DARIUSH SOLEIMANI

COUNTERCLAIM AND CROSS-CLAIM

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br>Debtor(s). | CHAPTER **11**<br><br>CASE NUMBER **2:08-32333-BR** |
|---|---|
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV. PROC. NO. **2:10-ap-01244-BR** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Wells Fargo Center, 333 So. Grand Avenue, 25th Floor, Los Angeles, CA 90071-1529**

A true and correct copy of the foregoing document described **COUNTERCLAIM AND CROSS-CLAIM FOR (1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS; (2) RELIEF FROM THE AUTOMATIC STAY; AND (3) OTHER EQUITABLE RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **JUNE 7, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **JUNE 7, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Barry Russell**
**United States Bankruptcy Court**
**255 E. Temple Street, Room 1660**
**Los Angeles, CA 90071**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 7, 2010** | **Karina Gonzalez** | */s/ Karina Gonzalez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                         **F 9013-3.1**

| In re:                                           | CHAPTER  **11**                    |
|--------------------------------------------------|------------------------------------|
| **NAMCO CAPITAL GROUP, INC.,**                   | CASE NUMBER  **2:08-32333-BR**     |
| Debtor(s).                                       |                                    |
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV.  PROC. NO. **2:10-ap-01244-BR** |

Electronic Mail Notice List

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

U.S. Mail

Saul Reiss, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street
Suite 328
Santa Monica, CA  90405

A Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Dugan P. Kelley
Cappello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Timothy Neufeld
Newfeld Law Group
360 E. 2nd Street Ste 703
Los Angeles, CA  90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**