A. Barry Cappello (SBN 037835)
abc@cappellonoel.com
Matthew M. Clarke (SBN 184959)
mclarke@cappellonoel.com
CAPPELLO & NOËL LLP
831 State Street
Santa Barbara, California 93101
Telephone:   (805) 564-2444
Facsimile:   (805) 965-5950

Marc S. Cohen (SBN 65486)
mcohen@kayescholer.com
Ashleigh A. Danker (SBN 138419)
adanker@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
Telephone:   (310) 788-1000
Facsimile:   (310) 788-1200

Attorneys for Plaintiffs/Cross-Defendants

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>　　　　　　Plaintiffs,<br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; | **NOTICE OF JOINT MOTION AND JOINT MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW M. CLARKE AND MARC S. COHEN IN SUPPORT THEREOF**<br><br>DATE:　　July 13, 2010<br>TIME:　　2:00 p.m.<br>DEPT:　　1668 |

CAPPELLO
& NOËL llp
TRIAL LAWYERS

09019.003 - 169924.1

MAHMOUD FATORECHI AND SOUSSAN
HASHEMI AS TRUSTEES FOR THE
FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

Defendants.

**TO PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC**

**AND ALL OTHER SEPARATELY REPRESENTED PARTIES AND THEIR COUNSEL:**

PLEASE TAKE NOTICE THAT on July 13, 2010, at 2:00 p.m., or as soon thereafter as may be heard, in Courtroom 1668 of the above-entitled Court, located at United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Los Angeles, CA 90012, Cappello & Noël, LLP ("C&N") and Kaye Scholer LLP ("KS") will move for an order permitting them to withdraw as counsel of record for Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively the "Kamran Companies") in Adversary Action 2:10-ap-01244 BR (the "Adversary Proceeding") within the bankruptcy styled *In Re: NAMCO CAPITAL GROUP INC, a California corporation*, Case No.: 2:08-bk-32333-BR.

This application will be made on the grounds that the Kamran Companies have failed to cooperate with their attorneys and have failed to pay past-due fees and costs C&N has incurred in representing the Kamran Companies. As such, the attorney-client relationship has irreparably deteriorated.

This application will be based upon Local Bankruptcy Rule ("LBR") 2091-1, the attached Memorandum of Points and Authorities, the facts stated in the attached Declarations of Matthew M. Clarke and Marc S. Cohen, and such evidence or argument as may be presented to the court at hearing on this application should the Court request argument. If the Court deems it necessary, additional evidentiary support for the application is available for submission to the Court for review in camera subject to preservation of confidentiality, the attorney-client privilege, and work product protection.

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 2091-1(d), the Kamran

2

09019.003 - 169924.1

Companies' failure to take appropriate action may result in serious legal consequences and the Kamran Companies may wish to seek legal assistance. The Kamran Companies, each either a corporation or limited liability company may participate in this action only through an attorney. The Kamran Companies retain all the obligations of litigants, and failure to appoint an attorney may lead to an order striking the Kamran Companies pleadings in this adversarial proceeding resulting in the dismissal of the Kamran Companies' adversarial proceeding altogether.

DATED: June 22, 2010

CAPPELLO & NOËL LLP

AND

KAYE SCHOLER LLP

By:   _/s/ Marc S. Cohen_
      A. Barry Cappello
      Matthew M. Clarke
      Dugan P. Kelley
      Marc S. Cohen
      Ashleigh A. Danker
      Attorneys for Plaintiffs and Counter-Defendants
      Kamran Pasadena Group, Inc. and Kamran
      Group, LLC

09019.003 - 169924.1

# MEMORANDUM OF POINTS AND AUTHORITIES

Cappello & Noël, LLP ("C&N") and Kaye Scholer LLP ("KS") jointly seek leave of Court to withdraw as counsel for Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively the "Kamran Companies"). This motion is made pursuant to LBR 2091-1(a), which provides:

> (1) An attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceedings, or both, may not withdraw
>
> as counsel except by leave of court; and
>
> (2) An entity represented by counsel may not appear without counsel or by a different attorney except by leave of court.

**A.      Failure to Pay Agreed-upon Fees Constitutes Good Cause to Withdraw; the Withdrawal of C&N Constitutes Good Cause for KS to Withdraw.**

A law firm may be relieved as counsel based on allegations that the client fails to cooperate with the firm, including the client's failure to pay agreed-upon fees. *Statue of Liberty - Ellis Island Foundation, Inc., v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986). Furthermore, the California Rules of Professional Conduct allow an attorney to withdraw when the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" and the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." Cal. Rules Prof. Conduct, rule 3-700(C)(1)(d) and (f).

Here, the Kamran Companies have failed to pay C&N for the attorneys' fees. Despite reasonable requests pursuant to the retainer agreement for payment, nothing has come to fruition.

C&N's requests for payment under the terms of the retainer agreement (by telephone conference and in writing) have gone unanswered, and eventually, it became clear that no payment would be forthcoming.

