David M. Poitras - Bar No. 141309
Dan P. Sedor - Bar No. 139091
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA  90067-4308
Telephone:     310.203.8080
Facsimile:     310.203.0567
Email:          dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

Steven T. Gubner - Bar No. 156593
Robyn B. Sokol - Bar No. 159506
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone:  818.827.9000
Facsimile:  818.827.9099
Email:          sgubner@ebg-law.com
                    rsokol@ebg-law.com

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333 BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Adv. No. 2:10-ap-01244 BR |
| Debtor | Chapter 11 |
| KAMRAN PASADENA GROUP, INC.,  a California corporation; and KAMRAN GROUP, LLC a California limited liability company, | **ANSWER OF BRADLEY D. SHARP TO COUNTERCLAIM AND CROSS-CLAIM FOR: (1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS;  (2) RELIEF FROM THE AUTOMATIC STAY; AND (3) OTHER EQUITABLE RELIEF** |
| Plaintiffs, v. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, etc., et al. | |
| Defendants. | |

1

260395

MEHRNAZ HEKMATRAVAN,

              Claimant,

v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC., a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual, VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Company, SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, an individual, and DOES 101 through 125,

              Defendants.

BRADLEY D. SHARP, Chapter 11 Trustee,

              Cross-Plaintiff,

v.

MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California limited liability company, SAWTELLE PROPERTIES, LLC, a California limited liability company, JAMSHID BAHRVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, DANIEL JACOB ISSAC, an individual, MEHRNAZ HEKMATRAVAN, an individual, MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust

              Cross-Defendants.

260395

2

ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEIMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and, DARIUSH SOLEIMANI, an individual;

       Counter-Claimants,
       Cross-Claimants, and
       Third Party Plaintiffs,

v.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

       Counter-Defendants,
       And Cross-Defendants

3

260395

Comes now the Defendant, Cross-Plaintiff, and Cross-Defendant Bradley D. Sharp, the duly appointed and acting Chapter 11 Trustee ("Trustee") for Namco Capital Group, Inc. ("Namco" or "Debtor") for himself and no other defendant hereby responds to and answers the Crossclaims of Ashland Properties, LLC, a California limited company; Sawtelle Properties, LLC; a California limited liability company; Jamshid Bahrvar; Faye Faranak Sarafian;  Faramarz Massachi, as Trustee for the Farmo Trust Dated January 1, 2007; Darioush Solemani; Mahmoud Fatorechi and Soussan Hashemi as trustees for The Fatorechi-Hashemi Trust dated March 29, 2005; and Morteza Homayounjam  (collectively, "Claimants") set forth in the "Counterclaim and Cross-Claim for: (1) Determination of the extent, validity, and priority of liens;  (2) Relief from the Automatic Stay; and (3) other equitable relief" (referred to herein as "Counter Complaint") as follows:

1.      The Trustee admits to the allegations stated in paragraph 1 of the Counter Complaint.

2.      In answer to paragraph 2 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.

3.      In answer to paragraph 3 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 3 of the Counter Complaint and based thereon such allegations are denied.

4.      In answer to paragraph 4 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 4 of the Counter Complaint and based thereon such allegations are denied.

5.      In answer to paragraph 5 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 5 of the Counter Complaint and based thereon such allegations are denied.

6.      In answer to paragraph 6 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 6 of the Counter Complaint and based thereon such allegations are denied.

4

260395

7.      In answer to paragraph 7 of the Counter Complaint, the Trustee admits the allegations contained in paragraph 7 of the Counter Complaint.

8.      In answer to paragraph 8 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 8 of the Counter Complaint and based thereon such allegations are denied.

9.      In answer to paragraph 9 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 9 of the Counter Complaint and based thereon such allegations are denied.

10.      In answer to paragraph 10 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 10 of the Counter Complaint.

11.      The Trustee denies that the Homayounjam Note is secured by a Collateral Assignment of Deed of Trust dated August 31, 2007.  In further answer to paragraph 11 of the Counter Complaint, the Trustee admits that on June 29, 2007 a Promissory Note Secured by Deed of Trust with the face value of $5,000,000 was issued by the Kamran Group Pasadena, Inc. for the benefit of Namco and in exchange for Namco lending $5,000,000 to the Kamran Group Pasadena, Inc. ("$5,000,000 Note").  The Trustee admits that the $5,000,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on June 29, 2007 for the benefit of Namco ("$5,000,000 Deed of Trust").  The Trustee admits that the $5,000,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on August 24, 2007. The Trustee admits that the $5,000,000 Deed of Trust grants Namco a security interest in the property commonly referred to as the 25 West Walnut Street, Pasadena, California property ("Walnut Property").   The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 11 of the Counter Complaint and based thereon such allegations are denied.

