GREGORY M. SALVATO  (SBN 126285)
JOSEPH BOUFADEL  (SBN 267312)
SALVATO LAW OFFICES
Wells Fargo Center
333 So. Flower Street, 25th Floor
Los Angeles, California 90071-1529
Telephone:    (213) 484-8400
Facsimile:    (213) 402-3778
E-mail:        Gsalvato@Salvatolawoffices.com

Attorneys for Cross-Cross-Defendants
ASHLAND PROPERTIES, LLC, JAMSHID BAHRVAR, M.D.,
MAHMOUD FATORECHI and SOUSSAN HASHEMI, as
Trustees of the FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA HOMAYOUNJAM,
FARAMARZ MASSACHI, as Trustee of the FARMO TRUST,
FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES,
LLC, and DARIUSH SOLEIMANI

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.:   2:08-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company, | Adv. No. 2:10-ap-01244-BR |
| | **CROSS-DEFENDANTS' ANSWER TO BRADLEY D. SHARP'S CROSS-CLAIM FOR DECLARATORY RELIEF** |
| Plaintiffs, | |
| v. | **[DEMAND FOR JURY TRIAL]** |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, etc., et al. | |
| Cross-Defendants. | |
| MEHRNAZ HEKMATRAVAN | Place:     Room 1668 Roybal Federal Bldg. 255 E. Temple St. Los Angeles, CA 90012 |
| Cross-Claimant, | |

SALVATO LAW
OFFICES

ANSWER TO CROSS-CLAIM

v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC,, a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC. a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual,  VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Liability Company, SAWTELLE PROPERTIES, LLC, JAMSHID BAHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, and DOES 101 through 125,

Cross-Defendants.

BRADLEY D. SHARP, Chapter 11 Trustee,

Cross-Plaintiff,

v.

MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Liability Company, SAWTELLE PROPERTIES, LLC, a California Limited Liability Company, JAMSHID BAHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, MEHRNAZ HEKMATRAVAN, an individual, MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust,

Cross-Cross-Defendants.

- 2 -
ANSWER TO CROSS-CLAIM

Cross-Defendants ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, M.D., an individual;  MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005;  MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN an individual;  SAWTELLE PROPERTIES, LLC, a California limited liability company; and ; DARIUSH SOLEIMANI (erroneously sued as DARIOUSH SOEMANI), an individual; and (collectively, "Cross-Cross-Defendants"), by and through their undersigned counsel, in answer to the CrossClaim (the "Cross-Claim") by BRADLEY D. SHARP ("Trustee"), Chapter 11 Trustee of the bankruptcy estate of Namco Capital Group, Inc. ("Namco" or "Debtor"), admit, deny, and allege as follows:

## ANSWER TO CROSS-CLAIM OF BRADLEY D. SHARP

Paragraphs 1 through 57, inclusive, of the Answer and Cross-Claim of the Trustee are comprised of the Trustee's answer and affirmative defenses in response to the Answer and Counterclaims of Mehrnaz Hekmatravan for which no answer or response is necessary from these Cross-Defendants because the Cross-Defendants have already answered Mehrnaz Hekmatravan's Counterclaims (May 24, 2010).

## GENERAL ALLEGATIONS

1. In response to Paragraph 1 of the Cross-Claim, Cross-Defendants admit the allegations contained therein.

2. In response to Paragraph 2 of the Cross-Claim, Cross-Defendants admit the allegations contained therein.

3. In response to Paragraph 3 of the Cross-Claim, Cross-Defendants admit that Namco had been in business for approximately 20 years.  Except as expressly admitted herein, Cross-Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4.    In response to Paragraph 4 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

5.    In response to Paragraph 5 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

6.    In response to Paragraph 6 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

7.    In response to Paragraph 7 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

8.    In response to Paragraph 8 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

9.    In response to Paragraph 9 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

10.    In response to Paragraph 10 of the Cross-Claim, Cross-Defendants admit the allegations contained therein only to the extent that the Cross-Defendants received interest payments on their investments.   Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and on that basis deny those allegations.

**Answer to Secured Loans Made to Plaintiffs by Namco**

11.    In response to Paragraph 11 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that the Namco made loans to the Plaintiffs

ANSWER TO CROSS-CLAIM

evidenced by promissory notes secured by the real property.  Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and on that basis deny those allegations.

12.    In response to Paragraph 12 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

13.    In response to Paragraph 13 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

14.    In response to Paragraph 14 of the Cross-Claim, Cross-Defendants admit the allegations contained therein insofar as the entity in question is Kamran Pasadena, Inc. and not Kamran Group Pasadena, Inc., and that the $5 Million Kamran Pasadena Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on August 24, 2007 and not August 27, 2007.  Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and on that basis deny those allegations.

