Saul Reiss, Esq.  SBN 48528
Firouzeh Simab, SBN 198708
LAW OFFICES OF SAUL REISS, P.C.
2800 28TH Street, Suite 328
Santa Monica, CA 90405
Telephone 310-450-2888  Fax 310-450-2885
E-Mail saulreiss@verizon.net

**FILED**
OCT 08 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

Attorney for Claimant / Cross-Defendant
MEHRNAZ HEKMATRAVAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation<br><br>Debtor.<br>_____<br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California Corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FARANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, | ) BK Case No.:  2:08-bk-32333-BR<br>) Chapter 11<br>) [Assigned to the Honorable Barry Russell]<br>)<br>) Adversary Case No.  2:09-ap-01244-BR<br>)<br>)<br>) **CROSS-DEFENDANT MEHRNAZ**<br>) **HEKMATRAVAN'S ANSWER TO**<br>) **CROSS-PLAINTIFF FIDELITY**<br>) **NATIONAL TITLE COMPANY'S**<br>) **CROSS-CLAIM**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

-1-

an individual; JAMSHID BAHRAVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,

   Defendants.
_____

MEHRNAZA HEKMATRAVAN,

   Claimant,

   vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation; KAMRAN GROUP, LLC, a California Limited Liability Company; KAMRAN GROUP, INC., a California corporation; KAMRAN PASADENA, INC., a California corporation; DAVID J. GOLKAR, an individual; HAMID TABATABAI aka HAMID TABA, an individual; VIOLET KASHANY, an individual; MORTEZA HOMAYOUNJAM, an individual; ASHLAND PROPERTIES, LLC, a California Limited Company; SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual; FAYE FARANK SARAFIAN, an individual; FARMO TRUST DATED JANUARY 1, 2007, a trust; DARIOUSH SOLEIMANI, an individual; and DOES 101 through 125,

   Defendants.
_____

BRADLEY D. SHARP, Chapter 11 Trustee,

   Cross-Plaintiff,

   vs.

-2-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS – PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

MORTEZA HOMAYOUNJAM, an individual; ASHLAND PROPERTIES, LLC, California limited liability company; SAWTELLE PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, an individual; FAYE FARANAK SARAFIAN, an individual; FARMO TRUST DATED JANUARY 1, 2007, a trust; DARIOUSH SOLEIMANI, an individual; DANIEL JACOB ISSAC, an individual; MEHRNAZ KEMTARVAN, an individual; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust,

  Cross-Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BEHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and DARIUSH SOLEIMANI, an individual,

  Counter-Claimants, Cross-Claimants and Third Party Plaintiffs,

  vs.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

  Counter-Defendants, and Cross-

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

-3-

Defendants. )
_____ )
FIDELITY NATIONAL TITLE COMPANY, )
)
Defendant and Cross-Plaintiff, )
)
vs. )
)
BRADLEY D. SHARP, Chapter 11 Trustee )
for Namco Capital Group, Inc.; DANIEL )
JACOB ISSAC, an individual; FAY FRANK )
SARAFIAN, an individual; DARIOUSH )
SOLEIMANI, an individual; MORTEZA )
HOMAYOUNJAM, an individual; )
MEHRNAZ HEKMATRAVAN, an )
individual; JAMSHID BAHARVAR, an )
individual; ASHLAND PROPERTIES, LLC, )
a California limited liability company; )
FARMCO TRUST, SAWTELLE )
PROPERTIES, LLC, a California limited )
liability company; MAHMOUD )
FATORECHI AND SOUSSAN HASHEMI )
AS TRUSTEES FOR THE FATORECHI- )
HASHEMI TRUST, )
)
Defendant and Cross-Defendants. )
_____ )

Cross-Defendant MEHRNAZ HEKMATRAVAN ("Cross-Defendant"), an individual, by and through her under-signed counsel, in answer to the Cross-Claim by Cross-Plaintiff FIDELITY NATIONAL TITLE COMPANY ("Cross-Plaintiff"), admits, denies and alleges as follows:

1. Answering Paragraph 1 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

2. Answering Paragraph 2 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged as the following properties: 25 West Walnut Avenue, Unit 501, Pasadena; 25 West Walnut Avenue, Unit 501, Pasadena, 25 West Walnut Avenue, Unit 504, Pasadena, 25 West Walnut Avenue,

-4-

Unit 505, Pasadena and 25 West Walnut Avenue, Unit 501, Pasadena, to enable her to answer, and on that ground denies generally and specifically the allegations therein.

3.    Answering Paragraph 2 of the Cross-Claim as to 810-820 N. Marengo Ave., Pasadena, Cross-Defendant denies the allegations therein.

4.    Answering Paragraph 3 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

5.    Answering Paragraph 4 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

6.    Answering Paragraph 5 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

7.    Answering Paragraph 6 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

8.    Answering Paragraph 7 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

## FIRST CROSS-CLAIM FOR INDEMNIFICATION

### (Against all named defendants)

9.    Answering Paragraph 8 of the Cross-Claim, Cross-Defendant re-alleges and incorporates the response and answers to the allegations pleaded above as if fully set forth therein.

10.    Answering Paragraph 9 of the Cross-Claim, Cross-Defendant denies she was the agent, employee, co-venture, partner, or in some manner agent or principal, or both, for Namco Capital Group, inc. and was acting within the course and scope of any agency or employment.  As to the other Cross-defendants, Cross-Defendant does not have

-5-

sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

11.     Answering Paragraph 10 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

12.     Answering Paragraph 11 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable her to answer, and on that ground denies generally and specifically the allegations therein.

## SECOND CROSS-CLAIM FOR APPORTIONMENT OF FAULT

### (Against all named defendants)

13.     Answering Paragraph 12 of the Cross-Claim, Cross-Defendant re-alleges and incorporates the response and answers to the allegations pleaded above as if fully set forth therein.

