DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR P.C. (Bar No. 139091)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:    310.203.8080
Facsimile:    310.203.0567
Email:        dpoitras@jmbm.com

Attorneys for Defendant Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.:  2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | Adversary No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company, | **BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC.'S ANSWER TO FIDELITY NATIONAL TITLE COMPANY'S CROSS CLAIM** |
| Plaintiffs, | |
| vs. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100, | |
| Defendant(s). | |

PRINTED ON
RECYCLED PAPER

7372214v1

MEHRNAZ HEKMATRAVAN,

Claimant,

v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC., a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual, VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Company, SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, and DOES 101 through 125,

Defendants,

BRADLEY D. SHARP, Chapter 11 Trustee,

Cross-Plaintiff,

v.

MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California limited liability company, SAWTELLE PROPERTIES, LLC, a California limited liability company, JAMSHID BAHRVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, DANIEL JACOB ISSAC, an individual, MEHRNAZ HEKMATRAVAN, an individual, MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust,

Cross-Defendants,

PRINTED ON
RECYCLED PAPER

7372214v1

- 2 -

ASHLAND PROPERTIES LLC, a California limited liability company; JAMSHID BEHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and DARIUSH SOLEIMANI, an individual;

    Counter-Claimants,
    Cross-Claimants, and
    Third Party Plaintiffs,

v.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

    Counter-Defendants, And
    Cross-Defendants.

FIDELITY NATIONAL TITLE COMPANY,

    Defendant and Cross-Plaintiff,

v.

BRADLEY D. SHARP, Chapter 11 Trustee For Namco Capital Group, Inc., DANIEL JACOB ISSAC, an individual; FAY FRANK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST

    Defendant and Cross-
    Defendants.

PRINTED ON
RECYCLED PAPER

7372214v1

- 3 -

Defendant Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") for Namco Capital Group Inc. ("Namco" or "Defendant"), through his undersigned attorneys, for himself and no other defendant, hereby responds to and answers the cross claim of Fidelity National Title Company ("Fidelity"), for Indemnification and Apportionment of Fault (the "Cross-Claim") as follows:

## GENERAL ALLEGATIONS

1.    Paragraph 1 of the Cross-Claim is comprised of statements for which no answer is necessary.

2.    In answering paragraph 2 of the Cross-Claim, the Trustee admits that Fidelity's agent was authorized by the Trustee to record Notices of Default on the properties listed in paragraph 2 of the Cross-Claim, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 2 of the Cross-Claim regarding the other named defendants and based thereon such allegations are denied.

3.    In answering paragraph 3 of the Cross-Claim, the Trustee admits that Fidelity or its agent recorded the referenced Notices of Default at the Trustee's direction on or around November 18, 2009, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 3 of the Cross-Claim regarding the other named defendants and based thereon such allegations are denied.

4.    In answering paragraph 4 of the Cross-Claim, the Trustee admits that there is no dispute between Fidelity and the Trustee regarding the recording of the referenced Notices of Default, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 4 of the Cross-Claim regarding the other named defendants and based thereon such allegations are denied.

5.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 5 of the Cross-Claim and based thereon such allegations are denied.

6.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 6 of the Cross-Claim and based thereon such allegations are denied.

7.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 7 of the Cross-Claim and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

7372214v1

## FIRST CROSS-CLAIM FOR INDEMNIFICATION

8.      The Trustee incorporates by reference his responses to paragraphs 1 through 7 of the Cross-Claim as if fully set forth herein.

9.      In answering paragraph 9 of the Cross-Claim, the Trustee admits that the Trustee is the Chapter 11 Trustee for Namco, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 9 of the Cross-Claim regarding the other cross-defendants and based thereon such allegations are denied.

10.     In answering paragraph 10 of the Cross-Claim, the Trustee admits that the complaint in the principal action in the adversary proceeding speaks for itself, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 10 of the Cross-Claim regarding the other cross-defendants and based thereon such allegations are denied.

11.     The Trustee denies the allegations stated in paragraph 11 of the Cross-Claim as to the Trustee, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 11 of the Cross-Claim regarding the other cross-defendants and based thereon such allegations are denied.

## SECOND CROSS-CLAIM FOR APPORTIONMENT OF FAULT

12.     The Trustee incorporates by reference his responses to paragraphs 1 through 11 of the Cross-Claim as if fully set forth herein.

13.     The Trustee denies the allegations stated in paragraph 13 of the Cross-Claim as to the Trustee, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 13 of the Cross-Claim regarding the other cross-defendants and based thereon such allegations are denied.

14.     The Trustee denies the allegations stated in paragraph 14 of the Cross-Claim as to the Trustee, but lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 13 of the Cross-Claim regarding the other cross-defendants and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

7372214v1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred by waiver.

### FOURTH AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred or reduced by set off.

### SIXTH AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred or reduced by recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred in whole or in part because Fidelity's damages, if any, are attributable to the acts and/or omissions of persons other than the Trustee.

### EIGHTH AFFIRMATIVE DEFENSE

The cross-claims alleged in the Cross-Claim are barred because any and all acts and/or omissions by the Trustee, if any, were based upon legally sufficient justification.

### NINTH AFFIRMATIVE DEFENSE

The Trustee adopts and incorporates all other valid defenses raised by any of its co-cross-defendants, as such defenses may be applicable to the Trustee.

### TENTH AFFIRMATIVE DEFENSE

The Trustee presently has insufficient knowledge or information on which to form a basis as to whether he may have additional, as yet unstated, defenses available to him. Based thereon, the Trustee reserves the right to assert additional defenses in the event facts subsequently become known to the Trustee which suggest that such additional defenses would be appropriate.

PRINTED ON
RECYCLED PAPER

7372214v1

**WHEREFORE,** the Trustee prays for judgment against Fidelity as follows:

A.     That Fidelity take nothing by way of the Cross-Claim;

B.     That the Trustee be awarded his costs of suit incurred herein; and

C.     That the Trustee be awarded such other and further relief as the Court may deem just and proper.

Dated:  November 3, 2010                    JEFFER MANGELS BUTLER & MITCHELL LLP


                                             By: /s/ David M. Poitras
                                                 DAVID M. POITRAS P.C.
                                                 Attorneys for Defendant, Bradley D. Sharp, Chapter 11
                                                 Trustee for Namco Capital Group Inc.

PRINTED ON
RECYCLED PAPER

7372214v1

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC.'S ANSWER TO FIDELITY NATIONAL TITLE COMPANY'S CROSS CLAIM*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***November 4, 2010,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com

- Gregory M Salvato gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ***November 4, 2010,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY OVERNIGHT MAIL**
Honorable Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 4, 2010 | Billie Terry | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                    **F 9013-3.1.PROOF.SERVICE**