DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR (Bar No. 139091)
JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   310.203.8080
Facsimile:   310.203.0567
Email:       dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC., a California corporation, <br><br> Debtor. | Case No.: 2:08-ap-32333 BR <br><br> Chapter 11 <br><br> Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company, <br><br> Plaintiffs, <br> v. <br><br> BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRETRIAL CONFERENCE** <br><br> **HEARING:** <br><br> DATE: NOVEMBER 24, 2010 <br> TIME: 10:00 A.M. <br> CTRM: 1668 |

PRINTED ON

RECYCLED PAPER

7405856v1

MEMO OF PTS & AUTHS IN OPPOSITION TO
MOTION TO MODIFY SCHEDULING ORDER

PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,

Defendants.

AND RELATED COUNTERCLAIMS

## I.    INTRODUCTION

This adversary proceeding was commenced by plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC ("Plaintiffs") against defendant Bradley D. Sharp, the Chapter 11 Trustee (the "Trustee") of Namco Capitol Group, Inc. ("Namco"), and others, on February 24, 2010. On July 14, 2010, the Court set the discovery cutoff (i.e., the deadline for the completion of all discovery) for November 15, 2010. However, Plaintiffs waited until just 18 days before the discovery cutoff and more than eight months after filing their complaint to make any attempt to depose the two witnesses whom Plaintiffs now contend have "intimate knowledge of the essential facts underlying this dispute." Because Plaintiffs have been unable to serve those two witnesses -- Ezri Namvar and Hamid Tabatabai --with deposition subpoenas, Plaintiffs urge the Court to extend the discovery cutoff by two months and to reset the January 11, 2011 pretrial conference.

Plaintiffs' request should be denied because there is no good cause for it, as required for modifications of scheduling orders. First, Plaintiffs have known since even before filing their complaint that Messrs. Namvar and Tabatabai were witnesses to the events at issue in this case. However, Plaintiffs sat on their hands and did nothing to seek the depositions of those witnesses until the eve of the discovery cutoff, when the time for attempting service of subpoenas on third parties, particularly third parties who may be expected to evade service, was running out.

Second, the requested extension is unlikely to gain Plaintiffs any meaningful information from Messrs. Namvar and Tabatabai. As the Court is aware, Messrs. Namvar and Tabatabai were recently indicted on federal fraud charges stemming from their conduct of the business of Namco

Financial Exchange, an entity related to Namco. Plaintiffs' complaint in this case also charges Mr. Namvar and Namco with a variety of fraudulent misrepresentations and other misconduct in connection with an alleged agreement between Plaintiffs and Namco. Given that they are now under indictment, if Messrs. Namvar and Tabatabai are served with subpoenas, and if they actually show up for deposition, they may well refuse to testify and instead invoke their constitutional privileges against self-incrimination under the 5th Amendment to the United States Constitution.

The requested continuance will only delay this matter further, result in more expense to the bankruptcy estate, and reward Plaintiffs for their lack of diligence in seeking to depose Messrs. Namvar and Tabatabai. Plaintiffs' motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    Case Summary

Plaintiffs commenced this action on February 24, 2010, alleging in their complaint claims for breach of promissory notes, declaratory and injunctive relief, various forms of fraud, conversion, interference with prospective economic advantage, and other causes of action, arising from the Trustee's efforts to foreclose on certain promissory notes made by Plaintiffs and secured by certain real property in Pasadena, California. Plaintiffs claim that the promissory notes are unenforceable because Plaintiffs purportedly received no consideration for them. According to Plaintiffs, the "real" deal with Namco was that Mr. Namvar and Plaintiffs' principal David Golkar agreed to enter into a joint venture that would own the Pasadena properties, with Golkar contributing his purported development expertise and 10% of the equity and Namvar contributing his finance expertise and 90% of the equity. Plaintiffs claim that the agreement was to split the profits from the development of the properties 50/50 pursuant to the ownership interests in the purported joint venture. Complaint (Doc. 724), ¶¶1, 11, 12. Plaintiffs claim that Namco agreed that no payments or interest would be due under the promissory notes unless and until the promissory note amounts were tendered to Plaintiffs, which Plaintiffs contend never occurred. *Id.*, ¶¶ 28, 29.

At a status conference on July 14, 2010, the Court ordered that all discovery was to be completed no later than November 15, 2010. At a subsequent status conference on October 5, 2010, the Court set the pretrial conference for January 11, 2010. At that status conference, Plaintiffs'

counsel indicated that they might seek an extension of the discovery cutoff date in order to obtain the depositions of Messrs. Namvar and Tabatabai, but the Court noted that it was unlikely such relief would be granted because it would not provide meaningful evidence if Messrs. Namvar and Tabatabai invoked their 5th Amendment privileges and refused to testify.

**B.    Plaintiffs' Lack of Diligence in Seeking the Namvar and Tabatabai Depositions**

Despite the fact that Mr. Namvar is the central Namco figure in Plaintiffs' complaint (*see, e.g.,* Complaint (Doc. 724) at ¶¶ 6, 11-18, 33, 57-59), Plaintiffs made no effort to depose him or Mr. Tabatabai, Namco's former controller, for many months after the action was filed, and even after the discovery cutoff was set. In fact, Plaintiffs did nothing to try to depose Messrs. Namvar and Tabatabai even after saying they intended to do so at the October 5, 2010 status conference. Instead, Plaintiffs waited more than three more weeks, until October 28, 2010, to finally take any steps to obtain the discovery they sought, by serving notices of the depositions of Messrs. Namvar and Tabatabai on the Trustee's counsel.[1] Plaintiffs issued subpoenas that same day setting the depositions for November 9, 2010, and provided them to their process server, but it appears that no attempts were made to serve Messrs. Namvar and Tabatabai with the subpoenas until November 2 and 1, 2010, respectively. Declaration of Kenton Brice ("Brice Decl.") (submitted in support of Plaintiffs' motion), Exh. E-1. On November 8, 2010, when those subpoenas had become stale due to the passage of time, Plaintiffs issued new subpoenas setting the depositions for November 12, 2010. Plaintiffs failed to serve any of their subpoenas on Messrs. Namvar and Tabatabai.

**C.    The Federal Indictments**

Messrs. Namvar and Tabatabai were indicted on September 21, 2010, in a federal indictment charging them with wire fraud and other crimes in connection with certain transactions they

---

[1] Plaintiffs do not advance any argument that the Trustee is responsible for their lack of diligence, but if they did, it would be groundless. Plaintiffs admit that on October 28, 2010, the same day their counsel purported to serve notices on the Trustee's counsel requiring the Trustee to produce Messrs. Namvar and Tabatabai for deposition, the Trustee's counsel informed Plaintiffs' counsel that the Trustee and his counsel did not represent and had no control over Messrs. Namvar and Tabatabai and that if Plaintiffs wanted to depose Messrs. Namvar and Tabatabai they would need to issue and serve subpoenas on them. Plaintiffs have provided no evidence that they were ever led by the Trustee or his counsel to believe to the contrary.

PRINTED ON
RECYCLED PAPER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

7405856v1

- 4 -

allegedly engaged in on behalf of Namco affiliate Namco Financial Exchange, Inc. (another debtor before this Court).

### III.  PLAINTIFFS HAVE NOT ESTABLISHED "GOOD CAUSE" TO RE-OPEN THE COURT-ORDERED FACT DISCOVERY CUTOFF

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." It is Plaintiffs' burden to demonstrate that good cause exists. *Yingling v. Ebay, Inc.*, 2010 WL 2382304 (N.D. Cal. 2010) (denying the plaintiff's request to re-open discovery for failing to demonstrate good cause).

Plaintiffs' proffered justification -- their inability to serve Messrs. Namvar and Tabatabai with subpoenas in time to secure their depositions prior to the November 15, 2010 discovery cutoff -- falls far short of any good cause to support Plaintiffs' request to re-open discovery.

### A.  Plaintiffs Were Not Diligent In Their Pursuit of the Namvar and Tabatabai Depositions, and Plaintiffs' Motion Should Be Denied For This Reason Alone

"Rule 16's 'good cause' standard primarily considers the diligence of the party seeking [the change to the scheduling order]. The . . . court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification [to the scheduling order] might supply additional reasons to deny a motion, the focus of inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted); *see also Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006) (denying the plaintiff's request to re-open discovery to conduct deposition of a potentially key witness; and stating that, "[f]inding himself without admissible testimony [on a key issue], Plaintiff must accept the consequence of his choice not to pursue discovery of [the key witness] testimony before the discovery cut-off.").

Here, the record establishes no reason why Plaintiffs could not have sought the Namvar and Tabatabai depositions long before the November 15, 2010 discovery cutoff. In fact, it is clear that

Plaintiffs have been aware of the "intimate knowledge" of Messrs. Namvar and Tabatabai since before the inception of this case. For example, Mr. Namvar is identified in Plaintiffs' complaint as the key actor for Namco in the dealings that form the basis for Plaintiffs' fraud and other claims. *See, e.g.,* Complaint (Doc. 724) at ¶¶ 6, 11-18, 33, 57-59. In addition, documents produced during discovery show that Mr. Golkar dealt repeatedly and directly with both Messrs. Namvar and Tabatabai in connection with the transactions at issue. Declaration of David M. Poitras, Exh. 1.

Plaintiffs clearly knew that Namvar and Tabatabai were potential witnesses before this adversary proceeding was filed, but offer no explanation regarding why they waited so long -- until just 18 days before the discovery cutoff when there was little time left to attempt service of subpoenas and conduct the depositions -- to seek to serve subpoenas on Messrs. Namvar and Tabatabai. Plaintiffs' inexplicable lack of diligence cannot provide the good cause necessary for a modification of the scheduling order and extension of the discovery cutoff and pretrial conference dates. In fact, that lack of diligence standing alone is sufficient reason to deny Plaintiffs' motion.

The fact that Plaintiffs apparently ran into difficulties in serving Messrs. Namvar and Tabatabai does not excuse Plaintiffs' lack of diligence. Any litigant seeking third party discovery by subpoena should anticipate service issues, scheduling conflicts and other problems that can delay discovery, and should build extra time into their discovery schedules to accommodate such delays. That is particularly true in this case. The Trustee is informed and believes that Plaintiffs' counsel are well aware of the recent indictments of Messrs. Namvar and Tabatabai, which may very well have made them more resistant to accepting service of subpoenas and to testifying in general. Plaintiffs' own process server observed that prior attempts to serve Mr. Tabatabai (presumably in connection with some other action) were "immensely difficult" and that Mr. Namvar was "notorious for being difficult to serve." Brice Decl., Exh. E-1.

B.    **The Namvar and Tabatabai Depositions Are Unlikely to Result in Any Meaningful Discovery**

Even if Plaintiffs had a valid excuse for their lack of diligence (they do not), the requested extension of the discovery cutoff should still be denied because it is unlikely to gain Plaintiffs any meaningful information. The recent federal indictments of Messrs. Namvar and Tabatabai, coupled

JMBM    Jeffer Mangels Butler & Mitchell LLP

with the fact that Plaintiffs in this case also accuse Mr. Namvar and Namco (presumably through Mr. Namvar and Namco's former controller Mr. Tabatabai) with a variety of fraudulent misrepresentations and other misconduct, make it reasonable to conclude that if Messrs. Namvar and Tabatabai are served with subpoenas, and if they appear for deposition, there is a substantial likelihood that they will refuse to testify and invoke their 5th Amendment privileges. Extending the discovery cutoff for the purposes of facilitating their depositions would be pointless.

### C. The Estate Will Be Prejudiced If Plaintiffs' Motion is Granted

The Namco bankruptcy estate will be seriously prejudiced if the discovery cutoff is extended to permit Plaintiffs to depose Messrs. Namvar and Tabatabai at this late stage of the litigation. The Trustee's counsel will have to prepare for and attend the depositions, costing time and money. In addition, Plaintiffs may seek follow up discovery based on any information they may glean from Messrs. Namvar and Tabatabai, or they may seek to propound additional discovery on the Trustee, the other parties, or other third parties. Depending on what is learned during this re-opened discovery period, the Trustee may also need to seek additional discovery on any new issues that Plaintiffs may raise. All of this, of course, runs counter to the purpose of imposing a discovery cutoff, which it to bring the expenses of discovery to an end and permit the parties to turn their attention and resources to trial preparation.

### IV. CONCLUSION

Plaintiffs have failed to establish good cause that would support their motion to modify the scheduling order to extend the discovery cutoff and reset the pretrial conference, and the motion should therefore be denied in all respects.

Dated: November 17, 2010

JEFFER, MANGELS, BUTLER & MITCHELL LLP

By: /s/ David M. Poitras
DAVID M. POITRAS P.C.
Attorneys for Defendant, Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group Inc.

PRINTED ON
RECYCLED PAPER

7405856v1

MEMO OF PTS & AUTHS IN OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRETRIAL CONFERENCE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***November 17, 2010,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***November 17, 2010 ,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 17, 2010 | Billie Terry | |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

## *ADDITIONAL SERVICE INFORMATION:*

### I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Matthew M Clarke   mclarke@cappellonoel.com
- Marc S Cohen   mcohen@kayescholer.com
- Ashleigh A Danker   adanker@kayescholer.com
- Joseph A Eisenberg   jae@jmbm.com
- David M Poitras   dpoitras@jmbm.com
- Gregory M Salvato   gsalvato@pmcos.com, calendar@salvatolawoffices.com

- Gregory M Salvato
  gsalvato@salvatolawoffices.com,
  calendar@salvatolawoffices.com
- Robyn B Sokol   ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov

### III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL

**SERVED BY PERSONAL DELIVERY**
Honorable Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

**SERVED BY EMAIL**

Barry L. Moerschell
Christman, Kelley & Clarke
Email: barry@christmankelley.com

Matt Clarke
Christman, Kelley & Clarke
Email: matt@christmankelley.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**