## SERVICE LIST VIA U.S. MAIL

Ashland Properties LLC
Weissmann Wolff et al
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff et al
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff
9665 Wilshire Blvd - 9th Fl
Beverly Hills, CA 90212

Timothy Neufeld
Neufeld Law Group
360 E 2nd St Ste 703
Los Angeles, CA 90012

Saul Reiss
Law Offices of Saul Reiss
2800 28th St., Ste 328
Santa Monica, CA 90405

John M Rygh
915 Wilshire Bl Ste 2100
Los Angeles, CA 90017

Sawtelle Properties LLC
Weissmann Wolff
9665 Wilshire Blvd - 9th Fl
Beverly Hills, CA 90212

Dugan Kelley, Esq.
Matthew Clarke, Esq.
Christman Kelley & Clarke
5215 N. O'Connor Blvd., Suite 200
Irvine, TX 75039

# Exhibit C

Matthew Clarke (SBN 184959)
Matt@christmankelley.com
Dugan P. Kelley (SBN 207347)
Dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara, California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><hr>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | Case No.: 2:08-bk-32333-BR<br>Chapter 11<br>Adv. No.: 2:10-ap-01244-BR<br><br>**DECLARATION OF MATTHEW CLARKE IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE** |

1

## DECLARATION OF MATTHEW CLARKE

I, Matthew Clarke, do declare and say:

1.      I am an attorney licensed to practice law in all of courts of the State of California. I am also licensed to practice law in the United States Bankruptcy Court for the Central District of California. I make this declaration based upon my own personal knowledge. I could and would competently testify to these facts in a court of law.

2.      In the course of discovery in this adversary proceeding, Plaintiffs Kamran Pasadena Group, Inc. and Pasadena Group, LLC desired to take the oral depositions of the following persons: (1) Namco Capital Group, Inc. ("Namco"), by and through its person(s) most knowledgeable of particular subject matters enumerated in the Notice of Deposition thereof; (2) Ezri Namvar ("Namvar"), owner and agent of Namco at all relevant times and a person with intimate knowledge of the facts underlying Plaintiffs' claims in this adversary proceeding; and (3) Hamid Tabatabai ("Tabatabai"), vice-president and agent of Namco at all relevant times and a person with intimate knowledge of the facts underlying Plaintiffs' claims in this adversary proceeding.   The oral deposition of Namco is currently set for November 10, 2010.

3.      On October 28, 2010, I, as counsel for and on behalf of Plaintiff Kamran Group, LLC, served Notices of Deposition on counsel for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc. ("Trustee"), seeking the depositions of Namvar and Tabatabai on November 9, 2010. True and correct copies of the Notice of Deposition for Ezri Namvar and the Notice of Deposition for Hamid Tabatabai are attached hereto, collectively, as Exhibit C-1 and are incorporated herein by reference.

4.      On October 28, 2010, I issued deposition subpoenas for Namvar and Tabatabai ("First Deposition Subpoenas") seeking to depose both of them on November 9, 2010. True and correct copies of the Subpoena in Adversary Proceeding for the oral deposition of Namvar and the Subpoena in Adversary Proceeding for the oral deposition of Tabatabai, both of which are dated October 28, 2010, are attached hereto, collectively, as Exhibit C-2 and incorporated herein by reference. The Deposition Subpoenas were given to a process server, Team Legal, Inc., to perfect service thereof on Namvar and Tabatabai, respectively. Despite repeated attempts, Team Legal, Inc.

2

has been unable to perfect service on Namvar and Tabatabai, respectively.  E-mail correspondence from November 3-5, 2010, between Kenton Brice, an attorney affiliated with the law firm of Christman, Kelley & Clarke and Matthew Dobrow, Process Supervisor of Team Legal, Inc. evidence the efforts made to attempt service of the deposition subpoenas on Namvar and Tabatabai.  A true and correct copy of the e-mail correspondence between Kenton Brice and Matthew Dobrow from November 3-5, 2010, is attached to the Declaration of Kenton Brice as Exhibit E-1 and incorporated herein by reference.

5.    Having been unsuccessful in timely serving the deposition subpoenas for a November 9, 2010, deposition date for Namvar and Tabatabai, on November 8, 2010, I issued a second set of deposition subpoenas for Namvar and Tabatabai ("Second Deposition Subpoenas") seeking to depose both of them on November 12, 2010.  True and correct copies of the Subpoena in Adversary Proceeding for the oral deposition of Namvar to be conducted on November 12, 2010, and the Subpoena in Adversary Proceeding for the oral deposition of Tabatabai to be conducted on November 12, 2010 are attached hereto, collectively, as Exhibit C-3 and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 9th day of November, 2010 at Santa Barbara, California.

_Matthew Clarke_
Matthew Clarke

---

3

DECLARATION OF MATTHEW CLARKE IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

**Exhibit C-1**

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara. California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation;<br>EZRI NAMVAR, an individual;<br>WOODMAN PARTNERS, LLC, a California limited liability company;<br>FIDELITY NATIONAL TITLE COMPANY, a California corporation<br>DANIEL JACOB ISSAC, an individual;<br>FAY FRANAK SARAFIAN, an individual;<br>DARIOUSH SOLEIMANI, an individual;<br>MORTEZA HOMAYOUNJAM, an individual;<br>MEHRNAZ HEKMATRAVAN, an individual;<br>JAMSHID BAHARVAR; an individual;<br>ASHLAND PROPERTIES, LLC, A California limited liability company;<br>FARMCO TRUST,<br>SAWTELLE PROPERTIES, LLC; a California limited liability company;<br>MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and | **NOTICE OF DEPOSITION OF EZRI NAMVAR**<br><br>DATE:    NOVEMBER 9, 2010<br><br>TIME:    9:30 a.m.<br><br>PLACE:  5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367 |

DOES 1 THROUGH 100

Defendants.

AND RELATED COUNTER CLAIMS

## NOTICE OF DEPOSITION OF EZRI NAMVAR

TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ADVERSARY PROCEEDING:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(1) and (6), as made applicable to adversary proceedings under Federal Rules of Bankruptcy Procedure 7030 and 9016, Plaintiff, Kamran Group, LLC ("Plaintiff") will take the deposition upon oral examination of Ezri Namvar, commencing at 9:30 a.m. on Tuesday, November 9, 2010, at the offices of Michels Court Reporters located at 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367; and, consistent with the time limitations set forth in Federal Rule of Civil Procedure 30(d), the oral deposition will be continued day to day until completed. The deposition will be taken before and transcribed by a notary public or other officer authorized to administer oaths and take depositions by the laws of the United States. The deposition will be recorded stenographically and may also be recorded by audio and video recording.

DATED: October 28, 2010

CHRISTMAN, KELLEY & CLARKE

By: _Matthew Clarke_____
    Matthew M. Clarke
    Dugan P. Kelley
    Attorneys for Plaintiffs and Counter-Defendants
    Kamran Pasadena Group, Inc. and Kamran Group,
    LLC

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT list** any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5215 N. O'Connor Blvd., Ste. 200, Irving, Texas 75039. A true and correct copy of the foregoing document described **PLAINTIFF KAMRAN GROUP, LLC'S NOTICE OF DEPOSITION OF EZRI NAMVAR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(Indicate method for each person or entity served):

On October 28, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows: **VIA U.S. MAIL**

David M. Poitras, P.C.
Dan P. Sedor, P.C.
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (Indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 28, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**SERVED BY EMAIL**
- David M. Poitras          dpoitras@jmbm.com
- Marc S. Cohen             mcohen@kayescholer.com
- Ashleigh A. Danker        adanker@kayescholer.com
- Gregory M. Salvato        gsalvato@pmcos.com
- Robyn B. Sokol            rsokol@ebg-law.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Saul Reiss                saulreiss@verizon.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/28/10 | Barry L. Moerschell | |
|---|---|---|
| Date | Type Name | Signature |

ADDITIONAL SEVICE INFORMATION (if needed):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 **F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
| --- | --- |

## SERVICE LIST VIA U.S. MAIL

Marc S. Cohen
Ashleigh A. Danker
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Ashland Properties, LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Sawtelle Properties LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Timothy Neufeld
Neufeld Law Group
360 East 2nd Street, Suite 703
Los Angeles, CA 90012

Saul Reiss
Law Offices of Saul Reiss
2800 28th Street, Suite 328
Santa Monica, CA 90405

John M. Rygh
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara. California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation;<br>EZRI NAMVAR, an individual;<br>WOODMAN PARTNERS, LLC, a California limited liability company;<br>FIDELITY NATIONAL TITLE COMPANY, a California corporation<br>DANIEL JACOB ISSAC, an individual;<br>FAY FRANAK SARAFIAN, an individual;<br>DARIOUSH SOLEIMANI, an individual;<br>MORTEZA HOMAYOUNJAM, an individual;<br>MEHRNAZ HEKMATRAVAN, an individual;<br>JAMSHID BAHARVAR; an individual;<br>ASHLAND PROPERTIES, LLC, A California limited liability company;<br>FARMCO TRUST,<br>SAWTELLE PROPERTIES, LLC; a California limited liability company;<br>MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and | **NOTICE OF DEPOSITION OF HAMID TABATABAI**<br><br>DATE:    NOVEMBER 9, 2010<br><br>TIME:    1:30 p.m.<br><br>PLACE:  5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367 |

NOTICE OF DEPOSITION OF HAMID TABATABAI

DOES 1 THROUGH 100

Defendants.

AND RELATED COUNTER CLAIMS

## NOTICE OF DEPOSITION OF HAMID TABATABAI

TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ADVERSARY PROCEEDING:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(1) and (6), as made applicable to adversary proceedings under Federal Rules of Bankruptcy Procedure 7030 and 9016, Plaintiff, Kamran Group, LLC ("Plaintiff") will take the deposition upon oral examination of Hamid Tabatabai commencing at 1:30 p.m. on Tuesday, November 9, 2010, at at the offices of Michels Court Reporters located at 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367; and, consistent with the time limitations set forth in Federal Rule of Civil Procedure 30(d), the oral deposition will be continued day to day until completed. The deposition will be taken before and transcribed by a notary public or other officer authorized to administer oaths and take depositions by the laws of the United States. The deposition will be recorded stenographically and may also be recorded by audio and video recording.

DATED: October 28, 2010                    CHRISTMAN, KELLEY & CLARKE

By: _____
Matthew M. Clarke
Dugan P. Kelley
Attorneys for Plaintiffs and Counter-Defendants
Kamran Pasadena Group, Inc. and Kamran Group,
LLC

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5215 N. O'Connor Blvd., Ste. 200, Irving, Texas 75039. A true and correct copy of the foregoing document described **PLAINTIFF KAMRAN GROUP, LLC'S NOTICE OF DEPOSITION OF HAMID TABATABAI** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 28, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows: **VIA U.S. MAIL**

David M. Poitras, P.C.
Dan P. Sedor, P.C.
Jeffer Mangels Butter & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 28, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**SERVED BY EMAIL**
- David M. Poitras            dpoitras@jmbm.com
- Marc S. Cohen               mcohen@kayescholer.com
- Ashleigh A. Danker          adanker@kayescholer.com
- Gregory M. Salvato          gsalvato@pmcos.com
- Robyn B. Sokol              rsokol@ebg-law.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Saul Reiss                  saulreiss@verizon.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/28/10 | Barry L. Moerschell | _signature_ |
| --- | --- | --- |
| Date | Type Name | Signature |

ADDITIONAL SERVICE INFORMATION (if needed):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 **F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## SERVICE LIST VIA U.S. MAIL

Marc S. Cohen
Ashleigh A. Danker
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Ashland Properties, LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Sawtelle Properties LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Timothy Neufeld
Neufeld Law Group
360 East 2nd Street, Suite 703
Los Angeles, CA 90012

Saul Reiss
Law Offices of Saul Reiss
2800 28th Street, Suite 328
Santa Monica, CA 90405

John M. Rygh
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

**Exhibit C-2**

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: *NAMCO CAPITAL GROUP, INC., a California corporation*<br><br><br>Debtor | |
| *KAMRAN PASADENA GROUP, INC., a California corporation, et al.*<br>Plaintiff | **SUBPOENA IN AN ADVERSARY PROCEEDING** |
| v.<br>*BRADLEY D. SHARP CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation, et al.*   Defendant | Case No.*: *2:08-bk-32333-BR*<br><br>Chapter: *11* |
| To: *Ezri Namvar* | Adv. Proc. No.*: *2:10-ap-01244 BR* |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| *5850 Canoga Avenue, Suite 400, Woodland Hills, California. 91367* | *November 9, 2010, at 9:30 a.m.* |

*The deposition will be recorded stenographically and may be videotaped (sound and visual).*

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Matthew Clarke* | *10-29-2010* |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| *Matthew M. Clarke, 821 State Street, Santa Barbara, California 93101, (805) 884-9922* | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                                      2006 USBC, Central District of California

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016,Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)    (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
        (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an un retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1)    (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
        (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2)    (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Form 255 – Subpoena in an Adversary Proceeding (12/06)                    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California corporation<br><br>Debtor<br>KAMRAN TABADENA GROUP, INC., a California corporation, et al.<br>Plaintiff<br><br>v.<br><br>BRADLEY D SHARP CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation, et al.,  Defendant | **SUBPOENA IN AN ADVERSARY PROCEEDING**<br><br>Case No.*: 2:08-bk-32333-BR<br><br>Chapter: 11 |
| To: Hamid Tabatabai | Adv. Proc. No.*: 2:10-ap-01244 BR |

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367 | November 9, 2010, at 1:30 p.m. |

*The deposition will be recorded stenographically and may be videotaped (aural and visual).

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Matthew Clarke | DATE<br>10-28-2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Matthew M. Clarke, 821 State Street, Santa Barbara, California 93101, (805) 884-9922 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                    2006 USBC, Central District of California

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       DATE                                      _____
                                                   SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an un retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit C-3**

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California Corporation<br><br>Debtor<br><br>KAMRAN PASADENA GROUP, INC., a California Corporation, et al.<br>Plaintiff<br>v.<br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California Corporation, et al.<br>Defendant | **SUBPOENA IN AN ADVERSARY PROCEEDING**<br><br>Case No.*: 2008-bk-32333-BR<br><br>Chapter: 11 |
| To: Hamid Tabatabai | Adv. Proc. No.*: 2:10-ap-01244-BR |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF TESTIMONY  600 Hampshire Road #200<br>Westlake Village, CA 91361 | DATE AND TIME<br>November 12, 2010 @ 1:30pm |
|---|---|

The deposition will be recorded stenographically and may be videotaped
☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Matthew Clarke* | DATE<br>11/08/2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Matthew M. Clarke<br>831 State Street, Santa Barbara, California 93101  (805)884-9922 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)                           2006 USBC, Central District of California

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an un retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                   2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a<br>California Corporation<br><br>Debtor | |
| KAMRAN PASADENA GROUP, INC., a<br>California Corporation, et al.<br>Plaintiff<br>v.<br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE<br>OF NAMCO CAPITAL GROUP, INC., a<br>California Corporation, et al.<br>Defendant | **SUBPOENA IN AN ADVERSARY PROCEEDING**<br><br>Case No.*: 2008-bk-32333-BR<br><br>Chapter: 11 |
| To:  Ezri Namvar | Adv. Proc. No.*: 2:10-ap-01244-BR |

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF TESTIMONY 600 Hampshire Road #200<br>Westlake Village, CA 91361 | DATE AND TIME<br>November 12, 2010 @ 9:30am |
|---|---|

The deposition will be recorded stenographically and may be videotaped
☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* | DATE<br>11/08/2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Matthew M. Clarke<br>831 State Street, Santa Barbara, California 93101 (805)884-9922 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 -- Subpoena in an Adversary Proceeding (12/06)                                    2006 USBC, Central District of California

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016,Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)   (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit D**

A. Barry Cappello (SBN 037835)
abc@cappellonoel.com
Matthew Clarke (SBN 184959)
mclarke@cappellonoel.com
Dugan P. Kelley (SBN 207347)
dkelley@cappellonoel.com
CAPPELLO & NOËL LLP
831 State Street
Santa Barbara, California 93101
Telephone:    (805) 564-2444
Facsimile:    (805) 965-5950

Marc S. Cohen (SBN 65486)
mcohen@kayescholer.com
Ashleigh A. Danker (SBN 138419)
adanker@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
Telephone:    (310) 788-1000
Facsimile:    (310) 788-1200

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br>Chapter 11<br>Adv. No.: 2:10-ap-01244-BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ | **DECLARATION OF BARRY L. MOERSCHELL IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE** |

1

DECLARATION OF BARRY MOERSCHELL IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

Defendants.

## DECLARATION OF BARRY MOERSCHELL

I, Barry Moerschell, do declare and say:

1.      I am an attorney licensed to practice law in the State of Texas.  I make this declaration based upon my own personal knowledge.  I could and would competently testify to these facts in a court of law.

2.      On October 28, 2010, at 6:57 p.m. Central Standard Time, I received an e-mail correspondence from Dan P. Sedor of Jeffer Mangels Butler & Mitchell LLP, counsel for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc., responding to a letter that I had e-mailed to Mr. Sedor earlier on that same date. The e-mail was sent from Mr. Sedor, from the e-mail address of "DPS@JMBM.com", to me at my e-mail address of "barry@christmankelley.com". The e-mail pertains to discovery matters in this cause. In the e-mail, Mr. Sedor indicated Jeffer Mangels Butler & Mitchell LLP does represent and has no control over Ezri Namvar or Hamid Tabatabai and that, if Plaintiffs desired to depose them, Plaintiffs would need to issue and serve subpoenas thereon.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.  Executed this 9th day of November, 2010 at Irving, Texas.

Barry Moerschell

2

DECLARATION OF BARRY MOERSCHELL IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER

**Exhibit E**

Matthew Clarke (SBN 184959)
Matt@christmankelley.com
Dugan P. Kelley (SBN 207347)
Dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara, California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><br>_____<br><br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individua.; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | Case No.: 2:08-bk-32333-BR<br>Chapter 11<br>Adv. No.: 2:10-ap-01244-BR<br><br>**DECLARATION OF KENTON BRICE IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE** |

1

## DECLARATION OF KENTON BRICE

I, Kenton Brice, do declare and say:

1.      I am an attorney licensed to practice law in the State of Texas.  I make this declaration based upon my own personal knowledge.  I could and would competently testify to these facts in a court of law.

2.      From November 3, 2010, through November 5, 2010, I engaged in e-mail correspondence with Matthew M. Dobrow, Process Supervisor for Team Legal, Inc., regarding the attempted service of the following deposition subpoenas ("Deposition Subpoenas") on the witnesses identified to be deposed: (1) Subpoena in Adversary Proceeding for the oral deposition of Ezri Namvar to be conducted on November 9, 2010; and (2) Subpoena in Adversary Proceeding for the oral deposition of Hamid Tabatabai to be conducted on November 9, 2010.  On November 3, 2010, at 11:44 a.m., Pacific Standard Time, at 12:10 a.m., Pacific Standard Time, and on November 5, 2010, at 9:23 a.m., Pacific Standard Time, I received e-mail correspondence from Matthew M. Dobrow providing updates on the status of Team Legal, Inc.'s attempts to serve the referenced deposition subpoenas on Ezri Namvar ("Namvar") and Hami Tabatabai ("Tabatabai"), respectively. The e-mail was sent from Mr. Dobrow, from the e-mail address of "mdobrow@teamlegalinc.com", to me at my e-mail address of "kenton@christmankelley.com".  True and correct copies of the referenced e-mail correspondence between myself and Matthew Dobrow is attached hereto as Exhibit "E-1" and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 9th day of November, 2010 at Santa Barbara, California.

Kenton Brice

**Exhibit E-1**

| From: | Matt Dobrow |
|-------|-------------|
| To: | kenton@christmankelley.com |
| Subject: | RE: Service of Subpoenas |
| Date: | Friday, November 05, 2010 9:23:22 AM |

For Hamid, our server went back on the evening of the 3rd, and was avoided - they were clearly home. Our server says that they have served this person once before and it was immensely difficult. It may require a stakeout, however the deposition date is drawing near. Please advise us on how to proceed.

Ezri has not yet been served. This servee is very hard to get a hold of, and our standard trips to his home have not yielded any results. Please advise us as how to proceed.

I am sorry that we have not been able to have success yet, but these two servees are wise to the service, and experienced at avoiding.

Let me know what you would like us to do.

Thank you,


**Matthew M Dobrow**

Process Supervisor
Team Legal, Inc.
Legal Support Services
25876 The Old Road, Suite 314
Valencia, CA 91381
Mobile: (661) 312-7229
Tel: (661) 964-0154
Fax: (661) 255-7484
www.teamlegalinc.com


**From:** kenton@christmankelley.com [mailto:kenton@christmankelley.com]
**Sent:** Friday, November 05, 2010 8:50 AM
**To:** Matt Dobrow
**Subject:** RE: Service of Subpoenas

Matt,

Has there been any progress on getting these two served?

Thanks,


Kenton S. Brice
Christman, Kelley & Clarke
831 State Street
Santa Barbara, California 93101
phone: 805-568-5235

fax: 866-611-9852
email: kenton@christmankelley.com

CONFIDENTIAL/ATTORNEY CLIENT PRIVILEGE: This e-mail message and any attachments are intended solely for the individual or entity to which it is addressed, and is confidential. If the reader of this message and any attachments is not the intended recipient, you are hereby notified that any examination, distribution, or copying of the material is strictly prohibited. If you received this message in error, please notify the sender promptly and delete this message and any attachments

**From:** Matt Dobrow [mailto:mdobrow@teamlegalinc.com]
**Sent:** Wednesday, November 03, 2010 12:10 PM
**To:** kenton@christmankelley.com
**Subject:** RE: Service of Subpoenas

The Ezri Namvar service is a tricky one. This person happens to be notorious for being difficult to serve. Our server has attempted this once so far, on the 2nd of November @ 9:30am. There was no answer, and all the blinds are shut, even though we are sure they live there. The server will be attempting again today, and continuing attempts until the job is done. If you would like for us to proceed in a different fashion, please advise me.

Thank you very much,

**Matthew M Dobrow**

Process Supervisor
Team Legal, Inc.
Legal Support Services
25876 The Old Road, Suite 314
Valencia, CA 91381
Mobile: (661) 312-7229
Tel: (661) 964-0154
Fax: (661) 255-7484
www.teamlegalinc.com

**From:** kenton@christmankelley.com [mailto:kenton@christmankelley.com]
**Sent:** Wednesday, November 03, 2010 11:54 AM
**To:** Matt Dobrow
**Subject:** RE: Service of Subpoenas

Thanks!

**From:** Matt Dobrow [mailto:mdobrow@teamlegalinc.com]
**Sent:** Wednesday, November 03, 2010 11:44 AM
**To:** kenton@christmankelley.com
**Subject:** RE: Service of Subpoenas

Hamid Tabatabai:

11/1/10 @ 9pm, No answer/lights on. Audi in driveway/no plates. Mail in box.
11/2/10 @ 7:10am, No answer. Audi has not moved. Mail still in box.
11/2/10 @ 1pm, No answer. Audi not moved. Mail untouched.
11/3/10 @ 9am, Not in per housekeeper. Will return at 5pm.

I anticipate our server will be able to get Hamid around 5 this evening.

I will request a status update for the Ezri Namvar service and get back to you shortly.

Thank you and have a great day.

**Matthew M Dobrow**

Process Supervisor
Team Legal, Inc.
Legal Support Services
25876 The Old Road, Suite 314
Valencia, CA 91381
Mobile: (661) 312-7229
Tel: (661) 964-0154
Fax: (661) 255-7484
www.teamlegalinc.com

**From:** kenton@christmankelley.com [mailto:kenton@christmankelley.com]
**Sent:** Wednesday, November 03, 2010 11:29 AM
**To:** Matt Dobrow
**Cc:** soconnell@teamlegalinc.com
**Subject:** Service of Subpoenas

Matt,

I wanted to follow-up and where we are on serving the subpoenas on Ezri Namvar and Hamid Tabatabai? Can you give me a quick update.

Thanks,

Kenton S. Brice
Christman, Kelley & Clarke
831 State Street
Santa Barbara, California 93101
phone: 805-568-5235
fax: 866-611-9852
email: kenton@christmankelley.com

CONFIDENTIAL/ATTORNEY CLIENT PRIVILEGE: This e-mail message and any

attachments are intended solely for the individual or entity to which it is addressed, and is confidential. If the reader of this message and any attachments is not the intended recipient, you are hereby notified that any examination, distribution, or copying of the material is strictly prohibited. If you received this message in error, please notify the sender promptly and delete this message and any attachments

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.864 / Virus Database: 271.1.1/3234 - Release Date: 11/03/10 01:36:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.864 / Virus Database: 271.1.1/3234 - Release Date: 11/03/10 01:36:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.864 / Virus Database: 271.1.1/3238 - Release Date: 11/05/10 00:34:00

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California, 93101. A true and correct copy of the foregoing document described **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **November 10, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 10, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Hon. Barry Russell
255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/10/2010 | Kenton S. Brice | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| | |
|---|---|
| In re:  NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER:  2:08-bk-32333-BR<br>ADVERSARY PROC. NO.:  2:10-ap-01244-BR |

## II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**David M. Poitras**
**Dan P. Sedor**
Jeffer Mangels Bulter & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308

**Robyn B. Sokol**
Ezra Brutzkus Gubner LLP
21650 Oxnard St Ste 500
Woodland Hills, CA 91367

**Joseph A. Eisenberg**
Jeffer Mangels Bulter & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308

**Gregory M. Salvato**
Salvato Law Offices
333 S Grand Ave 25th Fl
Los Angeles, CA 90071

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

**Timothy Neufeld**
**Neufeld Law Group**
360 East 2nd Street, Suite 703
Los Angeles, CA 90012

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

## SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

- **David M. Poitras**
- **Robyn B. Sokol**
- **Joseph A. Eisenberg**
- **Gregory M. Salvato**
- **United States Trustee (LA)**
- **Saul Reiss**

dpoitras@jmbm.com
rsokol@ebg-law.com
jeisenberg@jmbm.com
gsalvato@pmcos.com
ustpregion16.la.ecf@usdoj.gov
saulreiss@verizon.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                 **F 9013-3.1**