Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
5215 N. O'Connor Blvd., Suite 200
Irving, TX 75039
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC



FILED

NOV 22 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                     Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><hr> | Case No.: 2:08-bk-32333-BR<br>Chapter 11<br>Adv. No.: 2:10-ap-01244-BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | **PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  November 24, 2010<br>TIME:   10:00 a.m.<br>LOCATION: Dept. 1668 |

NOW COMES, Plaintiffs, Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs"), and file this Reply to Opposition Motion to Modify Scheduling Order to Extend Discovery Deadline and Reset Pre-Trial Conference and Memorandum of Points and Authorities in Support Thereof, and in support thereof would respectfully show the Court as follows:

## I.

## INTRODUCTION

Due process concerns warrant that Plaintiffs should be afforded more of an opportunity to secure the deposition testimony of Ezri Namvar ("Namvar") and Hamid Tabatabai ("Tabatabai"), two individuals with intimate knowledge of essential facts underlying this dispute. These two have purposefully avoided service of deposition subpoenas. Though Defendant Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. ("Trustee") has been deposed, he has no first-hand knowledge of the essential facts underlying this dispute. The specific topics about which these two witnesses have knowledge are: (1) the joint venture agreement between Kamran Group, LLC and Namco Capital Group, Inc.; (2) the funding, purchase and development of the real properties comprising the Pasadena Development Project, and; (3) the history, lack of funding, and invalidity of the promissory notes at issue in this cause.

In its Opposition to Motion to Modify Scheduling Order to Extend Discovery Deadline and Reset Pretrial Conference, the Trustee emphasized a perceived lack of diligence in attempting to procure the oral depositions of Namvar and Tabatabai. Additionally, Trustee contends that any depositions of these individuals would likely prove fruitless based upon the presumption that Namvar and Tabatabai would potentially refuse to testify and instead invoke their privileges against self-incrimination under the 5th Amendment to the United States Constitution. Opposition at pp. 1-2.

Plaintiffs have made a good faith and diligent effort to procure the depositions of Namvar and Tabatabai within the time constraints imposed under the Scheduling Order. Moreover, arguing about whether Namvar and Tabatabai will respond deposition questions, or whether they will refuse to respond based on the 5th Amendment, is an exercise in speculation. The importance of the information sought weighs in favor of modifying the scheduling order. Trustee will not be

prejudiced by an extension of the discovery deadline and a reset of the pre-trial conference; and, accordingly, Plaintiffs' Motion should be granted.

## II.

## FACTUAL BACKGROUND

Plaintiffs re-allege and incorporate herein by reference the facts set forth in their Motion to Modify Scheduling Order to Extend Discovery Deadline and Reset Pre-Trial Conference ("Motion") on file with the Court.

The discovery deadline is currently November 15, 2010. Plaintiffs previously pointed out in their Motion, the Joint Status in this adversary proceeding dated September 21, 2010 that "[t]he parties anticipate taking party depositions and percipient witness depositions by the first week of November 2010 in advance of the Court's discovery cut-off of November 15, 2010." Exhibit A to the Motion. At the status conference held with the Court on October 5, 2010, Plaintiffs' counsel indicated to the Court that they would likely seek to modify the scheduling order to extend the discovery deadline to conduct depositions in this case.

## II.

## POINTS AND AUTHORITIES

The standard for obtaining a modification of a scheduling order is the movant showing good cause for the modification and obtaining the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard of Rule 16(b) primarily considers the diligence of the party seeking the modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). Plaintiffs have good cause for the need to modify the scheduling order to extend the discovery deadline in order to afford Plaintiffs an opportunity to secure the oral depositions of Namvar and Tabatabai.

A.    **Plaintiffs have been diligent in their pursuit of the Namvar and Tabatabai depositions.**

The Trustee cites the case of *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th

2

REPLY TO OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Cir. 2006) for the proposition that, "[f]inding himself without admissible testimony [on a key issue], Plaintiff must accept the consequence of his choice not to pursue discovery of [the key witness] testimony before the discovery cut off." This case is distinguishable from the *Cornwell* case. In *Cornwell*, at a case-scheduling teleconference held on December 10, 2002, the Court inquired with counsel whether they could complete discovery by the cut-off date of December 15, 2010, at which time counsel for Cornwell represented to the Court that he had "completed discovery." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1025 (9th Cir. 2006). The Court then extended the discovery period for an additional month. *Id.* It was only after defendants filed motions for summary judgment and Cornwell proffered certain material facts in his Reply to Defendant's Concise Statement of Facts was challenged by defendants that Cornwell sought to reopen discovery to conduct the deposition of a witness to provide evidentiary support for the challenged fact. *Id.* Cornwell purposefully elected not to pursue the deposition of a key witness during the course of discovery. *See id.* That is not the case in this instance. Plaintiffs have never indicated that they had completed discovery. In fact, Plaintiffs made it known to both the Court and Trustee that they would seek to depose Namvar and Tabatabai in the course of discovery. The Court and Trustee were made aware of the fact that such discovery would be conducted in early November. *See* Exhibit A to the Motion. Plaintiffs have done what they said, consistent with the discovery timeline. Plaintiffs' inability to procure the oral depositions of Namvar and Tabatabai is the direct result of the Namvar's and Tabatabai's purposeful avoidance of service, despite diligent attempts to perfect such service on the part of Plaintiffs.

Plaintiffs repeated attempted to serve Namvar and Tabatabai and promptly filed their motion before the November 15, 2010 discovery deadline. The Trustee was aware of these efforts. *See* Exhibit A to the Motion. "[G]ood cause can be found where the non-moving party is already on notice of the moving party's reasons for modifying the scheduling order." *Mytee Products, Inc. v. H.D. Products, Inc.*, No. 05-CV-2286 W(CAB), 2007 WL 4105713 at *2 (S.D.Cal. 2007) (citing *Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan*, 252 F.Supp.2d 1046, 1059 (E.D.Cal.2002)). Plaintiffs have established a good faith effort to procure the depositions at

3

issue during the discovery period in conformance with the Scheduling Order so the Motion should be granted.

**B.     The importance of the testimony of Namvar and Tabatabai should outweigh the possibility of the invocation of 5th Amendment protection.**

Trustee argues that even if Plaintiffs had a justifiable basis for obtaining a modification of the scheduling order, the the discovery deadline should not be extended because it is unlikely Plaintiffs would be able to obtain any meaningful discovery from Namvar and Tabatabai. They claim due to the fact that they might refuse to testify and instead seek to invoke the protection of the 5th Amendment. *See* the Opposition at pp. 6-7.

The risk that a witness may invoke the 5th Amendment does not justify denying critical discovery. The probative and evidentiary value of their testimony with respect to such key facts far outweighs the possibility that the witnesses may attempt to avoid providing such testimony by invoking the protections of the 5th Amendment. Denying Plaintiffs an opportunity to depose Namvar and Tabatabai on such a speculative basis would be severely prejudicial to Plaintiffs.

Plaintiffs should be allowed to depose Namvar and Tabatabai. These witnesses are knowledgeable regarding the central facts underlying this dispute despite the possibility that such individuals may seek to invoke the protections of the 5th Amendment.

**C.     The Estate will not be prejudiced if the Motion is granted.**

Trustee contends that it will be "severely prejudiced" if the discovery deadline is extended to permit the depositions of Namvar and Tabatabai, contending: (1) that counsel for Trustee will have to prepare for and attend the depositions, costing time and money; (2) that Plaintiffs may seek additional discovery based upon information they glean from the depositions; and (3) that Trustee may also need to seek additional discovery any new issues that Plaintiffs' may raise. *See* the Opposition at p. 7. All of which, Trustee contends, runs afoul of the purpose of a discovery deadline. *See id.*

Counsel for Trustee's contention that it will have to expend time and money on preparing for and attending the depositions is a red herring. Counsel would have had to expend such time and

money if Plaintiffs had been successful in procuring the depositions prior to the discovery deadline (which it diligently attempted to do), unless, of course, counsel for Trustee had no intention of attending the depositions. Also, that the depositions may give rise to additional discovery is not prejudicial to Trustee. If anything, additional discovery of the facts central to this dispute and, thus, providing more clarity to the merits of Plaintiffs' case is in no way prejudicial to the parties, including Trustee. Trustee would have the Court abandon notions of equity and justice only to adhere to the technicality of a discovery deadline that the Court has full discretion to modify. The Estate will not be unduly prejudiced by an extension of the discovery deadline and the resetting of the pre-trial conference.

## III.

## CONCLUSION

As required by Federal Rule of Civil Procedure 16, Plaintiffs have established good cause for a modification of the scheduling order to extend the discovery deadline sixty (60) days from its current date of November 15, 2010, to January 14, 2011. The Court should reset the pre-trial conference currently set for January 10, 2011 and corresponding dates and deadlines for reports, conferences and related filings to dates beyond the extended deadline as determined by and at the convenience of the Court.

DATED: November 22, 2010                    CHRISTMAN, KELLEY & CLARKE


By: _____
                                            Matthew Clarke
                                            Dugan P. Kelley
                                            Attorneys for Plaintiffs
                                            Kamran Pasadena Group, Inc. and Kamran
                                            Group, LLC

REPLY TO OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5215 N. O'Connor Blvd. Ste. 200, Irving, Texas 75039. A true and correct copy of the foregoing document described **PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE AND RESET PRE-TRIAL CONFERENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On November 22, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 22, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/22/2010 | Barry L. Moerschell | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              **F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

## II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

## III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras**               dpoitras@jmbm.com
- **Robyn B. Sokol**                 rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg**            jeisenberg@jmbm.com
- **Gregory M. Salvato**             gsalvato@salvatolawoffices.com;
                                     gsalvato@pmcos.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **Saul Reiss**                     saulreiss@verizon.net

### SERVED BY PERSONAL DELIVERY:

**Honorable Barry Russell**
**United States Bankruptcy Court – Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1660**
**Los Angeles, CA 90012**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                      F 9013-3.1