

ORIGINAL

Daniel Jacob Issak, *Pro Se*
10790 Wilshire Blvd., Suite 1102
Los Angeles, CA 90024
Tel: (310) 606-2414
Fax: (310) 496-1618
E-Mail: info@lightingzilla.com
PRO SE: Defendant/Cross-Defendant



FILED

DEC 21 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>NAMCO CAPITAL GROUP, INC. a California corporation<br><br>    Debtor. | BK Case No.: 2:08-bk-32333-BR<br>Adversary No.: 2:10-ap-01244-BR<br>Chapter 11 |

KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company,

    Plaintiffs,

    vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California Corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FARANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHRAVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM**

-1-

TRUST; and DOES 1 THROUGH 100,   )
                                  )
Defendants                        )
                                  )
_____ )

MEHRNAZ HEKMATRAVAN,              )
                                  )
    Claimant,                     )
                                  )
    vs.                           )
                                  )
BRADLEY D. SHARP, CHAPTER 11      )
TRUSTEE OF NAMCO CAPITAL GROUP,   )
INC. a California corporation; KAMRAN )
GROUP, LLC, a California Limited Liability )
Company; KAMRAN GROUP, INC., a   )
California corporation; KAMRA PASADENA, )
INC. a California corporation; DAVID J. )
GOLKAR, an individual; HAMID     )
TABATABAI aka HAMID TABA, an     )
individual; VIOLET KASHANY, an individual; )
MORTEZA HOMAYOUNJAM, an individual; )
ASHLAND PROPERTIES, LLC, a California )
Limited Liability Company; SAWTELLE )
PROPERTIES, LLC, JAMSHID BEHARVAR, )
an individual; FAYE FARANAK SARAFIAN, )
an individual; FARMO TRUST DATED )
JANUARY 1, 2007, a trust; DARIOUSH )
SOLEIMANI, an individual; and DOES 101 )
through 125,                     )
                                  )
    Defendants.                   )
_____ )
BRADLEY D. SHARP, Chapter 11 Trustee, )
                                  )
    Cross-Plaintiff,              )
                                  )
    vs.                           )
                                  )
MORTEZA HOMAYOUNJAM, an individual; )
ASHLAND PROPERTIES, LLC, a California )
limited liability company; SAWTELLE )
PROPERTIES, LLC, a California limited )
liability company; JAMSHID BAHRVAR, an )
individual; FAYE FARANAK SARAFIAN, an )
                                  )

-2-

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

individual; FARMO TRUST DATED )
JANUARY 1, 2007, a trust; DARIOUSH )
SOLEIMANI, an individual; DANIEL JACOB )
ISSAC, an individual; MEHRNAZ )
HEKMATRAVAN, an individual; MAHMOUD )
FATORECHI AND SOUSSAN HASHEMI AS

)
TRUSTEES FOR THE FATORECHI- )
HASHEMI TRUST, a trust, )
)
     Cross-Defendants. )
_____

ASHLAND PROPERTIES, LLC, a California )
limited liability company; JAMSHID )
BEHRVAR, an individual; MAHMOUD )
FATORECHI AND SOUSSAN HASHEMI, as )
Trustees of the FATORECHI-HASHEMI )
FAMILY TRUST dated March 29, 2005; )
MORTEZA HOMAYOUNJAM, an individual; )
FARAMARZ MASSACHI, as Trustee of the )
FARMO TRUST dated January 1, 2007; )
FARANAK FAYE SARAFIAN, an individual; )
SAWTELLE PROPERTIES, LLC, a California )
limited liability company; and DARIOUSH )
SOLEIMANI, an individual, )
)
     Counter-Claimants, Cross-Claimants and )
     Third-Party Plaintiffs, )
)
     vs. )
)
KAMRAN PASADENA, INC., a California )
corporation; and KAMRAN GROUP, LLC, a )
California limited liability company; )
BRADLEY D. SHARP, Chapter 11 Trustee; )
and ROES 1 through 20, Inclusive, )
)
     Counter-Defendants and Cross-Defendants. )
_____

FIDELITY NATIONAL TITLE COMPANY, )
)
     Defendants and Cross-Plaintiff, )
)
     vs. )
)
BRADLEY D. SHARP, Chapter 11 Trustee for )
)

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM**

Namco Capital Group, Inc.; DANIEL JACOB )
ISSAC, an individual; FAY FRANK )
SARAFIAN, an individual; DARIOUSH )
SOLEIMANI, an individual; MORTEZA )
HOMAYOUNJAM, an individual; MEHRNAZ )
HEKMATRAVAN, an individual; JAMSHID )
BAHARVAR, an individual; ASHLAND )
 )
 )
PROPERTIES, LLC, a California limited )
liability company; FARMCO TRUST< )
SAWTELLE PROPERTIES, LLC, a California )
limited liability company; MAHMOUD )
FATORECHI AND SOUSSAN HASHEMI AS )
TRUSTEES FOR THE FATORECHI- )
HASHEMI TRUST, )
 )
 )
    Defendant and Cross-Defendants. )

Cross-Defendant DANIEL JACOB ISSAK ("Cross-Defendant"), a *pro se* individual, in answer to the Cross-Claim by Cross-Plaintiff FIDELITY NATIONAL TITLE COMPANY ("Cross-Plaintiff") admits, denies and alleges as follows:

1.    Answering Paragraph 1 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically, the allegations therein.

2.    Answering Paragraph 2 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged as the following properties: 25 West Walnut Avenue, Unit 501, Pasadena; 25 West Walnut Avenue, Unit 1, Pasadena, 25 West Walnut Avenue, Unit 504, Pasadena, 25 West Walnut Avenue, Unit 505, Pasadena and 25 West Walnut Avenue, Unit 505 to enable him to answer, and on that ground denies generally and specifically, the allegations therein.

3.    Answering Paragraph 2 of the Cross-Claim as to 810-820 N. Marengo Avenue, Pasadena, Cross-Defendant denies the allegations therein.

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

4.    Answering Paragraph 3 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

5.    Answering Paragraph 4 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

6.    Answering Paragraph 5 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

7.    Answering Paragraph 6 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

8.    Answering Paragraph 7 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

## FIRST CROSS-CLAIM FOR INDEMNIFICATION

9.    Answering Paragraph 8 of the Cross-Claim, Cross-Defendant re-alleges and incorporates the response and answers to the allegations pleading above a if fully set forth therein.

10.    Answering Paragraph 9 of the Cross-Claim, Cross-Defendant denies he was the agent, employee, co-venture, partner, or in some manner agent or principal, or both, for Namco Capital Group, Inc. and was acting within the course and scope of any agency or employment. As to the other Cross-defendants, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

11.    Answering Paragraph 10 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

12.    Answering Paragraph 11 of the Cross-Claim, Cross-Defendant does not have sufficient information to form a belief as to the matters therein alleged to enable him to answer, and on that ground denies generally and specifically the allegations therein.

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

## SECOND CROSS-CLAIM FOR APPORTIONMENT OF FAULT

### (Against All Named Defendants)

13.    Answering Paragraph 12 of the Cross-Claim, Cross-Defendant re-alleges and incorporates the response and answers to the allegations pleaded above as if fully set forth therein.

14.    Answering Paragraph 13 of the Cross-Claim, Cross-Defendant denies generally and specifically the matters therein alleged.

15.    Answering Paragraph 14 of the Cross-Claim, Cross-Defendant denies generally and specifically the matters therein alleged.

### PRAYER FOR RELIEF

16.    WHEREFORE, in answer to the Prayer for Relief, Cross-Defendant denies that Cross-Plaintiff is entitled to recovery or any other relief on any claim alleged in the Cross-Claim.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

17.    Neither the Cross-Claim, nor any purported claim for relief contained therein, states facts sufficient to constitute any claim for relief against Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

18.    Cross-Defendant is informed and believes and thereupon alleges that the Cross-Claim, and each of the purported causes of action contained therein, is barred by reason of laches in that Cross-Plaintiff unjustifiably delayed in prosecuting this action to the detriment of Cross-Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

19.    Cross-Defendant is informed and believes and thereupon alleges that the conduct of Cross-Plaintiff estopped it from asserting the purported claims set forth in the Cross-Claim, and each of the purported causes of action contained therein, in that Cross-Defendant has reasonably relied upon such conduct to his detriment.

///

///

///

–6–

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

20.    Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff has knowingly and voluntarily relinquished and waived any and all rights that it may have arising from the allegations set forth in the Cross-Claim, and each of the purported causes of action contained therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.    Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff has unclean hands in connection with the purported transactions alleged in the Cross-Claim, and is thus barred from asserting the purported claims set forth in the Cross-Claim and each of the purported causes of action contained in the Cross-Claim.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22.    Cross-Plaintiff's action is barred by the Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

23.    Cross-Defendant is informed and believes and thereupon alleges that the Cross-Claim, and each of the purported causes of action contained therein, is barred by virtue of Cross-Plaintiff's failure to exercise reasonable diligence in avoiding and mitigating its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Cross-Plaintiff's Fault)

24.    Cross-Defendant is informed and believes and thereupon alleges that if Plaintiff suffered or sustained any loss, damage and/or injury as alleged in the Cross-Claim, such loss, damage and/or injury was the direct and proximate result of the acts and omissions of Cross-Plaintiff, and not of Cross-Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

25.    Cross-Defendant is informed and believes and thereupon alleges that if Cross-Plaintiff suffered or sustained any loss, damage and/or injury as alleged in the Cross-Claim, such

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

loss, damage and/or injury was the direct and proximate result of the acts and omissions of other persons for whom Cross-Defendant is not responsible, and not of Cross-Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Cross-Plaintiff's Material Breach)

26.    Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff is barred from obtaining the relief it seeks in the Cross-Claim in that it has materially breached the agreement, if any, which it seeks to enforce by the Cross-Claim.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

27.    Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff is barred from enforcing the provision of the agreement alleged in the Cross-Claim, if any, by virtue of the failure of conditions precedent to the enforcement against Cross-Defendant of any such agreement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

28.    Cross-Defendant is informed and believes and thereupon alleges that the agreement alleged in the Cross-Claim, if any, is unconscionable as to Cross-Defendant and is, therefore, unenforceable by Cross-Plaintiff against Cross-Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exoneration by Cross-Plaintiff's Conduct)

29.    Cross-Defendant is informed and believes and thereupon alleges that Cross-Plaintiff's conduct has resulted in an exoneration of Cross-Defendant as to any purported liability alleged in the Cross-Claim.

///

///

///

///

///

///

///

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

**WHEREFORE,** this answering Cross-Defendant prays for judgment as follows:

1.　　That Cross-Plaintiff takes nothing by its Cross-Claim herein and that the same be dismissed;

2.　　For this Cross-Defendant's reasonable attorneys' fees;

3.　　For costs of suit incurred herein; and

4.　　For such other and further relief as the Court may deem just and proper.

Dated: November 15, 2010

DANIEL JACOB ISSAK

DANIEL JACOB ISSAK
PRO SE CROSS-DEFENDANT

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO
CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM

## PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My address: 433 N Camden Drive, Fourth Floor, Beverly Hills, CA 90210.

A true and correct copy of the foregoing document described as:

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-PLAINTIFF FIDELITY NATIONAL TITLE COMPANY'S CROSS-CLAIM**

**ANSWER OF DANIEL JACOB ISSAK TO THE COMPLAINT BY KAMRAN PASADENA GROUP, INC., A CALIFORNIA CORPORATION AND KAMRAN GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-CLAIMANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. A CALIFORNIA CORPORATION**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and by U.S. Mail.

On December 20, 2010 I served the following person(s) and/or entity(ies) at the alst known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid – SEE ATTACHED LIST.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is correct.

Executed on December 20, 2010.

Erica Yaghoubzadeh

-9-

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-CLAIMANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. A CALIFORNIA CORPORATION**

## SERVICE LIST

Timothy Neufeld, Esq.
NEUFELD LAW GROUP
360 E. 2nd Street, Suite 703
Los Angeles, CA 90012

John M. Rygh, Esq.
Teresa Y. Hillery, Esq.
FIDELITY NATIONAL LAW GROUP
915 Wilshire Blvd., Suite 2100
8 Los Angeles, CA 90017

David M. Poitras, Esq.
JEFFER, MANGELS, BUTLER & MARAMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, Ca 90067

Steven T. Gubner, Esq.
Robyn B. Sokol, Esq.
EZRA, BRUTZKUS, GUBNER, LLP
21650 Oxnard Street, Suite 500
Woodland Hills, Ca 91367

Gregory M. Salvato, Esq.
Joseph Boufadel, Esq.
SALVATO LAW OFFICES
333 S. Flower St., 25th Floor
Los Angeles, Ca 90071

A. Barry Cappello, Esq.
Dugan P. Kelley, Esq.
CAPELLO & NOEL, LLP
831 State Street
Santa Barbara, CA 93101

WEISSMAN WOLFF
9665 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

Saul Reiss, Esq.
Firouseh Simab, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street, Suite 328
Santa Monica, CA 90405

-10-

**CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-CLAIMANT BRADLEY D. SHARP,
CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. A CALIFORNIA CORPORATION**

Dugan Kelley, Esq.
Matthew Clarke, Esq.
CHRISTMAN KELLEY & CLARKE
5215 N. O'Connor Blvd., Suite 200
Irvine, TX 75039

CROSS-DEFENDANT DANIEL JACOB ISSAK'S ANSWER TO CROSS-CLAIMANT BRADLEY D. SHARP,
CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. A CALIFORNIA CORPORATION