Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
5215 N. O'Connor Blvd., Suite 200
Irving, TX 75039
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

FILED & ENTERED

JAN 18 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><br>———————————————————<br><br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and<br>DOES 1 THROUGH 100<br><br>Defendants. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR<br><br>**JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:          1/11/11<br>TIME:          2:00 P.M.<br>PLACE:        COURTROOM 1668<br>                     16TH FLOOR<br>                     ROYBAL FEDERAL BLDG.<br>                     255 E. TEMPLE STREET<br>                     LOS ANGELES, CA  90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") and Defendant Bradley D. Sharp, Trustee for Namco Capital Group, Inc. ("Defendant") submit the following Joint Pretrial Order in accordance with Local Bankruptcy Rule 7016-1(b):

## A.    <u>Admitted Facts</u>.

The following facts are admitted and require no proof:

1.    Plaintiff Kamran Group, LLC was and is a California limited liability company, whose sole member is David Golkar ("Golkar").  Plaintiff Kamran Pasadena Group, Inc. was and is a California corporation authorized to do business in the State of California.  Kamran Pasadena Group Inc. was formerly known as Pasadena Athletic Operating Club, Inc., a dissolved California corporation.  Namco Capital Group, Inc. ("Namco") was and is a California corporation.  Ezri Namvar ("Namvar") was the principal and/or agent for Namco in its dealings with Plaintiffs.

2.    "Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000.

3.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000.

4.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000.

5.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000.

6.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco

Capital Group, Inc. in the amount of $3,600,000.

7.      "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000.

8.      The promissory notes recited in paragraphs 2 through 7 above are referred to collectively herein as the "Promissory Notes."

**B.      Disputed Issues Of Fact.**

The following issues of fact, and no others, remain to be litigated with respect to the limited issue of whether consideration was given for the Promissory Notes:

1.      Whether Plaintiffs ever received any consideration for the Promissory Notes; i.e., whether Namco ever tendered payment to Plaintiffs, respectively, of the monies to be loaned under the Promissory Notes.

2.      Whether Kamran Group, LLC and/or Kamran Pasadena Group, Inc., on the one hand, and Namco Capital Group, Inc., on the other hand, entered into a joint venture agreement for the purpose of acquiring and developing real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

3.      Whether any funds advanced by Namco to either of Plaintiffs, if any, was in furtherance of the joint venture between the parties for the acquisition and development of real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

4.      Whether any funds advanced by Namco to either of Plaintiffs, if any, was equity contributed by Namco to the joint venture between the parties.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

5.      Whether Namco made payments directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

6.      Whether payments made by Namco directly to consultants, contractors, architects,

2

engineers, and/or other third-parties performing services in the development of real property, if any, were in furtherance of the joint venture agreement between the parties for the acquisition and development of real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

7.      Whether Plaintiffs, respectively, defaulted on the Promissory Notes.

**C.      Disputed Legal Issues.**

The following issues of law, and no others, remain to be litigated pursuant to Court order with respect to the limited issue of whether consideration was given for the promissory notes:

1.      Whether consideration was tendered pursuant to and under the Promissory Notes.

2.      Whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

3.      Whether the Promissory Notes are void or otherwise unenforceable as a result of the failure of Namco to tender consideration.

4.      Whether the conduct of Namco, including tendering any monies to any Kamran entity was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

5.      Whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

6.      Any legal issues encompassed by the disputed issues of fact set forth above.

**D.      Exhibits.**

Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only.  The parties have exchanged copies of all exhibits.

3

The Exhibit List is attached hereto.

**E.    <u>Witnesses.</u>**

The parties have exchanged a list of witnesses to be called at trial.  Attached hereto is a list of witnesses to be called at trial, other than those contemplated to be used for impeachment or rebuttal.

The Witness List is attached hereto.

**F.    <u>Other Matters That Might Affect the Trial.</u>**

None at this time.  Plaintiffs and Defendant reserve the right to file pretrial motions, but none are anticipated at this time.

**G.    <u>Discovery Completed.</u>**

All discovery is complete but for the following:

Defendant properly noticed the deposition prior to the discovery cutoff of David Golkar, a principal of Plaintiffs, but Mr. Golkar indicated through Plaintiffs' counsel that he was unable to appear in person in California for an oral deposition because he was in Iran caring for his gravely ill mother.  Plaintiffs have made repeated efforts to determine when Mr. Golkar would be available for an in-person oral deposition in California, always conditioned upon the fact that Mr. Golkar's ability to return to California was subject to the condition of his mother; and in any event Plaintiffs have always offered to have Mr. Golkar deposed via telephone, video conference, or in person in Iran. None of the three alternative options are acceptable to Defendant, who required and contends he was entitled to an in person deposition of Mr. Golkar in order to assess his demeanor and prepare to cross examine him at trial; and Defendant contends he should not be required to travel to Iran to do so..

Plaintiffs have been unable to procure the oral depositions of Ezri Namvar, a principal of Defendant, and Hamid Tabatabai, a former officer of Defendant.

**H.    <u>Ready For Trial.</u>**

The parties are ready for trial, except Plaintiff anticipates filing a motion to continue in the event Mr. Golkar's mother dies and it conflicts with any trial setting.  Plaintiff requests that the Court set and order the parties hereto to participate in a mandatory settlement conference prior to

4

trial.

## I.    **Estimated Length of Trial.**

The estimated length of trial is 3-5 days.

## J.    **Pretrial Order Governs.**

The foregoing admissions have been made by the parties, and the parties have specified the

foregoing issues of fact and law remaining to be litigated.  Therefore, this order supersedes the

pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.


**DATED:**  December 28, 2010                    JEFFER MANGELS BUTLER & MITCHELL LLP



By: */s/ David M. Poitras*_____
DAVID M. POITRAS P.C.
Attorneys for Bradley D. Sharp, Chapter II
Trustee for Narnco Capital Group, Inc.



**DATED:**  December 28, 2010                    CHRISTMAN, KELLEY & CLARKE



By: */s/* Dugan P. Kelley_____
DUGAN P. KELLEY
Attorneys for Karman Pasadena Group, Inc. and
Kamran Group, LLC


###

DATED: January 18, 2011

_____
United States Bankruptcy Judge

5

# EXHIBIT LIST

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>　　　　　　　Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and<br>DOES 1 THROUGH 100<br><br>　　　　　　　Defendants. | **EXHIBIT LIST FOR JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:　　　1/11/11<br>TIME:　　　2:00 P.M.<br>PLACE:　　COURTROOM 1668<br>　　　　　　16TH FLOOR<br>　　　　　　ROYBAL FEDERAL BLDG.<br>　　　　　　255 E. TEMPLE STREET<br>　　　　　　LOS ANGELES, CA  90012 |

///
///
///
///
///
///
///

6

///

## Exhibit List

Exhibits of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC:

| Exhibit | Description | Objection to Admissibility |
|---|---|---|
| 1 | Memorandum of Understanding | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801) |
| 2 | Two e-mail threads from 2008 and 2009 including e-mails between David Golkar and Ezri Namvar (and their respective agents) | Irrelevant (FRE 401, 402); inadmissible hearsay (FRE 801) |
| 3 | Various e-mail threads from 2007 and 2008 by and between various individuals including David Golkar and Ezri Namvar | Irrelevant (FRE 401, 402) ; inadmissible hearsay (FRE 801) |
| 4 | Rox Consulting Group, Inc. – Invoice #100042 (dated 5/25/2006) to Pasadena Properties, LLC, Attention: Ezri Namvar. | Irrelevant (FRE 401, 402) |
| 5 | E-mail dated June 26, 2006, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding outstanding invoices for the Pasadena and Banning jobs. | Irrelevant (FRE 401, 402) |
| 6 | E-mail dated November 2, 2007, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding past due engineering invoices owing to Rox Consulting Group, Inc. and repayment of funds paid by Rox Consulting Group, Inc. | Irrelevant (FRE 401, 402) |
| 7 | E-mail dated February 8, 2008, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding oustanding invoices owing to Rox Consulting Group, Inc. | Irrelevant (FRE 401, 402) |
| 8 | E-mail dated April 23, 2007, from Shadi Dejam of Rox Consulting Group, Inc. to Hamid Tabatabai requesting the status of a $200,000 wire. | Irrelevant (FRE 401, 402) |
| 9 | Letter dated June 15, 2005, from David Golkar to "Mr. Ezri Nambar" (sic) c/o Mr. Kent Reed of Banam, LLC. The subject is "Proposal for Final Engineering Services, for Tentative Tract Number 31924, City of Banning, CA. ROX CGl # 1208" | Irrelevant (FRE 401, 402) |
| 10 | Letter dated May 27, 2005, from David Golkar to "Mr. Ezri Nambar" (sic) c/o Mr. Kent Reed of Banam, LLC with handwritten notes contained thereon. The subject is "Proposal for Final Engineering Services, for Tentative Tract Number | Irrelevant (FRE 401, 402) |

7

EXHIBIT LIST FOR JOINT PRETRIAL ORDER

| | 31924, City of Banning, CA. ROX CGl # 1208" | |
|----|----|----|
| 11 | Document entitled "Marengo Land Acquisition" | Irrelevant (FRE 401, 402) |
| 12 | Invoices and related correspondence associated with the acquisition and development of properties comprising the Pasadena development project. | Irrelevant (FRE 401, 402) |
| 13 | Kamran Group, LLC Balance Sheet as of August 18, 2008. | Irrelevant (FRE 401, 402) |
| 14 | Complaint for Damages filed in the case, *The Teecor Group, Inc., California corporation, d/b/a Key Environmental Services v. Kamran Pasadena, Inc., a California corporation, et. al*, Case No. GC041506, Los Angeles Superior Court, Northeastern District, filed on September 17, 2008. | Irrelevant (FRE 401, 402) |
| 15 | Complaint for Breach of Contract filed in the case, *Christopher J. Holden, an individual, et. al v. Kamran Group, LLC, a California Limited Liability Company, et. al*, Case No. BC409988, Superior Court of the State of California, County of Los Angeles, Central District, filed on March 18, 2009. | Irrelevant (FRE 401, 402) |
| 16 | Complaint for: 1. Foreclosure on Design Professionals' Lien 2. Breach of Contract 3. Quantum Meruit 4. Common Count filed in the case, *KKE Architects, Inc. v. The Kamran Group, et. al*, Case No. GC044150, Superior Court of the State of California, County of Los Angeles, Northeastern District, filed on November 20, 2009. | Irrelevant (FRE 401, 402) |
| 17 | Complaint filed in the case, *BL Price Co., Inc. v. Fullscope Project Management, Inc., et.al*, Case No. GC042809, Superior Court of the State of California, County of Los Angeles, Northeastern District, filed on April 20, 2009. | Irrelevant (FRE 401, 402) |
| 18 | Plaintiffs anticipate preparing a demonstrative exhibit to assist the trier of fact with respect to any monies alleged that were transferred through Plaintiffs' entities. | Irrelevant (FRE 401, 402) |

Exhibits of Defendant Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc.:

| Exhibit | Description | Objection to Admissibility |
|----|----|----|
| 101 | Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 102 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of | Lack of foundation (FRE 602); lacks authentication |

| | | |
|---|---|---|
| | Namco Capital Group, Inc. in the amount of $600,000, and associated Deed of Trust | (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 103 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 104 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 105 | Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 106 | Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 107 | Chart entitled "Namco: Kamran Group Receivables," dated March 12, 2010, with attached backup materials | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 108 | Email thread ending November 20, 2008, between David Golkar and Abraham Yermian, re: "Walnut & Fairoak, Pasadena | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801, 802) |
| 109 | Email thread dated December 11, 2008 forwarding email from Rob Entler to David Golkar, re: "Pasadena" | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801, 802) |

EXHIBIT LIST FOR JOINT PRETRIAL ORDER

# WITNESS LIST

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>　　　　　　Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and<br>DOES 1 THROUGH 100<br><br>　　　　　　Defendants. | **WITNESS LIST FOR JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:　　　1/11/11<br>TIME:　　　2:00 P.M.<br>PLACE:　　COURTROOM 1668<br>　　　　　16TH FLOOR<br>　　　　　ROYBAL FEDERAL BLDG.<br>　　　　　255 E. TEMPLE STREET<br>　　　　　LOS ANGELES, CA  90012 |

///
///
///
///
///
///
///

WITNESS LIST FOR JOINT PRETRIAL ORDER

## Witness List

Witnesses for Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC:

1. David Golkar, principal of Kamran Pasadena Group, Inc. and Kamran Group, LLC.

    Mr. Golkar will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property.  Mr. Golkar will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development.  Additionally, Mr. Golkar will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

2. Shadi Dejam, former independent contractor of Rox Consulting Group, Inc.

    Ms. Dejam will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property.  Ms. Dejam will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development.  Additionally, Ms. Dejam will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

3. Ezri Namvar, principal of Namco Capital Group, Inc.

    Mr. Namvar will testify as to the joint venture relationship between the parties consistent with the Memorandum of Understanding and the fact that monies advanced by Namco were in furtherance of the joint venture relationship and should be characterized as equity rather than debt.

4. Hamid Tabatabai, former office of Namco Capital Group, Inc.

    Mr. Tabatabai will testify as to the joint venture relationship between the parties consistent with the Memorandum of Understanding and the fact that monies advanced by Namco were in furtherance of the joint venture relationship and should be characterized as equity rather than debt.

WITNESS LIST FOR JOINT PRETRIAL ORDER

5.      Ali Akbar Helmi

Mr. Helmi will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property.  Mr. Helmi will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development.  Additionally, Mr. Helmi will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

Witnesses for Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc.:

1.      Bradley D. Sharp

Mr. Sharp will testify that Namco possesses promissory notes made by Plaintiffs in favor of Namco in the total sum of $12,650,000 which are secured by deeds of trust on Plaintiffs' interests in real property located in Pasadena, California, that Namco's books and records reflect that Namco tendered consideration to Plaintiffs for all of those promissory notes, and that Plaintiffs have failed and refused to repay the amounts due under the promissory notes.

WITNESS LIST FOR JOINT PRETRIAL ORDER

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-4308

A true and correct copy of the foregoing document described as ***JOINT PRETRIAL ORDER*** w ill be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____*,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***December 28, 2010,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served By Overnight Mail*:
Honorable Barry Russell
United States Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***December 28, 2010,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- Matthew M Clarke    mclarke@cappellonoel.com
- Joseph A Eisenberg    jae@jmbm.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Saul Reiss    saulreiss@verizon.ne

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 28, 2010 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                 **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (If Needed):**

**II.  SERVED BY OVERNIGHT MAIL:**

| | | |
|---|---|---|
| United States Trustee (LA)<br>725 S Figueroa St # 2600<br>Los Angeles, CA 90017-5413 | Soussan Hashemi<br>Weissmann Wolff, et al<br>9665 Wilshire Blvd, 9th Floor<br>Beverly Hills, CA 90212 | Mahmoud Fatorechi<br>Weissmann Wolff, et al<br>9665 Wilshire Blvd, 9th Floor<br>Beverly Hills, CA 90212 |
| Barry L. Moerschell<br>Dugan P. Kelley<br>Matthew Clarke<br>Christman, Kelley & Clarke<br>5215 N. O'Connor Blvd., Ste. 200<br>Irving, Texas 75039 | John M. Rygh<br>915 Wilshire Blvd, Suite 2100<br>Los Angeles, CA 90017 | Morteza Homayounjam<br>Weissmann Wolff, et al<br>9665 Wilshire Blvd, 9th Floor<br>Beverly Hills, CA 90212 |
| Sawtelle Properties LLC<br>Weissmann Wolff, et al<br>9665 Wilshire Blvd, 9th Floor<br>Beverly Hills, CA 90212 | Ashland Properties, LLC<br>Weissmann Wolff, et al<br>9665 Wilshire Blvd, 9th Floor<br>Beverly Hills, CA 90212 | Saul Reiss<br>Law Offices of Saul Reiss, P.C.<br>2800 28th St Ste 328<br>Santa Monica, CA 90405 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM:**
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) ***JOINT PRETRIAL ORDER*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 28, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Saul Reiss    saulreiss@verizon.net

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

**II. SERVED BY THE COURT VIA U.S. MAIL:**

United States Trustee (LA)
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

Barry L. Moerschell
Dugan P. Kelley
Matthew Clarke
Christman, Kelley & Clarke
5215 N. O'Connor Blvd., Ste. 200
Irving, Texas 75039

Sawtelle Properties LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

John M. Rygh
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

Ashland Properties, LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Saul Reiss
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**