ORIGINAL

Matthew Clarke (SBN 184959)
Matt@christmankelley.com
Dugan P. Kelley (SBN 207347)
Dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara, California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC



FILED

FEB 25 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In Re:  NAMCO CAPITAL GROUP INC,
a California corporation

Debtor.

_____

KAMRAN PASADENA GROUP, INC., a
California corporation; and KAMRAN
GROUP, LLC, a California limited liability
company

Plaintiffs,

v.

BRADLEY D. SHARP, CHAPTER 11
TRUSTEE OF NAMCO CAPITAL
GROUP INC, a California corporation;
WOODMAN PARTNERS, LLC, a
California limited liability company;
FIDELITY NATIONAL TITLE
COMPANY, a California corporation
DANIEL JACOB ISSAC, an individual;
FAY FRANAK SARAFIAN, an individual;
DARIOUSH SOLEIMANI, an individual;
MORTEZA HOMAYOUNJAM, an
individual; MEHRNAZ
HEKMATRAVAN, an individual;
JAMSHID BAHARVAR; an individual;
ASHLAND PROPERTIES, LLC, A
California limited liability company;
FARMCO TRUST, SAWTELLE
PROPERTIES, LLC; a California limited
liability company; MAHMOUD
FATORECHI AND SOUSSAN HASHEMI
AS TRUSTEES FOR THE FATORECHI-

Case No.: 2:08-bk-32333-BR
Chapter 11
Adv. No.: 2:10-ap-01244-BR

**DECLARATION OF DUGAN P.
KELLEY PURSUANT TO CODE OF
CIVIL PROCEDURE §473(a) and (b)
REGARDING PLAINTIFFS'
SUBMISSION OF DECLARATIONS
AND DOCUMENTS ON OR
BEFORE FEBRUARY 23, 2011**

DECLARATION OF DUGAN P. KELLEY

HASHEMI TRUST; and
DOES 1 THROUGH 100

Defendants.

## DECLARATION OF DUGAN P. KELLEY

I, Dugan P. Kelley, do declare and say:

1. I am an attorney licensed to practice law in the State of California, and a partner in the law firm of Christman, Kelley & Clarke, attorneys of record for Plaintiffs. I make this declaration based upon my own personal knowledge. I could and would competently testify to these facts in a court of law.

**Documents timely prepared for submission to the Court and Counsel:**

2. In furtherance of Plaintiffs obligation to file declarations and the optional trial brief with Court by February 23, 2011, pursuant to the Court's Order Representation of Evidence by Declaration for Court Trial; Filing Joint Pre-Trial Order Pursuant to Local Rule 7016-1 (the "Order"), my office prepared, packaged, made ready for filing, and served on opposing counsel the following documents: (1) Declaration of David Golkar (with Exhibits); (2) Declaration of Ali Akbar Helmi; (3) Declaration of Matthew M. Clarke as Offer of Proof (with Exhibit); and (4) Plaintiffs Trial Brief (collectively, the "Documents"). Judge's Copies of the Documents were also prepared and made ready for filing.

3. Unfortunately, our office was unable to timely file the documents on February 23, 2011. I apologize to the Court and counsel for this error. There is no excuse other than the following errors that my office made: 1) assuming that the filing window was open until 4:30 p.m.; and 2) assuming that our office had received a password for the ECF registration to electronically file the documents. Both assumptions were in error. As set forth below, the Trustee was timely served with the documents, but the documents were not timely filed. I humbly request that the Court accept the documents that were filed on February 24, 2011, pursuant to the Code of Civil Procedure

2
DECLARATION OF DUGAN P. KELLEY

§473(a) or (b) and not punish my clients for my collective (my/firm) errors. I respectfully submit justice would be accomplished by this request.

**Confirmation that the documents were timely served:**

4. All of the Documents were served on opposing counsel for all parties either via e-mail or by U.S. Mail on February 23, 2011. My office has confirmed that counsel for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc., received timely service of the Documents.

**Mistakes made:**

5. We made every effort to file the Documents with the Court on February 23, 2011, as well. We do not practice routinely in the Central District, Bankruptcy Court. I realize this is no excuse, but I offer this information to give context to the erroneous assumptions that were made.

6. I was unaware of the fact that no one in my office was registered with ECF to file documents electronically in the United States Bankruptcy Court – Central District of California. In fact, I believed that we were. My partner, Matthew M. Clarke completed the ECF training for the Central District, and my office is also registered to file documents in Federal Court in the Northern District of California. We have recently filed documents electronically in the Northern District in an unrelated matter. Unfortunately, I now realize that our password for filing documents in the Northern District does not work for Bankruptcy Court in the Central District. As of February 23, 2011, it was my understanding that my office had completed the registration process for ECF filing with the Court, but that proved not to be the case.

7. My office believed that the filing window was open until 4:30 p.m. That was a wrong assumption. Unfortunately, by the time our process server got to the Courthouse, the window was closed and we were unable to manually file the documents. Despite a diligent attempt to do so, my office was unable to get the Documents to the Court for filing prior to 4:00 p.m. However, the documents were filed on February 24,

3

DECLARATION OF DUGAN P. KELLEY

2011, first thing in the morning.

8. Again, I apologize for non-compliance with the Court's order and humbly request that the Court consider the filing of documents on February 24, 2011.

**Other methods utilized after the mistakes were recognized:**

9. In order to exhaust every avenue to attempt to ensure that the Documents would be filed by February 23, 2011, we pursued the following: (1) physical filing and delivery of the Judge's Copies after hours, upon the hope/belief that the Court may have had a drop box for acceptance of filings and/or Judge's Copies; (2) making efforts to locate outside attorneys who may have had ECF filing capabilities with the Court who could file the Documents via ECF on our behalf; and (3) even communicating with opposing counsel's office about filing the Documents via ECF on our behalf. All such efforts proved unsuccessful. We learned that other affiliated firms and friends in the bar were also not ECF registered with this Court when we tried to use other passwords for electronic filing. The Trustee's counsel was gracious enough to consider our request that their office (Jeffer Mangels) electronically file the documents. However, the Court would have the impression that Jeffer Mangels had filed documents against itself. We completely understand why the Trustee's counsel was unable to assist us.

10. As a result, the Documents were filed with the Court on the morning of February 24, 2011. The inability to get the Documents timely filed was not the result of indifference or a casual disregard for the Court's Order; but, rather, the result of an unfortunate series of misunderstandings and events as described above.

**Request for the Court to accept the documents filed on February 24, 2011:**

11. Although the Trustee has not been prejudiced (since the documents were timely served), I recognize and do not take any Court's order lightly. I am saddened and humbled by this series of events. In my 11 year career, I have never missed a filing deadline. I truly believe that §473 exists for these types of circumstances. I am more than willing at the Court's convenience to discuss this matter in person or on the

4

DECLARATION OF DUGAN P. KELLEY

telephone.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of February, 2011, at Irving, Texas.

Dugan P. Kelley

| In re: NAMCO CAPITAL GROUP, INC.  Debtor(s). | CHAPTER 11  CASE NUMBER: 2:08-bk-32333-BR  ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described **DECLARATION OF DUGAN P. KELLEY PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 473(a) and (b) REGARDING PLAINTIFFS' SUBMISSION OF DECLARATIONS AND DOCUMENTS ON OR BEFORE FEBRUARY 23, 2011** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On **February 25, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 25, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/25/11 | Kathy Koester | *Kathy Koester* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

In re: NAMCO CAPITAL GROUP, INC.

Debtor(s).

CHAPTER 11
CASE NUMBER: 2:08-bk-32333-BR
ADVERSARY PROC. NO.: 2:10-ap-01244-BR

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

**Richard S. Berger**
**Peter J. Gurfein**
**Landau Gottfried & Berger, LLP**
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

## III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- David M. Poitras
- Robyn B. Sokol
- Joseph A. Eisenberg
- Gregory M. Salvato
- Saul Reiss
- Richard S. Berger
- Peter J. Gurfein

dpoitras@jmbm.com
rsokol@ebg-law.com; ecf@ebg-law.com
jeisenberg@jmbm.com
gsalvato@salvatolawoffices.com; gsalvato@pmcos.com
saulreiss@verizon.net
rberger@LGBFirm.com
pgurfein@LGBFirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## SERVED BY PERSONAL DELIVERY:

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1