Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852



FILED

APR 26 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br>_____<br><br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR<br><br>**EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY; DECLARATIONS OF DAVID GOLKAR AND DUGAN P. KELLEY IN SUPPORT**<br><br>DATE:      TBD<br>TIME:       TBD<br>PLACE:     COURTROOM 1668<br>                  16TH FLOOR<br>                  ROYBAL FEDERAL BLDG.<br>                  255 E. TEMPLE STREET<br>                  LOS ANGELES, CA  90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Bankruptcy Rule 9075-1 Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") hereby apply to the Court *ex parte* for an Order Continuing the Trial on the merits of Plaintiffs complaint.

This *ex parte* application is made upon David Golkar's, the sole member and shareholder of Plaintiffs, inability to travel from Tehran, Iran, to Los Angeles, California, and appear at trial. Mr. Golkar's wife, Rana Golkar, is pregnant with their first child and is in the final trimester of her pregnancy. Mrs. Golkar's OB/GYN, Dr. Jalil Pakravesh, has diagnosed Mrs. Golkar's pregnancy as high risk and ordered her to bed rest until she delivers the Golkar child. Mr. Golkar is Mrs. Golkar's primary caregiver, and is unable to leave her side until the birth of their child.

Mr. Golkar's unavailability is exacerbated by the fact that his mother, who resides in Tehran, is deathly ill. Mr. Golkar, while looking after his wife, is also providing emotional and physical support for his mother in her declining health. Mr. Golkar is unable to travel outside of the city of Tehran as he tends to his wife and cares for his ailing mother. A brief continuance of 60 to 90 days is needed to allow Mr. Golkar to stay with his wife until the birth of their child.

Additionally, Ezri Namvar, principle of Defendant Namco Capital Group, Inc., has and continues to represent that he will not abide by the trial subpoena and appear to testify. Mr. Namvar's representations are based on a criminal proceeding against him in the United States District Court – Central District of California and his Fifth Amendment rights against self-incrimination. A jury trial to determine his criminal liability is scheduled for May 3, 2011. A continuance of 60 to 90 days would allow for the final resolution of the criminal charges.

Counsel for all parties received notice of this *ex parte* application by telephone on April 26, 2011, as required by Local Bankruptcy Rule 9075-1(a)(4). This application is based on and supported by the following Memorandum of Points and Authorities, as well as the Declarations of David Golkar, Dr. Jalil Pakravesh, and Dugan P. Kelley.

Dated: April 26, 2011

CHRISTMAN KELLEY & CLARKE, PC

Dugan P. Kelley
Attorneys for Plaintiffs

1

EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In accordance with this Court's order, trial is currently scheduled to take place on April 27, 2011. All discovery, trial briefs, and trial declarations have been submitted to the Court. In appreciation for the amount of time and effort put into this proceeding, this motion to continue does not come lightly or flippantly.

David Golkar is the sole member of Plaintiff Kamran Group, LLC, and the sole shareholder of Plaintiff Kamran Pasadena Group, Inc. Mr. Golkar, through Plaintiffs, entered into a joint venture agreement with Namco Capital Group, Inc., owned by Ezri Namvar, to develop a mixed-use commercial and residential project that consisted of multiple properties in Pasadena, California. Mr. Golkar was to provide development and managerial expertise while Mr. Namvar was to provide the capital for the project. Upon Namco's bankruptcy filing, the Trustee began treating and mischaracterizing the joint venture relationship as a lender-borrower relationship. The instant adversarial proceeding was brought to protect the three properties from the Trustees' attempts at foreclosure. Trial is set for April 27, 2011.

Mr. Golkar is currently in Tehran, Iran, with his wife and family. Mr. Golkar's wife, Rana Golkar, is pregnant with David and Rana Golkar's first child. (Declaration of Golkar at ¶2). Her pregnancy has been diagnosed as high risk, and she has been ordered to bed rest until the birth of the child. (Declaration of Golkar at ¶2, Letter of Dr. Pakravesh, Exhibit A). Mr. Golkar is continually by her side and is Mrs. Golkar's primary care giver. (Declaration of Golkar at ¶2, Exhibit A). Mrs. Golkar's physician, Dr. Jalil Pakravesh, has ordered that Mrs. Golkar to not travel and as such, has strongly encouraged Mr. Golkar not to travel so that he may be at Mrs. Golkar's side for the remainder of her pregnancy. (Declaration of Golkar at ¶2, Letter of Dr. Pakravesh, Exhibit A).

In addition to Mrs. Golkar's pregnancy complications, Mr. Golkar's mother is also deathly ill. She, along with the Golkars, resides in Tehran. (Declaration of Golkar at ¶4). Mr. Golkar, along with caring for his wife, is watching over his mother and tending to her needs in this dire time. He is effectively the emotional support during the decline of his mother's health. This further restricts his ability to travel outside or Tehran for any extended amount of time. (Declaration of Golkar at ¶4).

**2**

In addition to the Golkar family's health issues, Ezri Namvar has resisted appearing at trial in any format, including written declarations and live testimony. Mr. Namvar's failure to appear is based solely on the criminal investigation and trial against him. His appearance is necessary to explain the joint venture relationship. Instead, the trustee is taking free reign as spokesperson for Namco Capital Group, Inc. and as such, is attempting to speak as to the understanding that Mr. Golkar and Mr. Namvar had. Only Mr. Namvar's testimony will explain his understanding and intentions regarding the joint venture relationship that Namco Capital Group entered into with Mr. Golkar's entities. Since the Namvar criminal trial is set for May 3, 2011, a short continuance in the present case will allow for the criminal matters to resolve and free Mr. Namvar to testify without encumbering his Fifth Amendment rights.

These complications have led Mr. Golkar to file this ex parte motion on the eve of trial for the Court to continue the trial until after the birth of his first child. This motion is not intended to unnecessarily delay trial or inconvenience the parties, but to allow for the fair administration of the trial by accommodating the attendance of Mr. Golkar and Mr. Namvar. Plaintiffs respectfully request that the Court continue trial until mid-July or, in the alternative, if denying the continuance, to allow Mr. Golkar to appear telephonically or via video conference from Tehran, Iran.

## II.      *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

Ex parte relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Here, Plaintiffs' application to the Court to continue trial that is set for April 27, 2011 cannot be addressed by a regularly noticed motion consistent with the timing requirements of Local Rules of Bankruptcy and the trial date. The circumstances surrounding this application are unavoidable as Mr. Golkar cannot leave Tehran until his wife gives birth.

If the application is denied, Plaintiffs, as well as the other parties, will be prejudiced in not having a necessary party available to give testimony nor to respond to cross-examination. Furthermore, without the attendance of Mr. Namvar, Plaintiffs will not be able to examine a material witness regarding his understanding of the joint venture relationship that makes the basis of the

3

Complaint. Plaintiffs are not at fault in creating these issues, as Mrs. Golkar's situation is increasingly delicate and Mr. Golkar communicated that he would not be able to leave Tehran to counsel on April 23, 2011.

### III. THE COURT HAS THE POWER TO CONTINUE TRIAL

This Court has the power, under 11 USC §105 to grant this motion for continuance. Section 105 states that a Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Accordingly, "[t]he decision to grant or deny a requested continuance lies within the broad discretion of the district court." *United States v. Cook*, 2006 U.S. Dist. LEXIS 62391 (W.D.Wash. Aug. 31, 2006).

The Court should exercise its broad discretion to continue the trial set for Wednesday, April 27, 2011, to carry out the fair administration of justice in the instant adversary proceeding. As shown below, David Golkar is unable to appear in person for trial as the sole member and shareholder of Plaintiffs. Additionally, Ezri Namvar has indicated that he will not abide by the trial subpoena served on him because of a pending criminal trial. A continuance would allow Mr. Golkar to appear as well as allow Mr. Namvar to be brought before the Court under a bench warrant on or on his own free will. This motion is not made to unduly delay the trial of the adversary proceeding, but is made for good cause and in the interests of justice. The Court should grant the application.

### IV. A SHORT TRIAL CONTINUANCE IS NEEDED FOR THE HEALTH AND SAFETY OF THE GOLKAR FAMILY

David Golkar's family situation has made him unavailable to travel to Los Angeles to appear for trial. A short continuance of 90 days is needed so that David Golkar may appear and give testimony. Mr. Golkar's wife, Rana Golkar, is currently pregnant with their first child. (Declaration of Golkar at ¶2). The pregnancy has developed into such a medical state that her doctor has ordered to bed rest for the remainder of her pregnancy. (Declaration of Golkar at ¶2, Letter of Dr. Pakravesh, Exhibit A). Mr. Golkar is his wife's primary caregiver, attending to her needs while she is bed-ridden. (Declaration of Golkar at ¶2). The stressors that would develop from Mr. Golkar leaving Mrs. Golkar's side may well cause Mrs. Golkar to suffer undue consequences.

Additionally, Mr. Golkar's mother is deathly ill and Mr. Golkar's attendance is needed for

4

emotional support. (Declaration of Golkar at ¶4).His mother's last days compel him to stay in Tehran. This only adds to Mr. Golkar's inability to leave and attend trial in Los Angeles.

Pursuant to Dr. Pakravesh's orders, Mr. Golkar is unable to travel away from Tehran, Iran, to appear at trial in Los Angeles. This unfortunate event transpired in such a way as to make this ex parte application necessary. A short continuance of 90 days is needed so that Mr. Golkar may stay with his family during this time of medical uncertainty. He has committed himself to attend trial upon the birth of his child, where his family obligations will subside to an extent that allows him to travel outside of Tehran. (Declaration of Golkar at ¶5).

It is in the best interest of justice and all the parties to have Mr. Golkar present at trial for testimony and cross-examination. His inability to attend trial in person may deprive him of his rights to due process and the fair administration of justice concerning the claims pending before this Court. The Court should grant the continuance.

## V. A SHORT TRIAL CONTINUANCE IS NEEDED TO REQUIRE THE ATTENDANCE OF EZRI NAMVAR

In addition and separate to Mr. Golkar's current situation, a continuance should be granted because Ezri Namvar, party to the agreements and ventures at issue and material witness, has indicated that he will not appear for trial. His hesitation is understandably based on his Fifth Amendment rights concerning his criminal trial that is taking place on May 3, 2011.

A continuance is not outside the realm of judicial procedure to balance the equities in a highly litigious case such as this. Traditionally, "Courts faced with a civil defendant who is exposed to a related criminal prosecution have responded with various procedural solutions designed to fairly balance the interests of the parties and the judicial system. Accommodation of the various interests, however, is usually made to a defendant in a civil action "from the standpoint of fairness, not from any constitutional right." *Fuller v. Superior Court*, 87 Cal.App.4th 299, 307 (2001) (internal citations omitted). "The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy

against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. Tex. 1962). Additionally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

In the instant case, the balancing of the interests of the parties and of justice compels this Court to continue the trial. Mr. Namvar's pending criminal trial is based on his activities in the financial transactions that make the basis of this adversary proceeding. His criminal trial is scheduled for Jury Trial on May 3, 2011, before Judge Percy Anderson. In recognition of the policies set out in *Campbell* and *Dresser Industries*, it is only fair to Plaintiffs to allow the civil trial to be continued so that Mr. Namvar may resolve his criminal charges and preserve his Fifth Amendment rights. A continuance will to allow for the fair administration of Plaintiffs' claims against Defendants and to compel the appearance of Mr. Namvar to explain the nature of the joint venture relationship between Plaintiffs and Namco Capital Group, Inc. Without Mr. Namvar's testimony, the Court will be deprived of necessary evidence to paint the full picture of the relationships between Namco Capital Group and Plaintiffs, instead being left to rely on the misguided and misinterpreted testimony of the Trustee. The Court should grant the continuance.

## VI.   CONTINUING TRIAL WILL NOT PREJUDICE THE TRUSTEE

The Trustee will not be prejudiced by continuing trial for such a short time, but will actually enjoy the same benefits of fairness and the proper administration of justice. Live testimony in open Court is always the preferred method of testimony in trial. *See* FRCP 43 and its comments. The Trustee would be able to react to Mr. Golkar's answers and body language during examination. Furthermore, the Trustee would have the opportunity to hear Mr. Namvar's testimony and cross-examine him freely without Mr. Namvar continually seeking the Fifth Amendment protections against self-incrimination. Currently, attempts at contacting the Trustee to obtain a stipulation or agreement to continue the trial have been unsuccessful. The balance of the equities leans heavily in favor of a continuance. Accordingly, this Court should grant the *ex parte* application for a short

6

continuance.

## VII.    CONCLUSION

The circumstances surrounding the trial scheduled for April 27, 2011 warrant the exercise of the Court's equitable power to grant the Plaintiffs' *ex parte* application to continue trial. Neither party will be prejudiced by a short continuance of 90 days. In the alternative, if the Court denies a continuance, it should allow Mr. Golkar to appear telephonically or via video conference from Tehran, Iran and issue a bench warrant for the appearance of Ezri Namvar.

DATED: April 26, 2011                     CHRISTMAN KELLEY & CLARKE, PC

Dugan P. Kelley
Attorneys for David Golkar

7

## DECLARATION OF DAVID GOLKAR

I, David Golkar, do declare and say as follows:

1.     I make this declaration based upon my own personal knowledge. I could and would competently testify to these facts in a court of law.

2.     My wife and I currently staying in Tehran, Iran. My wife, Rana Golkar, is pregnant with my first child and has been classified as a high risk pregnancy. Her doctor, Dr. Jalil Pakravesh, made this determination and has placed her on bed rest until my child is born. In an attempt to restrict any stressful events from happening during the final trimester of my wife's pregnancy, I am consistently by her side. The doctor has also determined through an ultrasound that my wife is 32 weeks into her pregnancy. Even if she was a healthy patient, Dr. Pakravesh would not allow air travel beyond 26 weeks due to the complications that this would cause. I am her primary caregiver, attending to her every need so that her pregnancy complications will not increase. Because my wife cannot travel, I cannot travel until my child is born.

3.     Attached as Exhibit A is a true and correct copy of a letter from my wife's doctor, Dr. Jalil Paravesh, describing her health condition and the reasons for my inability to travel to Los Angeles.

4.     Furthermore, my mother, who also lives in Tehran, is deathly ill. This has further complicated my abilities or opportunities to travel outside of Iran, as I am caring for her and my wife at the same time. The culmination of my wife's health issues during her pregnancy and my mother's medical situation does not allow me the luxury of making any trips outside of Iran, or Tehran for that matter.

5.     I understand that trial is set for April 27, 2011, but I will be unable to make the trip to Los Angeles. I am unable to leave my wife's side and the constant care that I must provide for her and my mother makes any sort of travel outside of Tehran impossible until our child is born. I do not want to lose the opportunity to appear at trial, and I hope this court will understand my situation and continue the trial. I am more than willing and eager to come to Los Angeles for trial after the birth of my child and have my day in court and to testify.

1

DECLARATION OF DAVID GOLKAR IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE TRIAL FOR
MEDICAL NECESSITY

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th day of April, 2011 at Tehran, Iran.

David Golkar

DECLARATION OF DAVID GOLKAR IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY

Case 2:10-ap-01244-BR    Doc 85    Filed 04/26/11    Entered 04/26/11 15:38:04    Desc
Main Document    Page 11 of 16



نام بیمار:

تاریخ:

دکتر جلیل پاک روش

جراح ، متخصص زنان، زایمان، نازایی

نظام پزشکی ۱۹۴۱۳

درمان پیشرفته نازائی ، لاپارسکوپی ، سقط مکرر

**Dr. J. Pakravesh**

A.R.T. ( I.V.F., Micro )

**Laparascopy Habitual Abortion**

To whom it my Concern

Mrs Rana Golkar is a pregnant
woman with Highrisk Pregnancy
at 32 week of gestation. She is not
allowed to travel for long distances
and fly by airplane. after termination
of pregnancy. She can travel

خیابان ویلا ، چهارراه سپند ، شماره ۴۴ با وقت قبلی

تلفن مطب : ۸۸۹۰۳۳۶۱ ، ۸۸۹۰۵۰۱

بیمارستان آبان : ۸۸۹۰۲۷۸۵ - ۹

No. 44 Sepand Cross Vila Ave., Tehran

Tel : 88902361 , 88890501

Hos : 88902785 - 9

جراح و متخصص زنان و زایمان

نظام پزشکی ۱۹۴۱۳

20.11.09, 25

## DECLARATION OF DUGAN P. KELLEY

I, Dugan P. Kelley, do declare and say as follows:

1.    I am an attorney licensed to practice law in the State of California, and a partner in the law firm of Christman Kelley & Clarke, PC, attorneys of record for Plaintiffs. I make this declaration based upon my own personal knowledge. I could and would competently testify to these facts in a court of law.

2.    On April 23, 2011, David Golkar, the sole manager and shareholder of Plaintiffs, informed me that he would not be able to travel to Los Angeles and appear at trial due to his family's health complications. Mr. Golkar and his wife are currently in Tehran, Iran. Mr. Golkar's wife is pregnant with their first child and is on doctor-ordered bed rest for the remainder of her pregnancy. Mr. Golkar is his wife's primary caregiver, and without him by her side, she would have no one to take care of her. Additionally, Mr. Golkar's mother is deathly ill, further complicating his ability to leave Tehran.

3.    Mr. Golkar is more than willing, even eager, to testify at trial, but cannot because of the health complications of his family. It would be in the best interest of Mr. Golkar, the Trustee, and the Court to allow for a short continuance so that Mr. Golkar could testify and be heard in open court regarding his claims.

4.    I have instructed my staff to telephone all interested parties notifying them of this *ex parte* application. This was accomplished at 3:30 p.m. PST April 25, 2011. All parties that have the ability to receive facsimile or email transmissions have also received copies of the *ex parte* application. My office has attempted to contact the Trustee regarding this application through phone calls and email and have not received a response.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th day of April, 2011 at Los Angeles, California.

Dugan P. Kelley

DECLARATION OF DUGAN P. KELLEY IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE TRIAL
FOR MEDICAL NECESSITY

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>*Chapter 11*<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | [PROPOSED] ORDER GRANTING EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY<br><br>THE HONORABLE BARRY RUSSELL |

ORDER ON EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY



**The Court has considered the *Ex Parte* Application** of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") to Continue Trial pursuant to Local Rule 9075-1 and hereby enters this Order.

After full consideration of Plaintiffs' Application, the accompanying Memorandum or Points and Authorities, and the declarations and evidence submitted in support thereof, and good cause shown therefore, the Court Orders as follows:

The Trial scheduled for April 27, 2011 is continued until _____.

IT IS SO ORDERED

Dated: April 26, 2011

_____
**The Honorable Barry Russell**

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2570 Justin Road, Suite 240, Highland Village, Texas 75077. A true and correct copy of the foregoing document described **EX PARTE APPLICATION TO CONTINUE TRIAL FOR MEDICAL NECESSITY** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**

On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 26, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/26/2011 | Kenton S. Brice | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
89019.003 - 163624.1

F 9013-3.1

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras**          dpoitras@jmbm.com
- **Robyn B. Sokol**          rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg**          jeisenberg@jmbm.com
- **Gregory M. Salvato**          gsalvato@salvatolawoffices.com; gsalvato@pmcos.com
- **United States Trustee (LA)**          ustpregion16.la.ecf@usdoj.gov
- **Saul Reiss**          saulreiss@verizon.net

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413
FAX: (213) 894-2603

**Sawtelle Properties LLC**
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212
FAX: (310) 550-7191

**Soussan Hashemi**
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212
FAX: (310) 550-7191

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017
FAX: (213) 438-4417

**Ashland Properties, LLC**
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212
FAX: (310) 550-7191

**Mahmoud Fatorechi**
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212
FAX: (310) 550-7191

**Morteza Homayounjam**
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212
FAX: (310) 550-7191

### SERVED BY PERSONAL DELIVERY:

**Honorable Barry Russell**
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012