DAVID M. POITRAS P.C. (State Bar No. 141309)
DAN P. SEDOR (State Bar No. 139091)
THOMAS M. GEHER (State Bar No. 130588)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567
Email:    dpoitras@jmbm.com

Counsel for Bradley D. Sharp, Chapter 11 Trustee
for Namco Capital Group, Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Case No.:  2:08-BK-32333-BR<br><br>Chapter 11<br><br>Adversary No.:  2:10-AP-01244-BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendant(s). | **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S ALTERNATIVE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date:    April 27, 2011<br>Time:    10:00 a.m.<br>Place:    Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

PRINTED ON

RECYCLED PAPER

7791824v1

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") of Namco Capital Group, Inc. ("Namco") hereby objects to the alternative Proposed Findings of Fact and Conclusions of Law ("Plaintiffs' Findings") lodged by plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs"), on the grounds that they misstate what was resolved by the trial of this matter on April 27, 2011, which is accurately set forth in the Proposed Findings of Fact and Conclusions of Law lodged by the Trustee on May 6, 2011 (the "Trustee's Findings").

## I.       GENERAL OBJECTION

In proposing their alternative findings of fact and conclusions of law, Plaintiffs are seeking either to avoid or to rewrite the Joint Pretrial Order in this matter [Adv. Docket No. 69], filed on January 18, 2011 (the "Joint Pretrial Order"), which clearly provides in paragraph J that "[t]he foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated.  Therefore, this order *supersedes the pleadings* and governs the trial of this cause." (Emphasis added.)  Those issues of fact and law were the following:

> "**B.       Disputed Issues of Fact.**
>
> The following issues of fact, and no others, remain to be litigated with respect to the limited issue of whether consideration was given for the Promissory Notes:
>
> 1.       Whether Plaintiffs ever received consideration for the Promissory Notes; i.e., whether Namco ever tendered payment to Plaintiffs, respectively, of the monies to be loaned under the Promissory Notes.
>
> [¶][1]
>
> 7.       Whether Plaintiffs, respectively, defaulted on the Promissory Notes.[2]

[1] As noted in the specific objections below, paragraphs B.2 through B.6 in the Joint Pretrial Order were included by Plaintiffs over the protest of the Trustee, as indicated by this sentence at the end of each of those paragraphs: "Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes."

[2] This issue was not the subject of argument at trial, but in seeking to prove lack of consideration, Plaintiffs repeatedly admitted they were in default on the Promissory Notes.  For example:  "Although Mr. Namvar and I may not completely agree as to all of the understandings and arrangements as part of the project, *there is no dispute that I did not make interest payments or*

- 1 -     FINDINGS OF FACT AND CONCLUSIONS OF LAW

**C.    Disputed Legal Issues.**

The following issues of law, and no others, remain to be litigated pursuant to Court order with respect to the limited issue of whether consideration was given for the promissory notes:

1.    Whether consideration was tendered pursuant to and under the Promissory Notes.

[¶]

3.    Whether the Promissory Notes are void or otherwise unenforceable as a result of the failure of Namco to tender consideration." [3]

Simply put, the claims in Plaintiffs' complaint (and the Trustee's cross-complaint) were extinguished and replaced by the above issues specified in the Joint Pretrial Order.  Those issues, (with the exception of whether Plaintiffs defaulted on the Promissory Notes, which was not discussed but is clearly supported by Plaintiffs' admissions), were all decided against Plaintiffs and the Trustee is therefore entitled to judgment.  Plaintiffs' Findings represent an effort to resurrect the claims in Plaintiffs' complaint and perpetuate them for another trial or trials.  The Trustee does not believe that that was the Court's intention in bifurcating the complaint and the Trustee's cross-complaint from the other pleadings filed in this adversary proceeding.

**II.    OBJECTIONS TO ALTERNATIVE PROPOSED FINDINGS OF FACT**

1.    Paragraph I.5.  "Plaintiff Kamran Group, LLC was and is a California limited liability company, whose sole member is David Golkar ("Golkar"). Golkar is also the sole shareholder of Kamran Group, Inc.  Kamran Group Pasadena, Inc. existence or non-existence was

*principal payments under the promissory notes at any time*."  Reply Declaration of David Golkar, filed March 23, 2011, at ¶ 12, The first pages of each of the Promissory Notes, Trial Exhibits 101 through 106, show that the last of them (Trial Exhibit 101) became due and payable on December 31, 2009, and that the failure to pay interest or principal constituted a default under each of the Promissory Notes.  There is clearly support for a finding that Plaintiffs defaulted on the Promissory Notes.

[3] As noted in the specific objections below, paragraphs C.2, C.4 and C.5 in the Joint Pretrial Order were included by Plaintiffs over the protest of the Trustee, as indicated by this sentence at the end of each of those paragraphs: "Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes."

not decided by this Court in the limited consideration trial.  Namco was and is a California corporation. Ezri Namvar was the principal and/or agent for Namco in its dealings with Plaintiffs."

**Objection:**   This language impermissibly alters Paragraph I.5 of the Trustee's Findings, which is substantively identical to paragraph A.1 in the Admitted Facts section of the Joint Pretrial Order.  Paragraph I.5 of the Trustee's Findings is therefore the proper finding of fact by the Court and the additional language in Plaintiffs' Findings stating that the Court at the trial did not decide the existence or non-existence of the plaintiff entities is unnecessary and improper.

2.      Paragraph I.6. ""Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000.  Kamran Group Pasadena, Inc. existence or non-existence was not decided by this Court in the limited consideration trial.  This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration."

**Objection:**   This language impermissibly alters Paragraph I.6 of the Trustee's Findings, which is substantively identical to paragraph A.2 in the Admitted Facts section of the Joint Pretrial Order.  Paragraph I.6 of the Trustee's Findings is therefore the proper finding of fact by the Court and the additional language in Plaintiffs' Findings stating that the Court at the trial did not decide the existence or non-existence of the plaintiff entities is unnecessary and improper.

3.      Paragraph I.11. ""Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000.  Kamran Group Pasadena, Inc. existence or non-existence was not decided by this Court in the limited consideration trial.  This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration."

**Objection:**   This language impermissibly alters Paragraph I.11 of the Trustee's Findings, which is substantively identical to paragraph A.7 in the Admitted Facts section of the Joint Pretrial Order.  Paragraph I.11 of the Trustee's Findings is therefore the proper finding of fact by the Court

PRINTED ON
RECYCLED PAPER

7791824v1

- 3 -      FINDINGS OF FACT AND CONCLUSIONS OF LAW

and the additional language in Plaintiffs' Findings stating that the Court at the trial did not decide the existence or non-existence of the plaintiff entities is unnecessary and improper.

4.    Paragraph I.13.  The omission of "; i.e., Namco tendered payment to Plaintiffs, respectively, of the monies to be loaned under the Promissory Notes."

**Objection:**    The omission of this language impermissibly alters Paragraph I.13 of the Trustee's Findings, which is substantively identical to paragraph B.1 in the Disputed Issues of Fact section of the Joint Pretrial Order and was resolved in the Trustee's favor at trial.  Paragraph I.13 of the Trustee's Findings is therefore the proper finding of fact by the Court.

5.    Paragraph I.14.  "No other findings of fact are made under the Joint Pretrial Order, including:

a.    Pursuant to Joint Pretrial Order ¶B(2), whether Kamran Group, LLC and/or Kamran Pasadena Group, Inc., on the one hand, and Namco Capital Group, Inc., on the other hand, entered into a joint venture agreement for the purpose of acquiring and developing real property.

b.    Pursuant to Joint Pretrial Order ¶B(3), whether any funds advanced by Namco to either of Plaintiffs, if any, was in furtherance of the joint venture between the parties for the acquisition and development of real property.

c.    Pursuant to Joint Pretrial Order ¶B(4), whether any funds advanced by Namco to either of Plaintiffs, if any, was equity contributed by Namco to the joint venture between the parties.

d.    Pursuant to Joint Pretrial Order ¶B(5), whether Namco made payments directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property.

e.    Pursuant to Joint Pretrial Order ¶B(6), whether payments made by Namco directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property, if any, were in furtherance of the joint venture agreement between the parties for the acquisition and development of real property.

f.    Pursuant to Joint Pretrial Order ¶B(7), whether Plaintiffs, respectively, defaulted on the Promissory Notes."

PRINTED ON
RECYCLED PAPER

7791824v1

- 4 -    FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Objection:**    Paragraphs B.2 through B.6 in the Disputed Facts section of the Joint Pretrial Order were included by Plaintiffs over the protest of the Trustee, which is reflected by the following sentence at the end of each of those paragraphs:  "Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes."  In addition, the subjects of those paragraphs were never discussed at trial, and because the complaint was superseded by the Joint Pretrial Order, they are irrelevant.  It is therefore improper and unnecessary to make the findings in paragraphs I.14(a) through (e) of Plaintiffs' Findings that "no findings" were made about these subjects.  Also, as noted above, the trial record contains evidence that Plaintiffs did in fact default on the Promissory Notes, so it would also be unnecessary and improper to make the finding in paragraph I.14(f) of Plaintiffs' Findings that "no findings" were made about that fact.

**III.**      **OBJECTIONS TO ALTERNATIVE PROPOSED CONCLUSIONS OF LAW**

1.      Paragraph II.2.  The omission of "The Promissory Notes are valid and enforceable in accordance with their terms" and the addition of the following language:  "No other conclusions of law are made under the Joint Pretrial Order, including:

a.      Pursuant to Joint Pretrial Order ¶C(2), whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

b.      Pursuant to Joint Pretrial Order ¶C(3), whether the Promissory Notes are void or otherwise unenforceable.

c.      Pursuant to Joint Pretrial Order ¶C(4), whether the conduct of Namco, including tendering any monies to any Kamran entity, was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco.

d.      Pursuant to Joint Pretrial Order ¶C(5), whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice.

PRINTED ON

RECYCLED PAPER

7791824v1

- 5 -

FINDINGS OF FACT AND CONCLUSIONS OF LAW

e.       Any other legal issues encompassed by the disputed issues of fact set forth in the Joint Pretrial Order."

**Objection:**     The omission of "The Promissory Notes are valid and enforceable in accordance with their terms" impermissibly alters Paragraph II.2 of the Trustee's Findings, which is substantively identical to paragraph C.3 in the Disputed Issues of Fact section of the Joint Pretrial Order and was resolved in the Trustee's favor at trial.  The proposed conclusion in paragraph II.2(b) of Plaintiffs' Findings that no conclusions were made about whether the Promissory Notes are void or otherwise unenforceable is incorrect for the same reason and paragraph II.2 of the Trustee's Findings is therefore the proper finding of fact by the Court.  Paragraphs C.2, C.4 and C.5 in the Disputed Legal Issues section of the Joint Pretrial Order were included by Plaintiffs over the protest of the Trustee, which is reflected by the following sentence at the end of each of those paragraphs: "Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes."  In addition, the subjects of those paragraphs were never discussed at trial. It is therefore improper and unnecessary to make the conclusions in paragraphs II.2(a), (c) and (d) of Plaintiffs' Findings that "no conclusions" were made about these subjects.  The same is true of paragraph II.2(e) of Plaintiffs' Findings.

2.       Paragraph 3:  The omission of "Accordingly, the Trustee is entitled to judgment in his favor and Plaintiff shall take nothing by way of their complaint" and the addition of "Conclusions of fact and law were only limited to the issues as set out in the Joint Pretrial Order ¶¶ B(1), C(1)."

**Objection:**     See the General Objection set forth in Section I above, which is incorporated by reference.

PRINTED ON
RECYCLED PAPER

7791824v1                                      - 6 -       FINDINGS OF FACT AND CONCLUSIONS OF LAW

Dated:  May 12, 2011                    JEFFER MANGELS BUTLER & MITCHELL LLP


                                        By: */s/ David M. Poitras*
                                            DAVID M. POITRAS P.C.
                                            Attorneys for Defendant, Bradley D. Sharp, Chapter 11
                                            Trustee for Namco Capital Group Inc.

PRINTED ON

RECYCLED PAPER
7791824v1

                                    - 7 -    FINDINGS OF FACT AND CONCLUSIONS OF
                                             LAW

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, Seventh Floor, Los Angeles, California  90067-4308

A true and correct copy of the foregoing document described as ***Defendant's Objections To Plaintiff's Alternative Proposed Findings Of Fact And Conclusions Of Law*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***May 12, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Matthew M Clarke     mclarke@cappellonoel.com
- Marc S Cohen     mcohen@kayescholer.com
- Ashleigh A Danker     adanker@kayescholer.com
- Joseph A Eisenberg     jae@jmbm.com
- David M Poitras     dpoitras@jmbm.com
- Gregory M Salvato     gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato     gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol     ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***May 12, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
*Served By Overnight Mail*:
Hon. Barry Russell, United States Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***May 12, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Counsel for Kamran Pasadena Group, Inc. and Kamran Group, LLC
Dugan P. Kelley     dugan@christmankelley.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| May 12, 2011 | Claudean Brandon | *[signature]* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**