00/00/2010 13:10:43 FAX 21324999 NAMCO NWIDE LEGAL

# ORIGINAL

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

> **FILED**
>
> **MAY 09 2011**
>
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY: Deputy Clerk

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Case No.: 2:08-BK-32333-BR<br><br>Chapter 11<br><br>Adversary No.: 2:10-AP-01244-BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendant(s). | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date: April 27, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

0

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
LAW

Plaintiffs KAMRAN PASADENA GROUP, INC, and KAMRAN GROUP, INC, (collectively "Plaintiffs") hereby object to Defendant BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC.'s (hereinafter "Defendant") Proposed Findings of Fact and Conclusions of Law (hereinafter "Defendant's Proposed Findings") on the grounds that Defendant's Proposed Findings are misleading and misstate the ruling that the Honorable Judge Barry Russell made in open Court on April 27, 2011.

**GENERAL OBJECTION**

Plaintiffs generally object to Defendant's Proposed Findings in that they misstate the Court's record and findings during trial. Defendant intentionally omits references to the further determinations that the Court must make according to allegations yet to be ruled on in the Joint Pretrial Order filed on January 18, 2011. Defendant summarily attempts to have the Court enter an Order determining the *entire complaint* ruled on, ignoring the Court's limited ruling only on whether consideration was given. The Court has yet to rule on any additional defenses and complaints alleged in the *complaint*, as the Court pointed out to Defendant and Plaintiffs' counsel at the trial on April 27, 2011.

Defendant's Proposed Findings attempt to disregard these additional issues of law and fact and request the Court to enter judgment in favor of the Trustee and have Plaintiffs take nothing by way of their complaint. See Defendant's Proposed Findings at ¶II(3). Plaintiffs respectfully request that the Court sustain the objections and disregard Defendants' Findings of Fact and Conclusions of Law. Plaintiffs further request that the Court enter in an order consistent with the Plaintiffs' Proposed Findings of Fact and Conclusions of Law, submitted and filed as Attachment 1.

**SPECIFIC OBJECTIONS**

Plaintiffs specifically object to the following paragraphs of Defendant's Proposed Findings:

**II. CONCLUSIONS OF LAW** at ¶¶2 and 3. Defendant's Proposed Findings in the above referenced paragraphs attempt to overextend the actual findings of fact and conclusions of law of the Court.

1.      Paragraph II(2), Page 3:14 – "The Promissory Notes are valid and enforceable in

1

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

accordance with their terms." – **Objection: misstates the trial record and express findings of the Court. FBRP 9011(b).**

Plaintiffs object on the grounds that the Court did not specifically rule as to the validity of the promissory notes or the enforceability of the promissory notes. The Court only made a finding that NAMCO tendered consideration.

2.    Paragraph II(2), Page 3:15-18 – "Pursuant to paragraph J of the Joint Pretrial Order [Adv. Docket No. 69], the Joint Pretrial Order specified the foregoing issues of fact and law as those remaining to be litigated, superseded the pleadings, and governed the trial of this cause. Accordingly, the Trustee is entitled to judgment in his favor and Plaintiffs shall take nothing by way of their complaint." – **Objection: misstates the trial record and express findings of the Court. FBRP 9011(b).**

Plaintiffs object on the grounds that the Court did not find that the Trustee is entitled to judgment in his favor nor that Plaintiffs shall take noting by way of their complaint. There are still issues to be litigated according to the Joint Pretrial, including the following:

a.    Pursuant to Joint Pretrial Order ¶C(2), whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

b.    Pursuant to Joint Pretrial Order ¶C(3), whether the Promissory Notes are void or otherwise unenforceable.

c.    Pursuant to Joint Pretrial Order ¶C(4), whether the conduct of Namco, including tendering any monies to any Kamran entity, was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco.

d.    Pursuant to Joint Pretrial Order ¶C(5), whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for

2

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice.

The Trustee is not entitled to judgment in his favor. Furthermore, Plaintiffs still have issues that must be litigated in accordance with their complaint and the Joint Pretrial Order. The Trustee's attempts at summarily dismissing *all* of Plaintiffs' complaint is misplaced and should not be tolerated. The Court was specific that its ruling was only to the issue of whether consideration was paid.

## CONCLUSION

Defendant's Proposed Findings asks the Court to dismiss the totality of Plaintiffs' Complaint after trial on April 27, 2011. Defendant has misrepresented the Court's decision and as such, the Court should deny entry of his Proposed Findings of Fact and Conclusions of Law. As an alternative, Plaintiffs have provided the Court with an accurate portrayal of the actual proceedings held on April 27, 2011, and the Court is urged to enter the Proposed Findings of Fact and Conclusions of Law attached as Attachment 1.

DATED: May 9, 2011                              CHRISTMAN, KELLEY & CLARKE


                                                By: _____
                                                    Matthew M. Clarke
                                                    Dugan P. Kelley
                                                    Attorneys for Plaintiffs and Counter-Defendants
                                                    Kamran Pasadena Group, Inc. and Kamran
                                                    Group, LLC

3

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

# ATTACHMENT 1

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:08-BK-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | Adversary No.: 2:10-AP-01244-BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company, | [PLAINTIFFS' PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| Plaintiffs, | Trial Date: April 27, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| vs. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100, | |
| Defendant(s). | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned adversary matter between plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") and defendant Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc., came on for trial on April 27, 2011 at 10:00 a.m., before the undersigned United States Bankruptcy Judge, in Courtroom 1668, located at 255 East Temple Street, Los Angeles, California. The Court having reviewed the declarations and exhibits filed by the parties, the objections thereto and the parties' trial briefs, and having considered the statements of counsel with at the trial before this Court and after due deliberation thereon and good and sufficient cause appearing therefore, the Court hereby makes the following findings of fact and conclusions of law.[1]

I.    **FINDINGS OF FACT**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the debtor's bankruptcy estate and is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    On December 22, 2008, an involuntary chapter 11 petition was filed against Namco Capital Group, Inc., a California corporation ("Namco"). On January 29, 2009, an order for relief was entered in the Namco bankruptcy case.

4.    On May 8, 2009, the Court entered an order approving the appointment of Bradley D. Sharp as the chapter 11 trustee (the "Trustee") in the Namco bankruptcy case.

5.    Plaintiff Kamran Group, LLC was and is a California limited liability company, whose sole member is David Golkar ("Golkar"). Golkar is also the sole shareholder of Kamran Group, Inc. Kamran Group Pasadena, Inc. existence or non-existence was not decided by this Court in the limited consideration trial. Namco was and is a California corporation. Ezri Namvar was the principal and/or agent for Namco in its dealings with Plaintiffs.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

1

FINDINGS OF FACT AND CONCLUSIONS OF LAW

6.      "Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000.  Kamran Group Pasadena, Inc. existence or non-existence was not decided by this Court in the limited consideration trial.  This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration.

7.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000.

8.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000.

9.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000.

10.     "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000.

11.     "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000. Kamran Group Pasadena, Inc. existence or non-existence was not decided by this Court in the limited consideration trial.  This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration.

12.     The promissory notes recited in paragraphs 6 through 11 above are referred to collectively herein as the "Promissory Notes."

13.     Plaintiffs received consideration for the Promissory Notes.

14.     No other findings of fact are made under the Joint Pretrial Order, including:

2

FINDINGS OF FACT AND CONCLUSIONS OF LAW

a. Pursuant to Joint Pretrial Order ¶B(2), whether Kamran Group, LLC and/or Kamran Pasadena Group, Inc., on the one hand, and Namco Capital Group, Inc., on the other hand, entered into a joint venture agreement for the purpose of acquiring and developing real property.

b. Pursuant to Joint Pretrial Order ¶B(3), whether any funds advanced by Namco to either of Plaintiffs, if any, was in furtherance of the joint venture between the parties for the acquisition and development of real property.

c. Pursuant to Joint Pretrial Order ¶B(4), whether any funds advanced by Namco to either of Plaintiffs, if any, was equity contributed by Namco to the joint venture between the parties.

d. Pursuant to Joint Pretrial Order ¶B(5), whether Namco made payments directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property.

e. Pursuant to Joint Pretrial Order ¶B(6), whether payments made by Namco directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property, if any, were in furtherance of the joint venture agreement between the parties for the acquisition and development of real property.

f. Pursuant to Joint Pretrial Order ¶B(7), whether Plaintiffs, respectively, defaulted on the Promissory Notes.

15. No findings of fact are made with respect to the claims and defenses asserted in the following pleadings filed in this adversary matter:

a. Counterclaims for Fraud, Judicial Foreclosure or Collateral Assignment, Breach of Personal Guaranty Agreement, and Constructive Trust, filed by Mehrnaz Hekmatravan on April 21, 2010 (the "Hekmatravan Counterclaims") [Adv. Docket No. 13];

b. Answer to the Hekmatravan Counterclaims filed by Ashland Properties, LLC, Jamshid Baharvar, Faramarz Massachi, as Trustee of the Farmo Trust Dated January 1, 2007, Mahmoud Fatorechi and Soussan Hashemi, Trustees of Fatorechi-Hashemi Family Trust Dated March 29, 2005, Morteza Homayounjam, Faranak Faye Sarafian, Sawtelle Properties, LLC and

Darioush Soleimani (the "Ashland Parties") on May 24, 2010 (the "Ashland Answer") [Adv. Docket No. 16];

       c.     Answer to the Hematravan Counterclaims and Cross Claim for Declaratory Relief, filed by the Trustee on May 28, 2010 (the "Trustee Cross Claim") [Adv. Docket No. 20]; or

       d.     Counterclaim and Cross Claim For: (1) Determination of the Extent, Validity, And Priority of Liens; (2) Relief From The Automatic Stay; and (3) Other Equitable Relief, filed by the Ashland Parties on June 7, 2010 (the "Ashland Counter Claim") [Adv. Docket No. 35].

**II.    CONCLUSIONS OF LAW**

1.     Consideration was tendered pursuant to and under the Promissory Notes.

2.     No other conclusions of law are made under the Joint Pretrial Order, including:

       a.     Pursuant to Joint Pretrial Order ¶C(2), whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

       b.     Pursuant to Joint Pretrial Order ¶C(3), whether the Promissory Notes are void or otherwise unenforceable.

       c.     Pursuant to Joint Pretrial Order ¶C(4), whether the conduct of Namco, including tendering any monies to any Kamran entity, was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco.

       d.     Pursuant to Joint Pretrial Order ¶C(5), whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice.

       e.     Any other legal issues encompassed by the disputed issues of fact set forth in the Joint Pretrial Order.

3.     Pursuant to paragraph J of the Joint Pretrial Order [Adv. Docket No. 69], the Joint Pretrial Order specified the foregoing issues of fact and law as those remaining to be litigated,

superseded the pleadings, and governed the trial of this cause. Conclusions of fact and law were only limited to the issues as set out in the Joint Pretrial Order ¶¶ B(1), C(1).

4. The *ex parte* application of Plaintiffs for a continuance of the trial is denied.

5. The declarations of David Golkar and Alex Helmi and the reply declaration of David Golkar are inadmissible and stricken as a consequence of those witnesses' failure to appear at trial for cross examination.

6. No conclusions of law are made with respect to the claims and defenses asserted in the Hekmatravan Counterclaims, the Ashland Answer, the Trustee Cross Claim or the Ashland Counter Claim.

An order consistent with the foregoing will be entered forthwith.

# # #

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **May 9, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 9, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/9/11 | Kathy Koester | _Kathy Koester_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
| --- | --- |

## II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

**Richard S. Berger**
**Peter J. Gurfein**
**Landau Gottfried & Berger, LLP**
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

## III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras**    dpoitras@jmbm.com
- **Robyn B. Sokol**    rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg**    jeisenberg@jmbm.com
- **Gregory M. Salvato**    gsalvato@salvatolawoffices.com
- **Saul Reiss**    saulreiss@verizon.net
- **Richard S. Berger**    rberger@LGBFirm.com
- **Peter J. Gurfein**    pgurfein@LGBFirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## SERVED BY PERSONAL DELIVERY:

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**