DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR (Bar No. 139091)
JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:    310.203.8080
Facsimile:    310.203.0567
Email:        dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC., a California corporation, <br><br> Debtor. | Case No.: 2:08-ap-32333 BR <br><br> Chapter 11 <br><br> Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI | **DECLARATION OF DAVID M. POITRAS IN SUPPORT OF ENTRY OF DEFENDANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND JUDGMENT AFTER TRIAL** <br><br> **Trial Date:** <br><br> DATE:  April 27, 2011 <br> TIME:  10:00 a.m. <br> CTRM:  1668 |

PRINTED ON

RECYCLED PAPER

7946486v1

AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,

Defendants.

AND RELATED COUNTERCLAIMS

I, DAVID M. POITRAS declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California, and duly admitted to practice before the United States Bankruptcy Court for the Central District of California. Except as otherwise stated, each of the facts contained in this declaration is based upon my personal knowledge and if called upon to do so, I could competently testify thereto.

2.    Jeffer Mangels Butler & Mitchell LLP ("JMBM") is counsel to the defendant Bradley D. Sharp, in his capacity as the chapter 11 trustee ("Trustee" or "Defendant") of Namco Capital Group, Inc. ("Namco"). I am one of the attorneys at JMBM principally responsible for representing the Defendant in this adversary proceeding.

3.    Plaintiffs commenced this action on February 24, 2010 by the filing of that certain *Complaint for 1. Breach of Written Contract/Promissory Notes, 2. Breach of Implied Covenant of Good Faith and Fair Dealing, 3. Declaratory Relief, 4. Injunctive Relief, 5. Fraudulent Inducement, 6. Fraud - Intentional Concealment, 7. Fraud - Negligent Concealment, 8. Conversion - Declaration of Constructive/Resulting Trust, 9. Interference with Prospective Economic Advantage, 10. Decree of Dissolution and Winding-Up of Joint Venture, 11. To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs, 12. Rescission, 13. Cancellation, 14, Slander of Title, and 15. For an Accounting* (Docket No. 1)(the "Main Complaint").

4.    Following the filing of the Main Complaint, as reflected on the docket of this adversary proceeding, three separate cross- claims/counterclaims were filed (the "Counterclaims").

5.      At a Status Conference held July 13, 2010 on the Main Complaint and the Counterclaims, the Court ordered that the Main Complaint and the Counterclaims be bifurcated, and that discovery and trial on the Main Complaint be completed prior to discovery and trial on the Counterclaims.

6.      I appeared at the July 13, 2010 Status Conference on behalf of the Trustee. I do not recall any discussion about the bifurcated action on the Main Complaint being limited in any way to only certain claims and causes of action set forth in the Main Complaint. To the contrary, my recollection is that discovery and trial would go forward at that time on all claims and causes of action set  forth in the Main Complaint. Following the July 27, 2011 Status Conference in this adversary proceeding, I caused a copy of the transcript from the July 13, 2010 to be ordered. As of the date of this declaration, I have not received a copy of the transcript from the July 13, 2010 Status Conference.

7.      Following the July 13, 2011 Status Conference, the Court entered that certain *Scheduling Order After Status Conference* (Docket No. 49)(the "Scheduling Order"). The Scheduling Order does not set forth any limitation on the claims and causes of action in the Main Complaint for discovery or trial. To the contrary, the Scheduling Order provides that "Discovery regarding only the claims of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC in this adversary case shall be completed no later than November 15, 2010. The discovery cut-off does not apply to the counter-claims and cross-claims raised by any other parties in this adversary case." A true copy of the Scheduling Order is attached to this declaration as Exhibit 1.

8.      Thereafter, Plaintiffs propounded written discovery upon the Trustee. The written discovery propounded upon the Trustee was not limited to any particular issue, claim or cause of action set forth in the Main Complaint. To the contrary, Plaintiffs' written discovery makes inquiry into the entire subject matter of the Main Complaint. Attached to this declaration as Exhibit 2 is a true copy of *Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC's Request for Admissions to Bradley D. Sharp, Set One.* Attached to this declaration as Exhibit 3 is a true copy of *Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC's Special Interrogatories to Bradley D. Sharp, Set One.* Attached to this declaration as Exhibit 4 is a true copy of *Plaintiffs*

PRINTED ON
RECYCLED PAPER

7946486v1

- 3 -

*Kamran Pasadena Group, Inc and Kamran Group, LLC's Request for Production of Documents to Bradley D. Sharp, Set One.*

9.    Thereafter, Plaintiffs noticed the Trustee's deposition.    Attached to this declaration as Exhibit 5 is a true copy of Plaintiffs' *Notice of Deposition of Namco Capital Group, Inc., by Person(s) Most Qualified* (the "Deposition Notice").    As was the case with Plaintiffs' written discovery, the Deposition Notice is not limited to whether or not consideration was tendered pursuant to and under the promissory notes at issue; the Deposition Notice seeks inquiry into 47 separate topics, which topics comprise all issues, claim, and causes of action set forth in the Main Complaint.

10.    Thereafter, Plaintiffs forwarded to counsel for the Trustee a proposed Joint Pretrial Order.  A Joint Pretrial Order was entered in this adversary proceeding on January 18, 2011 (Docket No. 69)("Pretrial Order").  A true copy of the Pretrial Order is attached to this declaration as Exhibit 6.

11.    The Pretrial Order does reserve any issues, claims or causes of action included in the Main Complaint for trial at any time other than the trial scheduled for April 27, 2011.

12.    To the contrary, the Pretrial Order states: "The foregoing admissions have been made by the parties, ***and the parties have specified the foregoing issues of fact and law remaining to be litigated.  Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.***" (Emphasis added).

13.    There was no agreement or understanding that the trial in this matter was limited to whether or not consideration was tendered pursuant to and under the promissory notes.

14.    To the contrary, it is quite clear that the Court ordered that all of the claims and causes of action be bifurcated from the Counterclaims.    That Plaintiffs understood and acknowledged such order and proceeded to conduct discovery concerning all of the claims and causes of action set forth in the Main Complaint.    The Plaintiffs further confirmed and acknowledged this understanding by signing off on the Pretrial Order with the foregoing language.

PRINTED ON
RECYCLED PAPER

7946486v1

- 4 -

15.    Based upon the foregoing, it is clear that Plaintiffs' claim that the trial was limited to a single issue, that is whether consideration was tendered pursuant to and under the promissory notes, has no basis whatsoever in either fact or law.

16.    Accordingly, as a matter of law, judgment can and should be entered in favor of the Trustee concerning all claims and causes of action set forth in the Main Complaint. Based thereon, I submit that the proposed Findings of Fact and Conclusions of Law and the corresponding Judgment lodged by the Trustee should be entered by the Court forthwith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed this 1st day of August, 2011, in Los Angeles, California.

_/s/ David M. Poitras_
DAVID M. POITRAS

PRINTED ON
RECYCLED PAPER

7946486v1

- 5 -

# EXHIBIT 1

David M. Poitras - Bar No. 141309
Dan P. Sedor - Bar No. 139091
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:     310.203.8080
Facsimile:     310.203.0567
Email:         dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

Steven T. Gubner - Bar No. 156593
Robyn B. Sokol - Bar No. 159506
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email:     sgubner@ebg-law.com
           rsokol@ebg-law.com

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group, Inc.

FILED & ENTERED

AUG 13 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY oflores   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333 BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| | Adv. No. 2:10-ap-01244 BR |
| Debtor | |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC a California limited liability company, | **SCHEDULING ORDER AFTER STATUS CONFERENCE**<br><br>Date:   July 13, 2010<br>Time:   2:00 p.m.<br>Place:  Courtroom 1668 |
| Plaintiffs,<br>v. | U.S. Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, etc., et al. | Continued Status Conference:<br>Date:   October 5, 2010<br>Time:   10:00 a.m.<br>Place:  Courtroom 1668 |
| Defendants. | U.S. Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

1

277494

Exhibit 1 - 6

MEHRNAZ HEKMATRAVAN,

Claimant,

v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN GROUP, INC., a California corporation, KAMRAN PASADENA, INC., a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual, VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Company, SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, an individual, and DOES 101 through 125,

Defendants.

BRADLEY D. SHARP, Chapter 11 Trustee,

Cross-Plaintiff,

v.

MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California limited liability company, SAWTELLE PROPERTIES, LLC, a California limited liability company, JAMSHID BAHRVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, DANIEL JACOB ISSAC, an individual, MEHRNAZ HEKMATRAVAN, an individual, MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST, a trust

Cross-Defendants.

277494

2

Exhibit 1 - 7

ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEIMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and, DARIUSH SOLEIMANI, an individual;

        Counter-Claimants,
        Cross-Claimants, and
        Third Party Plaintiffs,

v.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

        Counter-Defendants,
        And Cross-Defendants

This matter came on for a Status Conference hearing on July 13, 2010 at 2:00 p.m. before the Honorable Barry Russell in Courtroom 1668 of the United States Bankruptcy Court, Central District of California, Los Angeles Division, located at 255 East Temple Street, Los Angeles, California 90012. Robyn B. Sokol of Ezra Brutzkus Gubner LLP appeared as special counsel for Bradley D. Sharp, Chapter 11 Trustee. All other appearances are as reflected in the Court's record.

The Court, having reviewed the pleadings on file in this adversary case, and after hearing oral representations made by counsel at the hearing, orders as follows:

1.    A further Status Conference shall be held on October 5, 2010 at 10:00 a.m. in Courtroom 1668 of this Court.

2.    Discovery regarding only the claims of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC in this adversary case shall be completed no later than November 15,

277494

3

Exhibit 1 - 8

2010. This discovery cut-off does not apply to the counter-claims and cross-claims raised by any other parties in this adversary case.

Dated:  August 13, 2010

JEFFER MANGELS BUTLER
& MARMARO, LLP

By:  /s/ David M. Poitras
      David M. Poitras
      Counsel for Bradley D. Sharp,
      Chapter 11 Trustee for the Estate of Estate
      Financial Mortgage Fund

Dated:  August 13, 2010

EZRA BRUTZKUS GUBNER LLP

By:  /s/ Robyn B. Sokol
      Robyn B. Sokol
      Special Counsel for Bradley D. Sharp,
      Chapter 11 Trustee for Namco Capital
      Group, Inc

###

DATED: August 13, 2010

_____
United States Bankruptcy Judge

277494

4

Exhibit 1 - 9

| In re: NAMCO CAPITAL GROUP, INC., *etc.*, *et al.*, Debtor(s). | CHAPTER 11 |
|---|---|
| | CASE NUMBER 2:08-bk-32333-BR |
| | ADV. No. 2:10-ap-01244-BR |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

The foregoing document described **SCHEDULING ORDER AFTER STATUS CONFERENCE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 9, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On August 9, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Via U.S. Mail*

| Honorable Barry Russell United States Bankruptcy Court 255 E. Temple Street, Suite 1660 Los Angeles, CA 90012 | Dugan Kelley, Esq. Matthew Clarke, Esq. Christman Kelley & Clarke 5215 N. O'Connor Blvd., Suite 200 Irvine, TX 75039 |
|---|---|

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 9, 2010 | KRISTINA DOW | /s/ Kristina Dow |
|---|---|---|
| Date | Type Name | Signature |

5

277494

Exhibit 1 - 10

## SERVICE LIST VIA U.S. MAIL

Ashland Properties LLC
Weissmann Wolff et al
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff et al
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff
9665 Wilshire Blvd - 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff
9665 Wilshire Blvd - 9th Fl
Beverly Hills, CA 90212

Timothy Neufeld
Neufeld Law Group
360 E 2nd St Ste 703
Los Angeles, CA 90012

Saul Reiss
Law Offices of Saul Reiss
2800 28th St., Ste 328
Santa Monica, CA 90405

John M Rygh
915 Wilshire Bl Ste 2100
Los Angeles, CA 90017

Sawtelle Properties LLC
Weissmann Wolff
9665 Wilshire Blvd - 9th Fl
Beverly Hills, CA 90212

277494

6

Exhibit I - 11

| In re: NAMCO CAPITAL GROUP, INC., *etc.*, *et al.*, Debtor(s). | CHAPTER 11 |
|---|---|
| | CASE NUMBER 2:08-bk-32333-BR |
| | ADV. No. 2:10-ap-01244-BR |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **SCHEDULING ORDER AFTER STATUS CONFERENCE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>August 9, 2010</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

277494

7

Exhibit 1 - 12

# EXHIBIT 2

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
Zubin Farinpour, SBN 270007
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara, California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE | **PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC'S REQUEST FOR ADMISSIONS TO BRADLEY D. SHARP, SET ONE** |

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 13

FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

       Defendants.

_____

AND RELATED COUNTER CLAIMS

PROPOUNDING PARTY:      PLAINTIFFS KAMRAN PASADENA GROUP, INC.
                           AND KAMRAN GROUP, LLC

RESPONDING PARTY:      DEFENDANT BRADLEY D. SHARP

SET NO.:                     ONE

Pursuant to California *Code of Civil Procedure* section 2033.010, et seq., Plaintiff hereby requests that Defendant Bradley D. Sharp answer each request for admission set forth below in writing and under oath within 30 days after service of these requests for admission, as provided for in section 2033.010, *et seq.*, of the California *Code of Civil Procedure.*

## DEFINITIONS

1.    As used herein, the term "SHARP" refers to defendant BRADLEY D. SHARP and includes his past or present agents, servants, employees, representatives, or others acting at his direction.

2.    "YOU" and "YOUR" shall mean and refer to Defendant BRADLEY D. SHARP and includes any past or present agents, servants, employees, representatives, or others acting at his direction.

3.    As used herein, the term "PLAINTIFFS'" refers to plaintiffs KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

4.    As used herein, the term "DEFENDANT" refers to defendant BRADLEY D. SHARP and includes any of their past or present agents, servants, employees, representatives, or others acting at their direction.

1

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 14

5. As used herein, the term "KAMRAN" refers to plaintiffs KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

6. As used herein, the term "NAMCO" refers to debtor NAMCO CAPITAL GROUP, INC., and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

7. As used herein, the term "NAMVAR" shall mean and refer to EZRI NAMVAR and includes any of his past or present agents, servants, employees, representatives, or others acting at his direction.

8. As used herein, the term "BANNING PROJECT" shall mean and refer to the residential development project in Banning, California.

9. As used herein, the term "PASADENA PROJECT" shall mean and refer to Ezri NAMVAR and David Golkar's development of 233 Fair Oaks and 25 West Walnut in Pasadena, California.

10. As used herein, the term "PROMISSORY NOTES " shall mean and refer to the promissory notes given by Kamran to NAMCO.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU entered into a joint venture relationship with PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU and PLAINTIFF agreed to a 50% / 50% ownership split of the joint venture.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU agreed to contribute financial expertise and 90% of the equity within the joint venture relationship between YOU and PLAINTIFFS.

///

Exhibit 2 - 15

**REQUEST FOR ADMISSION NO. 4:**

Admit that GOLKAR agreed to contribute his development expertise and 10% of the equity within the joint venture relationship between YOU and PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU and KAMRAN agreed to a 50% / 50% split of all profits within the joint venture relationship between YOU and KAMRAN.

**REQUEST FOR ADMISSION NO. 6:**

Admit that GOLKAR was to manage the joint venture relationship.

**REQUEST FOR ADMISSION NO. 7:**

Admit that funds paid by YOU and KAMRAN were credited toward YOUR and KAMRAN'S capital account.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU presented YOURSELF to PLAINTIFF as a legitimate businessman with specialized skill and expertise in finance.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU presented YOURSELF to PLAINTIFF as a legitimate businessman with the ability to either fund or find financing for development deals that PLAINTIFF was acquiring for joint venture purposes with YOU.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU and PLAINTIFF entered into an oral Joint Venture Agreement to complete the PASADENA DEVELOPMENT (assemblage and development).

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU through YOUR Tranmar entity acquired 233 North Fair Oaks Avenue in Pasadena, California.

**REQUEST FOR ADMISSION NO. 12:**

Admit that GOLKAR through his KAMRAN entity acquired the Pasadena Athletic Club Corporation, condominiums and affordable housing site (25 West Walnut Avenue in Pasadena, California).

3
REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 16

**REQUEST FOR ADMISSION NO. 13:**

Admit that in or around December 2007, YOU and KAMRAN created Walnut Holding Company, LLC.

**REQUEST FOR ADMISSION NO. 14:**

Admit that transfer of the real estate and corporate stock to the Walnut Holding Company did not take place as promised.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU and GOLKAR wanted to develop 233 Fair Oaks and 25 West Walnut properties into one mixed use project for South Pasadena.

**REQUEST FOR ADMISSION NO. 16:**

Admit that GOLKAR through his KAMRAN entity and YOU agreed to proceed with the acquisition and development of 233 Fair Oaks and 25 West Walnut in furtherance of YOUR joint venture relationship with KAMRAN.

**REQUEST FOR ADMISSION NO. 17:**

Admit that on or about August 12, 2005, 233 Fair Oaks was purchased for $4,300,000.00.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU own Tranmar Properties, LLC.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU are a managing member of Tranmar Properties, LLC.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU requested that GOLKAR agree to use Tranmar Properties, LLC., to acquire 233 Fair Oaks.

**REQUEST FOR ADMISSION NO. 19:**

Admit that KAMRAN tendered $1,250,000 for the purchase of 233 Fair Oaks.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU borrowed a total of $5,000,000 against the 233 Fair Oaks Property.

///

///

4

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 17

**REQUEST FOR ADMISSION NO. 21:**

Admit that at the time YOU borrowed $5,000,000 against the 233 Fair Oaks Property, title to this property was held by Tranmar Properties, LLC.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the $5,000,000 YOU borrowed against the 233 Fair Oaks Property, was obtained from United Commercial Bank.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the $5,000,000 YOU borrowed against the 233 Fair Oaks Property, was obtained fraudulently.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the $5,000,000 YOU borrowed against the 233 Fair Oaks Property, was obtained without the consent, notice, or knowledge of KAMRAN.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU and PLAINTIFFS purchased the Pasadena Athletic Club at 25 West Walnut, Unit #503 for $7,650,000.

**REQUEST FOR ADMISSION NO. 26:**

Admit that KAMRAN deposited $250,000 in or around February 2006 toward purchase of the 25 West Walnut, Unit #503 property.

**REQUEST FOR ADMISSION NO. 27:**

Admit that KAMRAN released $500,000 in or around June 2006 toward purchase of the 25 West Walnut, Unit #503 property.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the 25 West Walnut, Unit #503 property was to be transferred into the joint venture Walnut Holding.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the 25 West Walnut, Unit #503 property was initially agreed to be held in the KAMRAN entity.

///

Exhibit 2 - 18

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU and PLAINTIFFS negotiated a price of $530,000 for Unit #405 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU deposited $30,000 to escrow on Unit #405 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU deposited $503,154 on Unit #405 at 25 West Walnut, upon closing of escrow.

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU and PLAINTIFFS negotiated a price of $1,650,000 for Unit #504 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU deposited $300,000 to escrow on Unit #504 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU deposited $1,357,847 on Unit #504 at 25 West Walnut, upon closing of escrow.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU and PLAINTIFFS negotiated a price of $780,000 for Unit #501 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU deposited $150,000 to escrow on Unit #501 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 38:**

Admit that PLAINTIFFS deposited $630,000 on Unit #501 at 25 West Walnut, upon closing of escrow.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU and PLAINTIFFS negotiated a price of $648,600 for Unit #402 at 25 West Walnut.

///

Exhibit 2 - 19

**REQUEST FOR ADMISSION NO. 40:**

Admit that YOU deposited $125,000 to escrow on Unit #402 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 41:**

Admit that PLAINTIFFS have continued to pay the mortgage on Unit #402 at 25 West Walnut, as a result of the $127,000 mortgage carried by the previous owner.

**REQUEST FOR ADMISSION NO. 42:**

Admit that on or about November 21, 2008 PLAINTIFFS paid an additional $57,194 to the previous owner (Chris Holden) of Unit #402 at 25 West Walnut, for an extension of escrow.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Chris Holden currently owns about 2% of Unit #402 at 25 West Walnut.

**REQUEST FOR ADMISSION NO. 44:**

Admit that in 2006 KAMRAN was procuring entitlements for the PASADENA PROJECT.

**REQUEST FOR ADMISSION NO. 45:**

Admit that YOU and KAMRAN purchased the 810-820 Marengo Avenue property in Pasadena, California for $3,600,000.

**REQUEST FOR ADMISSION NO. 46:**

Admit that YOU and KAMRAN purchased the 810-820 Marengo Avenue property in Pasadena, California for the purpose of satisfying low income housing requirements.

**REQUEST FOR ADMISSION NO. 47:**

Admit that YOU contributed $400,000 toward the acquisition of the 810-820 Marengo Avenue property in Pasadena, California, in or about April 2007.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the MARENGO transaction closed on or about June 27, 2007.

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOU and KAMRAN planned a residential development project in Banning, California (BANNING PROJECT).

**REQUEST FOR ADMISSION NO. 50:**

Admit that KAMRAN contributed a total of $4,300,000 toward the BANNING PROJECT.

Exhibit 2 - 20

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU initially agreed to convert the $4,300,000 paid by KAMRAN into a loan.

**REQUEST FOR ADMISSION NO. 52:**

Admit that YOU issued KAMRAN an unsecured PROMISSORY NOTE reflecting the $4,300,000 paid by KAMRAN.

**REQUEST FOR ADMISSION NO. 53:**

Admit that in or around March 2008, YOU agreed to credit PLAINTIFFS' capital account with the $4,300,000 initially paid for the BANNING PROJECT.

**REQUEST FOR ADMISSION NO. 54:**

Admit that after YOU credited PLAINTIFFS' capital account with the $4,300,000 paid for the BANNING PROJECT, PLAINTIFF no longer had an interest in the BANNING PROJECT.

**REQUEST FOR ADMISSION NO. 55:**

Admit that KAMRAN fully complied with joint venture terms, conditions, and obligations.

**REQUEST FOR ADMISSION NO. 56:**

Admit that KAMRAN needed cash to continue to develop the 25 West Walnut project and other projects.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the total acquisition price for the real properties included in the PASADENA PROJECT was $19,226,215.

**REQUEST FOR ADMISSION NO. 58:**

Admit that PLAINTIFFS contributed over $8,300,000 rather than the $1,922,621.50 they were obligated to pay under the terms of the joint venture between YOU and PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 59:**

Admit that PLAINTIFFS agreed to YOUR payment of $12,650,000 in exchange for PROMISSORY NOTES secured by the 25 West Walnut and Marengo properties.

**REQUEST FOR ADMISSION NO. 60:**

Admit that on or about June 29, 2007 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $5,000,000 secured by 25 West Walnut, Unit #503.

8

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 21

**REQUEST FOR ADMISSION NO. 61:**

Admit that on or about September 11, 2008 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $1,700,000 secured by 25 West Walnut, Unit #503.

**REQUEST FOR ADMISSION NO. 62:**

Admit that on or about September 10, 2007 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $600,000 secured by 25 West Walnut, Unit #501.

**REQUEST FOR ADMISSION NO. 63:**

Admit that on or about September 10, 2007 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $1,300,000 secured by 25 West Walnut, Unit #504.

**REQUEST FOR ADMISSION NO. 64:**

Admit that on or about September 10, 2007 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $450,000 secured by 25 West Walnut, Unit #405.

**REQUEST FOR ADMISSION NO. 65:**

Admit that on or about June 29, 2007 PLAINTIFFS gave a PROMISSORY NOTE to YOU in exchange for $3,600,000 secured by the MARENGO properties.

**REQUEST FOR ADMISSION NO. 66:**

Admit that YOU communicated to KAMRAN that no payments on the PROMISSORY NOTES were due until the PROMISSORY NOTE amounts were tendered to KAMRAN

**REQUEST FOR ADMISSION NO. 67:**

Admit that YOU communicated to KAMRAN that no interest on the PROMISSORY NOTES was due until the PROMISSORY NOTE amounts were tendered to KAMRAN.

**REQUEST FOR ADMISSION NO. 68:**

Admit that YOU sold fractional interests of the PROMISSORY NOTES to third parties.

**REQUEST FOR ADMISSION NO. 69:**

Admit that YOU received approximately $11,406,200 as a result of selling fractional interests of the PROMISSORY NOTES to third parties.

///

///

9

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 22

**REQUEST FOR ADMISSION NO. 70:**

Admit that YOU did not have the legal right to sell fractional interests in the PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU never paid any consideration to PLAINTIFFS for the PROMISSORY NOTES issued by PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 72:**

Admit that PLAINTIFFS never received any consideration for the PROMISSORY NOTES issued by PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 73:**

Admit that YOU were put into an involuntary bankruptcy proceeding prior to honoring YOUR promises and contractual obligations.

**REQUEST FOR ADMISSION NO. 74:**

Admit that NAMVAR was put into an involuntary bankruptcy proceeding prior to YOU honoring YOUR promises and contractual obligations.

**REQUEST FOR ADMISSION NO. 75:**

Admit that R. Todd Neilson was appointed as the Chapter 11 Trustee for NAMVAR.

**REQUEST FOR ADMISSION NO. 76:**

Admit that YOUR trustee has declared Notices of Default against KAMRAN for alleged failures to pay interest on KAMRAN'S PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 77:**

Admit that YOUR trustee has declared Notices of Default against KAMRAN for alleged failures to pay principal payments on KAMRAN'S PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 78:**

Admit that YOUR bankruptcy trustee is demanding over $18 million in order to prevent a non-judicial foreclosure on the PASADENA PROJECT.

///

///

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 23

**REQUEST FOR ADMISSION NO. 79:**

Admit that the Notices of Default on KAMRAN'S PROMISSORY NOTES are null and void.

**REQUEST FOR ADMISSION NO. 80:**

Admit that foreclosure proceedings concerning PLAINTIFFS' interests in the PASADENA PROJECT are null and void.

**REQUEST FOR ADMISSION NO. 81:**

Admit that YOUR bankruptcy trustee made a wrongful assumption that consideration for PROMISSORY NOTES was paid to PLAINTIFF.

**REQUEST FOR ADMISSION NO. 82:**

Admit that YOU refused to tender consideration in the amount of $12,650,000 without cause or contractual basis.

**REQUEST FOR ADMISSION NO. 83:**

Admit that YOUR bankruptcy trustee refused to tender consideration in the amount of $12,650,000 without cause or contractual basis.

**REQUEST FOR ADMISSION NO. 84:**

Admit that YOU issued a default when no default existed under the terms of the Agreements.

**REQUEST FOR ADMISSION NO. 85:**

Admit that YOUR bankruptcy trustee issued a default when no default existed under the terms of the Agreements.

**REQUEST FOR ADMISSION NO. 86:**

Admit that YOU imposed wrongful fees and charges based on a default that did not exist.

**REQUEST FOR ADMISSION NO. 87:**

Admit that YOUR bankruptcy trustee imposed wrongful fees and charges based on a default that did not exist.

**REQUEST FOR ADMISSION NO. 88:**

Admit that YOU prevented PLAINTIFFS' performance under the agreements, then calling a default based on that purported failure to perform.

11

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 24

**REQUEST FOR ADMISSION NO. 89:**

Admit that YOUR bankruptcy trustee prevented PLAINTIFFS' performance under the agreements, then calling a default based on that purported failure to perform.

**REQUEST FOR ADMISSION NO. 90:**

Admit that YOU filed Notices of Default when YOUR own actions created a fictional alleged default.

**REQUEST FOR ADMISSION NO. 91:**

Admit that YOUR bankruptcy trustee filed Notices of Default when YOUR own actions created a fictional alleged default.

**REQUEST FOR ADMISSION NO. 92:**

Admit that YOU failed to give proper notice prior to issuing a default on PLAINTIFFS' PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 93:**

Admit that YOUR bankruptcy trustee failed to give proper notice prior to issuing a default on PLAINTIFFS' PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 94:**

Admit that YOU acted deceitfully regarding YOUR intention to avoid performance of YOUR obligations under the Agreements.

**REQUEST FOR ADMISSION NO. 95:**

Admit that YOUR bankruptcy trustee acted deceitfully regarding YOUR intention to avoid performance of YOUR obligations under the Agreements.

**REQUEST FOR ADMISSION NO. 96:**

Admit that YOU breached the terms of YOUR Agreements with PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 97:**

Admit that YOUR bankruptcy trustee breached the terms of YOUR Agreements with PLAINTIFFS.

///

///

Exhibit 2 - 25

**REQUEST FOR ADMISSION NO. 98:**

Admit that YOU breached an implied covenant of good faith and fair dealing owed to PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 99:**

Admit that YOU concealed YOUR own impaired financial status while YOU attempted to take concessions from PLAINTIFFS.

**REQUEST FOR ADMISSION NO. 100:**

Admit that YOU imposed improper fees and charges based on a nonexistent default.

**REQUEST FOR ADMISSION NO. 101:**

Admit that YOU abused YOUR power to determine and impose fees and charges on the account.

**REQUEST FOR ADMISSION NO. 102:**

Admit that YOU secretly borrowed $5 million on the 233 Fair Oaks property.

**REQUEST FOR ADMISSION NO. 103:**

Admit that YOU refused to tender consideration of $12,650,000 as consideration for PLAINTIFFS' PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 104:**

Admit that YOU secretly sold fractional interests of the PROMISSORY NOTES .

**REQUEST FOR ADMISSION NO. 105:**

Admit that the PROMISSORY NOTES  are invalid because they are not supported by consideration.

**REQUEST FOR ADMISSION NO. 106:**

Admit that YOU represented to PLAINTIFFS that YOU had sufficient capital to tender $12,650,000 as consideration for PLAINTIFFS' PROMISSORY NOTES , with the intention to deceive and defraud PLAINTIFFS and induce them to act in reliance on these representations.

///

///

///

13

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 26

**REQUEST FOR ADMISSION NO. 107:**

Admit that YOU represented to PLAINTIFFS that YOU would fully tender consideration for PLAINTIFFS' PROMISSORY NOTES , with the intention to deceive and defraud PLAINTIFFS and induce them to act in reliance on these representations.

**REQUEST FOR ADMISSION NO. 108:**

Admit that YOU intended to drive the 25 West Walnut and Marengo properties into foreclosure on the basis of false and illegal defaults.

DATED: September 7, 2010                    CHRISTMAN, KELLEY & CLARKE

By: _____
    Matthew M. Clarke
    Dugan P. Kelley
    Zubin Farinpour
    Attorneys for Plaintiffs and Counter-Defendants
    Kamran Pasadena Group, Inc. and Kamran
    Group, LLC

14

REQUEST FOR ADMISSIONS, SET 1

Exhibit 2 - 27

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California, 93101. A true and correct copy of the foregoing document described **REQUEST FOR ADMISSIONS, SET ONE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Address(es)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 7, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/7/2010 | Matthew M. Clarke | _Matthew Clarke_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009
09019.003 - 163624.1

Exhibit 2 - 28

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

I.     **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

- David M. Poitras
- Robyn B. Sokol
- Joseph A. Eisenberg
- Gregory M. Salvato
- United States Trustee (LA)
- Saul Reiss

dpoitras@jmbm.com
rsokol@ebg-law.com
jeisenberg@jmbm.com
gsalvato@pmcos.com
ustpregion16.la.ecf@usdoj.gov
saulreiss@verizon.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

*F 9013-3.1*

Exhibit 2 - 29

# EXHIBIT 3

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
Zubin Farinpour, SBN 270007
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara. California 93101
Telephone:   (805) 884-9922
Facsimile:   (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES. LLC: a California | **PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC'S SPECIAL INTERROGATORIES TO BRADLEY D. SHARP, SET ONE** |

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 30

limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100

Defendants.

_____

—

AND RELATED COUNTER CLAIMS

PROPOUNDING PARTY:      PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC

RESPONDING PARTY:       DEFENDANT BRADLEY D. SHARP

SET NO.:                ONE

Pursuant to California Code of Civil Procedure section 2030.010, et seq., Plaintiffs hereby request that Defendant Bradley D. Sharp, answer each special interrogatory set forth below in writing and under oath within 30 days after service of these special interrogatories, as provided for in section 2030.010, et seq., of the California Code of Civil Procedure.

## DEFINITIONS

1.      At all times mentioned herein, the terms "document" and/or "documents," whether or not designated as original, are defined as and shall mean each and every writing within the meaning of *California Evidence Code* § 250 and shall include without limitation, all manner of written, reproduced or recorded matter (in writing, mechanically, photographically, or electronically) including, but not limited to, all email, photographs, letters, notes, handwritten notes, correspondence, files, books, records, memoranda, contracts, agreements, orders, invoices, billings, statements of indebtedness, agenda transcriptions, telegrams, telecopies, Telex and TWX messages, summaries, diaries, calendars, notebooks, charts, plans, drawings, computer

1

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 31

printouts, minutes or records of meetings or conferences, lists, drafts and notations, financial records and copies thereof. To the extent that a document or writing differs from other copies or originals of the same by reason of notations, comments, deletions, markings or other differences, said document or writing shall be deemed a separate document.

2.　At all times mentioned herein, the terms "document" and/or "documents" shall also be construed to mean and include any computerized records of communications through any inter-company or computerized "mail" or such similarly designated method of computerized communication, such as "e-mail," "voice-mail," etc.

3.　As used herein, the term "SHARP" refers to defendant BRADLEY D. SHARP and includes his past or present agents, servants, employees, representatives, or others acting at his direction.

4.　"YOU" and "YOUR" shall mean and refer to defendant BRADLEY D. SHARP and includes any past or present agents, servants, employees, representatives, or others acting at his direction.

5.　As used herein, the term "PLAINTIFFS'" refers to plaintiffs KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

6.　As used herein, the term "DEFENDANT" refers to defendant BRADLEY D. SHARP and includes any of their past or present agents, servants, employees, representatives, or others acting at their direction.

7.　As used herein, the term "KAMRAN" refers to plaintiffs KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

8.　As used herein, the term "NAMCO" refers to debtor NAMCO CAPITAL GROUP, INC., and includes its franchisees involved in this suite, any of its affiliates, partners,

2

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 32

parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

9.  As used herein, the term"NAMVAR" shall mean and refer to EZRI NAMVAR and includes any of his past or present agents, servants, employees, representatives, or others acting at his direction.

10.  As used herein, the term "BANNING PROJECT" shall mean and refer to the residential development project in Banning, California.

11.  As used herein, the term "PASADENA PROJECT" shall mean and refer to Ezri Namvar and David Golkar's development of 233 Fair Oaks and 25 West Walnut in Pasadena, California.

12.  As used herein, the term "PROMISSORY NOTES" shall mean and refer to the promissory notes given by Kamran to Namco.

## INSTRUCTIONS

In answering each interrogatory:

(a) State whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, identify each person known to have personal knowledge of the answer;

(b) Identify each document that was used in any way to formulate the answer.

## SPECIAL INTERROGATORIES

1.  Describe with specificity the nature of YOUR joint venture relationship with PLAINTIFFS. "Specificity" means all facts, circumstances or dates surrounding the specific request.

2.  Describe with specificity YOUR duties and responsibilities as a joint venturer with PLAINTIFF. "Specificity" means all facts, circumstances or dates surrounding the specific request.

///

///

3

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 33

3. Describe with specificity YOUR and PLAINTIFFS' development plans for 233 North Fair Oaks Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

4. State with specificity the terms of YOUR agreement with PLAINTIFFS concerning the purchase of 233 North Fair Oaks Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

5. State with specificity the terms of YOUR agreement with PLAINTIFFS concerning the development of 233 North Fair Oaks Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

6. Describe with specificity YOUR and PLAINTIFFS' development plans for 25 West Walnut Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

7. State with specificity the terms of YOUR agreement with PLAINTIFFS concerning the purchase of 25 West Walnut Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

8. State with specificity the terms of YOUR agreement with PLAINTIFFS concerning the development of 25 West Walnut Avenue in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

9. Describe with specificity the process by which YOU borrowed $2,500,000 against the 233 Fair Oaks Property in 2005. "Specificity" means all facts, circumstances or dates surrounding the specific request.

10. Describe with specificity the process by which YOU borrowed $2,500,000 against the 233 Fair Oaks Property in 2006. "Specificity" means all facts, circumstances or dates surrounding the specific request.

11. Identify any and all individuals involved in the decision to borrow a total of $5,000,000 against the 233 Fair Oaks Property.

///

4

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 34

12. Describe with specificity the terms of YOUR agreement with PLAINTIFFS concerning the four residential units at 25 West Walnut in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

13. Describe with specificity the terms of YOUR agreement with PLAINTIFFS concerning the 810-820 Marengo Avenue property in Pasadena, California. "Specificity" means all facts, circumstances or dates surrounding the specific request.

14. Describe with specificity the terms of YOUR agreement with PLAINTIFFS concerning the BANNING PROJECT. "Specificity" means all facts, circumstances or dates surrounding the specific request.

15. Describe with specificity the terms of YOUR agreement with PLAINTIFFS to credit PLAINTIFFS' capital account with the $4,300,000 initially paid for the BANNING PROJECT.

16. State the amount PLAINTIFFS were obligated to contribute to the PASADENA PROJECT under the joint venture agreement between YOU and PLAINTIFFS.

17. State the amount PLAINTIFFS actually contributed to the PASADENA PROJECT.

18. Describe with specificity the terms of the PROMISSORY NOTES issued to YOU by PLAINTIFFS in exchange for $12,650,000. "Specificity" means all facts, circumstances or dates surrounding the specific request.

19. Identify any and all properties securing the PROMISSORY NOTES.

20. State with specificity any and all consideration paid to PLAINTIFFS in exchange for the PROMISSORY NOTES. "Specificity" means all facts, circumstances or dates surrounding the specific request.

21. Identify any and all fractional interests of the PROMISSORY NOTES that YOU have sold to third parties.

22. State any and all amounts YOU have received as a result of selling fractional interests of the PROMISSORY NOTES to third parties.

5
SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 35

23. Describe with specificity the terms of repayment of the PROMISSORY NOTES between YOU and PLAINTIFFS. "Specificity" means all facts, circumstances or dates surrounding the specific request.

24. Describe with specificity the grounds for issuing Notices of Default against PLAINTIFFS. "Specificity" means all facts, circumstances or dates surrounding the specific request.

25. Describe with specificity any and all notice given to PLAINTIFFS of their alleged default.

DATED: September 7, 2010          CHRISTMAN, KELLEY & CLARKE

By: _____
     Matthew M. Clarke
     Dugan P. Kelley
     Zubin Farinpour
     Attorneys for Plaintiffs and Counter-Defendants
     Kamran Pasadena Group, Inc. and Kamran
     Group, LLC

6

SPECIAL INTERROGATORIES, SET 1

Exhibit 3 - 36

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California, 93101. A true and correct copy of the foregoing document described **SPECIAL INTERROGATORIES, SET ONE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Address(es)

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 7, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/7/2010 | Matthew M. Clarke | _Matthew Clarke_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**

Exhibit 3 - 37

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

I.    **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

- David M. Poitras
- Robyn B. Sokol
- Joseph A. Eisenberg
- Gregory M. Salvato
- United States Trustee (LA)
- Saul Reiss

dpoitras@jmbm.com
rsokol@ebg-law.com
jeisenberg@jmbm.com
gsalvato@pmcos.com
ustpregion16.la.ecf@usdoj.gov
saulreiss@verizon.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*F 9013-3.1*

*January 2009*
09019.003 - 163624.1

Exhibit 3 - 38

# EXHIBIT 4

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
Zubin Farinpour, SBN 270007
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara. California 93101
Telephone:    (805) 884-9922
Facsimile:    (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br>_____ | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE | **PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO BRADLEY D. SHARP, SET ONE** |

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 39

FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

Defendants.

_____

AND RELATED COUNTER CLAIMS

PROPOUNDING PARTY:    PLAINTIFFS KAMRAN PASADENA GROUP, INC.
                      AND KAMRAN GROUP, LLC

RESPONDING PARTY:     DEFENDANT BRADLEY D. SHARP

SET NO.:              ONE

Pursuant to *California Code of Civil Procedure* section 2031.010, Plaintiff hereby requests that Defendant Bradley D. Sharp produce for inspection and copying the documents described herein, within 30 days after service, at the offices of Christman, Kelley & Clarke, 831 State Street, Santa Barbara, CA 93101, or such other location as mutually agreed by the parties.

Plaintiff further demands that Defendant respond separately, in writing and under oath, to this document demand within thirty (30) days of the date of service.

## DEFINITIONS

1.    "YOU" and "YOUR" shall mean and refer to Defendant BRADLEY D. SHARP and includes any past or present agents, servants, employees, representatives, or others acting at his direction.

2.    At all times mentioned herein, the terms "DOCUMENT" and/or "DOCUMENTS," whether or not designated as original, are defined as and shall mean (in addition to any item specifically requested herein) each and every writing within the meaning of *California Evidence Code* § 250 and shall include without limitation, all manner of written, reproduced or recorded matter (in writing, mechanically, photographically, or electronically) including, but not limited to, all email, photographs, letters, notes, handwritten notes, correspondence, files, books, records, memoranda, contracts, agreements, orders, invoices, billings, statements of indebtedness, agenda transcriptions, telegrams, telecopies, Telex and TWX messages, summaries, diaries, calendars,

1

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 40

notebooks, charts, plans, drawings, computer printouts, minutes or records of meetings or conferences, lists, drafts and notations, financial records and copies thereof. To the extent that a document or writing differs from other copies or originals of the same by reason of notations, comments, deletions, markings or other differences, said document or writing shall be deemed a separate document.

3.     At all times mentioned herein, the terms "DOCUMENT" and/or "DOCUMENTS" shall also be construed to mean and include any computerized records of communications through any inter-company or computerized "MAIL" or such similarly designated method of computerized communication, such as "E-MAIL," "VOICE-MAIL," etc.

4.     RESPONDING PARTY is to search all DOCUMENTS within his or her possession, custody or control, wherever located, including, but not limited to, his or her DOCUMENTS which may be placed in storage facilities and any DOCUMENTS in the possession of any employee, agent, representative, attorney, investigator or other person acting or purporting to act on his or her behalf (whether located at such person's residence or place(s) of business(es).

5.     RESPONDING PARTY is to produce each DOCUMENT requested herein in its original file folder, file jacket, or cover (or designate in writing the titles of such folder, jacket, or cover with respect to each such document) and indicate the company, division, department, and/or individual from whose files the DOCUMENT is being produced

6.     "SHARP" shall mean and refer to defendant BRADLEY D. SHARP, and includes any past or present agents, servants, employees, representatives, or others acting at his direction.

7.     "PLAINTIFFS" shall mean and refer to plaintiffs, Kamran Pasadena Group, Inc. and Kamran Group, LLC, and includes any of its past or present franchisees referenced in this suit, its agents, servants, employees, representatives, or others acting at its direction.

8.     "KAMRAN" shall mean and refer to plaintiff Kamran Pasadena Group, Inc. and Kamran Group, LLC, and includes any of its past or present franchisees referenced in this suit, its agents, servants, employees, representatives, or others acting at its direction.

9.     "DEFENDANT" shall mean and refer to defendant BRADLEY D. SHARP and includes any past or present agents, servants, employees, representatives, or others acting at their

2

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 41

direction.

10. "GOLKAR" shall mean and refer to David Golkar and includes any past or present agents, servants, employees, representative, or other acting at his direction.

11. As used herein, the term "NAMCO" refers to debtor NAMCO CAPITAL GROUP, INC., and includes its franchisees involved in this suite, any of its affiliates, partners, parents, subsidiaries, successors, assigns, past or present agents, servants, employees, representatives, or others acting at its direction.

12. As used herein, the term"NAMVAR" shall mean and refer to EZRI NAMVAR and includes any of his past or present agents, servants, employees, representatives, or others acting at his direction.

13. As used herein, the term "BANNING PROJECT" shall mean and refer to the residential development project in Banning, California.

14. As used herein, the term "PASADENA PROJECT" shall mean and refer to Ezri Namvar and David Golkar's development of 233 Fair Oaks and 25 West Walnut in Pasadena, California.

15. As used herein, the term "PROMISSORY NOTES" shall mean and refer to the promissory notes given by Kamran to Namco.

## INSTRUCTIONS

1. If any DOCUMENT is withheld under claim of privilege, furnish a list identifying each DOCUMENT for which the privilege is claimed, together with the following information: date, sender, recipient, subject matter of DOCUMENT, and the basis on which privilege is claimed.

2. If any DOCUMENT described in this demand was, but no longer is, in YOUR possession, subject to YOUR custody or control, or in existence, state whether:

    (a)   It is missing or lost;

    (b)   It has been destroyed;

    (c)   It has been transferred voluntarily or involuntarily to others; or,

    (d)   It has been disposed of otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the

Exhibit 4 - 42

person(s) directing or authorizing same and the date(s) thereof. Identify each such DOCUMENT by listing its author, its type (e.g., letter, memorandum, telegram, chart, photograph, etc.), and the date, subject matter, present location(s) and custodian(s) of the DOCUMENT.

## PROCEDURE FOR PRESERVATION OF EVIDENCE

Requesting party proposes that all electronic storage media, storage devices or partitions of storage devices or any other device used to electronically or digitally store information, including, but not limited to hard drives, floppy drives, zip drives, CD's, DVD's Memory Sticks, Compact Flash Memory Cards, USB drives, and other such devices containing electronic DOCUMENTS to be produced be copied by means of making a mirror image of that storage device onto write-once CD recordable media or other appropriate storage devices at or before the time of document production in order to preserve evidence from subsequent spoliation (duplicate copy). Requesting party is prepared to enter into an appropriate protective order to protect the privacy and confidentiality of any data so copied which is not otherwise called for in the document production (extraneous data).

## PRIVILEGE

If a DOCUMENT is withheld under a claim of privilege then YOU are requested to comply with the provisions of *California Code of Civil Procedure §2031.240 (b)* and identify the particular privilege and furnish a list identifying each DOCUMENT for which the particular privilege is claimed, together with a particular description of the identity of the DOCUMENT or category for which privilege is claimed, and the paragraph or paragraphs of this request which the DOCUMENT responds.

In the event that there is a claim that the duplicate copy created pursuant to the procedure above has or may contain information which may be withheld under a claim of privilege, the party making such assertion shall have the right to inspect such duplicate copy and to prepare therefrom a redacted duplicate which shall constitute a mirror image of the duplicate with the exception of files to which privilege is asserted which may be encrypted or otherwise password protected. Said redacted duplicate shall then be delivered to the requesting party together with a privilege log identifying each file to which the privilege is asserted together with the file creation date, text date,

4

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 43

sender, recipient, subject matter of the document and the basis for which privilege is claimed. The party asserting the privilege shall retain the duplicate copy and shall make it available upon order of the court to the extent necessary.

### DOCUMENTS NO LONGER IN POSSESSION, CUSTODY OR CONTROL

Pursuant to *California Code of Civil Procedure § 2031.230* if any DOCUMENT described in this request was, but no longer is, in YOUR possession or subject to YOUR custody or control, or in existence, and YOU are unable to comply with the request because of this, then state that:

a.      It never existed; or

b.      It has been destroyed; or

c.      It has been lost, misplaced or stolen;

d.      It never has been, or no longer is, in YOUR possession or control;

e.      It has been disposed of otherwise; or

f.      It was transferred to others.

In each instance, explain the circumstances surrounding such disposition and identify the person or persons having possession, custody, or control of that DOCUMENT, item or category. For each such DOCUMENT, YOU are requested to describe it with sufficient particularity pursuant to *California Code of Civil Procedure §2031.240(b)(1)*.

### DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

Any and all DOCUMENTS relating to YOUR joint venture with KAMRAN.

### REQUEST FOR PRODUCTION NO. 2:

Any and all DOCUMENTS concerning YOUR duties and responsibilities as a co-venturer with KAMRAN.

### REQUEST FOR PRODUCTION NO. 3:

Any and all DOCUMENTS concerning the terms and conditions of YOUR joint venture with KAMRAN.

///

///

Exhibit 4 - 44

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS relating to the 233 North Fair Oaks Avenue property, located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS relating to the 25 West Walnut Avenue property, located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to the Pasadena Athletic Club, located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to YOUR Joint Venture Agreement with KAMRAN.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to the Walnut Holding Company, LLC.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to the PASADENA PROJECT.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS relating to Tranmar Properties, LLC.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS relating to the Kamran Group, LLC.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS relating to Kamran Pasadena Group, Inc.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS relating or referring to GOLKAR.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS concerning NAMCO'S relationship with KAMRAN.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS concerning NAMCO'S relationship with GOLKAR.

///

6

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 45

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS concerning NAMVAR'S relationship with KAMRAN.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS concerning NAMVAR'S relationship with GOLKAR.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS relating to monies YOU borrowed from United Commercial Bank, against the 233 Fair Oaks Property.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS relating or referring to John Richards.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS concerning 25 West Walnut Avenue, Unit #402.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS concerning 25 West Walnut Avenue, Unit #405.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS concerning 25 West Walnut Avenue, Unit #501.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS concerning 25 West Walnut Avenue, Unit #504.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS concerning the letter of intent executed with Starwood Hotels and Resort Worldwide to brand the PASADENA PROJECT property a W Hotel and Residences.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS relating to the 810-820 Marengo Avenue property located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS relating to the BANNING PROJECT.

///

///

///

7

REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 46

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS concerning the unsecured promissory note issued by NAMCO to KAMRAN, which converted the $4,300,000 paid by KAMRAN toward the BANNING PROJECT, into a loan.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS relating to YOUR agreement with KAMRAN to credit PLAINTIFFS' capital account with the $4,300,000 initially paid by KAMRAN for the BANNING PROJECT.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS relating to KAMRAN'S PROMISSORY NOTES to YOU, secured by the 25 West Walnut Avenue properties located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS relating to KAMRAN'S PROMISSORY NOTES to YOU, secured by the Marengo Avenue properties located in Pasadena, California.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS relating to monies YOU paid to KAMRAN in exchange for PROMISSORY NOTES secured by the 25 West Walnut Avenue and Marengo Avenue properties.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS concerning fractional interests of the PROMISSORY NOTES sold to third parties by YOU.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS concerning demands sent by YOU to KAMRAN for principal payments on PROMISSORY NOTES.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS concerning demands sent by YOU to KAMRAN for interest payments on PROMISSORY NOTES.

///

///

Exhibit 4 - 47

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS concerning Notices of Default on the PROMISSORY NOTES sent by YOU to KAMRAN, prior to appointment of R. Todd Neilson, as YOUR Chapter 11 Trustee.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS concerning notice given to KAMRAN, prior to declaring a default on KAMRAN'S PROMISSORY NOTES.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS concerning foreclosure of 233 Fair Oaks Avenue, 25 West Walnut Avenue properties and the Marengo Avenue properties.

DATED: September 7, 2010

CHRISTMAN, KELLEY & CLARKE

By: _____
Matthew M. Clarke
Dugan P. Kelley
Zubin Farinpour
Attorneys for Plaintiffs and Counter-Defendants
Kamran Pasadena Group, Inc. and Kamran
Group, LLC

9
REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

Exhibit 4 - 48

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California, 93101. A true and correct copy of the foregoing document described **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Address(es)

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 7, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/7/2010 | Matthew M. Clarke | *Matthew Clarke* |
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**

Exhibit 4 - 49

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

I.    **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

- David M. Poitras                      dpoitras@jmbm.com
- Robyn B. Sokol                       rsokol@ebg-law.com
- Joseph A. Eisenberg               jeisenberg@jmbm.com
- Gregory M. Salvato                gsalvato@pmcos.com
- United States Trustee (LA)       ustpregion16.la.ecf@usdoj.gov
- Saul Reiss                              saulreiss@verizon.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

*F 9013-3.1*

Exhibit 4 - 50

# EXHIBIT 5

Matthew M. Clarke, SBN 184959
Dugan P. Kelley, SBN 207347
Zubin Farinpour, SBN 270007
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara. California 93101
Telephone:  (805) 884-9922
Facsimile:  (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-ap-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, | NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC., BY PERSON(S) MOST QUALIFIED<br><br>DATE:  NOVEMBER 10, 2010<br><br>TIME:  9:30 a.m.<br><br>PLACE:  1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308 |

NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC.

Exhibit 5 - 51

SAWTELLE PROPERTIES, LLC; a California limited liability company;
MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and
DOES 1 THROUGH 100

   Defendants.

_____

AND RELATED COUNTER CLAIMS

TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ADVERSARY PROCEEDING:

  PLEAS TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable herein by Federal Rules of Bankruptcy Procedure 7030 and 9016, Plaintiff Kamran Group, LLC ("Plaintiff") will take the deposition upon oral examination of Namco Capital Group, Inc. ("Defendat Namco"), on November 10, 2010, commencing at 9:30 a.m., at the offices of Jeffer Mangels Butler & Mitchell LLP, located at 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-4308, by and through its person(s) most knowledgeable of the facts related to the subject matters identified herein.

  NOTICE IS FURTHER GIVEN that the deposition will be taken upon oral examination before an officer authorized to administer oaths and take depositions. The deposition will be recorded stenographically and may also be recorded by audio and/or video recording. Consistent with the time limitations set forth in Federal Rule of Civil Procedure 30(d), the deposition will continue from day to day thereafter, excluding weekends and holidays, until completed.

## DEFINITIONS

1. "YOU" or "YOUR" refers to NAMCO CAPITAL GROUP, INC. and includes any of its affiliates, owners, directors, officers, partners, parents, subsidiaries, loan servicers, past or present agents, servants, employees, representatives, or others acting at its direction.

2. "PROMISSORY NOTES" refers to any and all promissory notes under which

YOU are or were the "Holder" and under which either Kamran Group, LLC or Kamran Pasadena Group, Inc. is or was the "Maker".

3. As used herein, the term "PLAINTIFFS" refers to KAMRAN GROUP, LLC and KAMRAN PASADENA GROUP, INC., and includes any of their past or present agents, members, shareholders, directors, officers, servants, employees, representatives, or others acting at their direction.

4. As used herein, "Pasadena Development Project" refers to the project to develop that certain real property located in Pasadena, California which underlies this adversary proceeding, and includes the following parcels: (1) 233 North Fair Oaks Avenue; (2) 25 West Walnut Avenue, Unit #503; (3) 25 West Walnut Avenue, Unit #402; (4) 25 West Walnut Avenue, Unit #405; (5) 25 West Walnut Avenue, Unit #501; (6) 25 West Walnut Avenue, Unit #504; and (7) 810-820 Marengo Avenue.

PLEASE TAKE FURTHER NOTICE that, because the deponent is not a natural person, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Namco is required to designate and produce at the deposition one or more of its officers, directors, or managing agents, or designate and produce other persons who consent to testify on Defendant Namco's behalf, who are most qualified to testify on its behalf as to the following matters:

1. The relationship between YOU and PLAINTIFFS;

2. The joint venture agreement between YOU and Kamran Group, LLC and the terms thereof;

3. Identities of persons with knowledge of the joint venture agreement between YOU and Kamran Group, LLC;

4. The Pasadena Development Project;

5. The agreement between YOU and Kamran Group, LLC to undertake the Pasadena Development Project;

6. The decision to purchase and develop the real properties comprising the Pasadena Development Project;

7. The purchase of the real property comprising the Pasadena Development Project;

8. The funds, and the sources thereof, utilized to purchase the real property comprising the Pasadena Development Project;

9. The costs associated with the development of the real property comprising the Pasadena Development Project;

10. The funds, and the sources thereof, utilized to develop the real property comprising the Pasadena Development Project;

11. Any funds provided by YOU to Kamran Group, LLC or Kamran Pasadena Group, LLC relating to the Pasadena Development Project;

12. The purpose of the funds provided by YOU to Kamran Group, LLC or Kamran Pasadena Group, LLC relating to the Pasadena Development Project;

13. The decision by YOU to provide funds to take part in the purchase and development of the real property comprising the Pasadena Development Project;

14. Funds contributed to the Pasadena Development Project by PLAINTIFFS;

15. The purpose of funds contributed to the Pasadena Development Project by PLAINTIFFS;

16. Any work performed by third parties related to the development of the Pasadena Development Project;

17. Documentation evidencing work performed by third parties related to the development of the Pasadena Development Project;

18. Work performed by contractors on any of the real property comprising the Pasadena Development Project;

19. Invoices from contractors that performed work on any of the real property comprising the Pasadena Development Project;

20. Work performed by engineers on the Pasadena Development Project;

21. Invoices from engineers that performed work on the Pasadena Development Project;

3

NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC.

Exhibit 5 - 54

22. Work performed by architects on the Pasadena Development Project;

23. Invoices from architects that performed work on the Pasadena Development Project;

24. Work performed by consultants on the Pasadena Development Project;

25. Invoices from consultants that provided services related to the Pasadena Development Project

26. Entitlement costs for any of the real property comprising the Pasadena Development Project;

27. YOUR communications with PLAINTIFFS regarding any funds provided to PLAINTIFFS by YOU related to the Pasadena Development Project;

28. YOUR decision to borrow approximately $5,000,000 against the 233 Fair Oaks property;

29. The basis upon which YOU rely to support YOUR decision to borrow funds against any of the real property comprising the Pasadena Development Project;

30. The PROMISSORY NOTES and the terms and conditions thereof;

31. Identities of YOUR agents and employees with knowledge of the PROMISSORY NOTES;

32. The representations made to PLAINTIFFS to induce them into executing the PROMISSORY NOTES;

33. YOUR purported performance of and under the PROMISSORY NOTES;

34. YOUR communications with PLAINTIFFS regarding YOUR purported performance of and under the PROMISSORY NOTES;

35. YOUR communications with PLAINTIFFS regarding PLAINTIFFS' performance, respectively, of and under the PROMISSORY NOTES;

36. The fact that YOU never sent any demands for payment or notices of default to PLAINTIFFS, respectively, for any alleged breach or defaults of the PROMISSORY NOTES;

37. The basis for YOUR position that YOU have performed YOUR obligations under

4
NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC.

Exhibit 5 - 55

the PROMISSORY NOTES;

38.  The basis for YOUR belief that PLAINTIFFS are in default of the PROMISSORY NOTES;

39.  How, when, and in what manner, YOU contend PLAINTIFFS were in default of the PROMISSORY NOTES;

40.  How, when, and in what manner, YOU contend PLAINTIFFS breached the PROMISSORY NOTES;

41.  The sale of fractional interests in the PROMISSORY NOTES by YOU to third parties;

42.  Negotiations regarding selling fractional interests in the PROMISSORY NOTES;

43.  The basis for the involuntary Chapter 11 Bankruptcy Proceeding filed against YOU;

44.  Lawsuits involving YOU and/or YOUR principals;

45.  YOUR past and present management, organization, storage, processing, and retention of electronic data;

46.  YOUR past and present electronic data management, organization, storage, processing, and retention policies.

47.  YOUR past and present management, organization, storage, processing, and retention of documents; and

48.  YOUR past and present document management, organization, storage, processing, and retention policies.

DATED: November 5, 2010

CHRISTMAN, KELLEY & CLARKE

*Matthew Clarke*

By: _____
Matthew M. Clarke
Dugan P. Kelley
Attorneys for Plaintiffs and Counter-Defendants
Kamran Pasadena Group, Inc. and Kamran
Group, LLC

5
NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC.

Exhibit 5 - 56

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## SERVICE LIST VIA U.S. MAIL

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Timothy Neufeld**
**Neufeld Law Group**
360 East 2nd Street, Suite 703
Los Angeles, CA 90012

**Saul Reiss**
**Law Offices of Saul Reiss**
2800 28th Street, Suite 328
Santa Monica, CA 90405

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 5 - 57

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described **PLAINTIFF KAMRAN GROUP, LLC'S NOTICE OF DEPOSITION OF NAMCO CAPITAL GROUP, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On **November 5, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows: **VIA U.S. MAIL**

David M. Poitras, P.C.
Dan P. Sedor, P.C.
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 5, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**SERVED BY EMAIL**

- David M. Poitras            dpoitras@jmbm.com
- Gregory M. Salvato          gsalvato@salvatolawoffices.com
- Robyn B. Sokol              rsokol@ebg-law.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Saul Reiss                  saulreiss@verizon.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _11/05/10_ | _Kenton S. Brice_ | _Signature_ |
| Date | Type Name | Signature |

ADDITIONAL SEVICE INFORMATION (if needed):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 5 - 58

# EXHIBIT 6

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
5215 N. O'Connor Blvd., Suite 200
Irving, TX 75039
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

**FILED & ENTERED**

**JAN 18 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and<br>DOES 1 THROUGH 100<br><br>Defendants. | **JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:       1/11/11<br>TIME:        2:00 P.M.<br>PLACE:      COURTROOM 1668<br>                    16TH FLOOR<br>                    ROYBAL FEDERAL BLDG.<br>                    255 E. TEMPLE STREET<br>                    LOS ANGELES, CA  90012 |

Exhibit 6 - 59

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") and Defendant Bradley D. Sharp, Trustee for Namco Capital Group, Inc. ("Defendant") submit the following Joint Pretrial Order in accordance with Local Bankruptcy Rule 7016-1(b):

A.    **Admitted Facts.**

The following facts are admitted and require no proof:

1.    Plaintiff Kamran Group, LLC was and is a California limited liability company, whose sole member is David Golkar ("Golkar"). Plaintiff Kamran Pasadena Group, Inc. was and is a California corporation authorized to do business in the State of California. Kamran Pasadena Group Inc. was formerly known as Pasadena Athletic Operating Club, Inc., a dissolved California corporation. Namco Capital Group, Inc. ("Namco") was and is a California corporation. Ezri Namvar ("Namvar") was the principal and/or agent for Namco in its dealings with Plaintiffs.

2.    "Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000.

3.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000.

4.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000.

5.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000.

6.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco

1

Exhibit 6 - 60

Capital Group, Inc. in the amount of $3,600,000.

7.     "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000.

8.     The promissory notes recited in paragraphs 2 through 7 above are referred to collectively herein as the "Promissory Notes."

B.     **Disputed Issues Of Fact.**

The following issues of fact, and no others, remain to be litigated with respect to the limited issue of whether consideration was given for the Promissory Notes:

1.     Whether Plaintiffs ever received any consideration for the Promissory Notes; i.e., whether Namco ever tendered payment to Plaintiffs, respectively, of the monies to be loaned under the Promissory Notes.

2.     Whether Kamran Group, LLC and/or Kamran Pasadena Group, Inc., on the one hand, and Namco Capital Group, Inc., on the other hand, entered into a joint venture agreement for the purpose of acquiring and developing real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

3.     Whether any funds advanced by Namco to either of Plaintiffs, if any, was in furtherance of the joint venture between the parties for the acquisition and development of real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

4.     Whether any funds advanced by Namco to either of Plaintiffs, if any, was equity contributed by Namco to the joint venture between the parties.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

5.     Whether Namco made payments directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property.  Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

6.     Whether payments made by Namco directly to consultants, contractors, architects,

2

Exhibit 6 - 61

engineers, and/or other third-parties performing services in the development of real property, if any, were in furtherance of the joint venture agreement between the parties for the acquisition and development of real property. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

7.    Whether Plaintiffs, respectively, defaulted on the Promissory Notes.

C.    **Disputed Legal Issues.**

The following issues of law, and no others, remain to be litigated pursuant to Court order with respect to the limited issue of whether consideration was given for the promissory notes:

1.    Whether consideration was tendered pursuant to and under the Promissory Notes.

2.    Whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

3.    Whether the Promissory Notes are void or otherwise unenforceable as a result of the failure of Namco to tender consideration.

4.    Whether the conduct of Namco, including tendering any monies to any Kamran entity was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

5.    Whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

6.    Any legal issues encompassed by the disputed issues of fact set forth above.

D.    **Exhibits.**

Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits.

3

Exhibit 6 - 62

The Exhibit List is attached hereto.

**E.     Witnesses.**

The parties have exchanged a list of witnesses to be called at trial. Attached hereto is a list of witnesses to be called at trial, other than those contemplated to be used for impeachment or rebuttal.

The Witness List is attached hereto.

**F.     Other Matters That Might Affect the Trial.**

None at this time. Plaintiffs and Defendant reserve the right to file pretrial motions, but none are anticipated at this time.

**G.     Discovery Completed.**

All discovery is complete but for the following:

Defendant properly noticed the deposition prior to the discovery cutoff of David Golkar, a principal of Plaintiffs, but Mr. Golkar indicated through Plaintiffs' counsel that he was unable to appear in person in California for an oral deposition because he was in Iran caring for his gravely ill mother. Plaintiffs have made repeated efforts to determine when Mr. Golkar would be available for an in-person oral deposition in California, always conditioned upon the fact that Mr. Golkar's ability to return to California was subject to the condition of his mother; and in any event Plaintiffs have always offered to have Mr. Golkar deposed via telephone, video conference, or in person in Iran. None of the three alternative options are acceptable to Defendant, who required and contends he was entitled to an in person deposition of Mr. Golkar in order to assess his demeanor and prepare to cross examine him at trial; and Defendant contends he should not be required to travel to Iran to do so..

Plaintiffs have been unable to procure the oral depositions of Ezri Namvar, a principal of Defendant, and Hamid Tabatabai, a former officer of Defendant.

**H.     Ready For Trial.**

The parties are ready for trial, except Plaintiff anticipates filing a motion to continue in the event Mr. Golkar's mother dies and it conflicts with any trial setting. Plaintiff requests that the Court set and order the parties hereto to participate in a mandatory settlement conference prior to

4

Exhibit 6 - 63

trial.

I.   **Estimated Length of Trial.**

The estimated length of trial is 3-5 days.

J.   **Pretrial Order Governs.**

The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

DATED:  December 28, 2010          JEFFER MANGELS BUTLER & MITCHELL LLP


By: /s/ David M. Poitras
DAVID M. POITRAS P.C.
Attorneys for Bradley D. Sharp, Chapter 11
Trustee for Namco Capital Group, Inc.


DATED:  December 28, 2010          CHRISTMAN, KELLEY & CLARKE


By: /s/ Dugan P. Kelley
DUGAN P. KELLEY
Attorneys for Karman Pasadena Group, Inc. and
Kamran Group, LLC


###

DATED: January 18, 2011          _____
                                  United States Bankruptcy Judge

5

Exhibit 6 - 64

Case 2:10-ap-01244-BR    Doc 69    Filed 01/18/11    Entered 01/18/11 15:06:23    Desc
Main Document        Page 7 of 19

# EXHIBIT LIST

Exhibit 6 - 65

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

|  |  |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | **EXHIBIT LIST FOR JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:      1/11/11<br>TIME:      2:00 P.M.<br>PLACE:    COURTROOM 1668<br>               16TH FLOOR<br>               ROYBAL FEDERAL BLDG.<br>               255 E. TEMPLE STREET<br>               LOS ANGELES, CA  90012 |

///
///
///
///
///
///
///

6
EXHIBIT LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 66

///

## Exhibit List

Exhibits of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC:

| Exhibit | Description | Objection to Admissibility |
|---|---|---|
| 1 | Memorandum of Understanding | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801) |
| 2 | Two e-mail threads from 2008 and 2009 including e-mails between David Golkar and Ezri Namvar (and their respective agents) | Irrelevant (FRE 401, 402); inadmissible hearsay (FRE 801) |
| 3 | Various e-mail threads from 2007 and 2008 by and between various individuals including David Golkar and Ezri Namvar | Irrelevant (FRE 401, 402) ; inadmissible hearsay (FRE 801) |
| 4 | Rox Consulting Group, Inc. – Invoice #100042 (dated 5/25/2006) to Pasadena Properties, LLC, Attention: Ezri Namvar. | Irrelevant (FRE 401, 402) |
| 5 | E-mail dated June 26, 2006, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding outstanding invoices for the Pasadena and Banning jobs. | Irrelevant (FRE 401, 402) |
| 6 | E-mail dated November 2, 2007, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding past due engineering invoices owing to Rox Consulting Group, Inc. and repayment of funds paid by Rox Consulting Group, Inc. | Irrelevant (FRE 401, 402) |
| 7 | E-mail dated February 8, 2008, from Shadi Dejam of Rox Consulting Group, Inc. to Ezri Namvar regarding oustanding invoices owing to Rox Consulting Group, Inc. | Irrelevant (FRE 401, 402) |
| 8 | E-mail dated April 23, 2007, from Shadi Dejam of Rox Consulting Group, Inc. to Hamid Tabatabai requesting the status of a $200,000 wire. | Irrelevant (FRE 401, 402) |
| 9 | Letter dated June 15, 2005, from David Golkar to "Mr. Ezri Nambar" (sic) c/o Mr. Kent Reed of Banam, LLC.  The subject is "Proposal for Final Engineering Services, for Tentative Tract Number 31924, City of Banning, CA.  ROX CGI # 1208" | Irrelevant (FRE 401, 402) |
| 10 | Letter dated May 27, 2005, from David Golkar to "Mr. Ezri Nambar" (sic) c/o Mr. Kent Reed of Banam, LLC with handwritten notes contained thereon.  The subject is "Proposal for Final Engineering Services, for Tentative Tract Number | Irrelevant (FRE 401, 402) |

7

EXHIBIT LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 67

| | 31924, City of Banning, CA.  ROX CGI # 1208" | |
|---|---|---|
| 11 | Document entitled "Marengo Land Acquisition" | Irrelevant (FRE 401, 402) |
| 12 | Invoices and related correspondence associated with the acquisition and development of properties comprising the Pasadena development project. | Irrelevant (FRE 401, 402) |
| 13 | Kamran Group, LLC Balance Sheet as of August 18, 2008. | Irrelevant (FRE 401, 402) |
| 14 | Complaint for Damages filed in the case, *The Teecor Group, Inc., California corporation, d/b/a Key Environmental Services v. Kamran Pasadena, Inc., a California corporation, et. al*, Case No. GC041506, Los Angeles Superior Court, Northeastern District, filed on September 17, 2008. | Irrelevant (FRE 401, 402) |
| 15 | Complaint for Breach of Contract filed in the case, *Christopher J. Holden, an individual, et. al v. Kamran Group, LLC, a California Limited Liability Company, et. al*, Case No. BC409988, Superior Court of the State of California, County of Los Angeles, Central District, filed on March 18, 2009. | Irrelevant (FRE 401, 402) |
| 16 | Complaint for: 1. Foreclosure on Design Professionals' Lien 2. Breach of Contract 3. Quantum Meruit 4. Common Count filed in the case, *KKE Architects, Inc. v. The Kamran Group, et. al*, Case No. GC044150, Superior Court of the State of California, County of Los Angeles, Northeastern District, filed on November 20, 2009. | Irrelevant (FRE 401, 402) |
| 17 | Complaint filed in the case, *BL Price Co., Inc. v. Fullscope Project Management, Inc., et.al*, Case No. GC042809, Superior Court of the State of California, County of Los Angeles, Northeastern District, filed on April 20, 2009. | Irrelevant (FRE 401, 402) |
| 18 | Plaintiffs anticipate preparing a demonstrative exhibit to assist the trier of fact with respect to any monies alleged that were transferred through Plaintiffs' entities. | Irrelevant (FRE 401, 402) |

<u>Exhibits of Defendant Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc.:</u>

| Exhibit | Description | Objection to Admissibility |
|---|---|---|
| 101 | Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 102 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of | Lack of foundation (FRE 602); lacks authentication |

EXHIBIT LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 68

| | | |
|---|---|---|
| | Namco Capital Group, Inc. in the amount of $600,000, and associated Deed of Trust | (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 103 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 104 | Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 105 | Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 106 | Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000, and associated Deed of Trust | Lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 107 | Chart entitled "Namco: Kamran Group Receivables," dated March 12, 2010, with attached backup materials | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); lacks authentication (FRE 901); inadmissible hearsay (FRE 801, 802) |
| 108 | Email thread ending November 20, 2008, between David Golkar and Abraham Yermian, re: "Walnut & Fairoak, Pasadena | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801, 802) |
| 109 | Email thread dated December 11, 2008 forwarding email from Rob Entler to David Golkar, re: "Pasadena" | Irrelevant (FRE 401, 402); lack of foundation (FRE 602); inadmissible hearsay (FRE 801, 802) |

9

EXHIBIT LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 69

# WITNESS LIST

Exhibit 6 - 70

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.: 2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | **WITNESS LIST FOR JOINT PRETRIAL ORDER**<br><br>PRETRIAL CONFERENCE:<br><br>DATE:     1/11/11<br>TIME:     2:00 P.M.<br>PLACE:    COURTROOM 1668<br>        16TH FLOOR<br>        ROYBAL FEDERAL BLDG.<br>        255 E. TEMPLE STREET<br>        LOS ANGELES, CA  90012 |

///
///
///
///
///
///
///

10
WITNESS LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 71

## Witness List

Witnesses for Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC:

1.    David Golkar, principal of Kamran Pasadena Group, Inc. and Kamran Group, LLC.

      Mr. Golkar will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property. Mr. Golkar will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development. Additionally, Mr. Golkar will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

2.    Shadi Dejam, former independent contractor of Rox Consulting Group, Inc.

      Ms. Dejam will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property. Ms. Dejam will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development. Additionally, Ms. Dejam will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

3.    Ezri Namvar, principal of Namco Capital Group, Inc.

      Mr. Namvar will testify as to the joint venture relationship between the parties consistent with the Memorandum of Understanding and the fact that monies advanced by Namco were in furtherance of the joint venture relationship and should be characterized as equity rather than debt.

4.    Hamid Tabatabai, former office of Namco Capital Group, Inc.

      Mr. Tabatabai will testify as to the joint venture relationship between the parties consistent with the Memorandum of Understanding and the fact that monies advanced by Namco were in furtherance of the joint venture relationship and should be characterized as equity rather than debt.

11
WITNESS LIST FOR JOINT PRETRIAL ORDER

Exhibit 6 - 72

5.    Ali Akbar Helmi

Mr. Helmi will testify to the fact that one or more of the Plaintiffs entered into a joint venture relationship with Namco Capital Group, Inc. for the acquisition and development of real property. Mr. Helmi will further testify to the fact that Namco, at all relevant times, carried on its business dealings with Plaintiffs consistent with the fact that the parties were in a joint venture relationship, and that any and all funds tendered to Plaintiffs by Namco was in furtherance of the joint venture agreement between the parties for real property acquisition and development. Additionally, Mr. Helmi will testify to the fact that Plaintiffs, respectively, executed various promissory notes in favor of Namco, but that Namco never tendered any monies under the promissory notes.

Witnesses for Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc.:

1.    Bradley D. Sharp

Mr. Sharp will testify that Namco possesses promissory notes made by Plaintiffs in favor of Namco in the total sum of $12,650,000 which are secured by deeds of trust on Plaintiffs' interests in real property located in Pasadena, California, that Namco's books and records reflect that Namco tendered consideration to Plaintiffs for all of those promissory notes, and that Plaintiffs have failed and refused to repay the amounts due under the promissory notes.

Exhibit 6 - 73

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-4308

A true and correct copy of the foregoing document described as ***JOINT PRETRIAL ORDER*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ***December 28, 2010,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served By Overnight Mail:*
Honorable Barry Russell
United States Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***December 28, 2010,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- Matthew M Clarke    mclarke@cappellonoel.com
- Joseph A Eisenberg    jae@jmbm.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Saul Reiss    saulreiss@verizon.ne

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 28, 2010 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

Exhibit 6 - 74

ADDITIONAL SERVICE INFORMATION (If Needed):

II. **SERVED BY OVERNIGHT MAIL**:

United States Trustee (LA)
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

Soussan Hashemi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Barry L. Moerschell
Dugan P. Kelley
Matthew Clarke
Christman, Kelley & Clarke
5215 N. O'Connor Blvd., Ste. 200
Irving, Texas 75039

John M. Rygh
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

Morteza Homayounjam
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Sawtelle Properties LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Ashland Properties, LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Saul Reiss
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

August 2010

Exhibit 6 - 75

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) *JOINT PRETRIAL ORDER* was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 28, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Saul Reiss    saulreiss@verizon.net

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Exhibit 6 - 76

II. **SERVED BY THE COURT VIA U.S. MAIL:**

United States Trustee (LA)
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

Barry L. Moerschell
Dugan P. Kelley
Matthew Clarke ,
Christman, Kelley & Clarke
5215 N. O'Connor Blvd., Ste. 200
Irving, Texas 75039

Sawtelle Properties LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Soussan Hashemi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

John M. Rygh
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

Ashland Properties, LLC
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Mahmoud Fatorechi
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Morteza Homayounjam
Weissmann Wolff, et al
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Saul Reiss
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Exhibit 6 - 77

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as _**DECLARATION OF DAVID M. POITRAS IN SUPPORT OF ENTRY OF DEFENDANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND JUDGMENT AFTER TRIAL**_ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 2, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **August 2, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 2, 2011 | Billie Terry | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                     **F 9013-3.1.PROOF.SERVICE**

## *ADDITIONAL SERVICE INFORMATION:*

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

## SERVED BY OVERNIGHT MAIL

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

## SERVED BY U.S. MAIL

**Ashland Properties LLC; Mahmoud Fatorechi; Soussan**
**Hashemi; Morteza Homayounjam; Sawtelle Properties LLC**
Weissmann Wolff et al
9665 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
Weissmann Wolff et al
9665 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

**Mehrnaz Hekmatravan**
Saul Reiss
Law Offices of Saul Reiss
2800 28th St., Ste 328
Santa Monica, CA 90405

**Fidelity National Title Company**
John M Rygh
915 Wilshire Blvd. Ste 2100
Los Angeles, CA 90017

## III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL

## SERVED BY EMAIL

**Attorneys for Kamran Pasadena Group, Inc.**
Christman, Kelley and Clarke
Dugan P. Kelley
Email: dugan@christmankelley.com

Neufeld Law Group
Timothy Neufeld
Email: tneufeld@neufeldlawgroup.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**