ORIGINAL



FILED

AUG 03 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re

NAMCO CAPITAL GROUP, INC.,
a California corporation,

Debtor.

KAMRAN PASADENA GROUP, INC., a
California corporation and KAMRAN GROUP,
LLC, a California limited liability company,

Plaintiffs,

vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE
OF NAMCO CAPITAL GROUP INC., a California
corporation; WOODMAN PARTNERS, LLC, a
California limited liability company; FIDELITY
NATIONAL TITLE COMPANY, a California
corporation; DANIEL JACOB ISSAC, an
individual; FAY FRANAK SARAFIAN, an
individual; DARIOUSH SOLEIMANI, an
individual; MORTEZA HOMAYOUNJAM, an
individual; MEHRNAZ HEKMATRAVAN, an
individual; JAMSHID BAHARVAR, an individual;
ASHLAND PROPERTIES, LLC, a California
limited liability company; FARMCO TRUST,
SAWTELLE PROPERTIES, LLC, a California
limited liability company; MAHMOUD
FATORECHI AND SOUSSAN HASHEMI AS
TRUSTEE FOR THE FATORECHI-HASHEMI
TRUST; and DOES 1 THROUGH 100,

Defendant(s).

Case No.: 2:08-BK-32333-BR

Chapter 11

Adversary No.: 2:10-AP-01244-BR

**DECLARATION OF MATTHEW M.
CLARKE IN SUPPORT OF ENTRY OF
PLAINTIFF'S [PROPOSED] FINDINGS
OF FACT AND CONCLUSIONS OF
LAW**

Trial Date:  April 27, 2011
Time:  10:00 a.m.
Place:  Courtroom 1668
255 E. Temple Street
Los Angeles, CA 90012

DECLARATION OF MATTHEW M. CLARKE

I, Matthew M. Clarke, do declare and say as follows:

1.    I am an attorney licensed to practice law in the State of California, and am duly admitted to practice before the United States Bankruptcy Court for the Central District of California. I am a partner in the law firm of Christman Kelley & Clarke, PC, attorneys of record for Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively "Plaintiffs"). I make this declaration based upon my own personal knowledge. I could and would competently testify to these facts in a court of law.

2.    David M. Poitras, counsel for Defendant Bradley D. Sharp, as the Chapter 11 Trustee of Namco Capital Group, Inc. ("Defendant"), contends in his declaration that the entire "Main Complaint" was ordered bifurcated and that the entire main complaint was somehow tried already to this Court. These statements are wrong.

3.    The Court has repeatedly stated, and Defendant has acknowledged, that the trial held on April 27, 2011 (the "Trial") was on the limited issue of whether the promissory notes were supported by consideration. None of the other issues in the main complaint were resolved by trial.

4.    Defendant acknowledged in the Joint Pretrial Order multiple times that the issue of consideration was the *only* issue to be tried at Trial. The following statements in the Joint Pretrial Order illuminate this understanding (emphasis added, unless otherwise notated):

- Paragraph B, under the Heading "**Disputed Issues of Fact**" states: "The following issues of fact, and no others, remain to be litigated *with respect to the limited issue of whether consideration was given* for the Promissory Notes;"

- Paragraph C, under the Heading "**Disputed Legal Issues**" states: "The following issues of law, and no others, remain to be litigated pursuant to Court order *with respect to the limited issue of whether consideration was given* for the Promissory Notes."

5.    In multiple paragraphs in the Joint Pretrial Order, Defendant further acknowledged that the issue of consideration was the only issue that the Court was to rule on. In eight separate paragraphs in the Joint Pretrial Order, Defendant included the language "Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes."

1

DECLARATION OF MATTHEW M. CLARKE

(Joint Pretrial Order ¶¶ B(2), B(3), B(4), B(5), B(6), C(2), C(4), C(5).)  These statements only bolster Defendant's understanding that the Joint Pretrial Order and the Trial were only to determine the limited issue of consideration.  If not, then they would have excluded this information and allowed the Court to rule on much more than the issue of consideration.

6.      Furthermore, Plaintiffs and Defendant's Trial Briefs both indicate that the sole issue to be tried at the Trial was only the issue of consideration.  Plaintiffs' Trial Brief at 7:5 states that "[t]he one legal issue to be adjudicated at trial is that of consideration."  Defendant's Trial Brief avers to this understanding in its introduction, stating that "the sole legal issue to be adjudicated at trial is whether Plaintiffs' Promissory Notes ... are unenforceable due to lack of consideration." (CITE.)  Both parties were in agreement that the Trial was only set for the limited issue of consideration, nothing else.  It would be preposterous to think that Plaintiffs would forego their 15 separate causes of action, most of which are not even related to the issue of consideration on the Promissory Notes, in such a summary manner.  The Court was aware of this as well.

7.      Multiple times in conferences and even at the Trial, the Court stated that the Trial was only on the limited issue of consideration and did not summarily adjudicate the entire Complaint.

8.      Defendant's contention that the Court somehow ruled on the *entire case*, including the fifteen (15) separate causes of action contained in Plaintiffs' complaint, because of Paragraph J of the Joint Pretrial Order ignores the whole Joint Pretrial Order, the context of the Joint Pretrial Order, the Trial Briefs of Plaintiffs and Defendant, and the Court's own stated understanding that the Trial was only for the limited issue of consideration.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 3rd day of August, 2011, at Santa Barbara, California.

*Matthew M. Clarke*

Matthew M. Clarke

2

DECLARATION OF MATTHEW M. CLARKE

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **DECLARATION OF MATTHEW M. CLARKE IN SUPPORT OF ENTRY OF PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**

On **August 3, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 3, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge **will be** completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/3/11 | Kathy Koester | *Kathy Koester* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER:  2:08-bk-32333-BR<br>ADVERSARY PROC. NO.:  2:10-ap-01244-BR |

## II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*F 9013-3.1*

January 2009

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

**SERVED BY E-MAIL:**

- David M. Poitras
- Robyn B. Sokol
- Joseph A. Eisenberg
- Gregory M. Salvato
- Saul Reiss

dpoitras@jmbm.com
rsokol@ebg-law.com; ecf@ebg-law.com
jeisenberg@jmbm.com
gsalvato@salvatolawoffices.com
saulreiss@verizon.net

**SERVED BY PERSONAL DELIVERY:**

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE

August 2010