AUG-11-2011 THU 12:42 CAPITELLO MANUEL FAX.8059863098

10/00/2011 16:10:27 FAX 2132499990 NATIONWIDE LEGAL



Matthew Clarke, State Bar No. 184919
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 267347
dugan@christmankelley.com
CHRISTMAN KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group

**ENTERED**
AUG 1 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

**FILED**
AUG 1 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

**FILED**
AUG 0 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re

NAMCO CAPITAL GROUP, INC.,
a California corporation,

    Debtor.

KAMRAN PASADENA GROUP, INC., a
California corporation and KAMRAN GROUP,
LLC, a California limited liability company,

    Plaintiffs,

vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE
OF NAMCO CAPITAL GROUP INC., a California
corporation; WOODMAN PARTNERS, LLC, a
California limited liability company; FIDELITY
NATIONAL TITLE COMPANY, a California
corporation; DANIEL JACOB ISSAC, an
individual; FAY FRANAK SARAFIAN, an
individual; DARIOUSH SOLEIMANI, an
individual; MORTEZA HOMAYOUNJAM, an
individual; MEHRNAZ HEKMATRAVAN, an
individual; JAMSHID BAHARVAR, an individual;
ASHLAND PROPERTIES, LLC, a California
limited liability company; FARMCO TRUST,
SAWTELLE PROPERTIES, LLC, a California
limited liability company; MAHMOUD
FATORECHI AND SOUSSAN HASHEMI AS
TRUSTEE FOR THE FATORECHI-HASHEMI
TRUST; and DOES 1 THROUGH 100,

    Defendant(s).

Case No.: 2:08-BK-32333-BR

Chapter 11

Adversary No.: 2:10-AP-01244-BR

[PLAINTIFFS' PROPOSED] FINDINGS
OF FACT AND CONCLUSIONS OF
LAW

Trial Date: April 27, 2011
Time: 10:00 a.m.
Place: Courtroom 1668
255 E. Temple Street
Los Angeles, CA 90012

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned adversary matter between plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs") and defendant Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc., came on for trial on April 27, 2011 at 10:00 a.m., before the undersigned United States Bankruptcy Judge, in Courtroom 1668, located at 255 East Temple Street, Los Angeles, California. The Court having reviewed the declarations and exhibits filed by the parties, the objections thereto and the parties' trial briefs, and having considered the statements of counsel with at the trial before this Court and after due deliberation thereon and good and sufficient cause appearing therefore, the Court hereby makes the following findings of fact and conclusions of law.[1]

## I.    FINDINGS OF FACT

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the debtor's bankruptcy estate and is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    On December 22, 2008, an involuntary chapter 11 petition was filed against Namco Capital Group, Inc., a California corporation ("Namco"). On January 29, 2009, an order for relief was entered in the Namco bankruptcy case.

4.    On May 8, 2009, the Court entered an order approving the appointment of Bradley D. Sharp as the Chapter 11 Trustee (the "Trustee") in the Namco bankruptcy case.

5.    Plaintiff Kamran Group, LLC was and is a California limited liability company, whose sole member is David Golkar ("Golkar"). Golkar is also the sole shareholder of Kamran Group, Inc. Kamran Group Pasadena, Inc.'s existence or non-existence was not decided by this Court in the limited consideration trial. Namco was and is a California corporation. Ezri Namvar was the principal and/or agent for Namco in its dealings with Plaintiffs.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

1

FINDINGS OF FACT AND CONCLUSIONS OF LAW

6. "Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000. Kamran Group Pasadena, Inc.'s existence or non-existence was not decided by this Court in the limited consideration trial. This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration.

7. "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000.

8. "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000.

9. "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000.

10. "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000.

11. "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000. Kamran Group Pasadena, Inc.'s existence or non-existence was not decided by this Court in the limited consideration trial. This entities existence or non-existence was irrelevant for purposes of the limited issue of consideration.

12. The promissory notes recited in paragraphs 6 through 11 above are referred to collectively herein as the "Promissory Notes."

13. Plaintiffs received consideration for the Promissory Notes.

2

FINDINGS OF FACT AND CONCLUSIONS OF LAW

14. No other findings of fact are made under the Joint Pretrial Order, including, but not limited to:

    a. Pursuant to Joint Pretrial Order ¶B(2), whether Kamran Group, LLC and/or Kamran Pasadena Group, Inc., on the one hand, and Namco Capital Group, Inc., on the other hand, entered into a joint venture agreement for the purpose of acquiring and developing real property.

    b. Pursuant to Joint Pretrial Order ¶B(3), whether any funds advanced by Namco to either of Plaintiffs, if any, was in furtherance of the joint venture between the parties for the acquisition and development of real property.

    c. Pursuant to Joint Pretrial Order ¶B(4), whether any funds advanced by Namco to either of Plaintiffs, if any, was equity contributed by Namco to the joint venture between the parties.

    d. Pursuant to Joint Pretrial Order ¶B(5), whether Namco made payments directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property.

    e. Pursuant to Joint Pretrial Order ¶B(6), whether payments made by Namco directly to consultants, contractors, architects, engineers, and/or other third-parties performing services in the development of real property, if any, were in furtherance of the joint venture agreement between the parties for the acquisition and development of real property.

    f. Pursuant to Joint Pretrial Order ¶B(7), whether Plaintiffs, respectively, defaulted on the Promissory Notes.

15. No findings of fact are made with respect to the claims and defenses asserted in the following pleadings filed in this adversary matter:

    a. Plaintiff's claims for the following, not implicating the limited of issue of consideration, including Breach of Written Contract/Promissory Notes, Breach of Implied Covenant of Good Faith and Fair Dealing, Declaratory Relief, Injunctive Relief, Fraudulent Inducement, Fraud – Intentional Concealment, Fraud – Negligent

Concealment, Conversion – Declaration of Constructive/Resulting Trust, Interference with Prospective Economic Advantage, Decree of Dissolution and Winding-Up of Joint Venture, To Set Aside Fraudulent Transfer of the Assets Belonging to Plaintiffs, Rescission, Cancellation, Slander of Title, and For an Accounting, filed by Plaintiffs on February 24, 2010 ("Plaintiffs' Claims") [Adv. Docket No. 1];

b.    Counterclaims for Fraud, Judicial Foreclosure or Collateral Assignment, Breach of Personal Guaranty Agreement, and Constructive Trust, filed by Mehrnaz Hekmatravan on April 21, 2010 (the "Hekmatravan Counterclaims") [Adv. Docket No. 13];

c.    Answer to the Hekmatravan Counterclaims filed by Ashland Properties, LLC, Jamshid Baharvar, Faramarz Massachi, as Trustee of the Farmo Trust Dated January 1, 2007, Mahmoud Fatorechi and Soussan Hashemi, Trustees of Fatorechi-Hashemi Family Trust Dated March 29, 2005, Morteza Homayounjam, Faranak Faye Sarafian, Sawtelle Properties, LLC and Darioush Soleimani (the "Ashland Parties") on May 24, 2010 (the "Ashland Answer") [Adv. Docket No. 16];

d.    Answer to the Hematravan Counterclaims and Cross Claim for Declaratory Relief, filed by the Trustee on May 28, 2010 (the "Trustee Cross Claim") [Adv. Docket No. 20]; or

e.    Counterclaim and Cross Claim For: (1) Determination of the Extent, Validity, And Priority of Liens; (2) Relief From The Automatic Stay; and (3) Other Equitable Relief, filed by the Ashland Parties on June 7, 2010 (the "Ashland Counter Claim") [Adv. Docket No. 35].

## II.    CONCLUSIONS OF LAW

1.    Consideration was tendered pursuant to and under the Promissory Notes.

2.    No other conclusions of law are made under the Joint Pretrial Order, including, but not limited to:

\\\

a.    Pursuant to Joint Pretrial Order ¶C(2), whether funds advanced by Namco, if any, was characterized as debt to be repaid pursuant to the Promissory Notes or equity contributed in and to the joint venture agreement between Namco and Plaintiffs. Defendant contends that this issue is irrelevant to the issue of whether consideration was given for the Promissory Notes.

b.    Pursuant to Joint Pretrial Order ¶C(3), whether the Promissory Notes are void or otherwise unenforceable.

c.    Pursuant to Joint Pretrial Order ¶C(4), whether the conduct of Namco, including tendering any monies to any Kamran entity, was in furtherance of the joint venture relationship, equity rather than debt, or should be equitably subordinated due to Ezri Namvar's actions in directing the actions of Namco.

d.    Pursuant to Joint Pretrial Order ¶C(5), whether the improper conduct of Namco in its attempt to mischaracterize its relationship with Plaintiffs as one of debtor/creditor, rather than that the parties entered into a joint venture agreement, gives rise to the need for equitable subordination pursuant to Federal Bankruptcy Code § 501(c) to prevent manifest injustice.

e.    Any other legal issues encompassed by the disputed issues of fact set forth in the Joint Pretrial Order.

3.    Pursuant to paragraph J of the Joint Pretrial Order [Adv. Docket No. 69], the Joint Pretrial Order specified the foregoing issues of fact and law as those remaining to be litigated, superseded the pleadings, and governed the trial of this cause. Conclusions of fact and law were only limited to the issues as set out in the Joint Pretrial Order ¶¶ B(1), C(1).

4.    The *ex parte* application of Plaintiffs for a continuance of the trial is denied.

5.    The declarations of David Golkar and Alex Helmi and the reply declaration of David Golkar are inadmissible and stricken as a consequence of those witnesses' failure to appear at trial for cross examination.

5

FINDINGS OF FACT AND CONCLUSIONS OF LAW

6.    No conclusions of law are made with respect to the claims and defenses asserted in the Hekmatravan Counterclaims, the Ashland Answer, the Trustee Cross Claim or the Ashland Counter Claim.

An order consistent with the foregoing will be entered forthwith.

DATE: ___8/11/11___

_Judge Barry Russell_

6

FINDINGS OF FACT AND CONCLUSIONS OF LAW

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **[PLAINTIFFS' PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **August 1, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 1, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/1/11 | Kathy Koester | _Kathy Koester_ |
|---|---|---|
| Date | Type Name | Signature |

_This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California._

January 2009                                                                 **F 9013-3.1**

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

## II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

**Richard S. Berger**
**Peter J. Gurfein**
**Landau Gottfried & Berger, LLP**
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

## III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras**           dpoitras@jmbm.com
- **Robyn B. Sokol**            rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg**       jeisenberg@jmbm.com
- **Gregory M. Salvato**        gsalvato@salvatolawoffices.com
- **Saul Reiss**                saulreiss@verizon.net
- **Richard S. Berger**         rberger@LGBFirm.com
- **Peter J. Gurfein**          pgurfein@LGBFirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                     **F 9013-3.1**

| In re:  NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER:  2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.:  2:10-ap-01244-BR |

## SERVED BY PERSONAL DELIVERY:

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      F 9013-3.1

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney)
who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that an order entitled (*specify*) Finding of Fact and Conlcusion of Law was entered on
the date indicated a  8/11/2011  on the first page of this judgment or order and will be served in the manner
indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the
court via NEF and hyperlink to the judgment or order. As of  8/11/2011 , the following person(s) are currently on
the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at
the email address(es) indicated below.

- Matthew M Clarke     mclarke@cappellonoel.com
- Marc S Cohen     mcohen@kayescholer.com
- Ashleigh A Danker     adanker@kayescholer.com
- Joseph A Eisenberg     jae@jmbm.com
- David M Poitras     dpoitras@jmbm.com
- Gregory M Salvato     gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato     gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol     ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was
sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the
address(es) indicated below:

☒ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order
which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an
"Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the
entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s),
and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**