UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

In Re:                              )      Case No. LA08-32333-BR
                                    )
NAMCO CAPITAL GROUP, INC.,          )      Los Angeles, California
                                    )      Tuesday, July 13, 2010
          Debtor.                   )      2:00 p.m.
_____)
                                    )
In Re:                              )      Case No. LA08-32349-BR
                                    )
EZRI NAMVAR,                        )
                                    )
          Debtor.                   )
_____)

CONT'D HRG. RE MOTION FOR
RELIEF FROM THE AUTOMATIC
STAY UNDER 11 U.S.C. 362

ADV. 10-01244  KAMRAN
PASADENA GROUP, INC. V.
SHARP ET AL.

HRG. RE JOINT MOTION FOR
LEAVE TO WITHDRAW AS COUNSEL
OF RECORD FOR KAMRAN
PASADENA GROUP, INC. AND
KAMRAN GROUP, LLC

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

ii

STATUS CONFERENCE RE COMPLAINT FOR
1. BREACH OF WRITTEN CONTRACT/PROMISSORY NOTES
2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
3. DECLARATORY RELIEF
4. INJUNCTIVE RELIEF
5. FRAUDULENT INDUCEMENT
6. FRAUD - INTENTIONAL CONCEALMENT
7. FRAUD - NEGLIGENT CONCEALMENT
8. CONVERSION - DECLARATION OF CONSTRUCTIVE/RESULTING TRUST
9. INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
10. DECREE OF DISSOLUTION AND WINDING-UP OF JT VENTURE
12. RESCISSION
13. CANCELLATION
14. SLANDER OF TITLE
15. FOR AN ACCOUNTING AND; COUNTERCLAIMS OF MEHRANAZ HEKMATRAVAN AND CROSS CLAIM OF BRADLEY SHARP FOR DECLARATORY RELIEF

ADV. 09-01592 HEKMATRAVAN V. NAMVAR ET AL.

PRE-TRIAL CONFERENCE FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(2)(A) NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(a)(6)

*Briggs Reporting Company, Inc.*

iii

ADV. 09-01664 HEKMATRAVAN
V. NAMVAR

PRE-TRIAL CONFERENCE FOR
NONDISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C.
SECTION 523(a)(2)(A)
NONDISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C.
SECTION 523(a)(6)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BARRY RUSSELL
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

Special Counsel for              ROBYN B. SOKOL, ESQ.
  Bradley Sharp,                 Ezra, Brutzkus, Gubner, LLP
  Chapter 11 Trustee:            21650 Oxnard Street
                                 Suite 500
                                 Woodland Hills, California
                                   91367
                                 (818) 827-9000

For the Movants:                 DAVID MARSHALL, ESQ.
                                 Law Offices of Raymond H. Aver
                                 1950 Sawtelle Boulevard
                                 Suite 328
                                 Los Angeles, California 90025
                                 (310) 473-3511


For Fidelity National            TERESA Y. HILLARY, ESQ.
  Title Company:                 Fidelity National Law Group
                                 915 Wilshire Boulevard
                                 Suite 2100
                                 Los Angeles, California 90017
                                 (213) 438-4409


For the Plaintiffs:              MATTHEW M. CLARKE, ESQ.
                                 Christman, Kelley & Clarke
                                 831 State Street
                                 Santa Barbara, California
                                   93101
                                 (805) 884-9922

iv

APPEARANCES:   (cont'd.)

For Ashland Properties          GREGORY M. SALVATO, ESQ.
  and Related Defendants:       Salvato Law Offices
                                Wells Fargo Center
                                355 South Grand Avenue
                                Suite 2450
                                Los Angeles, California 90071
                                (213) 484-8400

For the Hekmatravans:           SAUL REISS, ESQ.
                                Law Offices of Saul Reiss,
                                  P.C.
                                2800 28th Street
                                Suite 328
                                Santa Monica, California 90405
                                (310) 450-2888

For the Namco Trustee:          DAVID M. POITRAS, ESQ.
                                Jeffer, Mangels, Butler &
                                  Marmaro, LLP
                                1900 Avenue of the Stars
                                7th Floor
                                Los Angeles, California 90067
                                (310) 203-8080

For the Debtor and Defendant:   STEPHEN BIEGENZAHN, ESQ.
                                Law Offices of Stephen F.
                                  Biegenzahn
                                611 West 6th Street
                                Suite 850
                                Los Angeles, California 90017
                                (213) 617-0017

Court Recorder:                 Oscar Flores
                                United States Bankruptcy Court
                                Edward R. Roybal Federal
                                  Building
                                255 East Temple Street
                                Los Angeles, California 90012
                                (213) 894-7202

Transcriber:                    Briggs Reporting Company, Inc.
                                6336 Greenwich Drive, Suite B
                                San Diego, California 92122
                                (310) 410-4151

*Briggs Reporting Company, Inc.*

1

 LOS ANGELES, CALIFORNIA  TUESDAY, JULY 13, 2010  2:00 PM

--oOo--

(Call to order of the Court.)

THE RECORDER:  12 and 13 and 14, 15 and 16, Namco trailing.

MS. SOKOL:  Good afternoon, your Honor.  Robyn Sokol, Ezra Brutzkus Gubner, special counsel to Bradley Sharp, the Chapter 11 trustee.

MR. MARSHALL:  Good afternoon, your Honor.  David Marshall of the Law Office of Raymond H. Aver for the movants on calendar number 12.

MS. HILLARY:  Good afternoon, your Honor.  Teresa Hillary with Fidelity National Law Group on behalf of Fidelity National Title Company.

MR. CLARKE:  Good morning (sic), your Honor.  Matthew Clarke appearing for the plaintiffs in the adversary proceeding.

THE COURT:  All right.

MR. SALVATO:  Gregory Salvato appearing for Ashland Properties and related defendants in the adversary, counter-claimants.

MR. REISS:  Good afternoon, your Honor.  Saul Reiss on behalf of the Hekmatravans.

THE COURT:  Okay.

MR. POITRAS:  One more, your Honor.

2

THE COURT: That's right. One more. Can't forget about you.

MR. POITRAS: David Poitras of Jeffer Mangels Butler and Marmaro on number 14 for the Namco trustee.

THE COURT: Okay. Any particular order to take these? These are done strictly random. But number 12 is the first one.

MS. SOKOL: Your Honor, number 12 I believe is the motion for relief from stay.

THE COURT: Yes, it is.

MS. SOKOL: We should probably address that when we do number 14, so my recommendation would be let's do 13.

THE COURT: Okay.

MS. SOKOL: And then do 12 and 14, which is all the adversary all at once.

THE COURT: Okay. That's okay with me.

Okay. Number 13 is the motion to withdraw as counsel.

MR. CLARKE: Again, Matthew Clarke. I am appearing for the attorneys who will be substituting in in place of Kaye Scholer and Cappello & Noel. My firm is Christman, Kelley and Clarke, and I believe we filed a substitution on the 9th of July and served it that day as well.

THE COURT: I don't have it in front of me, but I

3

accept that.

So I assume there's no opposition to the withdrawal or the new counsel?

Okay.  Very well.  Why don't you go ahead and prepare an order.

MR. CLARKE:  Thank you.

THE COURT:  You're welcome.

Well, that was easy.  Okay.  Next one.

MS. SOKOL:  Your Honor, this is the adversary proceeding which commenced with the filing of a complaint by the Kamran Group.

THE COURT:  Right.

MS. SOKOL:  And then against a number of defendants, most of them represented here today, and then there were a flurry of counterclaims and cross-complaints. And the status conference was last -- I guess two weeks ago we continued to see what would happen with counsel for the Kamran Group.

THE COURT:  Right.

MS. SOKOL:  And we all -- unfortunately, Kamran Group's counsel missed the call yesterday, but the defendants and cross-complainants discussed a process for dealing with the adversary proceeding that would hopefully streamline it.

And we agreed, and certainly they may all

4

acknowledge that agreement when I'm finished, that it makes the most sense to deal with the issues raised by the initiating complaint which are essentially whether or not consideration was given for the notes at issue and the underlying notes and deeds of trust.

And once that is resolved, we can address the issue regarding whether or not the different assignments of beneficial interest or the assignees are actually secured creditors or not.

THE COURT:  Right.

MS. SOKOL:  The other thing that I believe we agreed upon was that it makes the most sense to deal with that issue and then -- and the second issue of the extent, nature and validity of the assignee's interest before we address the motions for relief from stay.

We've got one that was number 12 pending, that's been pending for a year now.  And then also they filed -- in their cross-complaint, they renew their motion for relief from stay.

So what I would propose is that, rather than have the motion for relief from stay and the adversary both be open and pending, maybe we -- at a minimum we track them together and -- or we consolidate it or join it with the adversary proceeding.

THE COURT:  All right.

5

Anybody else have any thoughts on this or disagree, agree or -- that's pretty much -- I remember last time we had a discussion about that, and it seems in line. So where do we go from here then?

There's a couple things -- by the way, I made a note last time and I don't know if I mentioned it but -- all the parties, you need to put the adversary proceeding number on all of the pleadings.  Some things have been put in the case.  It's really important, because if you don't, it may not get on calendar or any number or things.  So just make sure everything in the adversary proceeding, that number should go on it.

If it's like a relief from the stay every now and then, don't put the -- that's a case that's not an adversary and so if you don't, it gets all messed up.

So these little basic things I see all the time, but every now and then -- for instance, if you put an adversary number, I may never see it because it has to be filed in the case.  These are just little things I hate to even mention, but it's happened in this particular -- excuse me -- in the Namco case.  Lost my voice here for some reason.

So where does that leave us as far as number 12? Is that agreed to pretty much to --

UNIDENTIFIED SPEAKER:  Yes.

6

THE COURT:  Just what we've been doing is just sort of track it along with the rest.  Okay.

And then number 13 we've already dealt with.  That was easy.

Number 14, has everybody been served now?

MR. CLARKE:  Served but not answered.

THE COURT:  Okay.  Well, how -- what does it look like?  It was meant as a question because I really don't know.

MS. SOKOL:  Yeah, there are -- Mr. Issac -- I can't remember his first name.  We just served him about -- we had an alias summons issued and we served him maybe two weeks ago.  But I don't believe the Kamran Group has served him yet.

THE COURT:  The reason I say this, I really want to move this along.  Everybody wants to move it along, but in order to do that, we have to make sure everybody has been served and either can answer or not answer as the case may be.

MR. CLARKE:  That is correct.  We have not served -- the gentleman's name is Daniel Jacob Issac, I-S-S-A-C.  So if there's additional intelligence I can get from one of my colleagues, then certainly we will do that as soon as we can.

THE COURT:  All right.  So I guess --

7

MS. SOKOL:  I will provide Mr. Clarke with the mailing information for Mr. Issac.

THE COURT:  Because normally about this time I'd set a discovery cutoff.  I can't really do that at this point, especially if we don't have everybody here.  I mean especially we have the one -- we take issue by issue.

So where are we as far as doing what the various parties have to do?

Don't speak all at once.

MR. REISS:  Your Honor, with respect to the Hekmatravan cross-claims -- and I think he's an indispensable party anyway -- Mr. Golkar needs to make himself available.

THE COURT:  Well, again, you know much, much better than I do but --

MR. REISS:  Mr. Golkar is the principal of the Kamran Group.

THE COURT:  Right.

MR. REISS:  And we need to know if --

THE COURT:  I'm just saying as far as getting everybody on board, obviously you know much more about it than I do so I'm counting on you to make sure everybody is either served and either answers or is defaulted, one way or the other.

MR. POITRAS:  Your Honor, other than some

8

discovery that was undertaken in the relief from stay portion of this, which has been pending, as Ms. Sokol said, for about a year now, really nothing has transpired in the context of this adversary.

So there's one person that still needs to be served, and no one has conducted any discovery.  Here today, it's been determined -- or yesterday, to proceed down the path of I guess the initial complaint in terms of the allegations in that complaint.  And I agree with you, we need to get this resolved as quickly as possible.

I don't think that this one individual defendant that had not been served really has any bearing whatsoever on the consideration issue.  I'm frankly not sure why this person was named.

But I think we can proceed and should proceed forward as to those issues --

THE COURT:  Okay.  So how much -- I'd like to know if I can right now, set a discovery cutoff on that issue. What's your -- anybody have a thought -- how long is that going to take you to do whatever discovery you need to do?

MR. POITRAS:  As far as we're concerned, as far as the Chapter 11 trustee defendant in that action is concerned, 90 days is fine.

THE COURT:  Okay.

Anybody else?  Is that sufficient time to do

9

whatever you need to do?  It's very -- relatively -- I have no idea of the answer but the issue is well defined.

MR. CLARKE:  Your Honor, I would prefer a little bit more than 90 days.  I would suggest six months to --

THE COURT:  What do you need to do in that time --

MR. CLARKE:  Well, some depositions.

THE COURT:  -- or do you know enough about it to know what you need to do?

MR. CLARKE:  Well, that's another thing, is we had discussed -- all counsel had discussed how much time we need for discovery, and I think we had all estimated about six months.

THE COURT:  Right, but we're talking about just this particular which is not all of it.

MR. CLARKE:  I understand that.  In terms of narrowing that issue, I don't think 90 days is sufficient for me.

THE COURT:  Well, let me ask the other folks.

Anybody -- who else -- I can't remember who else is involved in that.

MR. SALVATO:  I was going to suggest 120, but something a little more than 90.

THE COURT:  Well, okay.  120 it is.  So you'll know -- why don't you prepare a scheduling order.  I'm going to continue this hearing for a status conference in about 90

10

days.  But in the scheduling order, make it whatever --
well, let's see, 120 days from today -- November 15th is
close enough, just so you have a specific date.  That's
about four months.

And that will be -- that means completed, not just
promulgated.  So all discovery will be completed, because
then, after that, the next hearing would be a pretrial and
then a trial.

One thing I noticed on this, there was I
believe -- was there a request for a jury by somebody?

UNIDENTIFIED SPEAKER:  Not us, your Honor.

THE COURT:  Maybe I'm wrong.

MR. SALVATO:  I think we did in our response, in
our answer.

THE COURT:  Well, because I'm not going to try the
jury trial.  So if you really want to move this along,
somebody is going to have to waive the jury or it can get
buried in the District Court.

So anyway, just think about it.  Just so you know.
I'll be happy to try it but I'm not going to do the jury
trial.

A lot of people ask for jury but rarely is anybody
serious about it.  But it is a right, so you have to think
about what you want to do.

So you've got the discovery cutoff.  And all I

11

need is a date approximately 90 days from now for the

status.  And after the status, the next time I'll set it for

a pretrial, and then we'll see.

MR. SALVATO:  So that I understand then, then

you're not setting a discovery cutoff for the other issues,

just --

THE COURT:  No, just those issues.

MR. SALVATO:  And so the pretrial and trial would

be --

THE COURT:  But obviously you should be thinking

about it.  Just don't forget about the other issues, but I'm

not going to set a discovery -- unless people should think I

should set the entire discovery cutoff.  I don't really

know.  I was focusing -- is there any reason -- is the extra

discovery for other things any more -- much more than the

discovery on the one issue we've been talking about?

MR. POITRAS:  The only issue is, your Honor, they

really are different parties.  So in terms of the

consideration issue for the most part, that's an issue as

between the plaintiff and the estate.

THE COURT:  Right.

MR. POITRAS:  The other issues are between the

estate and 10 or 12 assignees.  Mr. Reiss's issue is even

different than those two.  So I'm not --

THE COURT:  Well, why don't you think about it,

12

because I'll be inclined the next time, which is about 90 days from today, to actually set a discovery on the rest of thing.  So think about it, just what time you'll need.

So do we have a date about 90 days?

THE RECORDER:  We have October 5th at 10:00.

THE COURT:  Okay.  So number 14 is October 5 at 10:00 a.m.

Anything else?

MR. SALVATO:  Your Honor, is number 12 also on that date?

THE COURT:  Oh, I'm sorry, yes.  That will be just trailing along.  And there's no need for a status conference at this point.  It will just be trailing along with the -- so that's also October 5.

MR. SALVATO:  Thank you, your Honor.

MS. SOKOL:  Thank you, your Honor.

MR. CLARKE:  Thank you, your Honor.

THE RECORDER:  Number 10, Mosqueda.

THE COURT:  I'm sorry, what number?

THE RECORDER:  15 and 17.  15 and 16.

UNIDENTIFIED SPEAKER:  They're still left.

THE COURT:  Oh, okay.  Sorry.  Number --

THE RECORDER:  15, Namvar, and 16.

THE COURT:  Right, those are separate.

MR. BIEGENZAHN:  Good afternoon, your Honor.

*Briggs Reporting Company, Inc.*

13

Stephen Biegenzahn, counsel for debtor and defendant.

MR. REISS:  Good afternoon, your Honor.  Saul Reiss on behalf of the plaintiffs in both cases.

THE COURT:  Okay.  Let me get a hold of that.

All right.  Anything changed since the last time we were here?

MR. REISS:  What we were talking about is because the damages and everything in these cases relate to the issues that are being tried in the ones we just finished, that these should really be put over until the trial of that is completed.

THE COURT:  All right.  Is that --

MR. BIEGENZAHN:  Yes, your Honor.  And for status purposes, perhaps we should track the October date.

THE COURT:  Okay.  Why don't we do this.  Let's then do that.  That's -- was that October 5 at 10:00?

THE RECORDER:  October 5 at 10:00, yes.

THE COURT:  Okay.  But I would like, in both of these, joint status reports.  They could be quick, but I'll never remember -- I've got so many of these cases.  I suggest it be very short, just telling me that in fact to trail the other one when that's done.  But it is required for me to keep track of things.

So that's October 5 at 10:00 a.m.

MR. REISS:  Thank you, your Honor.

14

MR. BIEGENZAHN:  And the joint status reports would be due September 21.

THE COURT:  Two weeks before, right.

MR. REISS:  Thank you very much, your Honor.

THE COURT:  Okay.  You're welcome.

(Proceedings concluded.)


I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Holly Martens_____        8-23-11_____
Transcriber                        Date