# ORIGINAL

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852



FILED

AUG 03 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re

NAMCO CAPITAL GROUP, INC.,
a California corporation,

Debtor.

KAMRAN PASADENA GROUP, INC., a
California corporation and KAMRAN GROUP,
LLC, a California limited liability company,

Plaintiffs,

vs.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE
OF NAMCO CAPITAL GROUP INC., a California
corporation; WOODMAN PARTNERS, LLC, a
California limited liability company; FIDELITY
NATIONAL TITLE COMPANY, a California
corporation; DANIEL JACOB ISSAC, an
individual; FAY FRANAK SARAFIAN, an
individual; DARIOUSH SOLEIMANI, an
individual; MORTEZA HOMAYOUNJAM, an
individual; MEHRNAZ HEKMATRAVAN, an
individual; JAMSHID BAHARVAR, an individual;
ASHLAND PROPERTIES, LLC, a California
limited liability company; FARMCO TRUST,
SAWTELLE PROPERTIES, LLC, a California
limited liability company; MAHMOUD
FATORECHI AND SOUSSAN HASHEMI AS
TRUSTEE FOR THE FATORECHI-HASHEMI
TRUST; and DOES 1 THROUGH 100,

Defendant(s).

Case No.: 2:08-BK-32333-BR

Chapter 11

Adversary No.: 2:10-AP-01244-BR

**EVIDENTIARY OBJECTIONS TO THE
DECLARATION OF DAVID M.
POITRAS IN SUPPORT OF ENTRY OF
DEFENDANT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW AND
JUDGMENT AFTER TRIAL**

Trial Date:   April 27, 2011
Time:         10:00 a.m.
Place:        Courtroom 1668
              255 E. Temple Street
              Los Angeles, CA 90012

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

Plaintiffs KAMRAN PASADENA GROUP, INC, and KAMRAN GROUP, LLC, (collectively "Plaintiffs") hereby object to the Declaration of David M. Poitras in Support of Entry of Defendant's Findings of Fact and Conclusions of Law and Judgment After Trial (hereinafter the "Poitras Declaration") on the grounds that the Poitras Declaration is nothing more than a continuation of the misleading efforts of counsel to misstate the limited ruling that the Honorable Barry Russell made in open Court.

**SPECIFIC OBJECTIONS**

**PARAGRAPH 6:**

"I appeared at the July 13, 2010 Status Conference on behalf of the Trustee. I do not recall any discussion about the bifurcated action on the Main Complaint being limited in any way to only certain claims and causes of action set forth in the Main Complaint. To the contrary, my recollection is that discovery and trial would go forward at that time on all claims and causes of action set forth in the Main Complaint. Following the July 27, 2011 Status Conference in this adversary proceeding, I caused a copy of the transcript from the July 13, 2010 to be ordered. As of the date of this declaration, I have not received a copy of the transcript from the July 13, 2010 Status Conference."

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's statements regarding the July 13, 2010 Case Management Conference are irrelevant because they have nothing to do with the issues surrounding how trial was to be conducted or what issues the limited Trial of April 27, 2011 were to be decided. Additionally, Mr. Poitras's statement regarding the ordering of the transcript for the July 13, 2010 Case Management Conference is irrelevant to the matter instantly before the Court.

Misleading and Confusing (FRE 403): The statements in Paragraph 6 of the Declaration mislead and tend to confuse the Court because they refer to a proceeding that has nothing to do with the limited issues to be determined at the Trial of April 27, 2011, therefore including superfurlous statements which tend to confuse, mislead, or distract the Court from the issues instantly before the Court.

///

1

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

**PARAGRAPH 7:**

"Following the July 13, 2011 [sic] Status Conference, the Court entered that certain *Scheduling Order After Status Conference* (Docket No. 49)(the "Scheduling Order"). The Scheduling Order does not set forth any limitation on the claims and causes of action in the Main Complaint for discovery or trial. To the contrary, the Scheduling Order provides that "Discovery regarding only the claims of Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC in this adversary case shall be completed no later than November 15, 2010. The discovery cut-off does not apply to the counter-claims and cross-claims raised by any other parties in this adversary case." A true copy of the Scheduling Order is attached to this declaration as Exhibit 1."

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's statements regarding the Scheduling Order pursuant to the July 13, 2010 Case Management Conference are irrelevant because they have nothing to do with the issues surrounding how trial was to be conducted or what issues the limited Trial of April 27, 2011 were to be decided.  The Discovery plan in the Scheduling Order bears no weight on the issues that were to be considered at the limited Trial of April 27, 2011.

Misleading and Confusing (FRE 403): The statements in Paragraph 7 of the Declaration mislead and tend to confuse the Court because they refer to a Court Order that has nothing to do with the limited issues to be determined at the Trial of April 27, 2011, therefore including superfurlous statements which tend to confuse, mislead, or distract the Court from the issues instantly before the Court.

**PARAGRAPH 8:**

"Thereafter, Plaintiffs propounded written discovery upon the Trustee. The written discovery propounded upon the Trustee was not limited to any particular issue, claim or cause of action set forth in the Main Complaint. To the contrary, Plaintiffs' written discovery makes inquiry into the entire subject matter of the Main Complaint. Attached to this declaration as Exhibit 2 is a true copy of *Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC's Request for Admissions to Bradley D. Sharp, Set One.* Attached to this declaration as Exhibit 3 is a true copy of *Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC's Special Interrogatories to*

---

2

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

*Bradley D. Sharp, Set One.* Attached to this declaration as Exhibit 4 is a true copy of *Plaintiffs Kamran Pasadena Group, Inc and Kamran Group, LLC's Request for Production of Documents to Bradley D. Sharp, Set One.*"

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's statements regarding Plaintiffs' discovery requests are irrelevant because they have nothing to do with the issues surrounding how trial was to be conducted or what issues the limited Trial of April 27, 2011 were to be decided. The discovery requests do not indicate which issues the discovery requests were specifically referring to, nor do they indicate which issues were to be litigated at the limited Trial of April 27, 2011. Discovery requests do not dictate the Court's ability to try limited issues in limited circumstances.

Misleading and Confusing (FRE 403): The statements in Paragraph 8 of the Declaration mislead and tend to confuse the Court because they refer to multiple discovery requests that neither dictate the issues to be litigated or bind the Court's ability to litigate certain issues. The inclusion of the discovery requests, having nothing to do with the course of trial or the Court's determinations on the limited issue of consideration to be resolved the Trial of April 27, 2011, is therefore evidence which tends to confuse, mislead, or distract the Court from the issues instantly before the Court.

**PARAGRAPH 9:**

"Thereafter, Plaintiffs noticed the Trustee's deposition. Attached to this declaration as Exhibit 5 is a true copy of Plaintiffs' *Notice of Deposition of Namco Capital Group, Inc., by Person(s) Most Qualified* (the "Deposition Notice"). As was the case with Plaintiffs' written discovery, the Deposition Notice is not limited to whether or not consideration was tendered pursuant to and under the promissory notes at issue; the Deposition Notice seeks inquiry into 47 separate topics, which topics comprise all issues, claim, and causes of action set forth in the Main Complaint."

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's statements regarding Plaintiffs' deposition notice of Namco Capital Group is irrelevant because it has nothing to do with the issues surrounding how trial was to be conducted or what issues the limited Trial of April 27, 2011 were to be decided. The

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

deposition notice does not indicate which issues were to be litigated at the limited Trial of April 27, 2011. Deposition notices do not dictate the Court's ability to try limited issues in limited circumstances.

Misleading and Confusing (FRE 403): The statements in Paragraph 9 of the Declaration mislead and tend to confuse the Court because they refer to a deposition notice that neither dictates the issues to be litigated or binds the Court's ability to litigate certain issues. The inclusion of the deposition notice, having nothing to do with the course of trial or the Court's determinations on the limited issue of consideration to be resolved the Trial of April 27, 2011, is therefore evidence which tends to confuse, mislead, or distract the Court from the issues instantly before the Court.

**PARAGRAPH 14:**

"To the contrary, it is quite clear that the Court ordered that all of the claims and causes of action be bifurcated from the Counterclaims. That Plaintiffs understood and acknowledged such order and proceeded to conduct discovery concerning all of the claims and causes of action set forth in the Main Complaint. The Plaintiffs further confirmed and acknowledged this understanding by signing off on the Pretrial Order with the foregoing language."

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's statements regarding the Court's order on bifurcating the Plaintiffs' claims from those of the Counterclaimants are irrelevant because they have nothing to do with the issues surrounding how trial was to be conducted or what issues the limited Trial of April 27, 2011 were to be decided. The evidence that Plaintiffs' claims were bifurcated for judicial efficiency does not and did not dictate the Court's ability to further try limited issues of consideration at a later time.

Misleading and Confusing (FRE 403): The statements in Paragraph 14 of the Declaration mislead and tend to confuse the Court because they refer to a Court's Order that neither dictates nor discusses the issues to be litigated or binds the Court's ability to litigate certain issues. The inclusion this statement, having nothing to do with the course of trial or the Court's determinations on the limited issue of consideration to be resolved the Trial of April 27, 2011, is therefore evidence which tends to confuse, mislead, or distract the Court from the issues instantly before the Court.

4

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

Lack of Foundation and Personal Knowledge (FRE 602): Mr. Poitras's statements regarding the intent, knowledge, acknowledgment, or other states of mind regarding Plaintiffs' discovery are without foundation and Mr. Poitras does not have or demonstrate the requisite knowledge to make this statement. Mr. Poitras's statement is mere speculation.

**PARAGRAPH 15:**

"Based upon the foregoing, it is clear that Plaintiffs' claim that the trial was limited to a single issue, that is whether consideration was tendered pursuant to and under the promissory notes, has no basis whatsoever in either fact or law."

**OBJECTION:**

Irrelevant (FRE 401): Mr. Poitras's own opinion of Plaintiff's claim is irrelevant to determining which issues were litigated at the limited Trial of April 27, 2011.

Misleading and Confusing (FRE 403): The statements in Paragraph 15 of the Declaration mislead and tend to confuse the Court because they refer to opinions of Mr. Poitras concerning Plaintiffs' claims regarding the Court's determinations on the limited issue of consideration which was resolved at the Trial of April 27, 2011.

Lack of Foundation and Personal Knowledge (FRE 602): Mr. Poitras's statements regarding the intent, knowledge, acknowledgment, or other states of mind regarding Plaintiffs' claims are without foundation and Mr. Poitras does not have or demonstrate the requisite knowledge to make this statement. Mr. Poitras's statement is mere speculation.

Argumentative (FRE 611(a)): Mr. Poitras's own opinion of Plaintiff's claim is only argument and therefore does not lend any evidence to determining which issues were litigated at the limited Trial of April 27, 2011.

**CONCLUSION**

The Declaration of David M. Poitras again asks the Court to dismiss the totality of Plaintiffs' Complaint after trial on April 27, 2011. The Declaration is full of irrelevant, misleading, and confusing statements intended to confuse the Court so that the Defendant may force a wholesale resolution on a trial that was limited to just one issue.

///

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

DATED: August 3, 2011

CHRISTMAN, KELLEY & CLARKE

By: _Matthew Clarke_____

Matthew M. Clarke
Dugan P. Kelley
Attorneys for Plaintiffs and Counter-Defendants
Kamran Pasadena Group, Inc. and Kamran
Group, LLC

6

OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DAVID M. POITRAS IN SUPPORT OF ENTRY OF DEFENDANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND JUDGMENT AFTER TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**

On **August 3, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 3, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge **will be** completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/3/11 | Kathy Koester | _Kathy Koester_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 <br> CASE NUMBER:  2:08-bk-32333-BR <br> ADVERSARY PROC. NO.:  2:10-ap-01244-BR |
| Debtor(s). | |

## II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
Law Offices of Saul Reiss, P.C.
2800 28th St Ste 328
Santa Monica, CA 90405

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

## III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- David M. Poitras
- Robyn B. Sokol
- Joseph A. Eisenberg
- Gregory M. Salvato
- Saul Reiss

dpoitras@jmbm.com
rsokol@ebg-law.com; ecf@ebg-law.com
jeisenberg@jmbm.com
gsalvato@salvatolawoffices.com
saulreiss@verizon.net

### SERVED BY PERSONAL DELIVERY:

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*August 2010*