Steven T. Gubner - Bar No. 156593
Robyn Sokol - Bar No. 159506
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone:  818.827.9000
Facsimile:  818.827.9099
Email:        sgubner@ebg-law.com
                   rsokol@ebg-law.com

Special Counsel for Bradley D. Sharp,
Chapter 11 Trustee for Debtor Namco Capital Group, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., | Adv. No.:  2:10-ap-01244 BR |
| Debtor. | |
| | |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company, | Chapter 7 |
| | **STIPULATION RE:  25 WEST WALNUT AVENUE, PASEDENA, CALIFORNIA PROPERTY** |
| Plaintiffs, | |
| NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100, | NO HEARING REQUIRED |

-1-

521175

ASHLAND PROPERTIES, LLC, et al.,

              Cross-Complainants

v.

BRADLEY S. SHARP, CHAPTER 11
TRUSTEE;

              Cross-Defendants.

AND RELATED CROSS-CLAIMS AND
COUNTERCLAIMS.

**THIS STIPULATION IS** entered into by and among Bradley D. Sharp, the duly qualified and acting chapter 11 trustee ("Trustee") for the estate of Namco Capital Group, Inc. ("Namco"), by and through his counsel, and Ashland Properties, LLC, a California limited liability company; Jamshid Baharvar, M.D. and Shohreh E. Baharvar; Mahmoud Fatorechi and Soussan Hashemi as Trustees of the Fatorechi-Hashemi Trust; Morteza Homayounjam, Jonathan (Faramarz) Massachi, asTrustee of the Farmo Trust, Faye Faranak Sarafian; Sawtelle Properties, LLC, a California limited liability company, and Darioush Soleimani (collectively the "Walnut Parties"), by and through their counsel.. The Trustee and Walnut Parties shall be referred to together as the "Parties."

## RECITALS

A.     On December 22, 2008, an involuntary chapter 11 petition was filed against Namco. On January 29, 2009, an order for relief was entered.

B.     On May 8, 2009, the Court entered an order appointing Bradley D. Sharp as the chapter 11 trustee in the Namco case.

C.     On or about July 3, 2009, the Walnut Parties filed a Motion for Relief From the Automatic Stay ("**Motion**") seeking relief from the automatic stay so that the Walnut Parties could foreclose on the real property commonly described and referred to as the "Walnut Property," located at 25 Walnut Street in Pasadena, California with APN Nos. 5713-009-039, 5713-009-04240, 5713-009-041, 5713-009-042, 5713-009-043 and 5713-009-044 ("**Walnut Property**"). The Trustee filed an opposition to the Motion arguing that the Walnut Parties were

not properly perfected secured creditors with respect to the Deeds of Trust (defined below), the Walnut Property or the promissory notes made by the Kamran Pasadena Group, Inc., a California corporation and Kamran Group, LLC, a California limited liability company (collectively "**Kamran Group**") for the benefit of the Debtor secured by the Property ("**Notes**") and therefore the Walnut Parties had no standing to move for relief from the automatic stay or foreclose on the Property.

D.    The Notes at issue were issued against the Walnut Property by the Kamran Group for the benefit of the Debtor as follows: (a) On June 29, 2007 a Promissory Note Secured by Deed of Trust with the face value of $5,000,000 was issued by the Kamran Group Pasadena, Inc. for the benefit of the Debtor and in exchange for the Debtor lending $5,000,000 to the Kamran Group Pasadena, Inc.; (b) On September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $600,000 was issued by the Kamran Group, LLC for the benefit of The Debtor and in exchange for the Debtor lending $600,000 to the Kamran Group, LLC; (c) On September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $1,300,000 was issued by the Kamran Group, LLC for the benefit of the Debtor and in exchange for the Debtor lending $1,300,000 to the Kamran Group, LLC; (d) On September 10, 2007 a Promissory Note Secured by Deed of Trust with the face value of $450,000 was issued by the Kamran Group, LLC for the benefit of The Debtor and in exchange for the Debtor lending $450,000 to the Kamran Group, LLC – the Notes. Contemporaneously with the issuance of each of the Notes, the Debtor was provided Deeds of Trust securing the Notes by the Walnut Property or portions thereof ("**Deeds of Trust**").

E.    The Walnut Parties contend that they are each creditors secured by the Walnut Property by virtue of assignments of beneficial interests in various Deeds of Trust that they received. Each of the Walnut Parties loaned money to the Debtor evidenced by promissory notes for which they were the beneficiaries ("**Walnut Notes**"). The Debtor purportedly provided each of the Walnut Parties (often long after the initial loan/investment occurred) assignments of beneficial interests in certain of the Deeds of Trust. The Deeds of Trust were provided to the Debtor to secure loans it made to the Kamran Group. The Deeds of Trust provided the Debtor

-3-

521175

with first position liens on various portions of the Walnut Property to secure the Notes issued for the Debtor's benefit by the Kamran Group.

F.      The Trustee contends that the Walnut Parties are not properly perfected secured creditors and therefore not entitled to the relief sought in their Motion and the Walnut Counterclaim, currently pending as Adv. No. 2:10-ap-01244 BR.

G.      On June 20, 2011, the Trustee and the Walnut Parties attended and participated in mediation. At this mediation the Trustee and Walnut Parties reached an agreement with respect to the pending causes of action and claims between the Trustee and the Walnut Parties. The Trustee and the Walnut Parties are in the process of documenting the settlement and will be filing a motion with the Court to approve the settlement.

H.      On or about November 13, 2009, the Trustee, pursuant to the Deeds of Trust, commenced the foreclosure process with respect to the Property. A notice of default was recorded on November 13, 2009.

I.      The Parties wish to move forward with the foreclosure sale prior to the Court's approval of the Settlement between the Parties without prejudice to their rights to the Property.

### STIPULATION

Subject to Bankruptcy Court approval, the Parties hereby stipulate and agree as follows.

1.      The recitals of paragraphs A through I above are incorporated herein by reference as if set forth at length herein.

2.      The Walnut Parties consent to the foreclosure of the Property by the Trustee and agree to sign and provide the Trustee with any and all documents necessary to complete the foreclosure sale.

3.      The Walnut Parties support, authorize and will cooperate with the Trustee's efforts to foreclose on the Property.

///

///

///

///

-4-

521175

4. The Parties agree that the Trustee's efforts to foreclose on the Property and the successful foreclosure with respect to the Property shall not alter the rights of the Walnut Parties, if any, with respect to the Property, the Notes and the Deeds of Trust.

**IT IS SO STIPULATED AND AGREED.**

Dated: December 12, 2011          EZRA BRUTZKUS GUBNER LLP


By: ___/s/ Robyn B. Sokol_____
Robyn B. Sokol
Special Counsel for Bradley D. Sharp, Chapter 11
Trustee for Debtor Namco Capital Group, Inc.

Dated: December 12, 2011          LAW OFFICE OF SUSAN I. MONTGOMERY


By: _____
Susan I. Montgomery
Counsel for Ashland Properties, LLC, a California
limited liability company; Jamshid Baharvar, M.D. and
Shohreh E. Baharvar; Mahmoud Fatorechi and Soussan
Hashemi as Trustees of the Fatorechi-Hashemi Trust;
Morteza Homayounjam, Jonathan (Faramarz)
Massachi, as Trustee of the Farmo Trust, Faye Faranak
Sarafian; Sawtelle Properties, LLC, a California limited
liability company, and Darioush Soleimani

-5-

521175

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP INC., <br><br> Debtor(s). <br><br> KAMRAN PASADENA GROUP, INC., etc. vs. NAMCO CAPITAL GROUP | CHAPTER 11 <br> CASE NUMBER 2:08-bk-32333-BR <br> ADV NUMBER 2:10-ap-01244-BR |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document described **STIPULATION RE: 25 WEST WALNUT AVENUE, PASADENA, CALIFORNIA PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by lbr 5005-2(d); and **(b)** in the manner indicated below

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 12, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Susan I Montgomery**    susan@simontgomerylaw.com
**United States Trustee (LA)**    ustpregion 16.la.ecf@usdoj.gov

☐    Service information continued on att0061ched page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 15, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**BY U.S. MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| December 12, 2011 | JESSICA ROEL | /s/ Jessica Roel |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**