DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR P.C. (Bar No. 139091)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:    310.203.8080
Facsimile:    310.203.0567
Email:        dpoitras@jmbm.com

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group Inc.

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.:  2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | Adversary No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION, ON COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100, | Hearing: Date:    February 22, 2012 Time:    2:00 p.m. Place:   Courtroom 1668 255 E. Temple Street Los Angeles, CA 90012 |
| Defendant(s). | |

PRINTED ON

RECYCLED PAPER

LA 8468058v5

Defendant's Motion for Summary Judgment

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................................2

II. JURISDICTION ....................................................................................................................4

III. BACKGROUND ....................................................................................................................4

    A.  The Parties ....................................................................................................................4

    B.  Factual History.............................................................................................................5

        1.  The Promissory Notes.........................................................................................5

        2.  Notices of Default...............................................................................................7

    C.  There is No Dispute of Material Fact .........................................................................8

IV. STANDARD FOR SUMMARY JUDGMENT..................................................................8

V.  ARGUMENT........................................................................................................................10

    A.  The Trustee Is Entitled To Judgment As A Matter Of Law On All Of The
        Time-Barred Claims Against Namco That Are Improperly Pleaded Against
        Him -- The First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth,
        Eleventh, Twelfth, Thirteenth and Fifteenth Claims For Relief............................10

    B.  The Trustee Is Entitled to Judgment As A Matter Of Law On Every Claim
        For Relief In the Complaint That Is Dependent Upon Proof Of The
        Nonexistent Lack Of Consideration For The Notes ...............................................13

        1.  The Trustee is Entitled to Judgment as a Matter of Law on the Breach
            of Contract-Related Claims -- the First, Second, Third, and Fourth
            Claims for Relief.........................................................................................13

            a.  There Was No Breach of Written Agreement/Promissory
                Notes (First Claim for Relief)..........................................................13

            b.  There Was No Breach of the Implied Covenant of Good Faith
                and Fair Dealing (Second Claim for Relief)...................................16

            c.  Plaintiffs are Not Entitled to Declaratory Relief that the
                Promissory Notes are Invalid (Third Claim for Relief).................17

            d.  There is No Basis for Imposing a Preliminary Injunctive
                Relief Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P.
                7001(7) (Fourth Claim for Relief) ...................................................17

            e.  Plaintiffs Are Not Entitled to the Remedy of Cancellation of
                the Loan Documents (Thirteen Claim for Relief)..........................18

JMBM | Jeffer Mangels
Butler & Mitchell LLP

**TABLE OF CONTENTS**

Page

f.      There is No Basis For the Slander of Title Claim (Fourteenth
Claim for Relief)..........................................................................................18

2.    Plaintiffs' Claims That They Were Fraudulently Induced To Enter
Into the Promissory Notes (Fifth, Sixth and Seventh Claims for
Relief) Lack Merit and Plaintiff Are Not Entitled to the Equitable
Remedy Of Rescission (Twelfth Claim For Relief) ...................................19

3.    The Trustee Is Entitled To Judgment as a Matter of Law on the Ninth
and Fifteenth Claims for Relief Which Are Wholly Derivative of
Plaintiffs' Other Claims ............................................................................21

VI.     CONCLUSION.................................................................................................22

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER

LA 8468058v5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amelco Elec. v. City of Thousand Oaks*,
27 Cal. 4th 228 (2002) ...................................................................................................13

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......................................................9

*Andrew v. Bankers & Shippers Ins. Co.*,
101 Cal. App. 566 (1929) ................................................................................................20

*Beldon v. Henriques*,
8 Cal. 87 (1857) ..............................................................................................................20

*In re Buckeye Countrymark, Inc.*,
251 B.R. 835 (Bankr. S.D. Ohio 2000) ............................................................................10

*Careau & Co. v. Security Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) .........................................................................................13

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)....................................................8, 9

*Contra Costa Title Co. v. Waloff*,
Cal. App. 2d 59 (1960) ....................................................................................................20

*In re County Seat Stores, Inc.*,
280 B.R. 319 (Bankr. S.D.N.Y. 2002)...............................................................................10

*Crofoot Lumber v. Thompson*,
329 P.2d 302 (1958) ........................................................................................................21

*DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n.*,
879 F.2d 459 (9th Cir. 1989) .............................................................................................9

*Della Penna v. Toyota Motors Sales, U.S.A., Inc.*,
Cal. App. 4th 376 (1995) .................................................................................................21

*DocMagic, Inc. v. Ellie Mae, Inc.*,
745 F.Supp. 2d 1119 (N.D. Cal. 2010)..........................................................................21, 22

*First Commercial Mortgage Co. v. Reece*,
89 Cal. App. 4th 731 (2001) ............................................................................................13

*Hahn v. Mirda*,
147 Cal. App. 4th 740 (2007) ..........................................................................................19

PRINTED ON

RECYCLED PAPER

LA 8468058v5

JMBM | Jeffer Mangels
Butler & Mitchell LLP

- iii -    Defendant's Motion for Summary Judgment

*Hillman v. Stults*,
263 Cal. App. 2d 848 (1968) ...................................................................................22

*Hood v. Superior Court*,
33 Cal. App. 4th 319 (1995) ..................................................................................17

*Hull v. Ray*,
80 Cal. App. 284 (1926) ........................................................................................17

*Hunter v. Up-Right, Inc.*,
6 Cal. 4th 1174 (1993) ...........................................................................................19

*In re Molten Metal Technology, Inc.*,
271 B.R. 711 (Bankr. D. Mass. 2002) ....................................................................10

*In re NutriBevco, Inc.*,
117 B.R. 771 (Bankr. S. D. N. Y. 1990).................................................................11

*Johnstone v. Morris*,
210 Cal. 580 (1930) ...............................................................................................22

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) .........................................................................................21

*Kransco v. American Empire Surplus Lines Ins. Co.*,
23 Cal. 4th 390 (2000) ...........................................................................................16

*Lazar v. the Superior Court of Los Angeles*,
12 Cal. 4th 631 (1996) ...........................................................................................19

*Liona Corporation, Inc. v. PCH Associates (In re PCH Associates)*,
949 F.2d 585 (2d Cir. 1991) ...................................................................................11

*Lockwood v. Wolf Corp.*,
629 F.2d 603 (9th Cir. 1980) ....................................................................................9

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*,
173 Cal. App. 4th 1040 (2009) ..............................................................................19

*Mo Iko v. Holy Spirit Assn.*,
46 Cal. 3d 1092 (1998) ..........................................................................................19

*Nakash v. Superior Court*
196 Cal.App.3d 59(1987) ......................................................................................21

*Nero v. Evans*,
2011 WL 26804083 (S.D. Cal. July 8, 2011) ........................................................16

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
210 F.3d 1099 (9th Cir. 2000) ..................................................................................9

JMBM | Jeffer Mangels
Butler & Mitchell LLP

- iv -     Defendant's Motion for Summary Judgment

*Pasadena Live, LLC v. City of Pasadena*,
    114 Cal. App. 4th 1089 (2004) ...................................................................................16

*Sanborn v. Ballanfonte*,
    98 Cal. 482 (1929) ......................................................................................................18

*Stalberg v. Western Title Ins. Co.*,
    27 Cal. App. 4th 925 (1994) .......................................................................................18

*Stamas v. County of Madera*,
    795 F. Supp. 2d 1047 (E.D. Cal. 2011) ................................................................18, 19

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*,
    143 Cal. App. 4th 1036 (2006) ...................................................................................14

*Tradewinds Escrow v. Truck Ins. Exch.*,
    97 Cal. App. 704 (2002) .............................................................................................22

*Troyk v. Farmers Group, Inc.*,
    171 Cal. App. 4th 1305 (2009) ...................................................................................13

*Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.)*,
    482 F.3d 1118 (9th Cir. 2007) ......................................................................................9

**STATUTES**

11 U.S.C.
    § 105 ............................................................................................................................17
    § 501 ............................................................................................................................10
    § 502 ............................................................................................................................10
    § 1111(a)… ..................................................................................................................11

28 U.S.C.
    §§ 157 and 1334 ............................................................................................................4
    §§ 157(b)(2)(A) and (O) ...............................................................................................4
    §§ 1408 and 1409 ..........................................................................................................4

Cal. Civ. Code
    § 1709 ..........................................................................................................................19
    § 2924 ..........................................................................................................................18
    § 2924(c)(a)(1) ............................................................................................................15

**OTHER AUTHORITIES**

1 Witkin, Summary of Cal. Law,
    *Contracts,* § 797, at 719–72 (9th ed. 1987) ..............................................................21
    *Contracts,* § 848, at 935 (10th ed. 2005) ..................................................................14

5 Witkin, Summary of Cal. Law,
    *Torts*, § 731 ...............................................................................................................22

JMBM | Jeffer Mangels Butler & Mitchell LLP

*Corbin on Contract*,
§ 1168 ...........................................................................................................................18
*Rest. 2d Contracts,* § 273.........................................................................................................18

Fed. R. Bankr. P.
Rule 3003(c)(2) ............................................................................................................10
Rule 7001(7) .................................................................................................................17
Rule 7001(9) .................................................................................................................17

Fed. R. Civ. P.
Rule 56(c) .................................................................................................................8, 9
Rule 56(e) .......................................................................................................................8

PRINTED ON

RECYCLED PAPER

LA 8468058v5

- vi -    Defendant's Motion for Summary Judgment

JMBM | Jeffer Mangels
Butler & Mitchell LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Motion for Summary Judgment (the "Motion"), brought by Defendant Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") of Namco Capital Group, Inc. ("Namco") seeks summary judgment, or in the alternative, partial summary adjudication, in the Trustee's favor as to the claims[1] alleged in the Complaint[2] filed by Plaintiffs Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs").

## I.    INTRODUCTION

Nearly all of the claims for relief in the Complaint are procedurally defective, entitling the Trustee of Namco to judgment as a matter of law.  All but two of the claims for relief in the Complaint (i.e., all but the fourth and fourteenth claims for relief) are clearly time-barred claims against Namco that are improperly pleaded instead against the Trustee.  Namco, not the Trustee, is the party to the promissory notes that Plaintiffs allege have been breached.  Namco, not the Trustee, is the party that committed the purported fraud and other tortious conduct alleged by Plaintiffs. Namco, however, is not named as a defendant to the action, and could not have been, because the proper procedure would have been for Plaintiffs to file proofs of claim against Namco in the

---

[1] For the Court's reference, below is a listing of each claim for relief set forth in the Complaint:
- First Claim for Relief: Breach of Written Contract/Promissory Notes
- Second Claim for Relief: Breach of Implied Covenant of Good Faith and Fair Dealing
- Third Claim for Relief: Declaratory Relief
- Fourth Claim for Relief: Injunctive Relief
- Fifth Claim for Relief: Fraudulent Inducement
- Sixth Claim for Relief: Fraud - Intentional Concealment
- Seventh Claim for Relief: Fraud -Negligent Concealment
- Eighth Claim for Relief: Conversion - Declaration of Constructive/Resulting Trust
- Ninth Claim for Relief: Interference with Prospective Economic Advantage
- Tenth Claim for Relief: Decree of Dissolution and Winding-Up of Joint Venture
- Eleventh Claim for Relief: To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs
- Twelfth Claim for Relief: Rescission
- Thirteenth Claim for Relief: Cancellation
- Fourteenth Claim for Relief: Slander of Title
- Fifteenth Claim for Relief: For An Accounting

[2] *Kamran Pasadena Group Inc. and Kamran Group, Inc. v. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. et al* was filed February 24, 2010 as Adv. Proceeding No. 2:10-ap-01244 ("Complaint"). See Statement of Undisputed Material Facts In Support of Defendant Bradley D. Sharp, Chapter 11 Trustee's Motion for Summary Judgment filed concurrently herewith ("SUF"), ¶ 1.

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

- 2 -    Defendant's Motion for Summary Judgment

LA 8468058v5

Chapter 11 case.  Plaintiffs failed to do so.  Indeed, the claims bar date expired long before Plaintiffs filed their Complaint.  Plaintiffs cannot now circumvent their failure to comply with bankruptcy rules and procedures by seeking their time-barred relief by way of an adversary proceeding.  Plaintiffs may not as a matter of law recover from the Trustee monetary damages and other relief for alleged pre-petition breaches of contract and alleged tortious conduct by Namco.

In addition to that fatal procedural defect, the Trustee is also entitled to judgment as a matter of substantive law on nearly every claim for relief in Plaintiffs' Complaint.  On May 13, 2011, following the initial trial in this proceeding, this Court entered findings of fact and conclusions of law holding that, as a matter of fact and law, Plaintiffs received from Namco consideration for a series of Promissory Notes (defined below) that had been executed by Plaintiffs in favor of Namco during 2007 and 2008.  SUF, ¶ 24; *see also Findings of Fact and Conclusions of Law* entered August 11, 2011 [Docket No. 93] ("FOF"), ¶ 13, attached to the Request for Judicial Notice filed concurrently herewith ("RJN") as Exhibit B.  Plaintiffs conceded during discovery prior to the trial on the consideration issue that they never made any principal or interest payments under the Promissory Notes, but contended that their failure to pay did not constitute a default because they purportedly had not received the consideration for the Promissory Notes.  SUF, ¶ 29.  The Court's rejection of Plaintiffs' lack of consideration argument removed the sole basis for Plaintiffs' contention that their nonpayment did not constitute a default under the Promissory Notes, and requires that judgment be entered against Plaintiffs on nearly all of the claims for relief in the Complaint (i.e., all but the eighth, tenth and eleventh claims for relief).  Those claims depend entirely upon Plaintiffs' failed lack of consideration argument and their related contention that the filing of notices of default under the Promissory Notes by the Trustee were improper because no consideration had passed.

Specifically, Plaintiffs' first, second, third, fourth, thirteen and fourteenth claims for relief for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, preliminary injunctive relief, rescission, cancellation and slander of title fail as a matter of law because to prevail on each claim, Plaintiffs must -- but cannot -- prove that they did not receive consideration for the Promissory Notes and that the Trustee was therefore not permitted to

declare them in default for Plaintiffs' acknowledged nonpayment of amounts due under the Promissory Notes.

Similarly, Plaintiffs' fifth, sixth and seventh claims for relief for fraudulent inducement, intentional concealment and negligent concealment depend entirely upon the success of Plaintiffs' failed contention that Namco defrauded Plaintiffs by allegedly misrepresenting that it would tender to Plaintiffs the consideration for the Promissory Notes and then failing to do so. Obviously, any alleged representation that the consideration would be paid cannot have been false, because it was, in fact, paid. SUF, ¶ 24. In addition, the sole evidence of Namco's fraudulent intent alleged by Plaintiffs is the purported failure to pay the consideration; but again, the consideration, was in fact paid. SUF, ¶ 24; FOF, ¶ 13. Finally, the ninth and fifteenth claims for relief are wholly derivative of the failed consideration claims, and therefore, the Trustee is entitled to judgment on them as a matter of law.

If the Court agrees that Plaintiffs' claims are both procedurally and substantively defective as the Trustee contends, then the Trustee is entitled to judgment as a matter of law on the entire Complaint. If the Court agrees only with a portion of the Trustee's contentions, then the Trustee is entitled to the alternative relief of partial summary adjudication.

## II.   **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the debtor's bankruptcy estate and is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). SUF, ¶ 2; FOF, ¶ 1. Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. SUF, ¶ 3; FOF, ¶ 2.

## III.   **BACKGROUND**

### A.   **The Parties**

Plaintiff Kamran Group, LLC was formed on or about February 7, 2006 and is a California limited liability company, whose sole member is David Golkar. FOF, ¶ 5.

PRINTED ON
RECYCLED PAPER

LA 8468058v5

- 4 -   Defendant's Motion for Summary Judgment

*JMBM* | Jeffer Mangels Butler & Mitchell LLP

Plaintiff Kamran Pasadena Group, Inc. appears to be an unincorporated business.[3]  Kamran Pasadena Group Inc. asserts that it was formerly known as Pasadena Athletic Operating Club, Inc., a dissolved California corporation.  *See* Complaint, ¶ 5.

Namco was and is a California corporation.  FOF, ¶ 3.  Ezri Namvar ("Namvar") was the principal and/or agent for Namco in its dealings with Plaintiffs.  SUF, ¶ 4; FOF, ¶ 5.  On December 22, 2008, an involuntary chapter 11 petition was filed against Namco.  SUF, ¶ 5; FOF, ¶ 3.  On January 29, 2009, an order for relief was entered in the Namco bankruptcy case.  SUF, ¶ 6; FOF, ¶ 3.

On May 8, 2009, the Court entered an order approving the appointment of the Trustee in the Namco bankruptcy case.  FOF, ¶4; Ex. C.

**B.    Factual History**

**1.    The Promissory Notes**

1.    "Kamran Group, Pasadena Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000.  SUF, ¶ 10; FOF, ¶ 6; Ex. L.  This Promissory Note is secured by a Deed of Trust encumbering Unit #503 of 25 West Walnut.[4]  SUF, ¶ 11; Ex. R.

2.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000.  SUF, ¶ 12; FOF, ¶ 7; Ex. M.  This

---

[3] The entity "Kamran Pasadena Group, Inc." is not registered as a business entity in the State of California. *See* Declaration of David Poitras (the "Poitras Decl."), Exhibit I.  An entity entitled "Kamran Pasadena, Inc." was registered as a California corporation on December 30, 1975 and has subsequently been suspended.  Poitras Decl., Exhibit J.  "Kamran Group, Inc." was registered as a California corporation on October 5, 2005.  Poitras Decl., Exhibit K.

[4] The property generally described as being located at 25 West Walnut Avenue, Pasadena, California ("25 West Walnut") was acquired by Kamran Group, LLC on or about  June, 2007.  Situated on the 25 West Walnut property are several condominium units [Unit Nos. 501, 503, 504 and 405], which were also subsequently acquired, which are collectively referred to as the "25 West Walnut Condominiums").  *See* Complaint, ¶¶ 21 & 22.

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

LA 8468058v5

- 5 -     Defendant's Motion for Summary Judgment

Promissory Note is secured by a Deed of Trust encumbering Unit #501 of 25 West Walnut.  SUF, ¶ 13; Ex. S.

3.        "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000.  SUF, ¶ 14 FOF, ¶ 8; Ex. N.  This Promissory Note is secured by a Deed of Trust encumbering Unit #504 of 25 West Walnut.  SUF, ¶ 15; Ex. T.

4.        "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000.  SUF, ¶ 16; FOF, ¶ 9; Ex. O.  This Promissory Note is secured by a Deed of Trust encumbering Unit #405 of 25 West Walnut.  SUF, ¶ 17; Ex. U.

5.        "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000.   SUF, ¶ 18; FOF, ¶ 10; Ex. P.  This Promissory Note is secured by a Deed of Trust encumbering the Marengo Property.[5]  SUF, ¶ 19; Ex. V.

6.        "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000.  SUF, ¶ 20; FOF, ¶ 11; Ex. Q. This Promissory Note is secured by a Deed of Trust encumbering Unit #503 of 25 West Walnut.  SUF, ¶ 21; Ex. W.

7.        The promissory notes recited in paragraphs 1 through 6 above are referred to collectively herein as the "Promissory Notes."

8.        Namco is the holder of each of the Promissory Notes.   SUF, ¶ 23; Exs. L - Q at 1.

9.        Plaintiffs received consideration for the Promissory Notes.  SUF, ¶ 24; FOF, ¶ 13.

---

[5] The "Marengo Property" refers to that property located at 810-820 Marengo Ave., Pasadena, California acquired by Plaintiffs on or about June 2007. *See* Complaint, ¶ 24.

PRINTED ON
RECYCLED PAPER

- 6 -        Defendant's Motion for Summary Judgment

LA 8468058v5

10.    The Promissory Notes each provide, on approximately the top of page 3 of each Promissory Note, that the Holder (Namco) has the right to assign or transfer part of all of the interest in the Promissory Notes:

> *Maker [i.e. Plaintiffs] acknowledges and **agrees that Holder has the right to transfer, assign or hypothecate all or any part of this Note, and/or the Loan Documents [which included the Long Form Deed of Trust]**, to sell participations therein (provided, however, that such transfer, assignment, hypothecation or partication shall be at no expense to Maker).   Maker agrees that it shall cooperate fully with Holder in connection with this paragraph promptly upon request and shall execute and where appropriate, acknowledge and deliver, such estoppel certificates and other documents as  Holder may require in connection therewith.*

SUF, ¶ 25; Exhibits L - Q at 3 (emphasis added).[6]

### 2.    Notices of Default

11.    The Promissory Notes each further provide, on approximately page 2 of each Promissory Note:

> *the Maker and endorsers **waive presentment, protest and demand, notice of protest, demand and of dishonor and nonpayment of this Note**, and expressly agree that this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof…. Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of Holder, constitute a default under any and all of the other Loan Documents.*

SUF, ¶ 26; Exhibits L - Q at 2 (emphasis added).

12.    Plaintiffs admit that they "never made a single interest or principal payment on any of the Promissory Notes."   SUF, ¶ 29; Complaint ¶ 31; *Plaintiff Kamran Pasadena Group, Inc.'s Response to Defendant Bradley D. Sharp's First Set of Interrogatories to Kamran Pasadena Group, Inc.* (the "Inc. Interrog. Resp."), attached to the Poitras Decl. as Ex. G, No. 14 and *Plaintiff Kamran Group, LLC's Response to Defendant Bradley D. Sharp's First Set of Interrogatories to Kamran Group, LLC* (the "LLC Interrog. Resp."), attached to the Poitras Decl. as Ex. H, No. 14.

---

[6] Plaintiffs imply in certain allegations that Namco was prohibited from assigning fractional interests in certain deeds of trust. Complaint, ¶¶ 30, 35, 49, 95, and 101. The Promissory Notes, however, clearly indicate that there is no such prohibition. SUF, ¶ 25; Exs. L - Q at 3. Thus, any claims based on grounds that Namco was prohibited from transferring its fractional interests in the Promissory Notes and Deeds of Trust lack merit.

13. The Promissory Notes do not require an additional notice period prior to calling a default, and in fact expressly state that the failure to make payments pursuant to the Promissory Note automatically constitutes a default:

> *Upon failure to pay any installments of interest or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreement contained herein...or upon the occurrence of an event of default...**then such failure and/or event shall immediately and automatically constitute a default under this Note**, and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable...*

SUF, ¶ 27; Exhibits L - Q at 1 (emphasis added).

14. On or about November 13, 2009, as a result of the Plaintiffs' defaults under each of the Promissory Notes, Notices of Default were recorded against each of the 25 West Walnut Condominiums and Marengo Property that secured the debt obligations under the different Promissory Notes. SUF, ¶¶ 28 & 32; Exhibits X - BB.

### C. There is No Dispute of Material Fact

Although Plaintiffs contend that the relationship between them, on the one hand, and Namco, on the other hand, was a joint venture and not a debtor/creditor relationship, that issue is irrelevant to this Motion. This Motion seeks only to resolve claims for relief that either (1) are improperly pleaded against the Trustee, or (2) depend entirely (either directly or derivatively through other claims for relief) on Plaintiffs' failed lack of consideration argument. There is no genuine dispute requiring trial as to any fact that is material to the resolution of the issues presented by this Motion.

### IV. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . .." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Advisory Committee Note to 1963 Amendment to Fed. R. Civ. P. 56(e) (the purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see

PRINTED ON
RECYCLED PAPER

LA 8468058v5

- 8 -     Defendant's Motion for Summary Judgment

whether there is a genuine need for trial").  "Summary judgment … is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.),* 482 F.3d 1118, 1128 (9th Cir. 2007); Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

"The party moving for summary judgment must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary."  *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980).  The party moving for summary judgment must only demonstrate "the absence of a material factual issue" in order to meet its burden of proof.  *DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n.*, 879 F.2d 459, 464 (9th Cir. 1989). "Once that burden is met, the opposing party must come forward with specific facts, and not allegations, to show that a genuine factual issue remains for trial."  *Id.*

A defendant seeking summary judgment bears the initial responsibility of informing the district court of the basis for the motion and identifying those portions of the record that demonstrate the absence of genuine issues of material fact.  *See Celotex*, 477 U.S. at 323.  In addition, a defendant's burden on a motion for summary judgment may be discharged by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the [plaintiff's] case."  *Id.* at 325; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102, 1106, (9th Cir. 2000) (defendant may "show that [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion").

## V.    ARGUMENT

### A.    The Trustee Is Entitled To Judgment As A Matter Of Law On All Of The Time-Barred Claims Against Namco That Are Improperly Pleaded Against Him -- The First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fifteenth Claims For Relief

The bankruptcy trustee is a separate and distinct entity from the debtor. *See In re Molten Metal Technology, Inc.*, 271 B.R. 711, 729 (Bankr. D. Mass. 2002) ("the Chapter 11 Trustee is not the legal equivalent of the Debtor"); *In re County Seat Stores, Inc.*, 280 B.R. 319, 325 (Bankr. S.D.N.Y. 2002) ("a bankruptcy trustee is a legal entity separate and distinct from the debtor"); *In re Buckeye Countrymark, Inc.*, 251 B.R. 835, 840 (Bankr. S.D. Ohio 2000) (bankruptcy trustee is not the debtor's alter ego but a separate legal entity that neither represents the Debtor nor owes the Debtor a fiduciary obligation and whose responsibility is to the bankruptcy estate). These courts have reasoned that:

> The appointment of a chapter 11 trustee removes the debtor from possession of the estate's assets. The debtor, however, does not then cease to exist. The two entities exist side-by-side, having different powers and rights and, as importantly, being separate and distinct entities and therefore having different interests. [¶] [W]hile it is certainly true that a trustee "stands in the shoes of the debtor" when prosecuting causes of action that arose in favor of the debtor before the commencement of the bankruptcy case, it is also true that this doctrine does not mean that the trustee *is* the debtor. It only means that the trustee, despite his or her nonidentity with the debtor, is nonetheless subject to such defenses as the defendant has against the debtor.

*In re Molten Metal Technology*, 271 B.R. at 729-30.

Consistent with this principle and the reasoning behind it, creditors, such as Plaintiffs purport to be in this case, may not assert claims against the bankruptcy trustee that should be asserted against the debtor as part of the proof of claim procedure. 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3003(c)(2).[7] "In a Chapter 11 case, a creditor has no obligation to file a proof of claim as

---

[7] "Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. Bankr. R. Proc. 3003(c)(2).

PRINTED ON
RECYCLED PAPER

- 10 -    Defendant's Motion for Summary Judgment

LA 8468058v5

JMBM Jeffer Mangels Butler & Mitchell LLP

long as the debtor on its filings has scheduled that creditor's claim and the claim is not characterized as 'disputed, contingent, or unliquidated.' 11 U.S.C. § 1111(a)…. Assuming the correctness of this procedure, a creditor such as [Plaintiffs] should have filed a proof of claim to preserve its rights." *See, e.g., Liona Corporation, Inc. v. PCH Associates (In re PCH Associates)*, 949 F.2d 585, 605 (2d Cir. 1991). Allowing creditors to assert their claims against the Trustee instead of the Debtor would permit creditors to circumvent that procedure and defeat the purpose of the claims bar date, which is intended to "protect not only the debtor's interests, but creditors' interests as well. It establishes a date by which the plan proponent can determine which liabilities will be asserted against the estate." *In re NutriBevco, Inc.,* 117 B.R. 771, 781 (Bankr. S. D. N. Y. 1990).

Yet that is precisely what Plaintiffs attempt to do in this case. The claims bar date passed in this case over two years ago, on November 13, 2009, and Plaintiffs never filed any proofs of claim.[8] Instead, on February 24, 2010, Plaintiffs filed the Complaint, which seeks damages and other relief against the Trustee -- not Namco, against which all claims were by then time-barred -- for the following alleged misconduct:

(1)    Committing various alleged breaches of the Promissory Notes and the implied covenant of good faith and fair dealing to which Namco, not the Trustee, is a party (first, second and third claims for relief);

(2)    Allegedly defrauding Plaintiffs (long before this Chapter 11 case was filed and the Trustee was appointed) into entering into the Promissory Notes to which Namco, not the Trustee, is a party (fifth, sixth and seventh claims for relief);

_____

[8] Plaintiffs' principal, David Golkar, however, has filed proofs of claim. On April 24, 2009, Mr. Golkar timely filed a proof of claim for over $4.5 million pursuant to a note payable by Namco to him in the principal amount of $4.3 million. *See* Poitras Decl., ¶ 6; Exhibit D. Oddly, Plaintiffs appear to allege that this note was issued to them, not to Golkar. Complaint, ¶ 25. On September 9, 2011 (nearly two years <u>after</u> the bar date), Mr. Golkar filed a second proof of claim for an additional $4 million, asserting as its basis the following: "Through debtor's fraud, money given to purchase properties and pay consultants." *See* Poitras Decl., ¶ 7; Exhibit E. Mr. Golkar has thus asserted claims (timely and untimely) against Namco for $8.3 million (plus interest on the loan). This appears suspiciously similar to Plaintiffs' allegation in their Complaint that they have "contributed over $8.3 million" to the alleged joint venture with Namco (Complaint, ¶ 27), which they apparently seek to recover by way of their tenth claim for relief for a decree of dissolution and winding-up of the joint venture. *See* Complaint, ¶ 92. If that is the case, Plaintiffs' claims are not only thinly-veiled and time-barred claims against Namco, but are also duplicative of the claims against Namco previously asserted by Mr. Golkar. In any event, any claims, causes of action, etc., against Namco that are not included in a timely proof of claim filed by Plaintiffs are barred by the claims bar date.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

LA 8468058v5

- 11 -    Defendant's Motion for Summary Judgment

(3)    Allegedly converting funds purportedly borrowed by Namco, not the Trustee (eighth claim for relief) long before this case was filed;

(4)    Allegedly interfering with Plaintiffs' alleged economic relationships by engaging in the foregoing breaches of contract, fraud and conversion (ninth claim for relief);

(5)    Allegedly damaging Plaintiffs by wrongfully disassociating from a purported joint venture to which Namco, not the Trustee, is a party, and which Plaintiffs now seek to dissolve and unwind (tenth claim for relief);

(6)    Allegedly engaging in a fraudulent transfer by way of Namco's purported borrowing of funds against certain property and purported secret sales of fractional interests in the Promissory Notes long before this case was filed (eleventh claim for relief);

(7)    Seeking to rescind and/or cancel the Promissory Notes, to which Namco, not the Trustee, is a party (twelfth and thirteenth claims for relief); and

(8)    Seeking an accounting of all funds allegedly received by Namco pursuant to its alleged misconduct (fifteenth claim for relief).

Each of these claims[9] seeks, in one form or another, monetary compensation or other relief based on alleged breaches of Namco's contractual and other obligations or based on Namco's allegedly tortious conduct.[10]    These claims should have been asserted against Namco prior to the

---

[9] The procedural defect of improperly naming the Trustee as defendant affects all of Plaintiffs' claims for relief except their fourth claim for relief seeking a preliminary injunction to bar the Trustee's foreclosure on the property secured by the Promissory Notes and their fourteenth claim for relief for slander of title, in which Plaintiffs assert that the Trustee improperly recorded the Notices of Default. As discussed below, the Trustee is entitled to judgment as a matter of law on the merits of those two claims because of the failure of Plaintiffs' lack of consideration argument.

[10] The only actions of the Trustee that Plaintiffs assert in support of their claims are the Trustee's recording of notices of Plaintiffs' default of their obligations under their Promissory Notes and the Trustee's efforts to foreclose on the properties securing those obligations, which are alleged to varying degrees in support of certain of Plaintiffs' contract-related claims, i.e., the first, second, fourth, twelfth, thirteenth and fourteenth claims for relief. However, as explained in the following section, the Court's previous rejection of Plaintiffs' defense that they received no consideration for the Promissory Notes -- which they contended excused their failure to make any payments under the Promissory Notes and rendered the Trustee's Notices of Default wrongful and unjustified -- requires judgment in the Trustee's favor on those claims as a matter of law.

PRINTED ON
RECYCLED PAPER

LA 8468058v5

- 12 -    Defendant's Motion for Summary Judgment

JMBM  Jeffer Mangels
Butler & Mitchell LLP

claims bar date and are improperly asserted against the Trustee in violation of the proof of claim procedure, and should therefore be dismissed.

**B.** **The Trustee Is Entitled to Judgment As A Matter Of Law On Every Claim For Relief In the Complaint That Is Dependent Upon Proof Of The Nonexistent Lack Of Consideration For The Notes**

      **1.** **The Trustee is Entitled to Judgment as a Matter of Law on the Breach of Contract-Related Claims -- the First, Second, Third, and Fourth Claims for Relief.**

Each claim for relief in the Complaint that is based upon an alleged breach of the Promissory Notes depends entirely on the viability of Plaintiffs' failed lack of consideration argument.  The Trustee is therefore entitled to judgment as a matter law on each of them.

      **a.** **There Was No Breach of Written Agreement/Promissory Notes (First Claim for Relief)**

The first claim for relief is for breach of the Promissory Notes, which requires Plaintiffs to prove, among other things, that "Namco […] breached the agreements by its [sic] conduct." Complaint, ¶ 39.  S*ee, e.g., Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1352 (2009); *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001); *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990); *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243  (2002) (Under California law,[11] to be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff).

Every alleged breach of a written agreement set forth in Plaintiffs' Complaint[12] is a creature

---

[11] The Promissory Notes specifically provide that they shall be governed by and construed in accordance with the laws of the State of California.  SUF, ¶ 22; Exhibits L - Q at 3.

[12] Plaintiffs also assert in their interrogatory responses that Namco breached the Promissory Notes by "[t]aking unilateral action without proper notice when it borrowed $5 million on the 233 Fair Oaks property without the consent, notice, or knowledge of or by [Plaintiffs]." *See* Inc. Interrog. Resp. and LLC Interrog. Resp., No. 15. The Promissory Notes have nothing to do with, and impose no restrictions on Namco's conduct relating to, the property located at 233 Fair Oaks, Pasadena, CA.  SUF, ¶31; Exhibits L- Q.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

of Plaintiffs' lack of consideration argument, either based directly on the non-existent failure of Namco to tender consideration for the Promissory Notes, or on Plaintiffs' follow-on argument that any recording of a Notice of Default or other action based on Plaintiffs' admitted failure to pay under the Promissory Notes was improper because the non-existent failure of Namco to tender consideration excused Plaintiffs' payment obligations.

For example, Plaintiffs allege that Namco and/or the Trustee breached the Promissory Notes by refusing to tender the consideration of $12,650,000, calling a "non-existent" default and imposing fees and charges based on a "non-existent" default, preventing Plaintiffs' performance (by failing to tender consideration) and then calling a default based on that purported failure to perform, filing Notices of Default when Namco's own actions in failing to tender consideration created the default, and concealing Namco's intention to avoid performance (of its obligation to tender consideration) under the Promissory Notes. Complaint, ¶ 39; *see also* Inc. Interrog. Resp. and LLC Interrog. Resp., Nos. 15 (Exs. G & H).

**This entire house of cards collapses as a result of this Court's holding, following an evidentiary trial, that Namco did in fact tender to Plaintiffs the $12,650,000 in consideration for the Promissory Notes.** SUF, ¶ 24; FOF, ¶ 13 (Ex. B).

Further, Plaintiffs admit that they "never made a single interest or principal payment on any of the Promissory Notes." SUF, ¶ 29; Complaint ¶ 31; Inc. Interrog. Resp. and LLC Interrog. Resp., Nos. 14 (Exs. G & H). In order to prevail on the breach of contract claim, Plaintiffs "must be free from substantial default" and thus must prove performance or that performance was excused. 1 Witkin, Summary of Cal. Law, *Contracts,* § 848, at 935 (10th ed. 2005); *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1051 (2006) ("In order to recover for breach of contract, the non-breaching party must prove that it has substantially performed the conditions of the breaching party's performance or that performance was excused"). Plaintiffs did not perform their payment obligations under the Promissory Notes. SUF, ¶ 29; Complaint at ¶ 31; Inc. Interrog. Resp. and LLC Interrog. Resp., No. 14 (Exs. G & H). That failure to pay constituted

Defendant's Motion for Summary Judgment

PRINTED ON
RECYCLED PAPER

LA 8468058v5

an event of default under the Promissory Notes,[13] entitling the Trustee to declare Plaintiffs in default and to record notices of default and seek all appropriate remedies, including foreclosure.

Plaintiffs also allege that the Trustee breached the Promissory Notes by failing to give proper notice prior to calling a default. *See* Complaint ¶ 39. The Promissory Notes, however, expressly provide that:

> *the Maker and endorsers* <u>*waive presentment, protest and demand, notice*</u> <u>*of protest, demand and of dishonor and nonpayment of this Note,*</u> *and expressly agree that this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof....*
>
> *Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of Holder, constitute a default under any and all of the other Loan Documents.*

SUF, ¶ 26; Exhibits L - Q at 2 (emphasis added). The Promissory Notes do not require any additional notice period prior to calling a default, and, in fact, expressly state that the failure to make payments pursuant to the Promissory note automatically constitutes a default:

> *Upon failure to pay any installments of interest or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreement contained herein...or upon the occurrence of an event of default...*<u>*then such failure and/or event shall immediately and*</u> <u>*automatically constitute a default under this Note,*</u> *and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable...*

SUF, ¶ 27; Exhibits L - Q at 1 (emphasis added).

A notice of default is recorded after a borrower fails to meet the terms of its loan. Cal. Civ. Proc. Code § 2924(c)(a)(1). Thus, the Notices of Default were properly recorded at the Recoder's Office in the County of Los Angeles, California. SUF, ¶ 32; Exhibits X - BB.

Consequently, all of the breaches of contract alleged by Plaintiffs either never happened (the nonexistent failure to tender consideration and the nonexistent concealment of an intention not to tender consideration), or were not breaches because they were proper under the Promissory Notes (calling a default and recording notices of default and imposing default fees and charges).

---

[13] SUF, ¶ 30; Exhibits L - Q at 1.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

### b. There Was No Breach of the Implied Covenant of Good Faith and Fair Dealing (Second Claim for Relief)

Plaintiffs' second claim for relief for breach of the implied covenant of good faith and fair dealing fails for the same reasons their breach of contract claim fails. Plaintiffs base their second claim for relief on the grounds that Namco failed to tender consideration for the promissory notes. *See* Complaint, ¶ 43. This Court determined, however, that to the contrary, Namco did tender consideration. SUF, ¶ 24; FOF, ¶ 13.

"Pursuant to California law, '[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" *Nero v. Evans*, 2011 WL 26804083 at *21 (S.D. Cal. July 8, 2011) (*citing Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000)). "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Id.* (*citing Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (*citing* 1 Witkin, Summary of Cal. Law, *Contracts,* § 743 at 449 (2003 supp.))).

As set forth above, there is no evidence that Namco failed to comply with the express terms of the Promissory Notes. In fact, as the Court determined, Namco did in fact comply with the terms of the contract -- Namco tendered the promised consideration. SUF, ¶ 24; FOF, ¶ 13. It was Plaintiffs that defaulted on the express terms of the Promissory Notes, by failing to make their payment obligations,[14] and, thus, Namco was entitled, under the terms of the Promissory Notes, to impose fees and charges based on the default and to file the Notices of Default.[15]

The Promissory Notes' implied covenants of good faith and fair dealing do not afford Plaintiffs relief for any alleged violations outside or inconsistent with the limited terms of the Promissory Notes, with which Namco and the Trustee clearly complied.[16] *Nero v. Evans*, 2011 WL

---

[14] SUF, ¶ 29 ; Inc. Interrog. Resp. and LLC Interrog. Resp., ¶ 14 (Exs. G & H).

[15] Exhibits L - Q at 1 - 4.

[16] Plaintiffs allege, among other things, that Namco failed to consider and/or negotiate in good faith with

PRINTED ON
RECYCLED PAPER

LA 8468058v5

JMBM | Jeffer Mangels
Butler & Mitchell LLP

26804083 at *21 (S.D. Cal. July 8, 2011). Namco and the Trustee's actions to enforce the express terms of the Promissory Notes were proper and cannot make the Trustee liable for any breach of the implied covenant of good faith and fair dealing. Thus, Plaintiffs are not entitled to the relief they seek on this claim.

### c.    **Plaintiffs are Not Entitled to Declaratory Relief that the Promissory Notes are Invalid (Third Claim for Relief)**

Plaintiffs' declaratory relief claim seeks a declaration that "(a) the Promissory Notes are invalid because they are not supported by consideration, (b) the defaults of the Promissory Notes are null and void; and (c) that no foreclosure may occur because there is no valid or legal default." Complaint, ¶ 50.

Based on this Court's previous finding that Namco gave consideration to Plaintiffs under the Promissory Notes (SUF, ¶ 24, FOF, ¶ 13), and Plaintiffs' admission that they failed to make payments due and are thus are in default under the Promissory Notes (SUF, ¶¶ 29 & 30), Plaintiffs are not entitled to the declaration that they seek.[17]

### d.    **There is No Basis for Imposing a Preliminary Injunctive Relief Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7001(7) (Fourth Claim for Relief)**

Plaintiffs seek a preliminary injunction pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7001(9) barring foreclosure on the 25 West Walnut Condominiums and Marengo Property, which secure the Promissory Notes. This request for equitable relief is, like the preceding claim, based

regard to its refusal to tender consideration for the Promissory Notes, Namco asserted an interpretation of the Promissory Notes, and the parties' obligations pursuant thereto, which was contrary to the parties' understanding of the Promissory Notes, and Namco evaded the spirit of the bargain reflected and abused its power to determine compliance with the Promissory Notes. *See* Complaint, ¶ 43. If the transaction is, as here, evidenced by an instrument in writing, the intention of the parties is to be determined primarily by reference to the written document. *Hull v. Ray*, 80 Cal. App. 284 (1926). Namco and the Trustee complied with the express terms of the Promissory Notes and cannot be liable for alleged violations beyond or inconsistent with the terms of agreement.

[17] Moreover, the declaration Plaintiffs seek is a superfluous one that adds nothing to their claim for breach of contract. *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995) (A claim for declaratory relief is "unnecessary and superfluous" where "a declaration of rights adds nothing to those matters that were asserted and presumably will be resolved in the underlying action.").

Jeffer Mangels
Butler & Mitchell LLP

JMBM

PRINTED ON
RECYCLED PAPER

LA 8468058v5

- 17 -    Defendant's Motion for Summary Judgment

upon Plaintiffs' failed consideration argument. As set forth above, this Court held that Namco provided consideration for the Promissory Notes. SUF, ¶ 24 ; FOF, ¶ 13. Plaintiffs admit that they never made any payments (whether interest, fees or principal) under any of the Promissory Notes. SUF, ¶ 29; Inc. Interrog. Resp. and LLC Interrog. Resp., No. 14 (Exs. G & H). Therefore, Plaintiffs were in default under the terms of the Promissory Notes, and pursuant to the Promissory Notes, the Trustee on behalf of Namco, as Holder of the Promissory Notes, properly recorded the Notices of Default and may properly seek to foreclose on the properties that secure the Promissory Notes. Cal. Civ. Proc. Code § 2924. Plaintiffs are not entitled to the injunctive relief they seek.

### e.    Plaintiffs Are Not Entitled to the Remedy of Cancellation of the Loan Documents (Thirteen Claim for Relief)

"'Cancellation' occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of 'termination' except that the canceling party also retains any remedy for breach of the whole contract or any unperformed balance." *See, e.g., Sanborn v. Ballanfonte*, 98 Cal. 482, 488 (1929); *Rest. 2d Contracts,* § 273. Because Plaintiffs cannot prove that the Trustee (nor Namco itself) is in breach of the Promissory Notes (and rather it is Plaintiffs that are in breach for non-payment), Plaintiffs cannot obtain the remedy of cancellation of the written agreements including the Promissory Notes, Deeds of Trust or Notices of Default. *See* Complaint, ¶ 105.

Additionally, cancellation is an equitable remedy, and equitable relief has long been denied to parties who do not come into court with 'clean hands.'" *Corbin on Contract*, § 1168. Here, Plaintiffs, not Namco or the Trustee, are the parties that breached the Promissory Notes, and, therefore, cannot seek to cancel the Promissory Notes and avoid their obligations under the Promissory Notes.

### f.    There is No Basis For the Slander of Title Claim (Fourteenth Claim for Relief)

"Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stamas v. County of Madera,* 795 F. Supp. 2d 1047, 1067 (E.D. Cal. 2011) (*citing Stalberg v. Western Title Ins. Co.*, 27 Cal. App. 4th 925, 929

(1994)).  The elements of slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.  *Id.* (*citing Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040 (2009)).

Once again, the crux of Plaintiffs' fourteenth claim for relief is the assertion that the Notices of Default were improper because Namco did not provide consideration for the Promissory Notes.  This argument fails.  SUF, ¶ 24; FOF, ¶ 13.  And, again, as shown above, Plaintiffs admit that they were in default under the Promissory Notes for failing to make payments under the Promissory Notes.  SUF, ¶ 29; Complaint at ¶ 31; Inc. Interrog. Resp. and LLC Interrog. Resp., No. 14 (Exs. G & H).  Thus, the Notices of Default were properly and justifiably recorded and contained accurate statements.

**2.      Plaintiffs' Claims That They Were Fraudulently Induced To Enter Into the Promissory Notes (Fifth, Sixth and Seventh Claims for Relief) Lack Merit and Plaintiff Are Not Entitled to the Equitable Remedy Of Rescission (Twelfth Claim For Relief)**

Plaintiffs' fraud-based claims are similarly flawed.  In the fifth, sixth and seventh claims for relief, Plaintiffs seek to "recover exemplary and punitive damages" based on the allegation that Namco fraudulently induced,[18] fraudulently concealed[19] and/or fraudulently neglected to disclose "that Namco had no intention of tendering the consideration."  *See* Complaint, ¶¶ 59, 65, 74.

---

[18] Under California law, "an action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *Lazar v. the Superior Court of Los Angeles*, 12 Cal. 4th 631 (1996) (*citing Chelini v. Nieri*, 32 Cal. 2d 480, 487 (1948)). "'Promissory fraud' is a subspecies of the action for fraud and deceit. *Id*. (citations omitted). "The elements of fraud, which give rise to the tort of action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity ('scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Id*. (*citing* 5 Witkin, Summary of Cal. Law, *Torts*, § 676, at 778 (9th ed. 1988)); *see also* Cal. Civ. Code § 1709; *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174 (1993); *Mo Iko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1008 (1998).

[19] Under California law, the elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been aware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damages." *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007) (*citing Marketing West Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13(1992)).

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

LA 8468058v5

- 19 -      Defendant's Motion for Summary Judgment

To prevail on their claims for fraudulent inducement, intentional concealment and negligent concealment, Plaintiffs must prove, among other things, a material misrepresentation or the concealment of a material fact. *See, e.g., Andrew v. Bankers & Shippers Ins. Co.*, 101 Cal. App. 566 (1929) (to recover in an action under Cal. Civ. Code §§ 1709 and 1710, it must first be shown that a false representation was made as to a material fact); *Beldon v. Henriques*, 8 Cal. 87 (1857) (in order to sustain allegations of fraud and deceit, it is necessary that representations alleged to have been fraudulent and deceitful, were not true).

Plaintiffs cannot prove the essential elements of the fraud claims; these claims are based solely on the failed consideration argument adjudicated previously by this Court. SUF, ¶ 24 ; FOF, ¶ 13. Plaintiffs contend that Namvar fraudulently induced Plaintiffs to execute the Promissory Notes by purportedly falsely representing that Namco had sufficient capital to tender the $12,650,000 as consideration for the Promissory Notes and that it would tender that consideration. *See* Complaint, ¶¶ 59, 65, 74; Inc. Interrog. Resp. and LLC Interrog. Resp., No. 15. Plaintiffs further contend that Namco's fraudulent intent "is evidenced by its failure and refusal to tender consideration." *See* Complaint, ¶¶ 59, 65, 74.; Inc. Interrog. Resp. and LLC Interrog. Resp., Nos. 15.

The Complaint's alleged material misrepresentation, however, cannot have been false, because, as this Court has already found, Namco did in fact tender the promised consideration. SUF, ¶ 24; FOF, ¶ 13. Thus, Plaintiffs cannot prove the fundamental element of each of these causes of action based on fraud.

The same analysis dooms Plaintiffs' rescission claim. "One seeking rescission of contract on account of fraud must be actually deceived by misrepresentation of material fact, other party must have intended to deceive by misrepresentation of such material fact, and party seeking to rescind must have relied on fraudulent representations to his injury and damage." *Contra Costa Title Co. v. Waloff*, Cal. App. 2d 59 (1960). As discussed above, there was no misrepresentation because here, Namco tendered the promised consideration. SUF, ¶ 24; FOF, ¶ 13.

Plaintiffs have failed to prove any of the causes of action due to the failed consideration argument with regard to the Promissory Notes and Deeds of Trust and thus, the remedy of

PRINTED ON
RECYCLED PAPER

LA 8468058v5

JMBM | Jeffer Mangels Butler & Mitchell LLP

rescission is also not available.[20]

### 3.    The Trustee Is Entitled To Judgment as a Matter of Law on the Ninth and Fifteenth Claims for Relief Which Are Wholly Derivative of Plaintiffs' Other Claims

Plaintiffs' ninth claim for relief is intentional interference with prospective economic advantage ("IIPEA") and is based on the allegations that "Namco engaged in wrongful conduct including, but not limited to, breach of contract, breach of the implied covenant of good faith, and interference with contractual relations."  Complaint, ¶ 88.

An IIPEA claim requires the following elements: (1) An economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.  *DocMagic, Inc. v. Ellie Mae, Inc*., 745 F.Supp. 2d 1119, 1144 (N.D. Cal. 2010) (*citing Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134, 1153 (2003)).

"[T]he intentional acts alleged as the third element must have been 'wrongful by some legal measure other than the fact of interference itself.'"  *DocMagic, Inc. v. Ellie Mae, Inc.,* 745 F. Supp. 2d at 1144 (*quoting Della Penna v. Toyota Motors Sales, U.S.A., Inc.*, Cal. App. 4th 376, 393 (1995)); *see also Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134 (2003).

As set forth above, the Trustee is entitled to judgment as to each of the claims asserted by Plaintiffs that comprise the "wrongful intentional acts" alleged by Plaintiffs in support of their IIPEA:  There was no breach of the Promissory Notes on the part of the Trustee (or Namco), and consequently there was also no breach of any implied covenant of good faith nor any interference

---

[20] "Rescission is not a cause of action; it is a remedy." *Nakash v. Superior Court,* 196 Cal.App.3d 59 (1987), *citing,* Cal. Civ. Code § 1689; *Crofoot Lumber v. Thompson*, 329 P.2d 302 (1958); *and see* 1 Witkin, Summary of Cal. Law, *Contracts,* § 797, at 719–72 (9th ed. 1987).

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

- 21 -       Defendant's Motion for Summary Judgment

LA 8468058v5

with contractual relations.[21] *See* Sections V.B.1(a) & (b) *supra*. Plaintiffs cannot sufficiently prove the essential element, among others, that Namco committed any wrongful intentional acts designed to disrupt the alleged relationships between Plaintiffs and others. The Trustee is therefore entitled to judgment as a matter of law as to the ninth claim for relief.

Plaintiffs fifteenth claim for relief for an accounting is also derivative of Plaintiffs' substantive claims. Complaint, ¶ 118. Claims for accounting seek remedies, and are based upon the underlying misrepresentation claims. *Tradewinds Escrow v. Truck Ins. Exch.*, 97 Cal. App. 704, 714 n.7 (2002); *Hillman v. Stults*, 263 Cal. App. 2d 848, 876 (1968); *Johnstone v. Morris*, 210 Cal. 580, 584 (1930). Plaintiffs cannot sufficiently prove, among other things, that Namco committed any wrongful intentional acts and, thus, this remedy cannot stand on its own and must be dismissed along with Plaintiffs' substantive claims.

## VI.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant this motion in its entirety and enter judgment in the Trustee's favor on all claims for relief.

Respectfully submitted,

DATED: January 11, 2012          JEFFER MANGELS BUTLER & MITCHELL LLP

By:    */s/ David M. Poitras*
       DAVID M. POITRAS
       Counsel for  DEFENDANT BRADLEY D. SHARP.,
       CHAPTER 11 TRUSTEE FROM NAMCO CAPITAL
       GROUP, INC.

_____

[21] Plaintiffs further allege that Namco's wrongful conduct included "interference with contractual relations." Complaint, ¶ 88. "The tort of intentional interference with contractual relations under California law is what is known as "inducement of breach of contract" in other jurisdictions. *See* 5 Witkin, Summary of Cal. Law, *Torts*, § 731. It requires the following five elements: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *DocMagic, Inc. v. Ellie Mae, Inc*., 745 F. Supp. 2d at 1144 (*citing Reeves v. Hanlon*, 33 Cal.4th 1140, 1148 (2004)). Not only do Plaintiffs fail to allege any "intentional acts designed to induce a breach" but Plaintiffs also do not show the existence of a contract with third parties. *See* Complaint, ¶ 86 ("Plaintiffs had an economic relationship [as opposed to actual contract] with third parties…In particular, Plaintiffs had a relationship with Bliss Spa, Starwood Resorts and Hotels, and Wolfgang Puck restaurants.")

PRINTED ON
RECYCLED PAPER

- 22 -          Defendant's Motion for Summary Judgment

LA 8468058v5

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, Seventh Floor, Los Angeles, California  90067-4308

A true and correct copy of the foregoing document described as **Memorandum Of Points And Authorities In Support Of Motion Of Defendant Bradley D. Sharp, Chapter 11 Trustee Of Namco Capital Group Inc. For Summary Judgment, Or, In The Alternative, Partial Summary Adjudication, On Complaint** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***January 11, 2012,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- Teresa Y Hillery    teresa.hillery@fnf.com
- Susan I Montgomery    susan@simontgomerylaw.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***January 11, 2012,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
*Sent By Overnight Mail*:
Hon. Barry Russell, United States Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***January 11, 2012***  *,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Dugan P. Kelley    dugan@christmankelley.com
Matthew M. Clarke    matt@christmankelley.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2012 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                      **F 9013-3.1.PROOF.SERVICE**