DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR P.C. (Bar No. 139091)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:    310.203.8080
Facsimile:    310.203.0567
Email:        dpoitras@jmbm.com

Attorneys for Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Case No.:  2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adversary No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendant(s). | **STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT MOTION OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY ADJUDICATION, ON COMPLAINT**<br><br>Hearing:<br>Date:         February 22, 2012<br>Time:         2:00 pm.<br>Place:        Courtroom 1668<br>              255 E. Temple Street<br>              Los Angeles, CA 90012 |

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER
LA 8476591v3

Defendant Trustee's Statement of Facts and Law

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, as incorporated into Rule 7056 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7056-1, Plaintiff Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") of Namco Capital Group, Inc. (the "Debtor") hereby submits his Uncontroverted Facts and Conclusions of Law In Support of his Motion for Summary Judgment, or in the Alternative, Partial Summary Adjudication, on Complaint (the "Motion"), filed concurrently herewith.

## I.      UNCONTROVERTED FACTS

| | Uncontroverted Material Facts: | Supporting Evidence: |
|---|---|---|
| 1. | *Kamran Pasadena Group Inc. and Kamran Group, Inc. v. Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. et al* was filed February 24, 2010 as Adv. Proceeding No. 2:10-ap-01244 (the "Complaint"). | • *Complaint,* attached to the Request for Judicial Notice (the "RJN") as Ex. A. |
| 2. | This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter relates to the administration of the debtor's bankruptcy estate is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). | • *Findings of Fact and Conclusions of Law* entered August 11, 2011 [Docket No. 93] (the "FOF"), ¶ 1, attached to RJN as Ex. B. |
| 3. | Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. | • FOF, ¶ 2 (RJN, Ex. B) |
| 4. | Ezri Namvar ("Namvar") was the principal and/or agent for Namco in its dealings with Kamran. | • FOF, ¶ 5 (RJN, Ex. B) |
| 5. | On December 22, 2008, an involuntary chapter 11 petition was filed against Namco. | • FOF, ¶ 3 (RJN, Ex. B) |
| 6. | On January 29, 2009, an order for relief were entered in the Namco bankruptcy case. | • FOF, ¶ 3 (RJN, Ex. B) |
| 7. | The claims bar date in this case was November 13, 2009. | • *Order Setting Proof of Claims Bar Date*, RJN, Ex. F. |
| 8. | Neither Plaintiff Kamran Group, LLC nor Plaintiff Kamran Pasadena Group, Inc. (collectively, "Plaintiffs") filed any proofs of claim in the Namco bankruptcy case. | • Declaration of David M. Poitras ("Poitras Decl."), ¶ 3. |

PRINTED ON
RECYCLED PAPER

LA 8476591v3

- 2 -        Defendant Trustee's Statement of Facts and Law

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | | |
|---|---|---|
| 9. | On May 8, 2009, the Court entered an order approving the appointment the Bradley D. Sharp as the Trustee in the Namco bankruptcy case. | • FOF, ¶ 4 (RJN, Ex. B).<br>• RJN, Ex. C. |
| 10. | "Kamran Group, Pasadena Inc. formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,000 ("Promissory Note #1"). | • FOF, ¶ 6 (RJN, Ex. B)<br>• Promissory Note #1, Declaration of Bradley D. Sharp (the "Sharp Declaration"), ¶ 6, and attached as Ex. L thereto.<br>• |
| 11. | Promissory Note #1 is secured by a Deed of Trust encumbering Unit #503 of 25 West Walnut ("Deed of Trust #1"). | • Deed of Trust #1, Sharp Decl., ¶ 13; Ex. R. |
| 12. | "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $600,000 ("Promissory Note #2"). | • FOF, ¶ 7.<br>• Promissory Note #2, Sharp Decl., ¶ 7;  Ex. M. |
| 13. | Promissory Note #2 is secured by a Deed of Trust encumbering Unit #501 of 25 West Walnut ("Deed of Trust #2"). | • Deed of Trust #2, Sharp Decl., ¶ 14; Ex. S. |
| 14. | "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,000 ("Promissory Note #3"). | • FOF, ¶ 8.<br>• Promissory Note #3, Sharp Decl., ¶ 8;  Ex. N. |
| 15. | Promissory Note #3 is secured by a Deed of Trust encumbering Unit #504 of 25 West Walnut ("Deed of Trust #3"). | • Deed of Trust #3, Sharp Decl., ¶ 15; Ex. T. |
| 16. | "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000 ("Promissory Note #4"). | • FOF, ¶ 9.<br>• Promissory Note #4, Sharp Decl., ¶ 9; Ex. O. |
| 17. | Promissory Note #4 is secured by a Deed of Trust encumbering Unit #405 of 25 West Walnut ("Deed of Trust #4"). | • Deed of Trust #4, Sharp Decl., ¶ 16; Ex. U. |

PRINTED ON

RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

LA 8476591v3

- 3 -    Defendant Trustee's Statement of Facts and Law

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | | |
|---|---|---|
| 18. | "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,000 ("<u>Promissory Note #5</u>"). | • FOF, ¶ 10.<br>• Promissory Note #5, Sharp Decl., ¶ 10, Ex. P. |
| 19. | Promissory Note #5 is secured by a Deed of Trust encumbering the Marengo Property ("<u>Deed of Trust #5</u>"). | • Deed of Trust #5, Sharp Decl., ¶ 17; Ex. V. |
| 20. | "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000 ("<u>Promissory Note #6</u>"). | • FOF, ¶ 11.<br>• Promissory Note #6, Sharp Decl., ¶ 11; Ex. Q. |
| 21. | Promissory Note #6 is secured by a Deed of Trust encumbering Unit #503 of 25 West Walnut ("<u>Deed of Trust #6</u>"). | • Deed of Trust #6, Sharp Decl., ¶ 18; Ex. W. |
| 22. | The Promissory Notes specifically provide that they shall be governed by and construed in accordance with the laws of the State of California. | • *Promissory Notes*, Exs. L -Q at 3. |
| 23. | Namco is the holder of each of the Promissory Notes. | • Sharp Decl., ¶ 12; Exhibits L - Q at 1. |
| 24. | Plaintiffs received $12,650,000 in consideration for the Promissory Notes. | • FOF, ¶ 13 (RJN, Ex. B) |
| 25. | The Promissory Notes each provide, on approximately the top of page 3 of each Promissory Note that the Holder (Namco) has the right to assign or transfer part of all of the interest in the Promissory Notes: "*Maker [i.e. Kamran] acknowledges and agrees that Holder has the right to transfer, assign or hypothecate all or any part of this Note, and/or the Loan Documents [which included the Long Form Deed of Trust], to sell participations therein (provided, however, that such transfer, assignment, hypothecation or participation shall be at no expense to Maker).  Maker agrees that it shall cooperate fully with Holder in connection with this paragraph promptly upon request and shall execute and where appropriate, acknowledge and deliver, such estoppel certificates and other documents as  Holder may require in connection therewith*." | • *Promissory Notes*, Exs. L - Q at 3. |

PRINTED ON

RECYCLED PAPER

LA 8476591v3

- 4 -        Defendant Trustee's Statement of Facts and Law

| 26. | The Promissory Notes each further provide, on approximately page 2 of each Promissory Note: "*the Maker and endorsers waive presentment, protest and demand, notice of protest, demand and of dishonor and nonpayment of this Note, and expressly agree that this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof.... Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of Holder, constitute a default under any and all of the other Loan Documents.*" | • *Promissory Notes*, Exs. L - Q at 2. |
|---|---|---|
| 27. | The Promissory Notes do not require any additional notice period prior to calling a default, and in fact expressly state that the failure to make payments pursuant to the Promissory Notes automatically constitutes a default: "*Upon failure to pay any installments of interest or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreement contained herein...or upon the occurrence of an event of default...then such failure and/or event shall immediately and automatically constitute a default under this Note, and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable…*" | • *Promissory Notes*, Exs. L - Q, at 1. |
| 28. | On or about November 13, 2009, as a result of the Plaintiffs' defaults under each of the Promissory Notes, Notices of Default were recorded against each of the 25 West Walnut Condominiums and Marengo Property that secured the debt obligations under the different Promissory Notes secured by relevant Deeds of Trust. | • Sharp Decl., ¶¶ 19 - 25; *Notices of Default*, Exs. X - BB. |
| 29. | Plaintiffs admit that they failed to perform their obligations under the Promissory Notes and "never made an interest or principal payment on any of the Promissory Notes…" | • Complaint at ¶ 31;<br>• *Plaintiff Kamran Pasadena Group, Inc.'s Response to Defendant Bradley D. Sharp's First Set of Interrogatories to Kamran Pasadena Group, Inc.* (the "<u>Inc. Interrog. Resp.</u>"), No. 14, attached to the Poitras Decl. as Ex. G at 9; |

PRINTED ON

RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

LA 8476591v3

- 5 -

Defendant Trustee's Statement of Facts and Law

| | | |
|---|---|---|
| | | • *Plaintiff Kamran Group, LLC's Response to Defendant Bradley D.* Sharp's First Set of Interrogatories to Kamran Group, Inc. (the "<u>LLC Interrog. Resp</u>."), No. 14, attached to the Poitras Decl. as Ex. H at 9. |
| 30. | The failure to pay constituted an event of default under the Promissory Notes. | • *Promissory Notes*; Exs. L -Q at 1. |
| 31. | The Promissory Notes have nothing to do with, and impose no restrictions on Namco's conduct relating to, the property located at 233 Fair Oaks, Pasadena, CA (the "<u>Tranmar Property</u>"). | • *Promissory Notes*; Exs. L - Q. |
| 32. | The Notices of Default were recorded with the County Recorder in the County of Los Angeles, California. | • *Deeds of Trust,* Sharp Dec., ¶¶ 20 -24; Exs. X - BB. |

## II.    <u>CONCLUSIONS OF LAW</u>

A.    Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

B.    Plaintiffs may not assert claims against the bankruptcy trustee that should be asserted as part of the proof of claim procedures.

C.    Consideration was tendered pursuant to and under the Promissory Notes.

D.    The Promissory Notes are valid and enforceable in accordance with their terms.

E.    Plaintiffs are in breach of the Promissory Notes for failure to make payments due under the terms of the Promissory Notes.

F.    Namco was entitled, under the terms of the Promissory Notes, to transfer its fractional interests in the Promissory Notes and Deeds of Trust and such transfers were not breaches of the Promissory Notes.

G.    The Trustee, on behalf of the Promissory Notes holder Namco, was entitled to record the Notices of Default after Plaintiffs were in default under the terms of Promissory Notes.

H.    The Notices of Default were properly recorded.

PRINTED ON
RECYCLED PAPER

LA 8476591v3

- 6 -    Defendant Trustee's Statement of Facts and Law

JMBM | Jeffer Mangels Butler & Mitchell LLP

I.      The Trustee may properly seek to foreclose on the properties that secure the Promissory Notes.

J.      Neither Namco nor the Trustee have breached of the Promissory Notes.

K.      Neither Namco nor the Trustee have breached the implied covenant of good faith and fair dealing.

L.      Because Plaintiffs cannot prove that either Namco or the Trustee are in breach of the Promissory Notes, Plaintiffs are not entitled to the declaration that "(a) the Promissory Notes are invalid because they are not supported by consideration, (b) the defaults of the Promissory Notes are null and void; and (c) that no foreclosure may occur because there is no valid or legal default."

M.      Because Plaintiffs cannot prove that either Namco or the Trustee are in breach of the Promissory Notes, Plaintiffs are not entitled to cancel the Promissory Notes.

N.      Because the Trustee is entitled to foreclose on the properties that secure the Promissory Notes, as a result of Plaintiffs' defaults under each of the Promissory Notes, Plaintiffs are not entitled to a preliminary injunction barring foreclosure of the 25 West Walnut Condominiums and/or Marengo Property.

O.      Because the Trustee, on behalf of the Promissory Notes holder Namco, was entitled to record the Notices of Default, and there was no publication of false statements which disparaged the title to the properties securing the Promissory Notes.

P.      The Trustee did not make any material misrepresentation or conceal any material fact that induced Plaintiffs to enter into the Promissory Notes.

Q.      The Trustee did not fraudulently induce Plaintiffs to enter into the Promissory Notes.

R.      The Trustee did not fraudulently conceal material facts that induced Plaintiffs to enter into the Promissory Notes.

S.      The Trustee did not fraudulently or negligently conceal facts that induced Plaintiff to enter into the Promissory Notes.

T.      Based upon the findings of fact, Plaintiffs are not entitled to the remedy of rescission of the Promissory Notes.

PRINTED ON RECYCLED PAPER

LA 8476591v3

- 7 -    Defendant Trustee's Statement of Facts and Law

JMBM Jeffer Mangels Butler & Mitchell LLP

U.      Based upon the findings of fact, there was no intentional interference with the prospective economic advantage of Plaintiffs.

V.      Based upon the findings of fact, Plaintiffs are not entitled to an accounting.

DATED:  January 11, 2012                    JEFFER MANGELS BUTLER & MITCHELL LLP


By:   /s/ David M. Poitras
        DAVID M. POITRAS

Counsel for  DEFENDANT BRADLEY D. SHARP.,
CHAPTER 11 TRUSTEE FROM NAMCO CAPITAL
GROUP, INC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER

LA 8476591v3

- 8 -        Defendant Trustee's Statement of Facts and Law

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, Seventh Floor, Los Angeles, California  90067-4308

A true and correct copy of the foregoing document described as **Statement Of Undisputed Material Facts And Conclusions Of Law In Support Motion Of Defendant Bradley D. Sharp, Chapter 11 Trustee Of Namco Capital Group, Inc. For Summary Judgment, Or, In The Alternative, For Partial Summary Adjudication, On Complaint** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *__January 11, 2012__,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Matthew M Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- Teresa Y Hillery    teresa.hillery@fnf.com
- Susan I Montgomery    susan@simontgomerylaw.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *__January 11, 2012__,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
*Sent By Overnight Mail*:
Hon. Barry Russell, United States Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *__January 11, 2012____,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Dugan P. Kelley    dugan@christmankelley.com
Matthew M. Clarke    matt@christmankelley.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2012 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**