

FILED

FEB 0 1 2012

Matthew Clarke, State Bar No. 184959
matt@christmankelley.com
Dugan P. Kelley, State Bar No. 207347
dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. 972-253-4440
Fax 866-611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In Re:  NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. No.:  2:10-ap-01244 BR |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NAMCO CAPITAL GROUP INC, a California corporation; EZRI NAMVAR, an individual; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendants. | **STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT OF PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC IN OPPOSITION TO DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE SUMMARY ADJUDICATION**<br><br>Date:         February 22, 2012<br>Time:         2:00 p.m.<br>Place:        Courtroom 1668, 16th Floor<br>               Roybal Federal Building<br>               255 E. Temple Street<br>               Los Angeles, CA  90012 |

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs KAMRAN PASADENA GROUP, INC. and KAMRAN GROUP, LLC (collectively referred to as "Plaintiffs") submit this statement of genuine issues pursuant to Central District of California Local Rule 56-2 in opposition to the motion for summary judgment herein filed by Defendant BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. ("Defendant")

Facts 1 through 32 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by Defendant. These facts are followed by additional material facts and supporting evidence showing a genuine issue.

| DEFENDANT'S UNCONTROVERTED MATERIAL FACTS AND SUPPORTING EVIDENCE: | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE: |
| --- | --- |
| 1.  *Kamran Pasadena Group Inc. and Kamran Group, Inc. v. Bradley D. Sharp Chapter 11 Trustee of Namco Capital Group, Inc. et al* was filed February 24, 2010 as Adv. Proceeding No. 2:10-ap-01244 (the "Complaint").<br>Supporting Evidence: *Complaint*, attached to the Request for Judicial Notice (the "RJN") as Ex. A | 1.  Undisputed |
| 2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).<br>Supporting Evidence: *Findings of Fact and Conclusions of Law* entered August 11, 2011 [Docket No. 93] (the "FOF", ¶ 1, attached to the RJN as Ex. B. | 2.  Undisputed |
| 3.  Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.<br>Supporting Evidence: FOF, ¶ 2 (RJN, Ex. B) | 3.  Undisputed. |
| 4.  Ezri Namvar ("Namvar") was the principal and/or agent for Namco in its dealings with Kamran.<br>Supporting Evidence: FOF, ¶ 5 (RJN, Ex. B) | 4.  Undisputed. |
| 5.  On December 22, 2008, an involuntary chapter 11 petition was filed against Namco.<br>Supporting Evidence: FOF, ¶ 3 (RJN, Ex. B) | 5.  Undisputed. |
| 6.  On January 29, 2009, and order for relief was entered in the Namco bankruptcy case.<br>Supporting Evidence: FOF, ¶ 3 (RJN, Ex. B) | 6.  Undisputed. |

1

| | |
|---|---|
| 7.    The claims bar date in this case was November 13, 2009.<br>Supporting Evidence: *Order Setting Proof of Claims Bar Date*, RJN, Ex. F. | 7.    Undisputed that the *Order Setting Proof of Claims Bar Date* states that the claims bar date was November 13, 2009. |
| 8.    Neither Plaintiff Kamran Group, LLC nor Plaintiff Kamran Pasadena Group, Inc. (collectively, "Plaintiffs") filed any proof of claim in the Namco bankruptcy case.<br>Supporting Evidence: Declaration of David M. Poitras ("Poitras Decl."), ¶ 3. | 8.    **Disputed.** David Golkar has filed two Proofs of Claim, one on April 24, 2009 in the amount of 4,522,033.22 for cash and consulting services (engineering) and a second on September 8, 2011 in the amount of $4,000,000 for, through debtor's fraud, money given to purchase properties and pay consultants.  David Golkar is the sole member of Plaintiff, Kamran Group, LLC and the sole shareholder of Plaintiff, Kamran Pasadena Group, Inc.<br><br>(Declaration of David Golkar ("Golkar Decl."), ¶1; Defendant's Request for Judicial Notice, Ex. E & F.) |
| 9.    On May 8, 2009, the Court entered an order approving the appointment the [sic] Bradley D. Sharp as the Trustee in the Namco bankruptcy case.<br>Supporting Evidence: FOF, § 4 (RJN, Ex. B); RJN, Ex. C. | 9.    Undisputed. |
| 10.    "Kamran Group, Pasadena Inc. formerly known as Pasadena Athletic Club Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 11, 2008, in favor of Namco Capital Group, Inc. in the amount of $1,700,00 ("Promissory Note #1").<br>Supporting Evidence: FOF, ¶ 6 (RJN, Ex. B); Promissory Note # 1, Declaration of Bradley D. Sharp (the "Sharp Declaration"), ¶ 6, and attached as Ex. L thereto. | 10.    Undisputed. |
| 11.    Promissory Note # 1 is secured by a Deed of Trust encumbering Unite # 503 of 25 West Walnut ("Deed of Trust # 1").<br>Supporting Evidence: Deed of Trust #1, Sharp Decl., ¶ 13; Ex. R. | 11.    Undisputed. |
| 12.    "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of | 12.    Undisputed. |

2

| | |
|---|---|
| $600,00 ("Promissory Note #2"). Supporting Evidence: FOF, ¶ 7; Promissory Note # 2, Sharp Decl., ¶ 7; Ex. M. | |
| 13.      Promissory Note # 2 is secured by a Deed of Trust encumbering Unit # 501 of 25 West Walnut ("Deed of Trust # 2"). Supporting Evidence: Deed of Trust # 2, Sharp Decl., ¶ 14; Ex. S. | 13.      Undisputed. |
| 14.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $1,300,00 ("Promissory Note # 3"). Supporting Evidence: FOF, ¶ 8; Promissory Note # 3, Sharp Decl., ¶8; Ex. N. | 14.      Undisputed. |
| 15.      Promissory Note # 3 is secured by a Deed of Trust encumbering Unite # 504 of 25 West Walnut ("Deed of Trust # 3". Supporting Evidence: Deed of Trust # 3, Sharp Decl., ¶ 15, Ex. T. | 15.      Undisputed. |
| 16.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated September 10, 2007, in favor of Namco Capital Group, Inc. in the amount of $450,000 ("Promissory Note #4"). Supporting Evidence: FOF, ¶ 9; Promissory Note # 4, Sharp Decl., ¶ 9; Ex. O. | 16.      Undisputed. |
| 17.      Promissory Note # 4 is secured by a Deed of Trust encumbering Unite # 405 of 25 West Walnut ("Deed of Trust # 4"). Supporting Evidence: Deed of Trust # 4, Sharp Decl., ¶ 16; Ex. U. | 17.      Undisputed. |
| 18.      "Kamran Group, LLC," by and through its Manager, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $3,600,00 ("Promissory Note #5"). Supporting Evidence: FOF, ¶ 10; Promissory Note #5, Sharp Decl., ¶10, Ex. P. | 18.      Undisputed. |
| 19.      Promissory Note #5 is secured by a Deed of Trust encumber the Marengo Property ("Deed | 19.      Undisputed. |

3

| | |
|---|---|
| of Trust #5"). <u>Supporting Evidence</u>: Deed of Trust #6, Sharp Decl., ¶ 18; Ex. W. | |
| 20. "Kamran Group Pasadena, Inc. Formerly known as Pasadena Athletic Group Inc.," by and through its President, David Golkar, executed a Promissory Note Secured by Deed of Trust as "Maker" dated June 29, 2007, in favor of Namco Capital Group, Inc. in the amount of $5,000,000 ("<u>Promissory Note #6</u>"). <u>Supporting Evidence</u>: FOF, ¶ 11; Promissory Note # 6, Sharp Decl., ¶ 11, Ex. Q. | 20. Undisputed. |
| 21. Promissory Note #6 is secured by a Deed of Trust encumbering Unite #504 of 25 West Walnut ("<u>Deed of Trust #6</u>"). <u>Supporting Evidence</u>: Deed of Trust # 6, Sharp Decl., ¶ 18; Ex. W. | 21. Undisputed. |
| 22. The Promissory Notes specifically provide that they shall be governed and construed in accordance with the laws of the State of California. <u>Supporting Evidence</u>: *Promissory Notes*, Exs. L-Q at 3. | 22. Undisputed. |
| 23. Namco is the holder of each of the Promissory Notes. <u>Supporting Evidence</u>: Sharp Decl., ¶ 12; Exhibits L-Q at 1. | 23. Disputed. Whether or not Namco is the current "holder" of the Promissory Notes is a question of law. Namco is the "holder" of the Promissory Notes as indicated on the notes themselves, but (1) Namco sold and/or assigned most of its interest in the Notes to third-parties, and/or (2) the Trustee is currently exercising authority pursuant to the Promissory Notes. (Declaration of Bradley D. Sharp ¶¶19-24, Ex. X-BB; Declaration of Dugan Kelley ("Kelley Decl.") at ¶2, Ex. 8 (October 22, 2009 Deposition Transcript of Ezri Namvar, hereinafter referred to as "Namvar Depo.".) |
| 24. Plaintiffs received $12,650,000 in consideration for the Promissory Notes. <u>Supporting Evidence</u>: FOF, ¶ 13 (RJN, Ex. B) | 24. Disputed. The amount of consideration which Plaintiff received was not adjudicated. The specific language of the FOF states as follows: Paragraph I.13: "Plaintiffs received consideration for the Promissory Notes." |

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | and<br><br>Paragraph II.1: "Consideration was tendered pursuant to and under the Promissory Notes."<br><br>(See Defendant's RJN, Ex. B.) |
| 25.    The Promissory Notes each provide, on approximately the top of page 3 of each Promissory Note that the Holder (Namco) has the right to assign or transfer part of all of the interest in the Promissory Notes: "*Maker [i.e. Kamran] acknowledges and agrees that Holder has the right to transfer, assign or hypothecate all or any party of this Note, and/or the Loan Documents [which included the Long Form Deed of Trust], to sell participations therein (provided, however, that such transfer, assignment, hypothecation or participation shall be at not expense to Maker). Maker agrees that it shall cooperate fully with Holder in connection with this paragraph promptly upon request and shall executed and where appropriate, acknowledge and deliver, such estoppel certificates and other documents as Holder may require in connection therewith.*"<br>Supporting Evidence: *Promissory Notes*, Exs. L-Q at 3. | 25.    Undisputed. |
| 26.    The Promissory Notes each further provide, on approximately page 2 of each Promissory Note: "*the Maker and endorsers waive presentment, protest and demand, notice of protest, demand and of dishonor and nonpayment of this Note, or any payment hereunder, may be extended from time to time by Holder without in any way affecting the liability of the Maker and endorsers hereof. . . . Any default (or any event which with notice, lapse of time, or both, would constitute a default) under any of the Loan Documents shall, at the sole and absolute discretion and option of the Holder, constitute a default under any and all of the other Loan Documents.*"<br>Supporting Evidence: *Promissory Notes*, Exs. L-Q at 2. | 26.    Undisputed. |
| 27.    The Promissory Notes do not require any | 27.    Undisputed. |

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| additional notice period prior to calling a default, and in fact expressly state that the failure to make payments pursuant to the Promissory Notes automatically constitutes a default: "*Upon failure to pay any installments or interest or other charges when due hereunder, or upon failure to perform or comply with any of the covenants or agreement contained herein . . . .or upon the occurrence of an even of default . . . . then such failure and/or event shall immediately and automatically constitute a default under this Note, and, at the option of the Holder hereof, the entire debt then remaining unpaid shall at once become due and payable…*" Supporting Evidence: *Promissory Notes*, Exs. L-Q, at 1. | |
| 28.   On or about November 13, 2009, as a result of Plaintiffs' defaults under each of the Promissory Notes, Notices of Default were recorded against each of the 25 West Walnut Condominiums and Marengo Property that secured the debt obligations under the different Promissory Notes secured by relevant Deeds of Trust. Supporting Evidence: Sharp Decl., ¶¶ 19-25; *Notices of Default*, Exs. X-BB. | 28.   Disputed.  The factual conclusion that the Notices of Default were recorded does not inherently lead to or stem from the conclusion that they were recorded "as a result of Plaintiffs' defaults under each of the Promissory Notes." Plaintiffs dispute that they were in default of the Promissory Notes and this issue is subject to the legal question of whether Plaintiffs were in default. |
| 29.   Plaintiffs admit that they failed to perform their obligations under the Promissory Notes and "never made an interest or principal payment on the Promissory Notes . . ." Supporting Evidence: Complaint at ¶ 31; *Plaintiff Kamran Pasadena Inc.'s Response to Defendant Bradley D. Sharp's First Set of Interrogatories to Kamran Pasadena Group, Inc.*, No. 14, attached to the Poitras Decl. as Ex. G at 9; *Plaintiff Kamran Group, LLC's Response to Defendant BradleyD. Sharp's* First Set of Interrogatories to Kamran Group, Inc. (the "LLC Interrog. Resp.") No. 14, attached to the Poitras Decl. as Ex. H at 9. | 29.   Disputed.  Plaintiffs do not dispute that they "never made an interest or principal payment of the Promissory Notes." However, Plaintiffs dispute that they failed to perform their obligations under the Promissory Notes.  The Promissory Notes were evidences of joint venture equity position of Namco, and were not traditional debt.  Plaintiffs were not supposed to make payments on the Notes, and once the underlying property had been sold off, Plaintiffs and Namco were to split the profits after the equity contributions as evidenced by the Notes had been repaid.<br><br>(Golkar Decl. at ¶¶14-16, Ex. 7; Kelley Decl. ¶2, Ex. 8 [Namvar Depo. at 32:15-33:17; 72:25-73:16].) |
| 30.   The failure to pay constituted an event of default under the Promissory Notes. Supporting Evidence: *Promissory Notes*; Exs. L- | 30.   **Disputed.**  Plaintiffs dispute that a failure to pay was an "event of default" under the Promissory Notes.  Plaintiffs were instructed not |

6

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| Q at 1. | to pay the Notes by Namvar, the representative of Namco.<br><br>(Kelley Decl. ¶2, Ex.8 [Namvar Depo. at 32:15-33:17; 72:25-73:16.]) |
| --- | --- |
| 31.    The Promissory Notes have nothing to do with, and impose not restrictions on Namco's conduct relating to, the property located at 233 Fair Oaks Pasadena, CA (the "Tranmar Property").<br>Supporting Evidence: *Promissory Notes*, Exs. L-Q. | 31.    **Disputed**.  Plaintiffs contend that the Promissory Notes were part of a joint venture relationship including all of the underlying properties associated with the Promissory Notes and their corresponding Deeds of Trust and the property located at 233 Fair Oaks.  All of these properties were to be packaged together and developed into a mixed-use development of retail, residential, and commercial units, or sold as a package deal.<br><br>(Golkar Decl. at ¶¶10-16, Ex. 7.) |
| 32.    The Notices of Default were recorded with the County Recorder in the County of Los Angeles, California.<br>Supporting Evidence: *Deeds of Trust*, Sharp Dec., ¶¶ 20-24; Exs. X-BB. | 32.    Undisputed. |

Plaintiffs also contend that the following other material facts are in dispute:

| **PLAINTIFFS' ADDITIONAL UNCONTROVERTED MATERIAL FACTS** | **SUPPORTING EVIDENCE:** |
| --- | --- |
| 33.    In or around late 2004, David Golkar ("Golkar"), the sole member of Kamran Group, and the sole shareholder of Kamran Pasadena, met Ezri Namvar ("Namvar"), then president and principal of Namco.  Namvar was impressed with Golkar's development expertise, and suggested that the two form a joint venture to develop real property (the "Joint Venture"). Golkar and Namvar agreed that the parties would use their own respective entities as conduits for the Joint Venture, until they created an entity to memorialize the Joint Venture. | 33.  Golkar Decl. at ¶¶1-3. |
| 34.    Golkar and Namvar also agreed that their Joint Venture would be owned 50%-50%. Pursuant to the terms of their Joint Venture, Golkar was obligated to contribute his | 34.  Golkar Decl. at ¶¶5-6 Ex. 1; Kelley Decl. ¶2, Ex.8(Namvar Depo. at 32:15-33:17, 71:13-72:20, 72:25-73:16) |

7

| | |
|---|---|
| development, engineering, and architectural expertise, and ten percent (10%) of the capital as his equity participation in the Joint Venture. Namvar was obligated to contribute his financial expertise, and ninety percent of the capital as his equity participation in the Joint Venture. Golkar and Namvar agreed that any funds paid and/or advanced by either party were to be credited toward that party's respective capital account, as equity in and to the Joint Venture. | |
| 35.    The Joint Venture also called for profits to be split pursuant to the parties' fifty percent ownership interest, after Namvar and Golkar were reimbursed for their respective financial contributions advanced to the Joint Venture.  At all times during the course of their relationship, Namvar was required to operate his part of the Joint Venture through Namco, and Golkar was required to operate his part of the Joint Venture through the Kamran Entities.  The advances from Namco were contributions of equity to the Joint Venture relationship on behalf of Namvar. | 35.  Golkar Decl. at ¶¶5-6, Ex. 1; Kelley Decl. ¶2, Ex.8(Namvar Depo. at 32:15-33:17, 71:13-72:20, 72:25-73:16) |
| 36.    The intentions of the parties with respect to the Joint Venture relationship, and an outline of the general terms thereof, as it pertained to the development of real property were made manifest by a "Memorandum of Understanding." As reflected in the Memorandum of Understanding, Golkar and Namvar agreed that:<br>1.  Namvar and Golkar would each own a one-half interest in the Joint Venture;<br>2.  Golkar would contribute his development, engineering, and architectural expertise, and ten percent of the capital to the Pasadena Project (defined *infra*);<br>3.  Namvar would contribute ninety percent of the capital to the Pasadena Project; and<br>4.  Golkar and Namvar would each have an equal share of profits and a return of their respective capital contributions, after reimbursement of payments and/or advancements made on behalf of the Joint Venture (the "Joint Venture Agreement"). | 36.  Golkar Decl. at ¶¶5-6, Ex. 1. |

8

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 37.     In or around early August 2005, a real estate broker approached Golkar with the opportunity to purchase real property located at 233 N. Fair Oaks Ave., Pasadena, California ("233 N. Fair Oaks").  While Golkar was performing due diligence on 233 N. Fair Oaks, he was approached by John Richards, the owner of the Pasadena Athletic Club, with the opportunity to purchase the Pasadena Athletic Club, located at 25 W. Walnut, Unit #503, Pasadena, California (the "PAC Unit"), which abutted the 233 N. Fair Oaks property. | 37. Golkar Decl. ¶4. |
| 38.     Golkar informed Namvar about this potential development and both parties decided to develop the property as part of their Joint Venture Agreement.  Golkar and Namvar agreed to purchase both properties, by and through their respective entities, and develop them with additional needed acquisitions into a mixed use commercial/residential property with hotel, residential, and retail space (the "Project"). | 38. Golkar Decl. ¶4. |
| 39. Namvar and Golkar also agreed to form a new entity, Walnut Land Holding, LLC, that would ultimately hold title to the 233 N. Fair Oaks, the PAC Unit, and additional condominium units located at 25 West Walnut Avenue.  Since the entity was not formed at the time the 233 N. Fair Oaks sale closed, Namvar requested that Golkar agree to use the entity, Tranmar Properties, LLC, whose managing member was Namvar, to take title thereto. | 39. Golkar Decl. ¶7. |
| 40. It was understood that Namvar needed to use the Tranmar Properties, LLC for 1031 exchange purposes. | 40. Golkar Decl. ¶7; Kelley Decl. ¶2, Ex.8 (Namvar Depo. 63:9-18). |
| 41. The Joint Venture was a very complex venture to own, develop, and operate the multi-use Project that was valued by Golkar at two hundred million dollars ($200,000,000.00).  As a result of the complexity of the Pasadena Project, the parties were never able to complete the entity Walnut Land Holding, LLC prior to Namvar/Namco's legal problems (including this Chapter 11 proceeding).  Regardless of the fact that Walnut Land Holding, LLC was not finalized or formed in time to be utilized in the Joint Venture, Namvar and Golkar continued to | 41. Golkar Decl. ¶8. |

9

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| operate the Joint Venture for the Pasadena Project, including the acquisition, entitlements, and developing of the Pasadena Project. | |
| 42. Golkar and Namvar represented to potential lenders and numerous other third parties that "they" were working on the Pasadena Project as joint venturers. Namvar was considered to be one of the principals of the Pasadena Project, and not merely a "lender." Namvar also repeated represented, through emails and testimony, that he was a joint venturer with Golkar in developing the Pasadena Project, and expected to gain a substantial profit therefrom. | 42. Golkar Decl. ¶9, Ex. 2-6; Kelley Decl. ¶2, Ex.8(Namvar Depo. 57:16-60:21, 62:11-63:5, 71:13-72:20). |
| 43. Intentionally Left Blank | 43. Intentionally Left Blank |
| 44. The 233 N. Fair Oaks property was purchased on or about August 12, 2005 and closed on December 12, 2005 for $4,300,000.00, of which Kamran Group, LLC tendered $1,250,000 and Namco tendered $3,050,000. | 44. Golkar Decl. ¶¶10, 15 Ex. 7. |
| 45. The PAC Unit was purchased for $7,650,000. John Richards, the owner and president of Pasadena Athletic Club offered Kamran Group the opportunity to purchase his parcel and include it with the Pasadena Project, but wanted to keep escrow open for over a year to notify the Club's 3,500 members and ease the transition. Namvar and Golkar agreed to this extended escrow period and Kamran Group deposited $250,000 in February 2006 and released another $500,000 for the purchase in June 2006, and then Namco made payment of $6,900,000 towards the total purchase price. The transaction closed on June 23, 2007. | 45. Golkar Decl. ¶¶11, 15, Ex. 7. |
| 46. Condominium unit No. 405 at 25 West Walnut ("Unit 405"), was purchased for approximately $530,000. Namco deposited $30,000 in escrow on March 29, 2007, and at closing, Namco tendered an additional $503,154 on April 30, 2007. | 46. Golkar Decl. ¶¶12, 15, Ex. 7. |
| 47. Condominium unit No. 504 at 25 West Walnut ("Unit 504"), was purchased for approximately $1,657,847. Namco deposited $300,000 in escrow and at closing, Namco tendered an additional $1,357,847. | 47. Golkar Decl. ¶¶12, 15, Ex. 7. |
| 48. Condominium unit No. 501 at 25 West | 48. Golkar Decl. ¶¶12, 15, Ex. 7. |

10

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| Walnut ("Unit 501"), was purchased for approximately $780,000. Namco deposited $150,000 in escrow and at closing, Kamran Group tendered an additional $630,000. | |
| 49. Condominium unit No. 402 at 25 West Walnut ("Unit 402") was purchased for approximately $648,600. Namco deposited $125,000 in escrow. The parties agreed that this unit would be exchanged and replaced with a new unit after the completion of the Project. Chris Holden, the person from whom Unit No. 402 was being purchased, was carrying a mortgage of about $127,000 at that time and Kamran Group paid the mortgage thereafter. Later, on November 21, 2008, Kamran Group paid an additional $57,194 to Chris Holden for an extension of escrow. Chris Holden currently owns about 2% of this property. | 49. Golkar Decl. ¶¶12, 15, Ex. 7. |
| 50. In order to receive approval for the Pasadena Project, fifteen percent (15%) of the residential housing component needed to be allocated for low income housing. Such a property was found at 810-820 Marengo Avenue ("Marengo"), Pasadena, California for $3,600,000. Marengo had 18 units that satisfied the low-income housing requirement and was located within one mile of 25 West Walnut. Namco tendered payment of all funds for the purchase of the Marengo property, and the transaction closed on June 27, 2007. | 50. Golkar Decl. ¶¶13, 15, Ex. 7. |
| 51. All funds expended by Namco and the Kamran Entities were in furtherance of Namvar and Golkar's respective obligations pursuant to the Joint Venture Agreement to contribute capital, as equity therein, to fund the development of the Pasadena Project. In fact, Golkar gave more than his ten percent of his capital contribution obligation. In addition to the above contributions for property acquisition, Golkar, through the Kamran Entities, also contributed additional "work-in-progress" work on behalf of the Pasadena Project. | 51. Golkar Decl. ¶¶14, 15, Ex. 7. |
| 52. After Golkar and the Kamran Entities fully complied with the terms and conditions of the Joint Venture Agreement, and their obligations therein, Golkar discovered that he needed cash to | 52. Golkar Decl. ¶16. |

11

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| continue to develop the Pasadena Project on behalf of the Joint Venture. Rather than obtain financing from investors or financial institutions, secured by the Kamran Group's ownership interest in the 25 W. Walnut Units and Marengo, the Kamran Entities agreed to allow Namco to advance additional capital contributions in furtherance of the Joint Venture in the amount of $12,650,000 in exchange for Promissory Notes. | |
| 53. Golkar and the Kamran Entities never made any interest payments on the Promissory Notes, because Golkar and Namvar agreed that the Promissory Notes were considered equity contributions to the Joint Venture, *and not loans*. | 53. Golkar Decl. ¶17; Kelley Decl. ¶2, Ex. 8 (Namvar Depo. 71:13-72:20). |
| 54. Namvar actually testified that neither Golkar, nor any of the Kamran Entities, was ever required to pay any interest payments. | 54. Kelley Decl. ¶2, Ex. 8 (Namvar Depo. 72:25-73:16). |
| 55. Namco never sent demands to Kamran for payment of principal and/or interest, or a notice of default, under the Promissory Notes. | 55. Golkar Decl. ¶18. |
| 56. Contemporaneously with the development of the Project and the execution of the Promissory Notes, Namvar began selling fractional interests to third-party lienholders on the Promissory Notes, basically leaving only a two percent (2%) interest for Namco in the Promissory Notes. This type of activity resulted in Namvar's federal conviction and imprisonment, and multiple cross claims and counterclaims in this proceeding. | 56. Kelley Decl. ¶2, Ex.8(Namvar Depo. 37:10-16, 39:8-16, 40:3-10, 45:2-10, 46:4-17, 46:18-47:13, 48:17-25, 49:2-22); PRJN, Ex. 10, 11, 12, 13. |
| 57. Upon the parties' stipulation, the Trustee filed an Answer to Plaintiffs' Complaint on April 29, 2010. | 57. PRJN, Ex. 9. |

DATED: February 1, 2012                    CHRISTMAN, KELLEY & CLARKE, PC


By: _____
MATTHEW M. CLARKE
DUGAN P. KELLEY
Attorneys for Karman Pasadena Group, Inc. and
Kamran Group, LLC

12

PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| In re:  NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER:  2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.:  2-10-ap-01244-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT OF PLAINTIFFS KAMRAN PASADENA GROUP, INC. AND KAMRAN GROUP, LLC IN OPPOSITION TO DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

        ☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **February 1, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

        ☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 1, 2012**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

        ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/1/12 | Matthew N. Mong | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER:  2:08-bk-32333-BR<br>ADVERSARY PROC. NO.:  2:10-ap-01244-BR |

## II.    SERVED BY U.S. MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
**Law Offices of Saul Reiss, P.C.**
2800 28th St Ste 328
Santa Monica, CA 90405

**Susan I. Montgomery**
**Law Offices of Susan I. Montgomery**
1925 Century Park East, Suite 2000
Los Angeles, CA 90067

## III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras**        dpoitras@jmbm.com
- **Robyn B. Sokol**          rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg**     jeisenberg@jmbm.com
- **Gregory M. Salvato**      gsalvato@salvatolawoffices.com
- **Saul Reiss**              saulreiss@verizon.net
- **Susan I. Montgomery**     susan@simontgomerylaw.com
- **Daniel Issak**            info@lightingzilla.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

***F 9013-3.1***

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
| --- | --- |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          ***F 9013-3.1***

09019.003 - 163624.1

| In re: NAMCO CAPITAL GROUP, INC. | CHAPTER 11 |
| | CASE NUMBER: 2:08-bk-32333-BR |
| Debtor(s). | ADVERSARY PROC. NO.: 2:10-ap-01244-BR |

### SERVED BY PERSONAL DELIVERY:

**Honorable Barry Russell**
**United States Bankruptcy Court – Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1660**
**Los Angeles, CA 90012**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**
09019.003 - 163624.1