ORIGINAL

Matthew Clarke (SBN 184959)
Matt@christmankelley.com
Dugan P. Kelley (SBN 207347)
Dugan@christmankelley.com
CHRISTMAN, KELLEY & CLARKE
831 State Street
Santa Barbara, California 93101
Telephone: (805) 884-9922
Facsimile: (866) 611-9852

Attorneys for Plaintiffs
Kamran Pasadena Group, Inc. and Kamran Group, LLC

FILED

FEB 0 1 2012

B:

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP INC, a California corporation<br><br>Debtor.<br><br>_____<br><br>KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC, a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR; an individual; ASHLAND PROPERTIES, LLC, A California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC; a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEES FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100<br><br>Defendants. | Case No.: 2:08-bk-32333-BR<br>Chapter 11<br>Adv. No.: 2:10-ap-01244-BR<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION, ON COMPLAINT**<br><br>Hearing<br>Date: February 22, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

1

REQUEST FOR JUDICIAL NOTICE

In connection with Plaintiffs' Opposition to the Motion for Summary Judgment on the Adversary Complaint ("MSJ") filed concurrently herewith, Plaintiffs hereby request that the Court take judicial notice of the following documents pursuant to Rule 201(b) or the Federal Rules of Evidence, as made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure:

1.     The Trustee's Answer filed April 29, 2010 to the Complaint filed February 24, 2010 as Adversary Proceeding 2:10-ap-01244 (hereinafter "Complaint") in this Adversary Proceeding [Docket No. 14], a true and correct copy of which is attached hereto as Exhibit 9.

2.     The Answer and Counterclaims of Mehrnaz Hekmatravan filed April 21, 2010 to the Complaint in this Adversary Proceeding [Docket No. 13], a true and correct copy of which is attached hereto as Exhibit 10.

3.     The Answer and Counterclaims of Answer of Ashland Properties LLC, Jamshid Baharvar, Mahmoud Fatorechi, Soussan Hashemi, Morteza Homayounjam, Faramarz Massachi, Farank Faye Sarafian, Sawtelle Properties LLC, Darioush Soleimani against all plaintiffs, Crossclaim by Ashland Properties LLC, Jamshid Baharvar, Mahmoud Fatorechi, Soussan Hashemi, Morteza Homayounjam, Faramarz Massachi, Farank Faye Sarafian, Sawtelle Properties LLC, Darioush Soleimani against Bradley D. Sharp, filed June 6, 2010 to the Complaint in this Adversary Proceeding [Docket No. 35], a true and correct copy of which is attached hereto as Exhibit 11.

4.     The Indictment of Ezri Namvar and Hamid Tabatabai, filed September 21, 2010 in the United States District Court for the Central District of California, Case No. CR 10-01055 [Docket No. 1], a true and correct copy of which is attached hereto as Exhibit 12.

5.     The Judgment and Probation/Commitment Order, filed October 12, 2011 in the United States District Court for the Central District of California, Case No. CR 10-01055 [Docket No. 214], a true and correct copy of which is attached hereto as Exhibit 13.

\\\

\\\

\\\

\\\

2

Respectfully Submitted,


DATED: February 1, 2012                    CHRISTMAN, KELLEY & CLARKE, PC


By: _____
MATTHEW M. CLARKE
DUGAN P. KELLEY
Attorneys for Karman Pasadena Group, Inc. and
Kamran Group, LLC

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT 9

DAVID M. POITRAS P.C. (Bar No. 141309)
DAN P. SEDOR (Bar No. 139091)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   310.203.8080
Facsimile:   310.203.0567
Email:       dpoitras@jmbm.com

Attorneys for Defendant, Bradley D. Sharp
Chapter 11 Trustee for Namco Capital Group Inc.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>Debtor. | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adversary No.: 2:10-ap-01244 BR<br><br>**ANSWER TO COMPLAINT OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE FOR NAMCO CAPITAL GROUP, INC.** |
| KAMRAN PASADENA GROUP, INC., a California corporation and KAMRAN GROUP, LLC, a California limited liability company,<br><br>Plaintiff(s),<br><br>vs.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual; MORTEZA HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHARVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100,<br><br>Defendant(s). | Status Conference:<br><br>Date:    June 29, 2010<br>Time:    2:00 p.m.<br>Place:   255 E. Temple Street<br>         Los Angeles, CA 90012<br>Crtm:    1668 |

PRINTED ON
RECYCLED PAPER

6971824v1

Defendant Bradley D. Sharp, Chapter 11 Trustee ("Trustee") for Namco Capital Group Inc. ("Namco" or "Defendant"), through his undersigned attorneys, for himself and no other defendant, hereby responds to and answers the complaint of Kamran Pasadena Group, Inc. and Kamran Group, LLC (collectively, "Plaintiffs"), for 1. Breach of Written Contract/Promissory Notes; 2. Breach of Implied Covenant of Good Faith and Fair Dealing; 3. Declaratory Relief; 4. Injunctive Relief; 5. Fraudulent Inducement; 6. Fraud – Intentional Concealment; 7. Fraud – Negligent Concealment; 8. Conversion – Declaration of Constructive/Resulting Trust; 9. Interference with Prospective Economic Advantage; 10. Decree of Dissolution and Winding-Up of Joint Venture; 11. To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs; 12. Rescission; and 13. Cancellation (the "Complaint") as follows:

## INTRODUCTION

1.    Paragraph 1 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

## JURISDICTION AND VENUE

2.    In answering paragraph 2 of the Complaint, the Trustee admits that the Bankruptcy Court has jurisdiction over this matter as the matter is related to the above-captioned bankruptcy case. The Trustee denies the remaining allegations stated in paragraph 2 of the Complaint.

3.    The Trustee agrees that venue is proper in the Bankruptcy Court and admits to the allegations stated in paragraph 3 of the Complaint.

## PARTIES

4.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 4 of the Complaint and based thereon such allegations are denied.

5.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 5 of the Complaint and based thereon such allegations are denied.

6.    In answering paragraph 6 of the Complaint, the Trustee admits that Namco is a California corporation with its principal place of business at 12121 Wilshire Boulevard, **Suite 200,** Los Angeles, California. The Trustee lacks knowledge or information sufficient to admit or deny

the remaining allegations stated in paragraph 6 of the Complaint and based thereon such allegations are denied.

7.    The Trustee admits to the allegations stated in paragraph 7 of the Complaint.

8.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 8 of the Complaint and based thereon such allegations are denied.

9.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 9 of the Complaint and based thereon such allegations are denied.

10.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 10 of the Complaint and based thereon such allegations are denied.

## GENERAL ALLEGATIONS

11.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 11 of the Complaint and based thereon such allegations are denied.

12.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 12 of the Complaint and based thereon such allegations are denied.

13.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 13 of the Complaint and based thereon such allegations are denied.

14.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 14 of the Complaint and based thereon such allegations are denied.

15.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 15 of the Complaint and based thereon such allegations are denied.

16.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 16 of the Complaint and based thereon such allegations are denied.

17.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 17 of the Complaint and based thereon such allegations are denied.

18.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 18 of the Complaint and based thereon such allegations are denied.

19.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 19 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

20.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 20 of the Complaint and based thereon such allegations are denied.

21.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 21 of the Complaint and based thereon such allegations are denied.

22.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 22 of the Complaint and based thereon such allegations are denied.

23.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 23 of the Complaint and based thereon such allegations are denied.

24.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 24 of the Complaint and based thereon such allegations are denied.

25.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 25 of the Complaint and based thereon such allegations are denied.

26.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 26 of the Complaint and based thereon such allegations are denied.

27.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 27 of the Complaint and based thereon such allegations are denied.

28.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 28 of the Complaint and based thereon such allegations are denied.

29.     The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 29 of the Complaint and based thereon such allegations are denied.

30.     Paragraph 30 of the Complaint states a prayer for relief and does not require an answer.

31.     In answering paragraph 31 of the Complaint, the Trustee denies that Plaintiffs did not receive any consideration from Namco regarding the referenced Promissory Notes. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 31 of the Complaint and based thereon such allegations are denied.

32.     In answering paragraph 32 of the Complaint, the Trustee admits that involuntary bankruptcy cases were filed against Namco and Ezri Namvar, the Promissory Notes referenced in

PRINTED ON
RECYCLED PAPER

6971824v1

- 4 -

JMBM   Jeffer Mangels Butler & Marmaro LLP

the Complaint are in default, and that in his capacity as the chapter 11 trustee of Namco, the Trustee has recorded notices of default under the applicable deeds of trust based upon such defaults. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 32 of the Complaint and based thereon such allegations are denied.

33.    In answering paragraph 33 of the Complaint, the Trustee denies that no consideration was given to Plaintiffs by Namco in connection with the referenced Promissory Notes and real property. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 33 of the Complaint and based thereon such allegations are denied.

34.    Paragraph 34 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

35.    Paragraph 35 of the Complaint states a prayer for relief and does not require an answer.

### FIRST CLAIM FOR RELIEF

**(Breach of Written Contract/Promissory Notes – All Plaintiffs Against the Namco Trustee)**

36.    The Trustee incorporates by reference his responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.    In answering paragraph 37 of the Complaint, the Trustee admits that the Plaintiffs owe Namco in excess of $12,000,000. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in paragraph 37 of the Complaint and based thereon such allegations are denied.

38.    The Trustee denies the allegations stated in paragraph 38 of the Complaint.

39.    The Trustee denies the allegations stated in paragraph 39 of the Complaint.

40.    The Trustee denies the allegations stated in paragraph 40 of the Complaint.

### SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing – All Plaintiffs Against the**

**Namco Trustee)**

41.    The Trustee incorporates by reference his responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

6971824v1

42.    Paragraph 42 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

43.    The Trustee denies the allegations stated in paragraph 43 of the Complaint.

44.    The Trustee denies the allegations stated in paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint states a prayer for relief and does not require an answer.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment – All Plaintiffs Against All Defendants)

46.    The Trustee incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    The Trustee denies the allegations stated in paragraph 47 of the Complaint.

48.    The Trustee denies the allegations stated in paragraph 48 of the Complaint.

49.    The Trustee denies the allegations stated in paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint states a prayer for relief and does not require an answer.

## FOURTH CLAIM FOR RELIEF

### (Preliminary Injunctive Relief – All Plaintiffs Against All Defendants – 11 U.S.C. § 105; FRBP 7001(7))

51.    The Trustee incorporates by reference his responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.    The Trustee denies the allegations stated in paragraph 52 of the Complaint.

53.    The Trustee denies the allegations stated in paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

55.    Paragraph 55 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

PRINTED ON
RECYCLED PAPER

6971824v1

## FIFTH CLAIM FOR RELIEF

**(Fraudulent Inducement – All Plaintiffs Against the Namco Trustee)**

56.    The Trustee incorporates by reference his responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 57 of the Complaint and based thereon such allegations are denied.

58.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 58 of the Complaint and based thereon such allegations are denied.

59.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 59 of the Complaint and based thereon such allegations are denied.

60.    The Trustee denies the allegations stated in paragraph 60 of the Complaint.

61.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 61 of the Complaint and based thereon such allegations are denied.

62.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 62 of the Complaint and based thereon such allegations are denied.

63.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 63 of the Complaint and based thereon such allegations are denied.

64.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in paragraph 64 of the Complaint and based thereon such allegations are denied.

## SIXTH CLAIM FOR RELIEF

**(Fraud-Intentional Concealment – All Plaintiffs Against the Namco Trustee)**

65.    The Trustee incorporates by reference his responses to paragraphs 1 through 64 of the Complaint as if fully set forth herein.[1]

---

[1]    The Complaint has two paragraph 63s and two paragraph 64s (63 and 64 are repeated in both the Fifth and Sixth Claims for Relief).

PRINTED ON RECYCLED PAPER

6971824v1

66.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the second paragraph 64 of the Complaint and based thereon such allegations are denied.

67.   In answering paragraph 65 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 65 of the Complaint and based thereon such allegations are denied.

68.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 66 of the Complaint and based thereon such allegations are denied.

69.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 67 of the Complaint and based thereon such allegations are denied.

70.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 68 of the Complaint and based thereon such allegations are denied.

71.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 69 of the Complaint and based thereon such allegations are denied.

72.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 70 of the Complaint and based thereon such allegations are denied.

73.   The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 71 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

- 8 -

## SEVENTH CLAIM FOR RELIEF

### (Fraud-Negligent Concealment – All Plaintiffs Against the Namco Trustee)

74.    The Trustee incorporates by reference his responses to paragraphs 1 through 71 of the Complaint as if fully set forth herein.

75.    In answering paragraph 73 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 73 of the Complaint and based thereon such allegations are denied.

76.    The Trustee denies the allegations stated in paragraph 74 of the Complaint.

77.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 75 of the Complaint and based thereon such allegations are denied.

78.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 76 of the Complaint and based thereon such allegations are denied.

79.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 77 of the Complaint and based thereon such allegations are denied.

80.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 78 of the Complaint and based thereon such allegations are denied.

81.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 79 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

## EIGHTH CLAIM FOR RELIEF

**(Conversion – Declaration of Constructive/Resulting Trust – All Plaintiffs Against the Namco Trustee)**

82.    The Trustee incorporates by reference his responses to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

83.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 81 of the Complaint and based thereon such allegations are denied.

84.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 82 of the Complaint and based thereon such allegations are denied.

85.    The Trustee denies the allegations stated in paragraph 83 of the Complaint.

86.    The Trustee denies the allegations stated in paragraph 84 of the Complaint.

## NINTH CLAIM FOR RELIEF

**(Interference with Prospective Economic Advantage – All Plaintiffs Against the Namco Trustee)**

87.    The Trustee incorporates by reference his responses to paragraphs 1 through 84 of the Complaint as if fully set forth herein.

88.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 86 of the Complaint and based thereon such allegations are denied.

89.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 87 of the Complaint and based thereon such allegations are denied.

90.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 88 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

91. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 89 of the Complaint and based thereon such allegations are denied.

92. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 90 of the Complaint and based thereon such allegations are denied.

## TENTH CLAIM FOR RELIEF

**(Decree of Dissolution and Wind-Up of Joint Venture – All Plaintiffs Against the Namco Trustee)**

93. The Trustee incorporates by reference his responses to paragraphs 1 through 90 of the Complaint as if fully set forth herein.

94. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 92 of the Complaint and based thereon such allegations are denied.

## ELEVENTH CLAIM FOR RELIEF

**(To Set Aside the Fraudulent Transfer of the Assets Belonging to Plaintiffs – All Plaintiffs Against All Defendants and Does 1-100, inclusive)**

95. The Trustee incorporates by reference his responses to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

96. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 94 of the Complaint and based thereon such allegations are denied.

97. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 95 of the Complaint and based thereon such allegations are denied.

98. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 96 of the Complaint and based thereon such allegations are denied.

PRINTED ON
RECYCLED PAPER

6971824v1

- 11 -

99.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 97 of the Complaint and based thereon such allegations are denied.

100.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 98 of the Complaint and based thereon such allegations are denied.

101.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 99 of the Complaint and based thereon such allegations are denied.

## TWELFTH CLAIM FOR RELIEF

### (Rescission – All Plaintiffs Against All Defendants)

102.    The Trustee incorporates by reference his responses to paragraphs 1 through 99 of the Complaint as if fully set forth herein.

103.    In answering paragraph 101 of the Complaint, the Trustee denies the allegations stated therein to the extent they suggest that Plaintiffs did not receive consideration from Namco. The Trustee lacks knowledge or information sufficient to admit or deny the remaining allegations stated in the paragraph 101 of the Complaint and based thereon such allegations are denied.

104.    The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 102 of the Complaint and based thereon such allegations are denied.

105.    Paragraph 103 of the Complaint is comprised of argument and unsupported conclusory statements for which no answer is necessary.

## THIRTEENTH CLAIM FOR RELIEF

### (Cancellation – All Plaintiffs Against All Defendants)

106.    The Trustee incorporates by reference his responses to paragraphs 1 through 103 of the Complaint as if fully set forth herein.

107.    The Trustee admits the allegations stated in paragraph 105 of the Complaint.

108.    The Trustee denies the allegations stated in paragraph 106 of the Complaint.

PRINTED ON
RECYCLED PAPER

6971824v1

- 12 -

109. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 107 of the Complaint and based thereon such allegations are denied.

110. The Trustee denies the allegations stated in paragraph 108 of the Complaint.

111. The Trustee denies the allegations stated in paragraph 109 of the Complaint.

## FOURTEENTH CLAIM FOR RELIEF

### (Slander of Title – All Plaintiffs Against All Defendants)

112. The Trustee incorporates by reference his responses to paragraphs 1 through 109 of the Complaint as if fully set forth herein.

113. In answering paragraph 111 of the Complaint, the Trustee admits that he caused notices of default to be recorded in November 2009. The Trustee denies the remaining allegations stated in paragraph 111 of the Complaint.

114. The Trustee denies the allegations stated in paragraph 112 of the Complaint.

115. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 113 of the Complaint and based thereon such allegations are denied.

116. The Trustee lacks knowledge or information sufficient to admit or deny the allegations stated in the paragraph 114 of the Complaint and based thereon such allegations are denied.

117. The Trustee denies the allegations stated in paragraph 115 of the Complaint.

118. The Trustee denies the allegations stated in paragraph 116 of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF

### (For An Accounting – All Plaintiffs Against All Defendants)

119. The Trustee incorporates by reference his responses to paragraphs 1 through 116 of the Complaint as if fully set forth herein.

120. The Trustee denies the allegations stated in paragraph 118 of the Complaint.

121. Paragraph 119 of the Complaint states a prayer for relief and does not require an answer.

PRINTED ON
RECYCLED PAPER

6971824v1

- 13 -

JMBM | Jeffer Mangels Butler & Marmaro LLP

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by set off.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the Plaintiffs' unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred because any and all acts and/or omissions by the Trustee, if any, were based upon legally sufficient justification.

### NINTH AFFIRMATIVE DEFENSE

The Trustee adopts and incorporates all other valid defenses raised by any of its co-defendants, as such defenses may be applicable to this defendant.

PRINTED ON
RECYCLED PAPER

6971824v1

## TENTH AFFIRMATIVE DEFENSE

The Trustee presently has insufficient knowledge or information on which to form a basis as to whether it may have additional, as yet unstated, defenses available to it. Based thereon, the Trustee reserves the right to assert additional defenses in the event facts subsequently become known to the Trustee which suggest that such additional defenses would be appropriate.

**WHEREFORE,** the Trustee prays for judgment against Plaintiffs as follows:

A.   That Plaintiffs take nothing by way of the Complaint;

B.   That the Trustee be awarded his costs of suit incurred herein; and

C.   That the Trustee be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 28, 2010          JEFFER, MANGELS, BUTLER & MARMARO LLP


By: /s/ David M. Poitras
    DAVID M. POITRAS P.C.
    Attorneys for Defendant, Bradley D. Sharp, Chapter 11
    Trustee for Namco Capital Group Inc.

PRINTED ON
RECYCLED PAPER

6971824v1

- 15 -

| In re:<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11<br>Trustee of Namco Capital Group Inc. ... | CHAPTER 11<br><br>Case No. 2:08-bk-32333-BR |
|---|---|
|                    Debtor(s). | Adversary No. 2:10-ap-012444-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

The foregoing document described as **ANSWER TO COMPLAINT OF DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE FOR NAMCO CAPITAL GROUP, INC.;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

                                      ☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 29, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED BY OVERNIGHT MAIL**

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

                             ☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2010 | Billie Terry | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br><br>NAMCO CAPITAL GROUP, INC.,<br>a California corporation,<br><br>KAMRAN PASADENA GROUP, INC. ... vs. Bradley D. Sharp, Chapter 11<br>Trustee of Namco Capital Group Inc. ... | Debtor(s). | CHAPTER 11<br><br>Case No. 2:08-bk-32333-BR<br><br>Adversary No. 2:10-ap-012444-BR |
|---|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL**

Attorneys for Plaintiffs, Kamran Pasadena Group, Inc.
and Kamran Group, LLC
A. Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA 93101

Attorneys for Defendant, Mehrnaz Hekmatravan

Saul Reiss, Esq.
Law Offices of Saul Reiss, P.C.
2800 28th Street, Suite 328
Santa Monica, CA 90405

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009

# EXHIBIT 10

Saul Reiss, Esq.  SBN 48528
LAW OFFICES OF SAUL REISS, P.C.
2800 28TH Street
Suite 328
Santa Monica, CA 90405
Telephone 310-450-2888  Fax 310-450-2885
E-Mail saulreiss@verizon.net
Attorney for Defendant Mehrnaz Hekmatravan

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA--LOS ANGELES DIVISION

| | |
|---|---|
| In Re: NAMCO CAPITAL GROUP, INC., a California Corporation <br> Debtor <br> KAMRAN PASADENA GROUP, INC. a California corporation; and KAMRAN GROUP, LLC a California limited liability company <br> Plaintiffs, <br> vs <br> BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, etc. et. al. <br> Defendants | Case No.: 2:08-bk-32333-BR <br> Chapter 11 <br><br> Adv. No. 10-01244BR <br><br> ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN |
| MEHRNAZ HEKMATRAVAN <br> Counter Claimant <br> vs. <br> BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation, KAMRAN GROUP, LLC, a California Limited Liability Company, KAMRAN | |

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-1-

GROUP, INC. a California corporation, KAMRAN PASADENA, INC. a California corporation, DAVID J. GOLKAR an individual, HAMID TABATABAI aka HAMID TABA, an individual, VIOLET KASHANY, an individual, MORTEZA HOMAYOUNJAM, an individual, ASHLAND PROPERTIES, LLC, a California Limited Liability Company, SAWTELLE PROPERTIES, LLC, JAMSHID BEHARVAR, an individual, FAYE FARANAK SARAFIAN, an individual, FARMO TRUST DATED JANUARY 1, 2007, a trust, DARIOUSH SOLEMANI, an individual, and DOES 101 through 125

Counter-Defendants

Comes now the Defendant and Counter-Claimant MEHRNAZ HEKMATRAVAN and for ANSWER TO THE COMPLAINT and COUNTERCLAIMS against the Counter-Defendants and each of them, admits, denies and alleges as follows:

1.      Answering Paragraphs 1 through 119 of the COMPLAINT herein, MEHRNAZ HEKMATRAVAN does not have sufficient information or belief as to the matters therein alleged to enable her to answer, and on that ground denied generally and specifically each and every one of the allegations therein contained.

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-2-

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a CLAIM FOR RELIEF)

2.    Neither the COMPLAINT, nor any purported claim for relief contained therein, states facts sufficient to constitute any claim for relief against defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

3.    Defendant is informed and believes and thereupon alleges that the COMPLAINT, and each of the purported causes of action contained therein, is barred by reason of laches in that Plaintiffs unjustifiably delayed in prosecuting this action to the detriment of Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

4.    Defendant is informed and believes and thereupon alleges that the conduct of Plaintiffs estopped them from asserting the purported claims set forth in the COMPLAINT, and each of the purported causes of action contained therein, in that Defendant has reasonably relied upon such conduct to its detriment.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

5.    Defendant is informed and believes, and thereupon alleges that Plaintiffs has knowingly and voluntarily relinquished and waived any and all rights that it may have arising from the allegations set forth in the COMPLAINT, and each of the purported causes of action contained therein.

---

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-3-

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     Defendant is informed and believes, and thereupon alleges that Plaintiffs has unclean hands in connection with the purported transactions alleged in the COMPLAINT, and is thus barred from asserting the purported claims set forth in the COMPLAINT and each of the purported causes of action contained in the COMPLAINT.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.     Plaintiffs' action is barred by the Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.     Defendant is informed and believes, and thereupon alleges that the COMPLAINT, and each of the purported causes of action contained therein, is barred by virtue of Plaintiffs' failure to exercise reasonable diligence in avoiding and mitigating its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Fault)

9.     Defendant is informed and believes and thereupon alleges that if Plaintiffs suffered or sustained any loss, damage and/or injury as alleged in the COMPLAINT, such loss, damage and/or injury was the direct and proximate result of the acts and omissions of Plaintiffs, and not of Defendant.

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-4-

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

10.    Defendant is informed and believes, and thereupon alleges, that if Plaintiffs suffered or sustained any loss, damage and/or injury as alleged in the COMPLAINT, such loss, damage and/or injury was the direct and proximate result of the acts and omissions of other persons for whom Defendant is not responsible, and not of Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Material Breach)

11.    Defendant is informed and believes and thereupon alleges that Plaintiffs is barred from obtaining the relief it seeks in the COMPLAINT in that it has materially breached the agreement, if any, which it seeks to enforce by the COMPLAINT.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

12.    Defendant is informed and believes, and thereupon alleges that Plaintiffs is barred from enforcing the provision of the agreement alleged in the COMPLAINT, if any, by virtue of the failure of conditions precedent to the enforcement against Defendant of any such agreement

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

13.    Defendant is informed and believes and thereupon alleges that the agreement alleged in the COMPLAINT, if any, is unconscionable as to Defendant and is, therefore, unenforceable by Plaintiffs against Defendant.

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-5-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exoneration by Plaintiffs' Conduct)

14.     Defendant is informed and believes and thereupon alleges that Plaintiffs' conduct has resulted in an exoneration of Defendant as to any purported liability alleged in the COMPLAINT.

Wherefore, this answering Defendant prays judgment as follows:

1.     That Plaintiffs take nothing by their COMPLAINT herein and that the same be dismissed.

2.     For these answering defendants reasonable attorneys fees.

3.     For and costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Comes now the COUNTERCLAIMANT, MEHRNAZ HEKMATRAVAN and for Counterclaims against the Counter-Defendants, and each of them alleges as follows:

## THE PARTIES

15.     At all times material hereto, Counterclaimant, MEHRNAZ HEKMATRAVAN, an individual, was and now is a resident of the County of Los Angeles, State of California.

16.     At all times material hereto Counter-Defendant BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., ("NAMCO") was and now is the duly appointed Chapter 11 trustee of NAMCO CAPITAL GROUP, INC.

17.     At all times material hereto Counter-Defendant KAMRAN GROUP, LLC, ("KAMRAN LLC") was and now is a California limited liability

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-6-

company which was authorized to do business in and did business in the County of Los Angeles, State of California.

18. At all times material hereto Counter-Defendant KAMRAN GROUP, INC., ("KAMRAN INC.") was and now is a California corporation authorized to do business in and doing business in the County of Los Angeles, State of California.

19. At all times material hereto Counter-Defendant KAMRAN PASADENA, INC., (" KAMRAN PASADENA") was and now is a California corporation authorized to do business in and doing business in the County of Los Angeles, State of California.

20. At all times material hereto Counter-Defendant ASHLAND PROPERTIES, LLC, ("ASHLAND") was and now is a California limited liability company which was authorized to do business in and did business in the County of Los Angeles, State of California.

21. At all times material hereto Counter-Defendant SAWTELLE PROPERTIES, LLC, ("SAWTELLE") was and now is a California limited liability company which was authorized to do business in and did business in the County of Los Angeles, State of California.

22. At all times material hereto, Counter-Defendants FARMO TRUST DATED JANUARY 1, 2007, a trust, and MAHMOUD FATORECHI AND SOUSSAN HASHEMI, TRUSTEE OF THE FATORECHI-HASHEMI, FAMILY TRUST DATED MARCH 29, 2005. were and now are trusts whose trustees are residents of the State of California, County of Los Angeles.

23. At all times material hereto, Counter-Defendants DAVID J. GOLKAR ("GOLKAR") an individual, HAMID TABATABAI aka HAMID TABA, an individual, ("HAMID") VIOLET KASHANY, ("KASHANY") an individual, MORTEZA HOMAYOUNJAM, ("HOMAYOUNJAM") an individual,

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

JAMSHID BEHARVAR ("BEHARVAR") an individual, FAYE FARANAK SARAFIAN ("SARAFIAN") and DARIOUSH SOLEMANI, an individual ("SOLEMANI") (were and now are residents of the County of Los Angeles, State of California.

24. Counterclaimant is unaware of the true names and capacities of the Counter-Defendants herein designated as DOES 101 through 125, inclusive, and therefore sues such fictitiously named Counter-Defendants by such fictitious names. Counterclaimant will seek leave of court to amend this Cross-COUNTERCLAIM when the true names and capacities of said fictitiously names Counter-Defendants are ascertained.

25. Counterclaimant is informed and believes and based thereon alleges that each of the fictitiously named Counter-Defendants is and was at all times material hereto the agent, servant, employee or co-conspirator the other Counter-Defendants and in doing all of the things herein alleged was acting within the course and scope of such agency, service, employment or conspiracy with the full knowledge and consent of the other Counter-Defendants. Counterclaimant is further informed and believes and based thereon alleges that each of the fictitiously named Counter-Defendants is and was at all times material hereto responsible in some manner for the damages sustained by the Counterclaimant as herein alleged.

## THE CONSPIRACY

26. Counterclaimant is informed and believes and based thereon alleges that in or about May or June of 2007 Counter-Defendants KAMRAN LLC, KAMRAN INC., KAMRAN PASADENA, DAVID J. GOLKAR, HAMID and NAMCO CAPITAL GROUP, INC.("NAMCO"), and EZRI NAMVAR (EZRI")entered into a joint venture, partnership, plan, arrangement, agreement and conspiracy pursuant to which they would and did use a set of similar and confusing names for their business entities to conceal the actual

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-8-

ownership of real properties and make it virtually impossible for anyone dealing with them to know which properties secured which promissory notes.

27.   Pursuant to and in furtherance of the aforesaid conspiracy, on June 29, 2007, Counter-Defendant KAMRAN GROUP LLC made executed and delivered to NAMCO that certain promissory note in the principal amount of $3,600,000.00. (the "KAMRAN LLC NOTE") A true and complete copy of the KAMRAN LLC NOTE is attached hereto as Exhibit "A", attached hereto and made a part hereof by this reference.   On or about August 24, 2007 NAMCO caused a deed of trust executed by KAMRAN LLC to secure the KAMRAN LLC NOTE to be recorded in the Office of the County Recorder of Los Angeles County as document number 20071988920. (the "KAMRAN LLC TD").   A true and complete copy of the KAMRAN LLC TD is attached hereto as Exhibit "B", attached hereto and made a part hereof by this reference.   The property which was the subject of the KAMRAN LLC TD consisted of two vacant lots commonly known as 810 and 818 N. Marengo Avenue, Pasadena, California.   As of August 24, 2007 the value of said lots was in fact no more than $1,600,000.00 based on the current assessed value, and nowhere near the $3,600,000.00 set forth in the KAMRAN LLC NOTE and TD.

28.   Pursuant to and in furtherance of the aforesaid conspiracy, on June 29, 2007, Counter-Defendant KAMRAN PASADENA, which had previously been know as Pasadena Athletic Club, Inc. made executed and delivered to NAMCO that certain promissory note in the principal amount of $5,000,000.00. (the "KAMRAN PASADENA NOTE")   The KAMRAN PASADENA NOTE is in the identical form as the KAMRAN LLC NOTE. On or about August 24, 2007 NAMCO caused a deed of trust executed by KAMRAN PASADENA to secure the KAMRAN PASADENA NOTE to be recorded in the Office of the County Recorder of Los Angeles County as

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-9-

document number 2007199U505. (the "KAMRAN PASADENA TD"). A true and complete copy of the KAMRAN PASADENA TD is attached hereto as Exhibit "C", attached hereto and made a part hereof by this reference. The property which was the subject of the KAMRAN LLC TD consisted of two condominium lots commonly known as 25 West Walnut Street, Units 1 and 503 Pasadena, California. As of August 24, 2007 the value of said lots was in fact significantly more than $5,000,000.00. Counter-Defendants demolished the condominium building which was located on Walnut Street.

29. Also located at 25 Walnut Street were Condominium Units 501, 504 and 505. (the "UNITS") By July 6, 2007, Counter-Defendant KAMRAN LLC had become the owner of each of said units. True and complete copies of the deeds (the "KAMRAN LLC DEEDS") pursuant to which KAMRAN LLC became the owner of said 3 units are attached hereto as Exhibit "D" and made a part hereof by this reference. By reason of the demolition of the condominium structure, the property owned by KAMRAN LLC and KAMRAN PASADENA became merged and inseparable. By reason of the foregoing, KAMRAN LLC AND KAMRAN PASADENA became the alter egos of one another in that to retain the legal distinction between them would constitute a fraud on the creditors of KAMRAN LLC which had in effect transferred all of its property to KAMRAN PASADENA.

30. Notwithstanding the fact that the UNITS had been demolished and no longer could be differentiated from the land on which they had previously been located, Pursuant to and in furtherance of the aforesaid conspiracy On September 10, 2007, Counter-Defendant KAMRAN LLC as maker, made, executed and delivered to NAMCO as payee and beneficiary three promissory notes which were secured by deeds of trust on the UNITS which were recorded in the Office of the County Recorder of Los Angeles County as follows:

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-10-

| AMOUNT OF NOTE | RECORDING DATE | DOCUMENT # |
|---|---|---|
| $450,000.00 | September 17, 2007 | 20072133932 |
| $1,300,000.00 | September 17, 2007 | 20072133936 |
| $600,000.00 | September 17, 2007 | 20072133956 |

Said notes will hereafter be referred to by their amounts and collectively as the UNIT NOTES.

31.   Thereafter the UNIT NOTES were assigned to certain of the Counter-Defendants herein as set forth below:

| AMOUNT OF NOTE | RECORDING DATE | DOCUMENT NUMBER | ASSIGNEE |
|---|---|---|---|
| $450,000.00 | February 5, 2008 | 20080214974 | FARMO TRUST DATED JANUARY 1, 2007 |
| $1,300,000.00 | January 14, 2008 | 20080072494 | DARIOUSH SOLEMANI |
| $600,000.00 | January 14, 2008 | 20072133956 | THE FATORECHI-HASHEMI, FAMILY TRUST |

32.   Pursuant to and in furtherance of the aforesaid conspiracy, on September 30, 2008, Counter-Defendant KAMRAN PASADENA, made executed and delivered to NAMCO that certain promissory note in the principal amount of $1,700,000.00. (the "2008 NOTE") The 2008 NOTE is in the identical form as the KAMRAN LLC NOTE.  On or about September 30, 2008 NAMCO caused a deed of trust executed by KAMRAN PASADENA to secure the 2008 NOTE to be recorded in the Office of the County Recorder of Los Angeles County as document number 20081747674. (the "2008 TD").   A true and complete copy of the 2008 TD is attached hereto as Exhibit "D", attached hereto and made a part hereof by this reference.   The property which was the subject of the 2008 TD consisted of two condominium lots commonly known as 25 West Walnut Street, Units 1

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-11-

and 503 Pasadena, California.   The 3 condominium units owned by KAMRAN LLC were not included even though they could not physically be distinguished from the vacant land which existed on the 25 Walnut site as of September 30, 2008.   A map depicting the 25 Walnut Street property is attached hereto as Exhibit "E" and made a part hereof by this reference.

33.    NAMCO claims a lien pursuant to the 2008 NOTE and the 2008 TD in the Walnut Street Property which is junior and subordinate to the KAMRAN PASADENA NOTE and the KAMRAN PASADENA TD.

**THE LOAN TRANSACTIONS**

34.    At all times material hereto Counterclaimant was a widow who reposed trust and confidence in Counter-Defendants EZRI and NAMCO based on the fact that there had been a pre-existing business relationship between said parties, they shared the same religious faith and cultural heritage, and NAMCO and EZRI had a prominent reputation in the community for assisting widows and unmarried woman in managing their financial affairs by investing with said Counter-Defendants.   The Counter-Defendants even dealt with MAHNAZ by that name which is an erroneously spelled version of her nickname NANAZ rather than her legal name.   Based on the foregoing, there existed a confidential relationship between Counterclaimant and the Counter-Defendants NAMCO and EZRI such that they owed to her the highest fiduciary duty of truth and condor in any business dealings.

35.    On or about July 17, 2006, at Los Angeles, California Counter-Defendant, NAMCO made, executed and delivered to Counterclaimant a promissory note ("NOTE") in the principal amount of One Million Nine Hundred Thousand Dollars ($1,900,000.00).   A true and complete copy of the NOTE is attached hereto as Exhibit "F", attached hereto and made a part hereof by this reference.

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-12-

36. Pursuant to the terms of the NOTE, the obligations of NAMCO thereunder were personally guaranteed by EZRI.

37. The NOTE provides for payment monthly of interest in arrears on the unpaid balance at the rate of Seven and 3/4 Percent (7.75%) per annum. The note further provided that entire balance of principal and any unpaid interest would become due and payable on 30 days advance notice. As of the date of this COUNTERCLAIM, the outstanding principal balance is the sum of One Million, Nine Hundred Thousand Dollars ($1,900,000.00). Interest has been through the end of September 2008.

38. In or about August of 2007 Counterclaimant remanded repayment of all amounts due under the NOTE. At the time of making such demand, Counter-Defendants, NAMCO, EZRI and HAMID represented to Counterclaimant as follows:

A.    EZRI represented that if Counterclaimant would not require that her money be returned and would leave it invested with NAMCO, he and NAMCO would provide security for the NOTE in the form of an assignment of all beneficial interest in a promissory note in the principal amount of $5,000,000.00 which had been executed and delivered by Counter-Defendants KAMRAN LLC and KAMRAN PASADENA which are described herein as the KAMRAN PASADENA NOTE and the KAMRAN PASADENA TD. EZRI further represented that the property which was the subject of the deed of trust that was security for the note which was to be assigned consisted of an assemblage of parcels that was intended to be developed and sold as a hotel site.    The amount of the note being assigned was in excess of the amount due pursuant to the NOTE because NAMCO had also borrowed and EZRI had guaranteed repayment of the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) to Counterclaimant's brother-in-law Mr. Hekmat Hekmatravan and said security was intended to secure both notes. EZRI

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-13-

represented that the property which secured the proposed security consisted of the KAMRAN PASADENA property as described in the KAMRAN PASADENA TD. EZRI directed HAMID to prepare a Collateral Assignment of Deed of Trust and to deliver it to Counterclaimant along with a copy of the deed of trust which was to be assigned.

B.    HAMID identified the property which was to secure the NOTE on a map located in the offices of NAMCO as the 25 Walnut property shown on Exhibit E and further identified it as a hotel site which the Counter-Defendants had been developing. HAMID then prepared and delivered to Counterclaimant an unrecorded copy of the Collateral Assignment of Deed of Trust dated August 24, 2007, to which there was attached an unrecorded copy of the $5,000,000.00 deed of trust from KAMRAN PASADENA. Because of her trust and confidence in Counter-Defendants, NAMCO, EZRI and HAMID, Counterclaimant did not check and did not notice that the Collateral Assignment and the Deed of Trust were inconsistent. A true and complete copy of the documents as delivered is attached hereto as Exhibit "G" and made a part hereof by this reference. .

C.    When, in or about October of 2008 Counterclaimant inquired of HAMID as to why the NAMCO ASSIGNMENT was not of a note and deed of trust on the hotel site on Walnut Street, he stated that he has made a mistake and had identified the wrong property in the NAMCO ASSIGNMENT even though he had originally given Counterclaimant the correct deed of trust. Hamid further represented that Counterclaimant need not worry because the WALNUT PROPERTY was on the market to be sold and when it was sold she would be paid everything that was due on the NOTE. HAMID intentionally concealed that the $5,000,000.00 KAMRAN PASADENA NOTE and the KAMRAN PASADENA TD had been assigned by NAMCO which had retained only a minor 2% interest therein. All of the

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-14-

representations made by HAMID as alleged in this paragraph C were made with the malicious intent to dissuade and prevent Counterclaimant from asserting her rights to enforce the NOTE and realize upon the security that had been promised.

39.    In reliance on the representations of NAMCO, EZRI and HAMID, Counterclaimant agreed to forebear from collection of the NOTE and accept the security as it had been identified and offered by Counter-Defendants NAMCO, EZRI and HAMID.    Had Counterclaimant known that the representations were in fact false, she would have demanded immediate repayment of the NOTE.   In August of 2007, NAMCO was capable of repaying the NOTE in immediately available funds.

40.    On September 4, 2007, NAMCO recorded the Collateral Assignment of Deed of Trust ("NAMCO ASSIGNMENT") in the form attached hereto as Exhibit "H" and made a part hereof by this reference in the office of the County Recorder of Los Angeles County as document number 20072053521. Thereafter a copy of the NAMCO ASSIGNMENT was delivered to Counterclaimant by Hamid.

41.    The representations of NAMCO, EZRI and HAMID were false in that the note which was in fact the subject of the Collateral Assignment was not for $5,000,000.00, but was for $3,600,000.00.  The property which was the subject of the deed of trust securing the note that were referred to in the COLLATERAL ASSIGNMENT was not the hotel site at 25 Walnut, but was in fact the vacant land located on Marengo as hereinabove described.

42.    The NAMCO assignment assigned 100% of the beneficial interest in the KAMRAN LLC NOTE and the KAMRAN LLC TD as hereinabove described to Counterclaimant so that Counterclaimant could enforce the obligations of KAMRAN LLC TD thereunder and retain all proceeds of such enforcement

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-15-

until they had recovered one hundred percent of the amounts due them under the NOTE.

43.   Counterclaimant is informed and believes and based thereon allege that certain Counter-Defendants claim interests in the KAMRAN PASADENA NOTE and the KAMRAN PASADENA TD as follows:

| | |
|---|---|
| VIOLET KASHANY, an individual, | 3.5% |
| MORTEZA HOMAYOUNJAM, an individual, | 25% |
| ASHLAND PROPERTIES, LLC, a California Limited Liability Company, | 8% |
| SAWTELLE PROPERTIES, LLC, | 16% |
| JAMSHID BEHARVAR, an individual, | 40% |
| FAYE FARANAK SARAFIAN, an individual, | 5.5% |
| NAMCO | 2.0% |
| TOTAL | 100% |

44.   The Walnut Property which is the subject of this action is commonly known as 25 Walnut Street, Pasadena California. The legal description of the property which is the subject of this action is contained in and set forth on Exhibit "I" attached hereto and made a part hereof by this reference (the "WALNUT PROPERTY").

45.   The Marengo Property which is the subject of this action is commonly known as 810 and 818 N. Marengo Avenue, Pasadena California. The legal description of the property which is the subject of this action is contained in and set forth on Exhibit "J" attached hereto and made a part hereof by this reference (the "MARENGO PROPERTY").

46.   Counter-Defendant KAMRAN PASADENA, INC. is the record owner of the WALNUT PROPERTY. Counter-Defendant KAMRAN GROUP, LLC is the record owner of the MARENGO PROPERTY.

47.   The NOTE provides that, should a default occur in the payment of any installment when due, or in the performance of any obligation in the trust deed securing payment of the note, the whole sum of principal and interest shall at the election of the holder become immediately due and payable.

48.   When Counterclaimant asked Counter-Defendants NAMCO, HAMID and EZRI for the return of her money by payment in full of the NOTE they informed Counterclaimant that they are unable to pay either the principal or interest on the NOTE unless and until the WALNUT PROPERTY and the MARENGO PROPERTIES are sold and accordingly written demand for payment would be a futile act.  By this COUNTERCLAIM, Counterclaimant demands payment in full of all principal and interest under the NOTE. NAMCO and EZRI have failed and refused to pay the amount demanded, or any other amounts due under the NOTE.

49.   On or about October 6, 2008, NAMCO further breached the terms of the NOTE by notifying Counterclaimant that it would no longer pay the agreed upon interest rate of 7.5% but would pay 5%.  A true and complete copy of said notification is attached hereto as Exhibit "K" and made a part hereof by this reference.

50.   By the terms of the NOTE, the GUARANTY, the KAMRAN LLC NOTE, the KAMRAN LLC TD, the KAMRAN PASADENA NOTE, and the KAMRAN PASADENA TD a the parties executing said documents respectively  promised that if any action were commenced to enforce said documents applicable signatory Counter-Defendant would pay Counterclaimant's reasonable attorney's fees and costs. By reason of the above-mentioned defaults by Counter-Defendant it has become necessary for Counterclaimant to employ the Law Office of Saul Reiss, P.C. and Saul Reiss, Esq., an attorney at law duly licensed to practice in all the courts of the State of California, to commence and prosecute this foreclosure action.

---

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-17-

51.   Counterclaimant hereby incorporates by reference each and all of the exhibits attached hereto as follows:

Exhibit "A": KAMRAN LLC NOTE

Exhibit "B": KAMRAN LLC TD

Exhibit "C": KAMRAN PASADENA TD

Exhibit "D": 2008 TD, ; KAMRAN LLC DEEDS

Exhibit "E": 25 WALNUT MAP

Exhibit "F": $1,900,000.00 NOTE

Exhibit "G": DELIVERED DOCUMENTS

Exhibit "H": NAMCO ASSIGNMENT

Exhibit "I": WALNUT PROPERTY

Exhibit "J": MARENGO PROPERTY

Exhibit "K": NOTICE RE NON-PAYMENT OF INTEREST

**FIRST COUNTERCLAIM FOR RELIEF**

**FRAUD**

**(AGAINST COUNTER-DEFENDANTS KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, HAMID TABATABAI aka HAMID TABA, and all DOE COUNTER-DEFENDANTS)**

52.   Counterclaimant realleges and adopts and incorporates by reference Paragraphs 15 through 51 inclusive of this COUNTERCLAIM.

53.   Counterclaimant is informed and believes and based thereon alleges that Counter-Defendants NAMCO CAPITAL GROUP, INC., KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, EZRI NAMVAR, HAMID TABATABAI aka HAMID TABA created the KAMRAN LLC NOTE, the KAMRAN LLC TD, the KAMRAN PASADENA NOTE, the KAMRAN PASADENA TD, the 2008 NOTE and the 2008 TD as well as the UNIT NOTES and the UNIT TDs

(herein collectively the "LOAN DOCUMENTS")for the purpose of allowing NAMCO to use said loan documents as collateral so that NAMCO could obtain loans or retain from third parties such as Counterclaimant.

54.    Counterclaimant is informed and believes and based thereon alleges that Counter-Defendants NAMCO CAPITAL GROUP, INC., KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, EZRI NAMVAR, had no intention of making or collecting any payments pursuant to the LOAN DOCUMENTS and in fact knew, based on the promises of Counter-Defendants NAMCO and EZRI that NAMCO would never seek to collect either the principal or the interest due under the LOAN DOCUMENTS, because in fact NAMCO had never loaned principal amounts set forth in the LOAN DOCUMENTS to the borrowers under said LOAN DOCUMENTS.

55.    Counterclaimant is informed and believes and based thereon alleges that Counter-Defendants NAMCO CAPITAL GROUP, INC., KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, EZRI NAMVAR, agreed that NAMCO and EZRI would pay a fee to the other Counter-Defendants for having created the LOAN DOCUMENTS and placed the equity in the WALNUT PROPERTY and the MARENGO PROPERTY at risk to those persons like Counterclaimant who would loan money to NAMCO based on the collateral value of the LOAN DOCUMENTS.

56.    Counterclaimant is informed and believes and based thereon alleges that Counter-Defendants NAMCO CAPITAL GROUP, INC., KAMRAN GROUP, LLC, KAMRAN GROUP, INC., KAMRAN PASADENA, INC. DAVID J. GOLKAR, EZRI NAMVAR, agreed that if at any time any person to whom the LOAN DOCUMENTS had been assigned as collateral for loans to NAMCO sought to enforce the LOAN DOCUMENTS, all of said co-

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-19-

conspirators would claim that the LOAN DOCUMENTS were unenforceable and invalid.

57.   Counterclaimant is informed and believes and based thereon alleges that in doing the things alleged in this First COUNTERCLAIM FOR RELIEF the named Counter-Defendants in this COUNTERCLAIM FOR RELIEF intended and knew that persons such as Counterclaimant would rely on the validity of the LOAN DOCUMENTS and based on such reliance would loan money to NAMCO for the benefit of EZRI.

58.   Counterclaimant is informed and believes and based thereon alleges that in doing the things alleged in this First COUNTERCLAIM FOR RELIEF the named Counter-Defendants in this COUNTERCLAIM FOR RELIEF were acting with full knowledge that the promises contained in the LOAN DOCUMENTS were false, and that when made Counter-Defendants had no intention of performing any of said promises and NAMCO and EZRI had no intention of ever enforcing the LOAN DOCUMENTS unless the properties were sold.

59.   Counterclaimant is informed and believes and based thereon alleges that in doing all of the things alleged in this First COUNTERCLAIM FOR RELIEF the Counter-Defendants and each of them was acting fraudulently, intentionally, maliciously and with reckless disregard of the truth of the promises made in the LOAN DOCUMENTS and with total disregard of the rights of the Counterclaimant or any other person who would rely on the LOAN DOCUMENTS/

60.   In making the loan of One Million Nine Hundred Thousand Dollars ($1,900,000.00) to NAMCO Counterclaimant relied on the validity of the LOAN DOCUMENTS and their enforceability against Counter-Defendants who were the makers and trustors of said LOAN DOCUMENTS. Had Counterclaimant known that Counter-Defendants would claim that the LOAN

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-20-

DOCUMENTS were unenforceable she would never have made the loan which is evidenced by the NOTE.

61.    By reason of the fraudulent and malicious conduct of the Counter-Defendants named in this First COUNTERCLAIM FOR RELIEF, Counterclaimant is entitled to have and recover punitive and exemplary damages according to proof at the time of trial.

## SECOND COUNTERCLAIM FOR RELIEF
## JUDICIAL FORECLOSURE OF COLLATERAL ASSIGNMENT OF
## KAMRAN LLC NOTE, AND KAMRAN LLC DEED OF TRUST,
## (AGAINST ALL COUNTER-DEFENDANTS)

62.    Counterclaimant realleges and adopts and incorporates by reference Paragraphs 15 through 51 inclusive of this COUNTERCLAIM.

63.    As a direct and proximate result of the facts and circumstances hereinabove alleged Counterclaimant is entitled to have and recover from the NAMCO the amounts due pursuant to the NOTE in the amount of One Nine Hundred Thousand Dollars ($1,900,00.00) in principal plus interest thereon at the rate of 8% per annum from October 1, 2008 until paid in full.

64.    As a direct and proximate result of the facts and circumstances hereinabove alleged Counterclaimant is entitled to have the its security interest in and collateral assignment of the KAMRAN LLC NOTE, and the KAMRAN LLC DEED OF TRUST, foreclosed as permitted by law, and for an order of this Court that Counterclaimant is entitled to enforce all rights under the KAMRAN LLC NOTE, and the KAMRAN LLC DEED OF TRUST, as the owner thereof and to collect all interest payments and apply all rents, proceeds of sale or ownership interests in the MARENGO PROPERTY as may be obtained by such enforcement to the satisfaction of the obligations of NAMCO under the NOTE.

## THIRD COUNTERCLAIM FOR RELIEF

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-21-

## JUDICIAL FORECLOSURE OF KAMRAN LLC DEED OF TRUST (AGAINST ALL COUNTER-DEFENDANTS CLAIMING ANY INTEREST IN THE MARENGO PROPERTY AND ALL DOES)

65.   Counterclaimant realleges and adopts and incorporates by reference Paragraphs 15 through 51 inclusive of this COUNTERCLAIM.

66.   Counterclaimant is informed and believes, and based thereon alleges that Counter-Defendant KAMRAN LLC has not made any of the payments required to be made pursuant to the KAMRAN NOTE, in addition, the KAMRAN NOTE has, by its terms matured on June 28, 2008 such that the entire amount due thereunder is now due and payable and by reason thereof KAMRAN LLC is in default thereunder.

67.   As a direct and proximate result of the facts and circumstances hereinabove alleged Counterclaimant does hereby declare the entire amount of $3,600,000.00 in principal plus all unpaid interest thereon to be immediately due and payable.

68.   The KAMRAN LLC NOTE provides that, should a default occur in the payment of any installment when due, or in the performance of any obligation in the trust deed securing payment of the note, the whole sum of principal and interest shall at the election of the holder become immediately due and shall thereafter bear interest during the period of the default at the rate of Seventeen Percent (17%) per annum compounded monthly.  The NOTE by its terms specifically states that it was arranged by NAMCO CAPITAL GROUP, INC. a California licensed real estate broker and is therefore exempt from usury limitation.

69.   The KAMRAN LLC NOTE provides that, should a default occur in the payment of any installment when due, the holder of the note shall be entitled to a fee based on such default equal to 10% of the amount of the defaulted

payment.   Said amount as of the date of filing of this COUNTERCLAIM is Three Hundred Sixty Thousand Dollars ($360,000.00).

70.   As a direct and proximate result of the facts and circumstances hereinabove alleged Counterclaimant is entitled to have and recover from the Counter-Defendant, KAMRAN GROUP, LLC the amounts due pursuant to the KAMRAN LLC NOTE; to have the KAMRAN LLC TD foreclosed as permitted by law, and to have all junior liens and junior security interests in the KAMRAN LLC NOTE and the KAMRAN LLC TD declared to be subordinate to the ARTECH TD and the NAMCO ASSIGNMENT to Counterclaimant.

**FOURTH COUNTERCLAIM FOR RELIEF**

**BREACH OF PERSONAL GUARANTY AGREEMENT**

**(AGAINST COUNTER-DEFENDANTS DAVID J. GOLKAR AND ALL DOES)**

71.   Counterclaimant realleges and adopts and incorporates by reference Paragraphs 1 through 36 inclusive of this COUNTERCLAIM.

72.   Counterclaimant is informed and believes, and based thereon alleges that, as set forth in KAMRAN LLC NOTE, the obligations of the maker are personally guaranteed by the principal of the maker, Counter-Defendant DAVID J. GOLKAR.

73.   As a direct and proximate result of the facts and circumstances hereinabove alleged Counterclaimant IS entitled to have and recover from the Counter-Defendant DAVID J. GOLKAR and all DOES, any and all amounts due pursuant to the KAMRAN LLC NOTE and the KAMRAN LLC TD.

**FIFTH COUNTERCLAIM FOR RELIEF**

**DECLARATORY RELIEF**

**(AGAINST ALL COUNTER-DEFENDANTS)**

---

ANSWER AND COUNTERCLAIMS OF MEHRNAZ HEKMATRAVAN

-23-
