Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

CLTA Preliminary Report Form (Rev 1/1/95)

Page 8

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

END OF LEGAL DESCRIPTION

# EXHIBIT H

When Recorded Mail To

Namco Capital Group,Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025



09/04/07

20072053521

COPY

Has not been compared with original.
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR · RECORDER

Space above this line is for Recorder's use

# COLLATERAL ASSIGNMENT OF DEED OF TRUST

**For Value Received**, the undersigned hereby grants, assigns and transfers to Mehrnaz Hekmatravan as to all beneficial interest   under that certain Deed of Trust dated June 29, 2007 executed by **Kamran Group LLC, a California limited liability company** Trustor, to **Woodman Partners LLC**, Trustee, and  recorded as instrument # 07-1988920 on August 24, 2007 in the County Recorder's office of **Los Angeles** County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**Together** with a collateral assignment under that certain note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:August 24, 2007

Namco Capital Group, Inc.

By: _____
Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _August 28, 2007_ before me, _Madellynn P. Agoncillo, Notary Public_ (here insert name and title of the officer), personally appeared _Ezri Namvar_ personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her /their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MADELLYNN P. AGONCILLO
Commission # 1734012
Notary Public - California
Los Angeles County
My Comm. Expires Apr 22, 2011

# EXHIBIT I

**EXHIBIT A**

<u>PARCEL 1:</u>

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 0.87 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 2 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-040

<u>PARCEL 2:</u>

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 5.581 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 3 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-041

<u>PARCEL 3:</u>

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 2.21 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY RECORDER.

ALSO EXCEPT FROM PORTIONS OF SAID LAND, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES, WITHOUT, HOWEVER THE RIGHT OF SURFACE ENTRY, AS PROVIDED FOR IN THE DEEDS RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71, JANUARY 21, 1974 AS INSTRUMENT NO. 82, FEBRUARY 15, 1974 AS INSTRUMENT NO. 160 AND FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, ALL IN SAID OFFICE OF THE COUNTY RECORDER.

B) UNIT 4 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-042

**PARCEL 4:**

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1.92 PERCENT INTEREST IN AND TO LOT 1, OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 1 2, 1978 AS INSTRUMENT NO. 78-752467, OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 0 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN.AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71.

EXCEPT FROM PARCELS 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 16 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF THE DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; DEED OF TRUST SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE ORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE ORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN ROOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN ROOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN ROOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A TINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET1 MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34°42'46 EAST, ALONG SAID PARALLEL LINE 1 8.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET; THENCE FROM A TANGENT BEARING SOUTH 69°10'25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2°13'09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID SOUTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 OF THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020); RECORDED IN ROOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE . COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-441 5 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65°20'05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN ROOK D-4415 PAGE 340, OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE A. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974, AS INSTRUMENT NO. 162.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 1 5, 1974, AS INSTRUMENT NO. 159.

(B) UNIT 5 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL NO: 5713-009-043

**PARCEL 5:**

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT I OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS I THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WIT HOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID

CCTC-List EE-01-27-99

TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 74-7 1 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, N THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED N BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED N BOOK 10 PAGE 2 OF MISCELLANEOUS RECORDS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, TN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED N BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 300 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1,2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-162, OF OFFICIAL RECORDS

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICEOF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-259 OF OFFICIAL RECORDS.

(B) UNIT I AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

APN: 5713-009-039

## PARCEL 6:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896. PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS I THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE2 OF MISCELLANEOUS RECORDS, N THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIPE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 74-71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

CCTC-List EE-01-27-99

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAW LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAD NORTHWESTERLY LINE OF THE SOUTHEASTERLY 300 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 3226 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE1 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 74-159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

APN: 5713-009-044

# EXHIBIT J

ORDER NO. 6083079

## SCHEDULE A

THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A Fee**

TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**Kamran Group, LLC, a California Limited Liability Company**

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**

THAT PORTION OF BLOCK "V" OF THE SUBDIVISION OF LAND BELONGING TO J .H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE WEST LINE OF SAID BLOCK "V"; DISTANT THEREON 515 FEET SOUTH OF THE NORTHWEST CORNER; THENCE EAST 317 FEET; THENCE SOUTH 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225 OF DEEDS; THENCE WESTERLY ALONG SAID NORTH LINE 317 FEET TO THE WEST LINE OF SAID BLOCK "V"; THENCE NORTHERLY ALONG SAID WESTERLY LINE 64.52 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION CONVEYED TO WILLIAM H. YOUNG AND WIFE, BY DEED RECORDED IN BOOK 6662 PAGE 191, OFFICIAL RECORDS, DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEAST CORNER OF LOT 9 OF BARNHART, PETRIE, CRAWFORD AND SAWYER'S SUBDIVISION, AS PER MAP RECORDED IN BOOK 13 PAGE 16 OF MISCELLANEOUS RECORDS OF SAID COUNTY; THENCE WEST ALONG THE SOUTH LINE OF LOT 9, 70 FEET; THENCE SOUTH PARALLEL WITH THE SOUTH PROLONGATION OF THE EAST LINE OF SAID LOT 9, 64.52 FEET TO THE NORTH LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2632 PAGE 225, OF DEEDS; THENCE EAST ALONG SAID NORTH LINE, 95 FEET TO THE EAST LINE OF THE LAND CONVEYED BY DEED RECORDED IN BOOK 2629 PAGE 162 OF DEEDS; THENCE NORTH ALONG SAID LAST MENTIONED EAST LINE 64.52 FEET TO THE EAST PROLONGATION OF THE SOUTH LINE OF SAID LOT 9; THENCE WEST ALONG THE SAID EAST PROLONGATION 25 FEET TO THE POINT OF BEGINNING.   -

ALSO EXCEPT THE WEST 4 FEET THEREOF CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3738 PAGE 261 OF DEEDS.

**PARCEL 2:**

A PORTION OF BLOCK "V" OF SUBDIVISION OF LANDS OF J. H. PAINTER AND B. F. BALL, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4 PAGE 549 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID BLOCK "V" DISTANT 579.52 FEET SOUTH OF THE NORTHWEST CORNER OF SAID BLOCK "V"; THENCE EAST 220.4 FEET; THENCE SOUTH 64.53 FEET; THENCE WEST 220.4 FEET TO THE WESTERLY LINE OF SAID BLOCK; THENCE NORTH ALONG SAID WESTERLY LINE 64.53 FEET TO THE POINT OF BEGINNING. EXCEPT THEREFROM THE WESTERLY 4 FEET THEREOF AS CONVEYED TO THE CITY OF PASADENA, BY DEED RECORDED IN BOOK 3812 PAGE 55 OF DEEDS.

**END OF SCHEDULE A**

# EXHIBIT K

# NAMCO

12121 Wilshire Boulevard, Suite 1400 • Los Angeles, CA 90025
Tel: (310) 207 1000   Fax: (310) 207-6308

October 6, 2008

To Whom It May Concern:.

In light of the current economic crisis we are experiencing, Namco Capital Group, Inc. has reduced your interest rate to five percent (5%). We apologize for any inconvenience this may have caused you.

Sincerely,

Namco Capital Group, Inc.

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**

I have read the foregoing _____

_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

_____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
Type or Print Name                                                            Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES

I am employed in the county of ___LOS ANGELES_____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 2800 28TH STREET,
SUITE 328, SANTA MONICA, CALIFORNIA 90405

On, APRIL 20, 2010_____ I served the foregoing document described as ANSWER AND COUNTER
CLAIM OF MEHRNAZ HEKMATRAVAN

_____ on THE INTERESTED PARTIES _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:
A. BARRY CAPPELLO, ESQ., DUGAN, P. KELLY, ESQ., CAPPELLO & NOEL, LLP.,
831 STATE STREET, SANTA BARBARA, CALIFORNIA 93101
MARC S. COHEN, ESQ., KAYE SCHOLER LLP, 1999 AVENUE OF THE STARS, SUITE 1700
LOS ANGELES, CALIFORNIA 90067

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at SANTA MONICA_____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on APRIL 20, 2010_____ , at SANTA MONICA_____ , California.

☐   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KAREN OGAWA_____                    _____
Type or Print Name                                                            Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



Legal
Solutions
Plus

Rev. 7/99

# EXHIBIT 11

GREGORY M. SALVATO  (SBN 126285)
SALVATO LAW OFFICES
Wells Fargo Center
333 So. Flower Street, 25th Floor
Los Angeles, California 90071-1529
Telephone:    (213) 484-8400
Facsimile:    (213) 948-1301
E-mail:    Gsalvato@Salvatolawoffices.com

Attorneys for Counterclaimants:
ASHLAND PROPERTIES, LLC, JAMSHID BAHRVAR, M.D.,
MAHMOUD FATORECHI and SOUSSAN HASHEMI, as
Trustees of the FATORECHI-HASHEMI FAMILY TRUST
Dated March 29, 2005, MORTEZA HOMAYOUNJAM,
FARAMARZ MASSACHI, as Trustee of the FARMO TRUST,
FARANAK FAYE SARAFIAN, SAWTELLE PROPERTIES,
LLC, and DARIUSH SOLEIMANI

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | Case No.:   2:08-32333-BR<br><br>Chapter 11 |
| KAMRAN PASADENA GROUP, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., a California corporation; WOODMAN PARTNERS, LLC, a California limited liability company; FIDELITY NATIONAL TITLE COMPANY, a California corporation; DANIEL JACOB ISSAC, an individual; FAY FRANAK SARAFIAN, an individual; DARIOUSH SOLEIMANI, an individual: MORTEZA | Adv. No. 2:10-ap-01244-BR<br><br>**COUNTERCLAIM AND CROSS-CLAIM FOR:**<br>**(1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS;**<br>**(2) RELIEF FROM THE AUTOMATIC STAY; AND**<br>**(3) OTHER EQUITABLE RELIEF**<br><br>*Status Conference*<br>Date:    June 29, 2010<br>Time:    2:00 p.m.<br>Place:    Room 1668<br>Roybal Federal Bldg.<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

SALVATO LAW
OFFICES

COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY COMPLAINT

HOMAYOUNJAM, an individual; MEHRNAZ HEKMATRAVAN, an individual; JAMSHID BAHRVAR, an individual; ASHLAND PROPERTIES, LLC, a California limited liability company; FARMCO TRUST, SAWTELLE PROPERTIES, LLC, a California limited liability company; MAHMOUD FATORECHI AND SOUSSAN HASHEMI AS TRUSTEE FOR THE FATORECHI-HASHEMI TRUST; and DOES 1 THROUGH 100

Defendants.

ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007; FARANAK FAYE SARAFIAN, an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and , DARIUSH SOLEIMANI, an individual;

Counter-Claimants,
Cross-Claimants, and
Third Party Plaintiffs,

v.

KAMRAN PASADENA, INC., a California corporation; and KAMRAN GROUP, LLC, a California limited liability company; BRADLEY D. SHARP, Chapter 11 Trustee; and ROES 1 through 20, Inclusive,

Counter-Defendants, and
Cross-Defendants .

//

//

- 2 -
COUNTERCLAIM AND CROSS-CLAIM

Counterclaimants and cross-claimants ASHLAND PROPERTIES, LLC, a California limited liability company; JAMSHID BAHRVAR, M.D., an individual; MAHMOUD FATORECHI and SOUSSAN HASHEMI, as Trustees of the FATORECHI-HASHEMI FAMILY TRUST Dated March 29, 2005; MORTEZA HOMAYOUNJAM, an individual; FARAMARZ MASSACHI, as Trustee of the FARMO TRUST Dated January 1, 2007 (erroneously sued as "FARMCO TRUST"); FARANAK FAYE SARAFIAN (erroneously sued as FAY FRANAK SARAFIAN), an individual; SAWTELLE PROPERTIES, LLC, a California limited liability company; and DARIUSH SOLEIMANI, an individual (collectively, "Counterclaimants"), allege as follows:

## JURISDICTION AND VENUE

1.    This Bankruptcy Court has jurisdiction over this counterclaim, cross-claim and third party complaint (hereinafter, the "Counterclaim") pursuant to 28 U.S.C. § 1334. The Counterclaim is brought pursuant to Bankruptcy Code Sections 506(a), 362(d) and 105(a), and Federal Rules of Bankruptcy Procedure 7001(1), 7001(2), 7001(7), 7001(9), and 9014(c), among others. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409(a) in that the Counterclaim relates to the bankruptcy proceeding entitled *In re Namco Capital Group, Inc.*, Case No. 2:08-32333-BR, commenced by the involuntary petition under Chapter 11 filed against Namco Capital Group, Inc. (the "Debtor") on December 22, 2008 (the "Bankruptcy Case").

## PARTIES

2.    All of the Counterclaimants assert perfected and unavoidable liens on the property of the Debtor's estate based on recorded collateral assignments from the Debtor to each of the Counterclaimants, which assignments of an underlying promissory note and deed in trust in favor of the Debtor secure obligations new due and owing from the Debtor to each Counterclaimant.

3.    Counterclaimants Faranak Faye Sarafian; Dariush Soleimani; Morteza Homayounjam; Jamshid Bahrvar, M.D.; Faramarz Massachi, as Trustee of the Farmo Trust Dated January 1, 2007; and Mahmoud Fatorechi and Soussan Hashemi, as Trustees

- 3 -
COUNTERCLAIM AND CROSS-CLAIM

for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, each reside in Los Angeles County, California.

4.    Counterclaimants Ashland Properties, LLC and Sawtelle Properties, LLC are each California limited liability companies authorized to do business in California.

5.    Counterclaimants are informed and believe and on that basis allege that counter-defendant Kamran Pasadena, Inc. is a California corporation that was formerly known as Kamran Group, Pasadena, Inc. dba Pasadena Athletic Club. Counterclaimants are informed and believe and on that basis allege that Kamran Pasadena, Inc. is currently suspended by the State of California, and consequently has no right under California law to prosecute or defend this action.

6.    Counterclaimants are informed and believe and on that basis allege that counter-defendant Kamran Group, LLC is a California limited liability company.

7.    On May 8, 2009, cross-defendant Bradley D. Sharp was appointed the Chapter 11 Trustee of the Debtor's bankruptcy estate and he continues to operate the Debtor's business with all of the powers and authority granted under Bankruptcy Code Sections 1107 and 1108. Cross-defendant Bradley D. Sharp (hereinafter the "Trustee") is sued here in his capacity as the duly appointed Chapter 11 Trustee for the Debtor.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of counter-defendants, cross-defendants and third-party defendants Roes 1 through 20, inclusive (hereinafter, the "ROE Defendants") are unknown to Counterclaimants, who therefore sue the ROE Defendants by fictitious names. Counterclaimants are informed and believe and on that basis allege that each of the Roe Defendants (1) is legally responsible in some manner for the events and happenings referred to herein and legally and proximately caused injury and damages thereby to Counterclaimants as alleged herein and/or (2) has or claims an interest in the promissory notes, deeds of trust and other instruments and documents that are the subject of the Counterclaim and this Adversary Proceeding.

9.    Counterclaimants are informed and believe and on that basis allege that at

- 4 -
COUNTERCLAIM AND CROSS-CLAIM

all times mentioned herein, each of the ROE Defendants was, and is, the agent, servant and employee of each of the Trustee, Kamran Pasadena, Inc. and Kamran Group, LLC (the "Counterdefendants") and each of the things alleged to have been done by said ROE Defendants was done in the capacity of and as agent of the one or more of the other Counterdefendants.

### GENERAL ALLEGATIONS

A.   *Loans and Promissory Notes between Counterclaimants and the Debtor, and the Debtor's Assignmenst of Collateral to Secure the Promissory Notes*

   (1)   *Promissory Note and Collateral Provided to Morteza Homayounjam*

10.   On or before July 1, 2007, Morteza Homayounjam loaned the Debtor a net total of $1.1 million. To evidence this loan balance, on or about July 1, 2007 the Debtor executed a promissory note in favor of Homayounjam in the principal amount of $1.1 million, payable with interest at 7.75% per annum, upon 30 days advance notice (the "Homayounjam Note").

11.   The Homayounjam Note is secured by a Collateral Assignment of Deed of Trust dated August 31, 2007 (the "Homayounjam Collateral Assignment"), in which the Debtor assigned to Homayounjam a 25% beneficial interest in the following:

   a.   A promissory note dated June 29, 2007, executed by Kamran Pasadena, Inc. in favor of the Debtor, in the principal amount of $5 million (the "$5 Million Kamran Pasadena Note"); and

   b.   A deed of trust dated June 29, 2007, executed by Kamran Pasadena, Inc. in favor of the Debtor to secure the $5 Million Kamran Pasadena Note, on certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN Nos. 5713-009-039 and 5713-009-044) (the "$5 Million Kamran Pasadena Deed of Trust").

12.   The $5 Million Kamran Pasadena Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on August 24, 2007, as Instrument

- 5 -
COUNTERCLAIM AND CROSS-CLAIM

No. 20071990505.

13. The Homayounjam Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on September 13, 2007 as Instrument No. 20072115288.

14. True and correct copies of the Homayounjam Note and the Homayounjam Collateral Assignment are attached as Exhibit 1.

15. The Debtor defaulted on the Homayounjam Note by, among other things, failing to make the monthly interest payments due in October, 2008, and thereafter.

(2) *Promissory Note and Collateral Provided to Ashland Properties, LLC*

16. On or before November 6, 2007, Ashland Properties, LLC loaned the Debtor a net total of $420,000. In exchange for this loan, on or about November 6, 2007, the Debtor executed a promissory note in favor of Ashland Properties, LLC in the principal amount of $420,000, payable at 7.75% interest per annum, upon 30 days advance notice (the "Ashland Properties Note").

17. The Ashland Properties Note is secured by the Debtor's collateral assignment of an 8% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Ashland Properties Collateral Assignment"). The Ashland Properties Collateral Assignment, which is dated November 6, 2008, was recorded in the Official Records of the Los Angeles County Recorder's Office on November 7, 2007 as Instrument No. 20072498568.

18. True and correct copies of the Ashland Properties Note and the Ashland Properties Collateral Assignment are attached as Exhibit 2.

19. The Debtor defaulted on the Ashland Properties Note by, among other things, failing to make the full monthly interest payment due in September, 2008 and failing to pay the entire principal amount and all unpaid interest when the note matured.

(3) *Promissory Note and Collateral Provided to Sawtelle Properties, LLC*

20. On or before November 6, 2007, Sawtelle Properties, LLC loaned the Debtor a net total of $780,000. In exchange for this loan, on or about November 6, 2007,

- 6 -
COUNTERCLAIM AND CROSS-CLAIM

the Debtor executed a promissory note in favor of Sawtelle Properties, LLC in the principal amount of $780,000, payable with interest at 7.75% interest per annum, upon 30 days advance notice (the "Sawtelle Properties Note").

21.    The Sawtelle Properties Note is secured by the Debtor's collateral assignment of a 16% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Sawtelle Properties Collateral Assignment"). The Sawtelle Properties Collateral Assignment, which is dated November 5, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on November 7, 2007 as Instrument No. 20072498569.

22.    True and correct copies of the Sawtelle Properties Note and the Sawtelle Properties Collateral Assignment are attached as Exhibit 3.

23.    The Debtor defaulted on the Sawtelle Properties Note by, among other things, failing to make the full monthly interest payment due in October 2008 or thereafter.

**(4)    *Promissory Note and Collateral Provided to Jamshid Baharvar and/or Shorehn Baharvar***

24.    On or before May 7, 2008, Jamshid Baharvar and Shorehn Baharvar loaned the Debtor a net total of $1.542 million. In exchange for this loan, on or about May 7, 2008 the Debtor executed a promissory note in favor of Jamshid Baharvar and/or Shorehn Baharvar in the principal amount of $1.542 million, payable at 7.5% upon 30 days advance notice (the "Baharvar Note").

25.    The Baharvar Note is secured by the Debtor's collateral assignment of a 40% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Baharvar Collateral Assignment"). The Baharvar Collateral Assignment, which is dated January 16, 2008, was recorded in the Official Records of the Los Angeles County Recorder's Office on March 25, 2008 as Instrument No. 20080511243.

26.    True and correct copies of the Baharvar Note and the Baharvar Collateral

-7-
COUNTERCLAIM AND CROSS-CLAIM

Assignment are attached as Exhibit 4.

27.    The Debtor defaulted on the Baharvar Note by, among other things, failing to make the full monthly interest payment due in October 2008, and failing to make any monthly interest payments due thereafter.

### (5)    *Promissory Note and Collateral Provided to Faranak Faye Sarafian*

28.    On or before March 1, 2006, Faranak Faye Sarafian loaned the Debtor a net total of $260,000. In exchange for this loan, on or about March 1, 2006 the Debtor executed a promissory note in favor of Faranak Faye Sarafian in the principal amount of $260,000, payable with interest at 6.75% per annum, on September 1, 2006 or upon 30 days advance notice (the "Sarafian Note").

29.    The Sarafian Note is secured by the Debtor's collateral assignment of a 5.5% beneficial interest in the $5 Million Kamran Pasadena Note and the $5 Million Kamran Pasadena Deed of Trust (the "Sarafian Collateral Assignment"). The Sarafian Collateral Assignment, which is dated October 29, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on June 17, 2008 as Instrument No. 20081075595.

30.    True and correct copies of the Sarafian Note and the Sarafian Collateral Assignment are attached as Exhibit 5.

31.    The Debtor defaulted on the Sarafian Note by, among other things, failing to make the full interest payment due in September 2008 and failing to make any monthly interest payments due thereafter.

### (6)    *Promissory Note and Collateral Provided to the Faramaz Massachi*

32.    On or before February 1, 2008, Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, loaned the Debtor a net total of $450,000. In exchange for this loan, on or about February 1, 2008 the Debtor executed a promissory note in favor of Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, in the principal amount of $450,000, payable with interest at 6.5% per annum, on February 1, 2009 (the "Massachi Note").

- 8 -
COUNTERCLAIM AND CROSS-CLAIM

33. The Massachi Note is secured by a Collateral Assignment of Deed of Trust dated February 1, 2008 (the "Massachi Collateral Assignment"), in which the Debtor assigned to Faramaz Massachi, as Trustee of the Farmo Trust dated January 1, 2007, a 100% beneficial interest in the following:

    a. A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $450,000 (the "$450,000 Kamran Note"); and

    b. A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $450,000 Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-040) (the "$450,000 Kamran Deed of Trust").

34. The $450,000 Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133932.

35. The Massachi Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on February 5, 2008 as Instrument No. 20080214974.

36. True and correct copies of the Massachi Note and the Massachi Collateral Assignment are attached as Exhibit 6.

37. The Debtor defaulted on the Massachi Note by, among other things, failing to make the full monthly interest payment due in October 2008 and failing to make any monthly interest payments due thereafter.

(7) *Promissory Note and Collateral Provided to Dariush Soleimani*

38. On or before January 8, 2008 Dariush Soleimani loaned the Debtor a net total of $1 million. In exchange for this loan, on or about January 8, 2008 the Debtor executed a promissory note in favor of Soleimani in the principal amount of $1 million, payable with interest at 8% per annum, on January 8, 2009 (the "Soleimani Note").

39. The Soleimani Note is secured by a Collateral Assignment of Deed of Trust

dated January 8, 2008 (the "Soleimani Collateral Assignment"), in which the Debtor assigned to Soleimani a 100% beneficial interest in the following:

    a.    A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $1.3 million (the "$1.3 Million Kamran Note"); and

    b.    A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $1.3 million Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-041) (the "$1.3 Million Kamran Deed of Trust").

40.    The $1.3 Million Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133936.

41.    The Soleimani Collateral Assignment was recorded in the Official Records of the Los Angeles County Recorder's Office on January 14, 2008 as Instrument No. 20080072494.

42.    True and correct copies of the Soleimani Note and the Soleimani Collateral Assignment are attached as Exhibit 7.

43.    The Debtor defaulted on the Soleimani Note by, among other things, failing to make the monthly interest payments due starting in August 2008.

    (8)    ***Promissory Note and Collateral Provided to the Mahmoud Fatorechi and Soussan Hashemi***

44.    On or before October 10, 2006, Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, loaned the Debtor a net total of $500,000. In exchange for this loan, on or about October 10, 2006 the Debtor executed a promissory note in favor of Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, in the principal amount of $1 million, payable with interest at 7.5% on April 10, 2007 (the "Fatorechi-Hashemi Note").

- 10 -
COUNTERCLAIM AND CROSS-CLAIM

45.   The Fatorechi-Hashemi Note is secured by a Collateral Assignment of Deed of Trust dated February 1, 2008 (the "Fatorechi-Hashemi Collateral Assignment"), in which the Debtor assigned to Mahmoud Fatorechi and Soussan Hashemi, as Trustees for the Fatorechi-Hashemi Family Trust Dated March 29, 2005, a 100% beneficial interest in the following:

a.   A promissory note dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor in the principal amount of $600,000 (the $600,000 Kamran Note"); and

b.   A deed of trust dated September 10, 2007, executed by Kamran Group, LLC in favor of the Debtor to secure the $600,000 Kamran Note, against certain real property at 25 West Walnut Street, Pasadena, California 91103 (APN No. 5713-009-042) (the "$600,000 Kamran Deed of Trust").

46.   The $600,000 Kamran Deed of Trust was recorded in the Official Records of the Los Angeles County Recorder's Office on September 17, 2007, as Instrument No. 20072133956.

47.   The Fatorechi-Hashemi Collateral Assignment, which is dated December 19, 2007, was recorded in the Official Records of the Los Angeles County Recorder's Office on January 22, 2008 as Instrument No. 20080117011.

48.   True and correct copies of the Fatorechi-Hashemi Note and the Fatorechi-Hashemi Collateral Assignment are attached as Exhibit 8.

49.   The Debtor defaulted on the Fatorechi-Hashemi Note by, among other things, failing to make the full monthly interest payment due in September 2008 and failing to make any monthly interest payments due thereafter.

50.   Counterclaimants are informed and believe that Ezri Namvar, or a person or entity controlled by Ezri Namvar, retained or was assigned a 5.5% beneficial interest in the $5 Million Kamran Promissory Note and $5 Million Kamran Deed of Trust.

//

//

- 11 -
COUNTERCLAIM AND CROSS-CLAIM

**B.    _Attorney's Fee Provisions in Promissory Notes_**

51.    Each of eight promissory notes from the Debtor to the Counterclaimants identified above (hereinafter the "Counterclaimant Notes"), as well as each of the promissory notes from Kamran Pasadena, Inc. and Kamran Group, LLC that secured the Counterclaimant Notes  (collectively, hereinafter, the "Kamran Notes"), contain provisions providing for attorney's fees and costs in connection with the enforcement or collection of such notes.

**C.    _Perfection of Counterclaimants' Security Interests_**

**(1)    _Perfection by Possession of the Original Kamran Notes_**

52.    Counterclaimants are informed and believe that at some time and from time to time prior to the commencement of the Bankruptcy Case, one or more of the Counterclaimants held actual physical possession of the original Kamran Notes securing their respective interests.  Prior to the bankruptcy filing, possession of such notes was delivered to Commerce Escrow Company for the benefit of each of the respective Counterclaimants for the purposes of consummating a sale of the property at 25 W. Walnut Avenue, and after the appointment of the Trustee, Counterclaimants could not recover the notes they had previously held.

**(2)    _Perfection By Operation of State Law_**

53.    Counterclaimants are informed and believe and on that basis allege that all times in connection with the loans and promissory notes between Counterclaimants and the Debtor, both the Debtor and Ezri Namvar (the sole shareholder, sole director, President and Chief Financial Officer of the Debtor) acted as a broker within the meaning of California Business and Professions Code section 10131 and/or as a principal within the meaning of California Business and Professions Code section 10131.1.

54.    Counterclaimants are informed and believe and on that basis allege that at all relevant times, Namvar was licensed as a broker by the California Department of Real Estate and was the sole "designated officer" of the Debtor for purposes of the Debtor's

- 12 -
COUNTERCLAIM AND CROSS-CLAIM

license with the California Department of Real Estate.

55.    Counterclaimants are informed and believe that except as alleged herein, at all relevant times, the Debtor held the original Kamran Notes for the purpose of servicing those notes and arranging a payoff of the Kamran Notes as part of a sale or refinancing of the Property.

56.    Counterclaimants are informed and believe and on that basis allege that the Debtor and Namvar (1) "arranged" the loans from Counterclaimants to the Debtor within the meaning of Business and Professions Code section 10233.2 and (2) "sold" and "dispos[ed]" of the Kamran Notes to Counterclaimants the meaning of Business and Professions Code sections 10233.2 and 10131.1(b)(2), that (3) the Debtor assigned such notes or a fractionalized interest therein to the respective Counterclaimants and (4) recorded evidence of such assignment by way of the recorded Collateral Assignments.

57.    Counterclaimants are informed and believe and on that basis allege that the Debtor and Namvar undertook to service the Kamran Notes on behalf of Counterclaimants.

D.    ***Counterclaimants' Motion for Relief from Stay and Proofs of Claim***

58.    On July 3, 2009, Counterclaimants filed a motion for relief from stay in this Bankruptcy Case, seeking to proceed under applicable non-bankruptcy law to enforce their remedies to foreclose upon and obtain possession of the real property at 25 West Walnut Street, which secured the Kamran Notes and the Counterclaimant Notes. Counterclaimants also sought in the alternative that the Court order adequate protection.

59.    As of the date of this Counterclaim, the Court has not yet made a final ruling on the Countrclaimants' motion for relief from stay.

60.    On November 12 and 13, 2009, Counterclaimants filed proofs of claim based on each of the Counterclaimant Notes.

- 13 -
COUNTERCLAIM AND CROSS-CLAIM

**E.** **_The Trustee's Intent to Foreclose on the Property at 25 West Walnut Street_**

61.    Counterclaimants are informed and believe and on that basis allege that in November 2009, the Trustee recorded Notices of Default against the properties at 25 West Walnut Street, based on defaults on each of the Kamran Notes.  Counterclaimants did not participate in the preparation or recording of any of these Notices of Default and had no actual knowledge of the Notices until the commencement of this Adversary Proceeding.

62.    Counterclaimants are informed and believe and on that basis allege that the Trustee intends to foreclose upon the property at 25 West Walnut Street, without proper authorization from Counterclaimants.

63.    Counterclaimants do not authorize and have not authorized the Trustee to foreclose on the property at 25 West Walnut Street, which would cause Counterclaimants irreparable and irremediable harm to their property and financial interests.

## FIRST CLAIM FOR RELIEF

**(For Determination of the Extent, Validity and Priority of Liens, Pursuant to
Bankruptcy Code Section 506(a))**

**[By All Counterclaimants Against All Counterdefendants]**

64.    By this reference Counterclaimants hereby incorporate the allegations set forth above in paragraphs 1-63, inclusive, as though set forth in full herein.

65.    Counterclaimants allege that an actual dispute exists as to the the validity, priority and extent of their respective liens based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the collateral assignments of the Kamran Notes and Kamran Deeds of Trusts to Counterclaimants (hereinafter, the "Counterclaimant Collateral Assignments"), which all secure Counterclaimants' claims, as well as the amount of their respective claims asserted in this Bankruptcy Case.

66.    Kamran Pasadena, Inc. and Kamran Group, LLC have asserted that the Kamran Notes and the Kamran Deeds of Trust are not valid because the Kamran Notes are not supported by valid consideration.

- 14 -
COUNTERCLAIM AND CROSS-CLAIM

67.    The Trustee has asserted that the security interests granted to Counterclaimants by the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the Counterclaimant Collateral Assignments are unperfected and avoidable under applicable law.

68.    Counterclaimants assert that the Kamran Notes and the Kamran Deeds of Trust are valid and binding obligations because they is informed and believe and on that basis alleges that the Kamran Notes are supported by valid consideration.

69.    Counterclaimants assert that their security interests are perfected and unavoidable pursuant to California Business and Professions Code section 10233.2, which permits perfection of a security interest without actual possession of the original security instrument in connection with the "sale"/"disposition" of a promissory note that is serviced by a broker.

70.    Specifically, Counterclaimants contend that section 10233.2 applies to perfect their security interest because they are informed and believe and on that basis allege that:

a.    At all relevant times, the Debtor and Ezri Namvar acted as a broker within the meaning of California Business and Professions Code section 10131 and/or as a principal within the meaning of California Business and Professions Code section 10131.1;

b.    At all relevant times, the Debtor retained possession of the original Kamran Notes and Kamran Deeds of Trust, which secure the Counterclaimant Notes;

c.    The Debtor and Namvar (a) "arranged" the loans from Counterclaimants to the Debtor within the meaning of Business and Professions Code sections 10233.2 and (b) "sold" and "dispos[ed]" of the Kamran Notes to Counterclaimants within the meaning of Business and Professions Code sections 10233.2 and 10131.1(b)(2);

d.    The Debtor and Namvar undertook to service the Kamran Notes on behalf of Counterclaimants;

- 15 -
COUNTERCLAIM AND CROSS-CLAIM

e.     The Kamran Deeds of Trust and the Counterclaimant Collateral Assignments are recorded in the office of the county recorder in the county in which the secured property is located (Los Angeles County); and

f.     The Kamran Notes were assigned to Counterclaimants.

71.     Pursuant to Bankruptcy Code Section 506(a), Counterclaimants therefore seek a declaration of the Court setting out the parties' respective rights with respect to the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the Counterclaimant Collateral Assignments, and the extent, validity and priority of Counterclaimants' liens based on those instruments.

72.     Specifically, Counterclaimants seek a declaration that (1) the Kamran Notes and Kamran Deeds of Trust are valid and binding obligations that are supported by valid consideration, (2) Counterclaimants have valid, perfected and unavoidable security interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes, and the Counterclaimant Collateral Assignments, and (3) Counterclaimants may therefore foreclose on the property at 25 West Walnut Street based on their perfected security interests.

## SECOND CLAIM FOR RELIEF

### (For Determination of the Extent, Validity and Priority of Liens, Pursuant to Bankruptcy Code Section 506(a))

### [By All Counterclaimants Against All Counterdefendants]

73.     By this reference Counterclaimants hereby incorporate the allegations set forth above in paragraphs 1-72, inclusive, as though set forth in full herein.

74.     Counterclaimants allege that an actual dispute exists as to the amount of his claim asserted in this Bankruptcy Case and the validity, priority and extent of their respective liens based on the Kamran Notes and Kamran Deeds of Trust assigned to Counterclaimants by way of the Counterclaimant Assignments.

75.     Among other things, Kamran Pasadena, Inc. and Kamran Group, LLC have asserted that the 1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are

- 16 -
COUNTERCLAIM AND CROSS-CLAIM

not valid because the $1.3 Million Kamran Note is not supported by valid consideration.

76. Among other things, the Trustee has asserted that the security interest granted to Soleimani by the $1.3 Million Kamran Note, the $1.3 Million Kamran Deed of Trust, the Soleimani Note, and the Soleimani Collateral Assignment is unperfected and otherwise avoidable under applicable law.

77. Among other things, Counterclaimant Soleimani asserts that the $1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are valid and binding obligations because he is informed and believes and on that basis alleges that the $1.3 Million Kamran Note is supported by valid consideration. Soleimani asserts that his security interest is perfected and unavoidable because he (1) retained possession of the original $1.3 Million Kamran Note (which secured the Soleimani Note) and (2) delivered the original $1.3 Million Kamran Note to Commerce Escrow Company Debtor only after the Debtor instructed Commerce Escrow Company to hold possession of the original $1.3 Million Kamran Note for Soleimani's benefit.

78. Pursuant to Bankruptcy Code Section 506(a), Counterclaimants seek a declaration of the Court setting out the parties' respective rights with respect to all of the Kamran Notes, the Kamran Deed of Trust, and the extent, validity and priority of their respective liens based on those instruments.

79. Specifically, Counterclaimant Soleimani seeks a declaration that (1) the $1.3 Million Kamran Note and the $1.3 Million Kamran Deed of Trust are valid and binding obligations that are supported by valid consideration, (2) Soleimani has a perfected and unavoidable security interest based on the $1.3 Million Kamran Note, the $1.3 Million Kamran Deed of Trust, the Soleimani Note, and the Soleimani Collateral Assignment, and (3) Soleimani may therefore foreclose on the property at 25 West Walnut Street based on his perfected security interest.

//

//

//

- 17 -
COUNTERCLAIM AND CROSS-CLAIM

## THIRD CLAIM FOR RELIEF

**(For Relief from the Automatic Stay and Turnover of Proceeds)**

**[By All Counterclaimants Against the Trustee**

**and Roes 1 through 20, inclusive]**

80.    By this reference Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1-79, inclusive, as though set forth in full herein.

81.    Counterclaimants seek relief from the automatic bankruptcy stay pursuant to Bankruptcy Code Sections 362(d) (1) and 362(d)(2) as to their fully perfected security interests in the collateral:

        a.    for cause, including the lack of adequate protection of their respective interests in property;

        b.    because the Debtor does not have any equity in the property and such property is not necessary to an effective reorganization of the Debtor.

82.    In the alternative, Counterclaimant seek an order requiring the Trustee to turn over to them all proceeds received by the Trustee or estate that relate to the sale or disposition of the property at 25 West Walnut Street.

83.    Counterclaimants' interests in such property cannot be avoided by the Trustee.

84.    By reason of the foregoing, Counterclaimants, and each of them, are entitled to an Order for the delivery of all proceeds received by the Trustee or Debtor's estate that relate to the sale or disposition of the property at 25 West Walnut Street, up to the amount of Counterclaimants' interests in those proceeds.

WHEREFORE, Counterclaimants, and each of them, pray against Counterdefendants, and each of them, as follows:

1.    For a determination of the extent, validity and priority of the liens asserted by Counterclaimants based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments, including, but

- 18 -
COUNTERCLAIM AND CROSS-CLAIM

not limited to, a determination that:

      a.    the Kamran Notes and Kamran Deeds of Trust are valid and binding obligations of the Debtor that are supported by valid consideration,

      b.    Counterclaimants have perfected and unavoidable security interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments; and

      c.    Counterclaimants may therefore foreclose on the property at 25 West Walnut Street based on their perfected security interests.

2.    For an Order granting Counterclaimants relief:

      a.    from the automatic bankruptcy stay pursuant to Bankruptcy Code Sections 362(d)(1) and 362(d)(2) to exercise all of their remedies under applicable non-bankruptcy law in order to enforce their rights as payees, assignees and creditors under the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments and in particular, to take actions to foreclose upon and obtain possession of the property at 25 West Walnut Street; or, in the alternative,

      b.    granting Counterclaimants adequate protection of their security interests based on the Kamran Notes, the Kamran Deeds of Trust, the Counterclaimant Notes and the Counterclaimant Collateral Assignments;

3.    For an Order directing the Trustee to deliver to Counterclaimants all proceeds received by the Trustee or estate that relate to the sale or disposition of the property at 25 West Walnut Street, up to the amount of Counterclaimants' respective interests in those proceeds;

4.    For injunctive relief and other equitable relief;

5.    For attorney's fees and costs of suit;

//

//

//

COUNTERCLAIM AND CROSS-CLAIM

6.      For such other and further relief as the Court may deem proper.

DATED: June 7, 2010                    GREGORY M. SALVATO, ESQ.
                                       SALVATO LAW OFFICES


                                          /s/ Gregory M. Salvato
                                       By:
                                          Gregory M. Salvato

                                       Attorneys for Counterclaimants

                                       ASHLAND PROPERTIES, LLC, JAMSHID
                                       BAHARVAR, M.D., MAHMOUD
                                       FATORECHI and SOUSSAN HASHEMI, as
                                       Trustees of the FATORECHI-HASHEMI
                                       FAMILY TRUST Dated March 29, 2005,
                                       MORTEZA HOMAYOUNJAM, FARAMARZ
                                       MASSACHI, as Trustee of the FARMO
                                       TRUST, FARANAK FAYE SARAFIAN,
                                       SAWTELLE PROPERTIES, LLC, and
                                       DARIUSH SOLEIMANI

COUNTERCLAIM AND CROSS-CLAIM

| In re:                                                         | CHAPTER  11                        |
|----------------------------------------------------------------|-----------------------------------|
| NAMCO CAPITAL GROUP, INC.,                                     | CASE NUMBER  2:08-32333-BR        |
| Debtor(s).                                                     |                                   |
| KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.          | ADV.  PROC. NO. 2:10-ap-01244-BR  |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Wells Fargo Center, 333 So. Grand Avenue, 25th Floor, Los Angeles, CA 90071-1529**

A true and correct copy of the foregoing document described **COUNTERCLAIM AND CROSS-CLAIM FOR (1) DETERMINATION OF THE EXTENT, VALIDITY, AND PRIORITY OF LIENS; (2) RELIEF FROM THE AUTOMATIC STAY; AND (3) OTHER EQUITABLE RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **JUNE 7, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **JUNE 7, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be** completed no later than 24 hours after the document is filed.

**Honorable Barry Russell**
**United States Bankruptcy Court**
**255 E. Temple Street, Room 1660**
**Los Angeles, CA  90071**

⊠  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge **will be** completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 7, 2010 | Karina Gonzalez | /s/ Karina Gonzalez |
|--------------|-----------------|---------------------|
| Date         | Type Name       | Signature           |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009

| In re:<br><br>**NAMCO CAPITAL GROUP, INC.,**<br><br>                                                          Debtor(s). | CHAPTER  **11**<br><br>CASE NUMBER   **2:08-32333-BR** |
|---|---|
| **KAMRAN PASADENA GROUP, INC. v. BRADLEY D. SHARP, ETC.** | ADV.  PROC. NO.  **2:10-ap-01244-BR** |

Electronic Mail Notice List

- Matthew Clarke    mclarke@cappellonoel.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- Joseph A Eisenberg    jae@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Gregory M Salvato    gsalvato@pmcos.com, calendar@salvatolawoffices.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

U.S. Mail

Saul Reiss, Esq.
LAW OFFICES OF SAUL REISS, P.C.
2800 28th Street
Suite 328
Santa Monica, CA  90405

A Barry Cappello
Capello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Dugan P. Kelley
Cappello & Noel LLP
831 State Street
Santa Barbara, CA  93101

Timothy Neufeld
Newfeld Law Group
360 E. 2nd Street Ste 703
Los Angeles, CA  90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

*January 2009*

# Exhibit 1

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than Thirty (30) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

Namco Capital Group, Inc.

Ezri Namvar-President

When Recorded Mail To

Namco Capital Group, Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025



09/13/07

20072115288

Document Recorded

red with original.
ned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to Morteza Homayounjam as to 25% beneficial interest   under that certain Deed of Trust dated June 29, 2007 executed by Pasadena Athletic Club, Inc., a California corporation Trustor, to Woodman Partners LLC, a California limited liability company., Trustee, and  recorded as instrument # 2007-1990505 on August 24, 2007
In the County Recorder's office of Los Angeles County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Together with a collateral assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:August 31, 2007

Namco Capital Group, Inc.

By _____
Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_____

On _September 1, 2007_ before me, _Alpha C. Giles, Notary Public_ (here insert name and title of the officer), personally appeared _____Ezri Namvar_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

F-2

Order No.: 603803453-M07

## LEGAL DESCRIPTION

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A)   AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/95)          Page 3

Order No.: 603803453-M07

## LEGAL DESCRIPTION
### (continued)

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL CRANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,

CLTA Preliminary Report Form (Rev 1/1/95)

Page 4

Order No.: 603803453-M07

## LEGAL DESCRIPTION
### (continued)

WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE

CLTA Preliminary Report Form (Rev 1/1/95)                    Page 5

9

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)    UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

CLTA Preliminary Report Form (Rev 1/1/95)                    Page 6

506271 - LA:2007 01990505                    08/30/2007 05:52 PM    9 of 12

ꓕ0

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

506271 - LA:2007 01990505                                    08/30/2007 05:52 PM    10 of 12

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

Order No.: 603803453-M07

## LEGAL DESCRIPTION
(continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

END OF LEGAL DESCRIPTION

506271 - LA:2007 01990505

08/30/2007 05:52 PM    12 of 12

# Exhibit 2

## PROMISSORY NOTE

Los Angeles, California

$420,000.00                                            Dated: November 6, 2007


For value received, the undersigned promises to pay, without notice, demand, grace, deduction or offset, to Ashland Properties, LLC., in lawful money of the United States, in immediately available funds, the principal sum of Four Hundred Twenty Thousand and 00/100⁰Dollars ($420,000.00), together with interest thereon, upon receiving thirty (30) days (the "Maturity Date"), at 11022 Santa Monica Blvd., #280, Los Angeles CA 90025 or such other place as the holder hereof may designate.

The outstanding principal amount of this Note shall bear interest at the rate of seven and three quarter Percent (7.75%) per annum calculated on a 360/360 basis; that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month). Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning December 1, 2007 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Notwithstanding any other provision of this Note, either party may notify the other for the pay off in writing at least 30 days before the undersigned shall become obligated to repay the principal sum of this Note. This provision applies to the Maturity Date as well.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned or any party to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

B-2 (1)

This Note shall be binding on the undersigned. its successors and assigns and shall inure to the benefit of holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be prepayable upon no less than thirty (30) days written notice to Holder.

This Note shall be governed by and construed in accordance with the laws of the State of California.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

The undersigned hereby assigns, transfer to and pledges with said lender as collateral security for the payment of this or any other joint or several liability or liabilities of the undersigned to said lender, due or to become due. or that may be hereafter contracted; 8% of the following secured promissory note of which the undersigned is the sole owner, the same being deposited at the sole risk and expense of the undersigned, to wit:

1. Note dated June 29, 2007 in the amount of $5,000,000.00 executed by Pasadena Atlatic Club, Inc., a California corporation in favor of NAMCO CAPITAL GROUP, INC. a California corporation as Beneficiary.

2. Deed of Trust dated June 29, 2007 in the amount of $5,000,000.00 recorded on August 24, 2007 as Instrument # 2007-1990505 in the County Recorder's Office of Los Angeles County.

NAMCO CAPITAL GROUP, INC.

Ezri Namvar, President

This Note is personally guaranteed by

Ezri Namvar

B-2 (2)



This page is part of your document - DO NOT DISCARD

 **20072498568**  Pages: 009

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

11/07/07 AT 08:00AM

Fee:  30.00
Tax:  0.00
Other: 0.00
Total: 30.00

Title Company

**TITLE(S) :**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black Ink.        Number of AIN's Shown

**THIS FORM IS NOT TO BE DUPLICATED**

D-2 (1)

When Recorded Mail To

Ashland Properties, LLC
11022 Santa Monica Blvd, #280
Los Angeles, CA 90025
Attention: Mr. Abraham Yermian

11/07/07



**20072498568**

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to Ashland Properties, LLC as to 8% beneficial interest  under that certain Deed of Trust dated June 29, 2007 executed by Pasadena Athletic Club, Inc., a California corporation Trustor, to Woodman Partners LLC, a California limited liability company., Trustee, and  recorded as instrument # 2007-1990505 on August 24, 2007· in the County Recorder's office of Los Angeles County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Together with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:November 6, 2007

Namco Capital Group, Inc.

This Instrument Filed For Record By Alliance Company As An Accommodation Only. It Has Not Been Examined As To Its Execution Or As To Its Effect Upon The Title

By: _____
Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF __Los Angeles__

On __November 5, 2007__ before me, Alpha C. Giles, Notary Public (here insert name and title of the officer), personally appeared _____Ezri Namvar_____ personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 26, 2010

3

This Instrument Filed For Record By Alliance
Company As An Accommodation Only. It Has Not
Been Examined As To Its Execution Or As To Its
Effect Upon The Title

PARCEL A:                          EXHIBIT "A"

A CONDOMINIUM COMPRISED OF:

(A)    AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536,
IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA,
AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE
CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF
OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE
CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER
MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE
ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL
CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON
SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT
WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET
OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D.
MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER
ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN
THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS
SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST
BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND
DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE
NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE
THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY
PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET
NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID
LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR
DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY
VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED
JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE
RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/95)                    Page 1

D-2 (3)

4

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,

CLTA Preliminary Report Form (Rev 1/1/95)

Page 4

O-2 (4)

WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA. BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 46019), RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 12.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162, OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE

CLTA Preliminary Report Form (Rev 1/1/93)          Page 3

0-2 (5)

6

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)    UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMEROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

0-2(6)

7

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE
RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF
DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF
PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO
EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE
SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06
FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY
LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST
NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID
NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE
SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF
BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION
OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF
MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/05)                Page 7

O-2 (7)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE
TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS
RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT
PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID
SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND
DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE
NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG
SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A
RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,
WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF
76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00
FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID
INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE
POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF
LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST
THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY
OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON
MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO
THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340
PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING
DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF
PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019),
RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE
ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST
32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS
OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE
SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND
CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-
4415 PAGE 340 OF OFFICIAL RECORDS.

O-2 (8)

9

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED

END OF LEGAL DESCRIPTION

07 2498568

D-2 (9)