C&N has attempted to secure payment of its fees. Payment under the terms of the executed retainer agreement has not been made. Additional evidentiary support is available for submission to the Court for review in camera subject to preservation of confidentiality, the attorney-client privilege, and work product protection.

CAPPELLO
& NOËL ᴸᴸᴾ
TRIAL LAWYERS

KS was brought into the representation by C&N solely to act in a local counsel capacity and to provide limited bankruptcy advice to the extent needed. KS was not engaged to act, nor does KS desire to act, as primary counsel to the Kamran Companies in the Adversary Proceeding. KS only agreed to become involved in its limited role *because* C&N had already agreed to act as the lead counsel and was responsible for introducing KS to the Kamran Companies. KS has worked with C&N on other matters in the past and relied on C&N's involvement as primary counsel in agreeing to assume a limited role here. It is untenable for KS to continue in its limited role if the Kamran Companies do not have lead counsel and KS cannot be forced, by default, to expand its role to become lead counsel. Accordingly, the withdrawal of C&N as lead counsel for the Kamran Companies constitutes good cause for KS's withdrawal as well.

**B.      The Attorney Client Relationship Has Deteriorated Allowing Withdrawal by C&N.**

This turn of events has deteriorated the attorney-client relationship so as to make it unreasonably difficult for C&N to continue to represent the Kamran Companies. That deterioration can be supported by in camera submissions to the Court, should it request them, in order to preserve client confidences. Additionally, it is a common sense notion that C&N does not and cannot perform legal services free of charge.

In failing to cooperate with C&N, the Kamran Companies have failed to fulfill a significant part of its obligation as a client: to pay for services rendered; provide a retainer to ensure payment of future legal services; and cooperate in representation. C&N asks leave to withdraw as counsel of record and to relieve them of the untenable situation of continuing as counsel in a case in which the attorney-client relationship has seriously and irreparably deteriorated making it unreasonably difficult for them to carry out their employment effectively.

**C.      The Kamran Companies Would Not Be Prejudiced By C&N's and KS's Withdrawal.**

The Kamran Companies and the other parties involved in this action will not be prejudiced by an order permitting C&N and KS to withdraw in this instance. Withdrawal by C&N and KS at this time would not cause unreasonable delay in prosecution of the case or proceeding to completion. (LBR 2091-1(e)(2); see Declaration of Matthew M. Clarke, ¶ 5.) Further, the Kamran Companies will have ample time to find new counsel. (*Id.*)

2

Accordingly, C&N and KS respectfully ask this Court to issue an order permitting them to withdraw as counsel of record for Kamran Pasadena Group, Inc. and Kamran Group, LLC.

DATED: June 22, 2010

CAPPELLO & NOËL LLP

AND

KAYE SCHOLER LLP


By:  /s/ Marc S. Cohen
     A. Barry Cappello
     Matthew M. Clarke
     Marc S. Cohen
     Ashleigh A. Danker
     Attorneys for Plaintiffs
     Kamran Pasadena Group, Inc. and Kamran
     Group, LLC

3

09019.003 - 169924.1

## DECLARATION OF MATTHEW M. CLARKE

I, MATTHEW M. CLARKE, say and declare as follows:

1.    I am an attorney at law duly admitted to practice before all courts of the State of California and the United States District Court, Central District.  I am of counsel to the law firm of Cappello & Noël LLP, attorneys of record for plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively the "Kamran Companies") in Adversary Action 2:10-ap-01244 BR (the "Adversary Proceeding") within the bankruptcy styled *In Re: NAMCO CAPITAL GROUP INC, a California corporation*, Case No.: 2:08-bk-32333-BR..

2.    If called upon to testify as to the matters set forth herein, I could and would competently testify thereto.

3.    C&N is bringing this application to withdraw as attorneys of record, pursuant to Central District Local Rule 2091-1, since the Kamran Companies have not complied with the terms of the retainer agreement.  Details and particulars regarding the ways in which the Kamran Companies have not complied with the retainer agreement are confidential and constitute attorney client communications.  If the Court orders, C&N will disclose the general nature of the dispute in camera without revealing client confidences.

4.    The failure of the Kamran Companies to comply with the retainer agreement has caused the attorney-client relationship to irreparably deteriorate so that C&N can no longer effectively represent the Kamran Companies.

5.    The Kamran Companies and the other parties involved in this action will not be prejudiced by an order permitting C&N and local counsel Kaye Scholer LLP ("KS") to withdraw in this instance.  Withdrawal by C&N and KS at this time would not cause unreasonable delay in prosecution of the case or proceeding to completion.  Moreover, there would be ample time for the Kamran Companies to retain new counsel.

6.    C&N cannot, in any manner, effectively represent the Kamran Companies under these circumstances. Therefore, C&N is forced to withdraw as its counsel.

4

09019.003 - 169924.1

7.  Appropriate notice was provided to the Kamran Companies pursuant to Local Bankruptcy Rule 2091-1(d), that their failure to take appropriate action may result in serious legal consequences, and the Kamran Companies may wish to seek legal assistance.  Further notice was provided that:  (1) the Kamran Companies, as a California corporation and limited liability company, respectively, may participate in this action only through an attorney; and (2) the Kamran Companies retained all the obligations of a litigant, and failure to appoint an attorney may lead to an order striking its pleadings resulting in dismissal of their case.

8.  Based on the foregoing, C&N seeks an order from the Court granting C&N's withdrawal as counsel for Kamran Pasadena Group, Inc. and Kamran Group, LLC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on June 22, 2010, at Santa Barbara, California.

_____
MATTHEW M. CLARKE

5

nun:o nn3 . 1ム0074 1

## DECLARATION OF MARC S. COHEN

I, MARC S. COHEN, say and declare as follows:

1.    I am a member of Kaye Scholer LLP ("KS"), local counsel for plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively the "Kamran Companies") in Adversary Action 2:10-ap-01244 BR (the "Adversary Proceeding") within the bankruptcy styled *In Re: NAMCO CAPITAL GROUP INC, a California corporation*, Case No.: 2:08-bk-32333-BR. I am the member of KS responsible for the firm's limited representation of the Kamran Companies. If called upon to testify as to the matters set forth herein, I could and would competently testify thereto.

2.    I understand that Cappello & Noel ("C&N"), lead counsel for the Kamran Companies in the Adversary Proceeding, desires to withdraw as lead counsel because of a breakdown in its attorney-client relationship with the Kamran Companies and for nonpayment of fees.

3.    KS was brought into its limited representation of the Kamran Companies in the Adversary Proceeding by C&N solely to act in a local counsel capacity and to provide limited bankruptcy advice to the extent needed. KS was not engaged to act, nor does KS desire to act, as primary counsel to the Kamran Companies in the Adversary Proceeding.

4.    Moreover, KS only agreed to become involved in its limited role *because* C&N had already agreed to act as the lead counsel and was responsible for introducing KS to the Kamran Companies. KS has worked with C&N on other matters in the past and relied on C&N's involvement as primary counsel in agreeing to assume a limited role here. It is untenable for KS to continue in its limited role if the Kamran Companies do not have suitable replacement lead counsel and KS cannot be forced, by default, to expand its role to become lead counsel. Accordingly, the withdrawal of C&N as lead counsel for the Kamran Companies constitutes good cause for KS's withdrawal as well.

5.    The Kamran Companies and the other parties involved in this action will not be prejudiced by an order permitting KS to withdraw in this instance. Withdrawal by KS at this time would not cause unreasonable delay in prosecution of the case or proceeding to completion. Moreover, there would be ample time for the Kamran Companies to retain new local counsel.

6

09019.003 - 169924.1

6.      Appropriate notice was provided to the Kamran Companies pursuant to Local Bankruptcy Rule 2091-1(d), that their failure to take appropriate action may result in serious legal consequences, and the Kamran Companies may wish to seek legal assistance.  Further notice was provided that:  (1) the Kamran Companies, as a California corporation and limited liability company, respectively, may participate in this action only through an attorney; and (2)  the Kamran Companies retained all the obligations of a litigant, and failure to appoint an attorney may lead to an order striking its pleadings resulting in dismissal of their case.

7.      Based on the foregoing, KS seeks an order from the Court granting KS's withdrawal as counsel for Kamran Pasadena Group, Inc. and Kamran Group, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 22, 2010

/s/ Marc S. Cohen
MARC S. COHEN

7

| In re: NAMCO CAPITAL GROUP, INC., a California Corporation | CHAPTER 11 |
|---|---|
| KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. ...  Debtor(s). | CASE NUMBER 2:08bk-32333-BR |
| | Adversary No. 2:10-ap-012444-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, CA, 93101

The foregoing document described as **NOTICE OF JOINT MOTION AND JOINT MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MATTHEW M. CLARKE AND MARC S. COHEN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge In chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 22, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On June 22, 2010 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____June 22, 2010 _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 22, 2010 | Tina Vanderhook | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                            **F 9013-3.1**

| | | |
|---|---|---|
| In re:NAMCO CAPITAL GROUP, INC., a California Corporation <br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. ... | Debtor(s). | CHAPTER 11 <br><br> CASE NUMBER 2:08bk-32333-BR <br><br> Adversary No. 2:10-ap-012444-BR |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- David M. Poitras     dpoitras@jmbm.com
- Robyn B. Sokol     rsokol@ebg-law.com
- Joseph A. Eisenberg     jeisenberg@jmbm.com
- Marc S. Cohen     mcohen@kayescholer.com
- Ashleigh A. Danker     adanker@kayescholer.com
- Gregory M. Salvato     gsalvato@pmcos.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

The Honorable Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Bin Outside of Suite 1660
Los Angeles, CA 90012

David Golkar
Rox Consulting Group, Inc.
1661 South Coast Highway
Laguna Beach, CA 92651

## III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

- Saul Reiss     saulreiss@verizon.net     (by email)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*         **F 9013-3.1**