12.      The Trustee admits to the allegations stated in paragraph 12 of the Counter Complaint.

13.      In answer to paragraph 13 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 13 of the Counter Complaint.

5

260395

14. In answer to paragraph 14 of the Counter Complaint, admits that a signature page of a note and a copy of the Homayounjam Collateral Assignment is attached as Exhibit 1 to the Counter Complaint.

15. In answer to paragraph 15 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 15 of the Counter Complaint.

16. In answer to paragraph 16 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 16 of the Counter Complaint and based thereon such allegations are denied.

17. The Trustee denies that the Ashland Properties Note is secured by the Debtor's collateral assignment of an 8% beneficial interest in the $5,000,000 Note and the $5,000,000 Deed of Trust. The Trustee admits that the Ashland Properties Collateral Assignment, which appears to be dated November 6, 2007, was recorded on November 7, 2007 in the Official Records of the Los Angeles County Recorder's Office as Instrument No. 20072498568.

18. In answer to paragraph 18 of the Counter Complaint, the Trustee admits that copies of the Ashland Properties Note and the Ashland Properties Collateral Assignment appear to be attached as Exhibit 2 to the Counter Complaint.

19. In answer to paragraph 19 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 19 of the Counter Complaint.

20. In answer to paragraph 20 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 20 of the Counter Complaint and based thereon such allegations are denied.

21. The Trustee denies that the Sawtelle Properties Note is secured by the Debtor's collateral assignment of a 16% beneficial interest in the $5,000,000 Note and the $5,000,000 Deed of Trust. The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 21 of the Counter Complaint and based thereon such allegations are denied.

6

260395

22. In answer to paragraph 22 of the Counter Complaint, the Trustee admits that copies of the Sawtelle Properties Note and the Sawtelle Properties Collateral Assignment are attached as Exhibit 3 to the Counter Complaint.

23. In answer to paragraph 23 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 23 of the Counter Complaint.

24. In answer to paragraph 24 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 24 of the Counter Complaint.

25. The Trustee denies that the Bahrvar Note is secured by the Debtor's collateral assignment of a 40% beneficial interest in the $5,000,000 Note and the $5,000,000 Deed of Trust.  The Trustee admits that the Bahrvar Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on March 25, 2008 as Instrument No. 20080511243.

26. In answer to paragraph 26 of the Counter Complaint, the Trustee admits that copies of Bahrvar Note and the Bahrvar Collateral Assignment are attached as Exhibit 4 to the Counter Complaint.

27. In answer to paragraph 27 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 27 of the Counter Complaint and based thereon such allegations are denied.

28. In answer to paragraph 28 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 28 of the Counter.

29. The Trustee denies that the Sarafian Note is secured by the Debtor's collateral assignment of a 5.5% beneficial interest in the $5,000,000 Note and the $5,000,000 Deed of Trust.  The Trustee admits that the Sarafian Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on June 17, 2008 as Instrument No. 20081075595.  The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 29 of the Counter Complaint and based thereon such allegations are denied.

260395

30. In answer to paragraph 30 of the Counter Complaint, the Trustee admits that copies of Sarafian Note and the Sarafian Collateral Assignment are attached as Exhibit 5 to the Counter Complaint.

31. In answer to paragraph 31 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 31 of the Counter Complaint.

32. In answer to paragraph 32 of the Counter Complaint, the Trustee admits the allegations contained in paragraph 32 of the Counter Complaint.

33. The Trustee denies that the Massachi Note is secured by a Collateral Assignment of Deed of Trust dated February 1, 2008, in which the Debtor assigned to Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, a 100% beneficial in the $450,000 Kamran Note  and the $450,000 Kamran Deed of Trust.  The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $450,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $450,000 to the Kamran Group, LLC ("$450,000 Note").  The Trustee admits that the $450,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$450,000 Deed of Trust").  The Trustee admits that the $450,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 17, 2007.  The Trustee admits that the $450,000 Deed of Trust grants Namco a security interest in unit 2 of a condominium building, APN: 5713-0029-040, which is a portion of the Walnut Property.  The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 33 of the Counter Complaint and based thereon such allegations are denied.

34. The Trustee admits the allegations contained in paragraph 34 of the Cross-Complaint.

35. In answer to paragraph 35 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 35 of the Counter Complaint.

36. The Trustee admits that the Massachi Note and the Massachi Collateral Assignment are attached as Exhibit 6 to the Counter Complaint.

8

260395

37.    In answer to paragraph 37 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 37 of the Counter Complaint.

38.    In answer to paragraph 38 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 38 of the Counter Complaint.

39.    The Trustee denies that the Soleimani Note is secured by a Collateral Assignment of Deed of Trust dated January 8, 2008, in which the Debtor assigned to Soleimani a 100% beneficial interest in the $1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust. The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $1,300,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $1,300,000 to the Kamran Group, LLC ("$1,300,000 Note). The $1,300,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$1,300,000 Deed of Trust").  The $1,300,000 Deed of Trust was recorded with Los Angeles County Recorder's Office on September 17, 2007.   The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 39 of the Counter Complaint and based thereon such allegations are denied.

40.    The Trustee admits the allegations contained in paragraph 40 of the Counter Complaint.

41.    In answer to paragraph 41 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 41 of the Counter Complaint.

42.    In answer to paragraph 42 of the Counter Complaint, the Trustee admits that the Soleimani Note and the Soleimani Collateral Assignment are attached as Exhibit 6 to the Counter Complaint.

43.     In answer to paragraph 43 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 43 of the Counter Complaint.

44.    In answer to paragraph 44 of the Counter Complaint, the Trustee admits the Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust

9

260395

Dated March 29, 2005, loaned the Debtor a net total of $500,000.  The Trustee further admits that in exchange for this loan, on or about October 10, 2006 the Debtor executed a promissory note in favor of Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, in the principal amount of $500,000, payable with interest at 7.5% on April 10, 2007.

45.    The Trustee denies that the Fatorechi-Hashemi Note is secured.  The Trustee admits that on September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $600,000 was issued by the Kamran Group, LLC for the benefit of Namco and in exchange for Namco lending $600,000 to the Kamran Group, LLC ("$600,000 Note").  The Trustee admits that the $600,000 Note was secured by a Long Form Deed of Trust and Assignment of Rents executed on September 10, 2007 by David Golkar, manager of Kamran Group, LLC for the benefit of Namco ("$600,000 Deed of Trust").  The Trustee admits that the $600,000 Deed of Trust grants Namco a security interest in unit 4 of a condominium building, APN: 5713-0029-042, which is a portion of the Walnut Property.  The Trustee lacks knowledge or information sufficient to admit or deny the balance of the allegations stated in paragraph 45 of the Counter Complaint and based thereon such allegations are denied.

46.    The Trustee admits the allegations contained in paragraph 46 of the Counter Complaint.

47.    In answer to paragraph 47 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 47 of the Counter Complaint and based thereon such allegations are denied.

48.    In answer to paragraph 48 of the Counter Complaint, the Trustee admits that copies of the Fatorechi-Hashemi Note and the Fatorechi-Hashemi Collateral Assignment are attached as Exhibit 8 to the Counter Complaint.

49.    In answer to paragraph 49 of the Counter Complaint, the Trustee admits the allegations stated in paragraph 49 of the Counter Complaint.

50.    In answer to paragraph 50 of the Counter Complaint, the Trustee denies the allegations stated in paragraph 50 of the Counter Complaint.

260395

51. In answer to paragraph 51 of the Counter Complaint, the Trustee submits that the Counterclaimant Notes and the Notes speak for themselves.

52. The Trustee denies each and every allegation contained in paragraph 52 of the Counter Complaint. The Counterclaimants never had actual physical possession of the original Notes. The original Notes remained in the possession of Namco until they were delivered to Commerce Escrow Company by Namco.

53. The Trustee denies each and every allegation contained in paragraph 53 of the Counter Complaint.

54. In answer to paragraph 54 of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 54 of the Counter Complaint and based thereon such allegations are denied.

55. The Trustee admits that Namco at all times retained possession of the original Notes and original Deeds of Trust. The Trustee denies the balance of the allegations contained in paragraph 55 of the Counter Complaint.

56. The Trustee denies each and every allegation contained in paragraph 56 of the Counter Complaint.

57. The Trustee denies each and every allegation contained in paragraph 57 of the Counter Complaint.

58. The Trustee admits that on or about July 3, 2009, the Counterclaimants filed a motion for relief form stay in this Bankruptcy Case. By their Motion for Relief from the Automatic Stay, Counterclaimants seek relief from stay so that they may exercise their purported rights and remedies with respect to the Walnut Property. The Trustee denies the balance of the allegations contained in paragraph 58 of the Counter Complaint and refers the Court and all parties to the Motion for Relief from the Automatic Stay [Docket No. 400].

59. The Trustee admits that this Court has not yet ruled on the Motion for Relief from the Automatic Stay filed on or about July 3, 2009 [Docket No. 400].

60. In answer to paragraph 60 of the Counter Complaint, the Trustee admits that Claimants filed proofs of claim on or about November 12 and 13, 2009.

11

260395

61.    The Trustee admits that on or about November 13, 2009, Namco caused to be recorded a Notice of Default against the Walnut Property.  The Trustee also admits that the Claimants by and through their counsel were informed in writing of the recording of the Notice of Default before the commencement of the Adversary Proceeding.  The Trustee denies the balance of the allegations contained in paragraph 61 of the Counter Complaint.

62.    The Trustee denies each and every allegation contained in paragraph 62 of the Counter Complaint.  In further answer to paragraph 62 of the Counter Complaint, the Trustee submits that he does not need the authorization of the Claimants to foreclose on the Walnut Property.  In answer to paragraph 62 of the Counter Complaint, the allegations state legal conclusions and prayers for relief to which no responsive pleading is required.

63.    The Trustee denies each and every allegation contained in paragraph 63 of the Counter Complaint.  In further answer to paragraph 63 of the Counter Complaint, the Trustee submits that he does not need the authorization of the Claimants to foreclose on the Walnut Property.  In answer to paragraph 63 of the Counter Complaint, the allegations state legal conclusions and prayers for relief to which no responsive pleading is required.

**FIRST CLAIM FOR RELIEF**

**(For Determination of the Extent, Validity and Priority of Liens, Pursuant To Bankruptcy Code Section 506(a))**

**[By All Claimants Against Cross defendant]**

64.    In answer to paragraph 64 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 63 of this Answer.

65.    In answer to paragraph 65, the Trustee admits that an actual dispute exists as to whether the Claimants are properly perfected secured creditors with respect to the $5,000,000 Note, $600,000 Note, $1,300,000 Note and the $450,000 Note (collectively, "Notes") and whether the Claimants have the right to foreclose on the Notes or the real property securing the Notes -- the Walnut Property. The Trustee denies that the Claimants are properly perfected secured creditors by virtue of the Assignment of Beneficial Interests they received from Namco

12

260395

and allegedly recorded.  The Trustee contends that the Claimants are not properly perfected secured creditors as they never took possession of the Notes and the $5,000,000 Deed of Trust, $600,000 Deed of Trust, $1,300,000 Deed of Trust and the $450,000 Deed of Trust (collectively, "Deeds of Trust").  Actual possession of the original underlying instruments, the Notes and Deeds of Trust, is required to perfect the Claimants' assignments of beneficial interest.  The Trustee denies the balance of the allegations contained in paragraph 65 of the Counter Complaint.

66.    The Trustee admits that the assertions of Kamran Pasadena, Inc. and Kamran Group, LLC are accurately reflected in paragraph 66 of the Counter Complaint.

67.    Paragraph 67 of the Counter Complaint does not accurately reflect the Trustee's position regarding the Claimants and their asserted claims and on that basis the Trustee denies the allegations contained in paragraph 67 of the Counter Complaint.  The Claimants are not secured creditors.  The Claimants never perfected their interests in the Notes and Deeds of Trust, never taking possession of the original Notes and Deeds of Trust or filing UCC-1 financing statements.   Exceptions to the requirement for possession of the original Notes and original Deeds of Trust or the filing of a financing statement provided under Cal. Bus. & Prof. Code § 10233.2 are not available, as a matter of law, to Claimants.

68.    The Trustee admits that the Kamran Notes and Kamran Deeds of Trust are valid and binding obligations that are supported by valid consideration.

69.    The Trustee denies each and every allegation contained in paragraph 69 of the Counter Complaint. The Trustee submits that Cal. Bus. & Prof. Code § 10233.2 does not apply to the Claimants.

70.    The Trustee denies that Cal. Bus. & Prof. Code § 10233.2 applies to perfect the Claimants' alleged security interest.

a.    The Trustee denies each and every allegation contained in paragraph 70(a) of the Counter Complaint;

b.    The Trustee admits that Namco retained possession of the original Notes and original Deeds of Trust.  The Trustee denies that the Notes and the Deeds of

13

260395

Trust secure the Claimants' notes. The Trustee denies the balance of the allegations contained in paragraph 70(b) of the Counter Complaint.

c. The Trustee denies each and every allegation contained in paragraph 70(c) of the Counter Complaint.

d. The Trustee denies each and every allegation contained in paragraph 70(d) of the Counter Complaint.

e. The Trustee admits that the Deeds of Trust are recorded in the office of the county recorder in the county in which the secured property is located (Los Angeles County). With respect to the balance of the allegations contained in paragraph 70(e) of the Counter Complaint, the Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 70(e) of the Counter Complaint and based thereon such allegations are denied.

f. With respect to the balance of the allegations contained in paragraph 70(f) of the Counter Complaint, the Trustee denies allegations stated in paragraph 70(f) of the Counter Complaint.

71. In answer to paragraph 71 of the Counter Complaint, the allegations state legal conclusions and prayers for relief to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

72. In answer to paragraph 72 of the Counter Complaint, the allegations state legal conclusions and prayers for relief to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

## SECOND CLAIM FOR RELIEF

**(For Determination of the Extent, Validity and Priority of Liens, Pursuant To Bankruptcy Code Section 506(a))**

**[By All Claimants Against Cross defendant]**

73. In answer to paragraph 73 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 72 of this Answer.

14

260395

74. In answer to paragraph 74, the Trustee admits that an actual dispute exists as to whether the Claimants are properly perfected secured creditors with respect to the Notes and whether the Claimants have the right to foreclose on the Notes or the real property securing the Notes -- the Walnut Property. The Trustee denies that the Claimants are properly perfected secured creditors by virtue of the Assignment of Beneficial Interests they received from Namco and allegedly recorded. The Trustee denies the balance of the allegations contained in paragraph 74 of the Counter Complaint.

75. The Trustee admits that the assertions of the Kamran Pasadena, Inc. and Kamran Group, LLC are accurately reflected in paragraph 75 of the Counter Complaint. The Trustee submits that the Kamran Notes including the $1,300,000 Note were supported by valid consideration.

76. Paragraph 76 of the Counter Complaint does not accurately reflect the Trustee's position regarding Soleimani and his asserted claim and on that basis the Trustee denies the allegations contained in paragraph 76 of the Counter Complaint. Soleimani is not a secured creditor.

77. The Trustee admits that the $1,300,000 Note and $1,300,000 Deed of Trust are valid and binding obligations as the $1,300,000 Note was supported by valid actual consideration. The Trustee denies each and every allegation contained in paragraph 77 of the Counter Complaint. Soleimani never perfected his interest in the $1,300,000 Note and $1,300,000 Deed of Trust, never taking possession of the original $1,300,000 Note and $1,300,000 Deed of Trust or filing UCC-1 financing statements. Namco and not Soleimani delivered the $1,300,000 Note and $1,300,000 Deed of Trust to Commerce Escrow Company.

78. In answer to paragraph 78 of the Counter Complaint, the allegations state legal conclusions and a prayer for relief to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

79. In answer to paragraph 79 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required. Insofar as a responsive pleading is required as to any of these allegations, they are denied.

15

260395

**THIRD CLAIM FOR RELIEF**

**(For Relief from the Automatic Stay and Turnover of Proceeds)**

**[By All Counterclaimants Against the Trustee]**

80.    In answer to paragraph 80 of the Counter Complaint, the Trustee realleges and incorporates by reference paragraphs 1 – 79 of this Answer.

81.    In answer to paragraph 81 of the Counter Complaint, the allegations state legal conclusions and a prayer for relief to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.  The Trustee further asserts that the Claimants are not entitled to relief from the automatic stay as they are not secured creditors.

82.    In answer to paragraph 82 of the Counter Complaint, the allegations state legal conclusions and a prayer for relief to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.  The Trustee further asserts that the Claimants are not entitled to relief from the automatic stay as they are not secured creditors.

83.    In answer to paragraph 83 of the Counter Complaint, the allegations state legal conclusions to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.  The Trustee further asserts that the Claimants are not secured creditors.

84.    In answer to paragraph 84 of the Counter Complaint, the allegations state legal conclusions and a prayer for relief to which no responsive pleading is required.  Insofar as a responsive pleading is required as to any of these allegations, they are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Counter Complaint fails to state a claim upon which relief can be granted.

16

260395

## SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred by waiver.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred by estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred or reduced by set off.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred or reduced by recoupment.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred by the Plaintiffs' unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Counter Complaint are barred because any and all acts and/or omissions by the Trustee, if any, were based upon legally sufficient justification.

## NINTH AFFIRMATIVE DEFENSE

The relief sought by Claimants is barred as Claimants are not properly perfected secured creditors with respect to the Notes and have and have no standing or right to foreclose on the real property securing such Notes or seek relief from the automatic stay.

17

260395

**TENTH AFFIRMATIVE DEFENSE**

The Trustee presently has insufficient knowledge of information on which to form a basis as to whether it may have additional, as yet unstated, defenses available to it. Based thereon, the Trustee reserves the right to assert additional defenses in the event facts subsequently become known to the Trustee which suggest that such additional defenses would be appropriate.

WHEREFORE, the Trustee prays for judgment as follows:

A.    That Claimants take nothing by way of the Cross Complaint;

B.    For a declaration that the Cross-Defendants are not properly perfected secured creditors with respect to the Notes and Deeds of Trust;

C.    For a declaration that the Cross-Defendants have no right to execute on the Notes or the underlying real property securing the Notes;

D.    Expunging the Assignments of Beneficial Interest provided to each of the Cross-Defendants ("Assignments") from title to the Walnut Property;

E.    For a declaration that the Assignments of Beneficial Interest and any purported interest of the Cross-Defendants in the Walnut Property are declared to be null, void and of no effect.

F.    That the Trustee be awarded his costs of suit incurred herein; and

///

///

///

///

///

///

///

///

///

///

///

18

260395

G.    That the Trustee be awarded such other and further relief as the Court may deem just and proper.

Dated:  July 16, 2010

JEFFER MANGELS BUTLER
& MARMARO, LLP

By:    /s/ David M. Poitras_____
        David M. Poitras
        Counsel for Bradley D. Sharp,
        Chapter 11 Trustee for the Estate of Estate
        Financial Mortgage Fund

Dated:  July 16, 2010

EZRA BRUTZKUS GUBNER LLP

By:    /s/ Robyn B. Sokol _____
        Robyn B. Sokol
        Special Counsel for Bradley D. Sharp,
        Chapter 11 Trustee for Namco Capital
        Group, Inc

19

260395

| In re: NAMCO CAPITAL GROUP, INC., *etc.*, *et al.*, | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 2:08-bk-32333-BR |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

A true and correct copy of the foregoing document described **ANSWER OF BRADLEY D. SHARP TO COUNTERCLAIM AND CROSS-CLAIM FOR: (1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS;  (2) RELIEF FROM THE AUTOMATIC STAY; AND (3) OTHER EQUITABLE RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 16, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Matthew Clarke on behalf of Plaintiff Kamran Pasadena Group, Inc. - mclarke@cappellonoel.com

Marc S Cohen on behalf of Plaintiff Kamran Pasadena Group, Inc. - mcohen@kayescholer.com

Ashleigh A Danker on behalf of Plaintiff Kamran Pasadena Group, Inc. - adanker@kayescholer.com

Joseph A Eisenberg on behalf of Defendant Bradley Sharp - jae@jmbm.com

David M Poitras on behalf of Defendant Bradley Sharp - dpoitras@jmbm.com

Gregory M Salvato on behalf of Defendant Ashland Properties LLC - gsalvato@pmcos.com, calendar@salvatolawoffices.com

Gregory M Salvato on behalf of Defendant Farmco Trust - gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com

United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 16, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Via U.S. Mail
Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA  90012

☒ Service information continued on attached page

20

260395

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 16, 2010 | Nikola A. Fields | /s/ Nikola A. Fields |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

21

260395

## SERVICE LIST VIA U.S. MAIL

| | |
|---|---|
| Mahmoud Fatorechi<br>Weissmann Wolff et al<br>9665 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212<br><br>Soussan Hashemi<br>Weissmann Wolff<br>9665 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212 | Timothy Neufeld on behalf of Defendant<br>Bradley Sharp<br>Neufeld Law Group<br>360 E. 2nd St., Suite 703<br>Los Angeles, CA 90012<br><br>Saul Reiss on behalf of Defendant<br>Mehrnaz Hekmatravan<br>Law Offices of Saul Reiss<br>2800 28th Street, Suite 328<br>Santa Monica, CA 90405 |

260395