15.    In response to Paragraph 15 of the Cross-Claim, Cross-Defendants admit the allegations contained therein.  Cross-Defendants are informed and believe and on that basis allege that the $600,000 Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007.

16.    In response to Paragraph 16 of the Cross-Claim, Cross-Defendants admit to the allegations contained therein.

17.    In response to Paragraph 17 of the Cross-Claim, Cross-Defendants admit to the allegations contained therein.

18.    In response to Paragraph 18 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

- 5 -
ANSWER TO CROSS-CLAIM

**Answer to Assignments of Beneficial Interest Involving Cross-Defendants**

19. In response to Paragraph 19 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

20. In response to Paragraph 20 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Ashland Properties, LLC was also provided a promissory note executed by the Debtor in the principal amount of $420,000.

21. In response to Paragraph 21 of the Cross-Claim, Cross-Defendants admit the assignment to Morteza Homayounjam was recorded on September 13, 2007 ("Homayounjam Collateral Assignment"). Cross-Defendants are informed and believe and on that basis allege that Morteza Homayounjam was provided a 25% beneficial interest in the $5 Million Kamran Pasadena Deed of Trust, whereby the Debtor executed a promissory note on or about July 1, 2007 in the principal amount of $1.1 million. Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and on that basis deny those allegations.

22. In response to Paragraph 22 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations. Cross-Defendants are informed and believe and on that basis allege that Sawtelle Properties, LLC was assigned a 16% beneficial interest in the $5 Million Kamran Pasadena Deed of Trust, whereby the Debtor executed a promissory note on or about November 6, 2006 in the principal amount of $780,000 (the "Sawtelle Properties Collateral Assignment"). Further, Cross-Defendants are informed and believe and on that basis allege that the Sawtelle Properties Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on November 7, 2007.

23. In response to Paragraph 23 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Jamshid Baharvar and Shorehn Baharvar

were also provided a promissory note executed by the Debtor in the principal amount of $1.542 million.   Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and on that basis deny those allegations.

24.     In response to Paragraph 24 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Faranak Faye Sarafian was also provided a promissory note by the Debtor in the principal amount of $260,000.  Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and on that basis deny those allegations.

25.     In response to Paragraph 25 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, was also provided a promissory note by the Debtor in the principal amount of $450,000.  Except as expressly admitted herein, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and on that basis deny those allegations.

26.     In response to Paragraph 26 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Dariush Soleimani was also provided a promissory note by the Debtor in the principal amount of $1 million.  Except as expressly admitted herein, Cross-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and on that basis deny those allegations.

27.     In response to Paragraph 27 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, were also provided a promissory note by the Debtor in the principal amount of $1 million.  Except as expressly admitted herein, Cross-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and on that basis deny those allegations.

ANSWER TO CROSS-CLAIM

28.     In response to Paragraph 28 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

**Answer to Namco and Now the Trustee Have Always Been in Possession and Control of the Notes and Deeds of Trust.**

29.     In response to Paragraph 29 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

30.     In response to Paragraph 30 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

31.     In response to Paragraph 31 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

32.     In response to Paragraph 32 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations, except that Cross-Defendants are informed and believe and on that basis allege that one or more of the Cross-Defendants held actual physical possession of the original notes securing their respective rights.

33.     In response to Paragraph 33 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief about the truth of the allegations contained therein and on that basis deny those allegations.

**ANSWER TO**

**FIRST CROSSCLAIM FOR RELIEF**

**(For Declaratory Relief Against Cross-Defendants and Cross-Defendants**

**Hekmatravan, Morteza Homayounjam, Ashland Properties, LLC, Sawtelle**

**Properties, LLC, Jamshid Beharvar, Faye Faranak Sarafian, Farmo Trust Dated**

**January 1, 2007, Dariush Solemani, Daniel Jacob Issac and Mahmoud Fatorechi and Soussan Hashemi as trustees for The Fatorechi-Hashemi Trust)**

34.    In response to Paragraph 34 of the Cross-Claim, Cross-Defendants re-allege and incorporate the responses and answers to the allegations pleaded above as if fully set forth herein.

35.    In response to Paragraph 35 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that a controversy exists as to whether the Cross-Defendants are properly perfected secured creditors, and to the remedies afforded the Cross-Defendants with respect to the promissory notes and deeds of trust.

36.    In response to Paragraph 36 of the Cross-Claim, Cross-Defendants admit the allegations contained therein to the extent that the Assignments of Beneficial Interests and their recordation are evidence indicating that the interests are properly perfected.

37.    In response to Paragraph 37 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

38.    In response to Paragraph 38 of the Cross-Claim, Cross-Defendants deny the allegations set forth in that Paragraph.

39.    In response to Paragraph 39 of the Cross-Claim, Cross-Defendants admit that California Business & Professions Code section 10233.2 applies to the transactions between Namco and the Cross-Defendants.  Except as expressly admitted herein, Cross-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and on that basis deny those allegations.

40.    In response to Paragraph 40 of the Cross-Claim, Cross-Defendants lack knowledge sufficient to form a belief as to the allegations contained therein and on that basis deny those allegations.

WHEREFORE, in answer to the Prayer for Relief, Cross-Defendants deny that the Trustee is entitled to recovery, including relief sought in sub-headings A-E, or any other relief on any claim alleged in the Cross-Claim.

ANSWER TO CROSS-CLAIM

## **FIRST DEFENSE**

### **(Failure to State A Claim, FRCP Rule 12(b)(6))**

1.    The Trustee is barred from any recovery against Cross-Defendants on the grounds that the Cross-Claim fails to state claims against these Cross-Defendants for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012.

## **SECOND DEFENSE**

### **(Statute of Limitations)**

2.    The Trustee is barred from relief because the claims in the Cross-Claim are barred by the applicable statutes of limitation.

## **THIRD DEFENSE**

### **(Laches)**

3.    The Trustee is barred from any recovery against Cross-Defendants because of the Trustee's delay in asserting any right to recovery or other relief, and such delay has severely prejudiced Cross-Defendants' rights and defenses in this matter and Cross-Defendants' ability to defend against the Cross-Claim.

## **FOURTH DEFENSE**

### **(Equitable Estoppel)**

4.    Cross-Defendants allege that the Trustee is barred from relief under the doctrine of equitable estoppel because and to the extent of the Trustee's inequitable conduct to the detriment of the Cross-Defendants.

## **FIFTH DEFENSE**

### **(Waiver)**

5.    The Trustee is barred from any recovery against the Cross-Defendants

- 10 -

ANSWER TO CROSS-CLAIM

because of the doctrine of waiver.

## SIXTH DEFENSE

### (Unclean Hands)

6. Cross-Defendants allege that the Trustee is barred from any recovery against the Cross-Defendants because of the Trustee's unclean hands, which relates directly to the transactions that are the subject of the Trustee's claims.

## SEVENTH DEFENSE

### (*In Pari Delicto*)

7. Cross-Defendants allege that the Trustee is barred from relief under the doctrine of *In Pari Delicto* in that he may not be permitted to benefit from the avoidance of transactions in which he participated; any such avoidance would be unjust to the Cross-Defendants, and benefit only the parties engaged in wrongful conduct.

## EIGHTH DEFENSE

### (Actions of Others)

9. The Trustee is barred from any recovery against Cross-Defendants on the grounds that any damages or other harm sustained by the Trustee are the result of actions or inactions of others, and not of Cross-Defendants.

## NINTH DEFENSE

### (Reasonably Equivalent Value)

11. The Trustee is barred from relief because, and to the extent that, all transfers and obligations referenced in the Cross-Claim were given in exchange for reasonably equivalent value and the Trustee cannot meet its burden of proof that there was no reasonably equivalent value given in exchange for such transfers or obligations.

//

## **TENTH DEFENSE**

### **(For Value and in Good Faith)**

12.     The Trustee is barred from relief for the transfers or obligations alleged to have been made or received by Cross-Defendants because any such transfers or obligations were taken for value and in good faith, and without knowledge of their voidability, within the meaning of California Civil Code section 3439.08(a) and Bankruptcy Code sections 548(c) and 550(b), among other statutes.

## **ELEVENTH DEFENSE**

### **(Equitable and Statutory Liens)**

14.     Cross-Defendants claim an equitable lien and a statutory lien under the Bankruptcy Code to the extent of any value provided to the Debtor.

## **TWELFTH DEFENSE**

### **(Perfected Security Interest/Lien Priority – Possession of Collateral)**

15.     Cross-Defendants assert that their security interests in the promissory notes, deeds of trust, and related instruments and agreements that are alleged in the Cross-Claim are perfected, entitled to priority and unavoidable based on possession of the collateral that secured those instruments and agreements.

## **THIRTEENTH DEFENSE**

### **(Perfected Security Interest/Lien Priority –**
### **California Business & Professions Code § 10233.2)**

16.     Cross-Defendants assert that their security interests in the promissory notes, deeds of trust, and related instruments and agreements that are alleged in the Cross-Claim are perfected, entitled to priority and unavoidable pursuant to California Business and Professions Code section 10233.2, which permits perfection of a security interest by recordation of proof of the assignment of the original security instrument in connection

with the "sale" of a promissory note that is serviced by a broker.

## FOURTEENTH DEFENSE

### (Failure to Mitigate Damages)

22.    Cross-Defendants allege that the Trustee has failed and refused to exercise reasonable efforts to mitigate the Debtor's damages, if any.

## FIFTEENTH DEFENSE

### (Setoff and Recoupment)

28.    The Trustee is barred from any recovery against theCross-Defendants because, in the unlikely event that the Cross-Defendants are found to be liable, Cross-Defendants are entitled to a setoff in the amount of (a) all consideration or value transferred to or for the benefit of the Debtor, its principals and related entities and (b) all claims that the Cross-Defendants have or may assert against the Trustee, the Debtor's estate, or any principals of the Debtor.

## SIXTEENTH DEFENSE

### (Additional Defenses)

29.    Cross-Defendants believe that there are other and further defenses to the allegations in the Cross-Claim, and therefore reserve the right to add such further defenses as discovery or further investigation shall reveal.

WHEREFORE, Cross-Defendants pray for judgment as follows:

1.    That judgment be entered in favor of Cross-Defendants and against the Trustee on the Cross-Claim;

2.    For Cross-Defendants' costs of suit incurred herein;

3.    For Cross-Defendants' attorneys' fees pursuant to 28 U.S.C. § 1927 and Federal Rule of Bankruptcy Procedure 9011 and pursuant to contract; and

4.      For such other and further relief as the Court deems just and proper.

DATED: July 16, 2010                    GREGORY M. SALVATO, ESQ.
                                        SALVATO LAW OFFICES


                                             */s/Gregory M. Salvato*
                                        By: —————————————————————— .
                                             Gregory M. Salvato

                                        Attorneys for Cross-Defendants
                                        ASHLAND PROPERTIES, LLC, JAMSHID
                                        BAHRVAR, M.D., MAHMOUD FATORECHI
                                        and SOUSSAN HASHEMI, as Trustees of the
                                        FATORECHI-HASHEMI FAMILY TRUST
                                        Dated March 29, 2005, MORTEZA
                                        HOMAYOUNJAM, FARAMARZ
                                        MASSACHI, as Trustee of the FARMO
                                        TRUST, FARANAK FAYE SARAFIAN,
                                        SAWTELLE PROPERTIES, LLC, and
                                        DARIUSH SOLEIMANI


## JURY DEMAND

Cross-Defendants each hereby demand a jury on all claims for relief.

DATED: July 16, 2010                    GREGORY M. SALVATO, ESQ.
                                        SALVATO LAW OFFICES


                                             */s/Gregory M. Salvato*
                                        By: —————————————————————— .
                                             Gregory M. Salvato

                                        Attorneys for Cross-Defendants
                                        ASHLAND PROPERTIES, LLC, JAMSHID
                                        BAHRVAR, M.D., MAHMOUD
                                        FATORECHI and SOUSSAN HASHEMI, as
                                        Trustees of the FATORECHI-HASHEMI
                                        FAMILY TRUST Dated March 29, 2005,
                                        MORTEZA HOMAYOUNJAM, FARAMARZ
                                        MASSACHI, as Trustee of the FARMO
                                        TRUST, FARANAK FAYE SARAFIAN,
                                        SAWTELLE PROPERTIES, LLC, and
                                        DARIUSH SOLEIMANI

- 14 -
ANSWER TO CROSS-CLAIM

| In re: | CHAPTER **11** |
|---|---|
| **NAMCO CAPITAL GROUP, INC.,** | |
| Debtor(s). | CASE NUMBER **2:08-32333-BR** |
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV. PROC. NO. **2:10-ap-01244-BR** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Wells Fargo Center, 333 So. Grand Avenue, 25th Floor, Los Angeles, CA 90071-1529**

A true and correct copy of the foregoing document described  **CROSS-DEFENDANTS' ANSWER TO BRADLEY D. SHARP'S CROSS-CLAIM FOR DECLARATORY RELIEF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 19, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 19, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Barry Russell**
**United States Bankruptcy Court**
**255 E. Temple Street, Room 1660**
**Los Angeles, CA  90071**

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I  served  the  following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 19, 2010** | **Karina Gonzalez** | */s/ Karina Gonzalez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br><div align="right">Debtor(s).</div> | CHAPTER **11**<br><br>CASE NUMBER **2:08-32333-BR** |
|---|---|
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV. PROC. NO. **2:10-ap-01244-BR** |

Electronic Mail Notice List

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

U.S. Mail

Saul Reiss, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street
Suite 328
Santa Monica, CA  90405

A Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Dugan P. Kelley
Cappello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Timothy Neufeld
Newfeld Law Group
360 E. 2nd Street Ste 703
Los Angeles, CA  90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                    **F 7004-1**