14.     Answering Paragraph 13 of the Cross-Claim, Cross-Defendant denies generally and specifically the matters therein alleged.

15.     Answering Paragraph 14 of the Cross-Claim, Cross-Defendant denies generally and specifically the matters therein alleged.

## PRAYER FOR RELIEF

16.     WHEREFORE, in answer to the Prayer for Relief, Cross-Defendant denies that Cross-Plaintiff is entitled to recovery or any other relief on any claim alleged in the Cross-Claim.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

17.     Neither the Cross-Claim, nor any purported claim for relief contained therein, states facts sufficient to constitute any claim for relief against Cross-Defendant.

///

///

///

-6-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS –
PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

18. Cross-Defendant is informed and believes and thereupon alleges that the Cross-Claim, and each of the purported causes of action contained therein, is barred by reason of laches in that Cross-Plaintiff unjustifiably delayed in prosecuting this action to the detriment of Cross-Defendant

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

19. Cross-Defendant is informed and believes and thereupon alleges that the conduct of Cross-Plaintiff stopped it from asserting the purported claims set forth in the Cross-Claim, and each of the purported causes of action contained therein, in that Cross-Defendant has reasonably relied upon such conduct to her detriment.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

20. Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff has knowingly and voluntarily relinquished and waived any and all rights that it may have arising from the allegations set forth in the Cross-Claim, and each of the purported causes of action contained therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

21. Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff has unclean hands in connection with the purported transactions alleged in the Cross-Claim, and is thus barred from asserting the purported claims set forth in the Cross-Claim and each of the purported causes of action contained in the Cross-Claim.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22. Cross-Plaintiff's action is barred by the Statute of Limitations.

///

-7-

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

23.   Cross-Defendant is informed and believes and thereupon alleges that the Cross-Claim, and each of the purported causes of action contained therein, is barred by virtue of Cross-Plaintiff's failure to exercise reasonable diligence in avoiding and mitigating its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Cross-Plaintiff's Fault)

24.   Cross-Defendant is informed and believes and thereupon alleges that if Plaintiff suffered or sustained any loss, damage and/or injury as alleged in the Cross-Claim, such loss, damage and/or injury was the direct and proximate result of the acts and omissions of Cross-Plaintiff, and not of Cross-Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

25.   Cross-Defendant is informed and believes and thereupon alleges that if Cross-Plaintiff suffered or sustained any loss, damage and/or injury as alleged in the Cross-Claim, such loss, damage and/or injury was the direct and proximate result of the acts and omissions of other persons for whom Cross-Defendant is not responsible, and not of Cross-Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Cross-Plaintiff's Material Breach)

26.   Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff is barred from obtaining the relief it seeks in the Cross-Claim in that it has materially breached the agreement, if any, which it seeks to enforce by the Cross-Claim.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

27.   Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff is barred from enforcing the provision of the agreement alleged in the Cross-

-8-

Claim, if any, by virtue of the failure of conditions precedent to the enforcement against Cross-Defendant of any such agreement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

28. Cross-Defendant is informed and believes and thereupon alleges that the agreement alleged in the Cross-Claim, if any, is unconscionable as to Cross-Defendant and is, therefore, unenforceable by Cross-Plaintiff against Cross-Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exoneration by Cross-Plaintiff's Conduct)

29. Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff's conduct has resulted in an exoneration of Cross-Defendant as to any purported liability alleged in the Cross-Claim.

WHEREFORE, this answering Cross-Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by its Cross-Claim herein and that the same be dismissed;

2. For this Cross-Defendant's reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: October 7, 2010

LAW OFFICES OF SAUL REISS, P.C.

Saul Reiss, Esq.
Firouzeh Simab, Esq.
Attorneys for Claimant / Cross-Defendant
MEHRNAZ HEKMATRAVAN

-9-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS –
PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

| In re: In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s).<br><br>KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, et al | CHAPTER 11<br>ADV CASE NUMBER: 2:09-ap-01244-BR<br><br>CASE NUMBER: 2:08-bk-32333-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2800 28th Street, Suite 328, Santa Monica, Ca 90405

A true and correct copy of the foregoing document described Cross-Defendant Mehrnaz Hekmatravan's Answer to Cross-Plaintiff Fidelity National Title Company's Cross-claim will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On October 7, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached list

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 8, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Los Angeles, Ca 90012, Bin Outside of Suite 1660

-10-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS –
PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Oct. 7, 2010 | Firouzeh Simab | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                F 9013-3.1

-11-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS –
PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

## SERVICE LIST

David M. Poitras, Esq.
Dan P. Sedar, Esq.
Jeffer, Mangels, Butler & Maramaro, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, Ca 90067

Steven T. Gubner, Esq.
Robyn B. Sokol, Esq.
Ezra, Brutzkus, Gubner, LLP
21650 Oxnard Street, Suite 500
Woodland Hills, Ca 91367

Gregory M. Salvato, Esq.
Joseph Boufadel, Esq.
Salvato Law Offices
333 S. Flower St., 25th Floor
Los Angeles, Ca 90071

A. Barry Cappello, Esq.
Dugan P. Kelley, Esq.
Capello & Noel, LLP
831 State Street
Santa Barbara, CA 93101

Timothy Neufeld, Esq.
Neufeld Law Group
360 E. 2nd Street, Suite 703
Los Angeles, CA 90012

Daniel Issac
In Pro Per

John M. Rygh, Esq.
Teresa Y. Hillery, Esq.
Fidelity National Law Group
915 Wilshire Blvd., Suite 2100
Los Angeles, CA 90017

-12-

CROSS-DEFENDANT MEHRNAZ HEKMATRAVAN'S ANSWER TO CROSS –
PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM