*10 AP 1244*

## PROMISSORY NOTE

Los Angeles, California

$260,000.00                                           Dated: March 1, 2006

For value received, the undersigned (sometimes referred to herein as "NAMCO") promises to pay, without notice, demand, grace, deduction or offset, to Faranak Faye Sarafian ("Holder"), in lawful money of the United States, in immediately available funds, the principal sum of Two Hundred Sixty Thousand and 00/100 Dollars ($260,000.00), together with interest thereon on September 1, 2006 (the "Maturity Date"),at 121 N.Almont Dr., #305 Beverly Hills, CA 90211 or such other place as the Holder hereof may designate. The Maturity Date shall be subject to extension as set forth below.

The outstanding principal amount of this Note shall bear interest at the rate of six and three quarter Percent (6.75%) per annum calculated on a 360/360 basis; that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principia balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month) . Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears, on the first day of each calendar month beginning April 1, 2006 without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Notwithstanding any other provision of this Note, the either party may notify the other for the pay off in writing at least 30 days before the undersigned shall become obligated to repay the principal sum of this Note. This provision applies to the Maturity Date as well.

Holder understands and is fully aware that Namco shall have no obligation to repay the unpaid principal under this Note until the Maturity Date, subject to the above terms, and if Holder desires repayment before the Maturity Date, as same may be extended pursuant to the preceding paragraph, the early repayment may cause material financial damage to Namco. The Holder may demand repayment of this Note prior to Maturity Date, provided , Holder gives Namco the thirty (30) day written notice mentioned above. However if the funds are withdrawn before the Maturity Date the rate will be adjusted retroactively to six percent (6%) per annum.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned or any party to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

*E n* _____

B-5 (1)

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by Holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of Holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be governed by, and construed in accordance with, the laws of the State of California, and subject to such laws, shall be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

Namco Capital Group, Inc.

Ezri Namvar-President

B-5 (2)



**This page is part of your document - DO NOT DISCARD**

 **20081075595**   Pages: 011

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/17/08 AT 10:28AM

Fee:  37.00
Tax:  0.00
Other: 0.00
Total: 37.00

2042456        200806170020030   Mail

**TITLE(S) :**

_____



L E A D   S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

O-5 (1)

06/17/08

20081075595

| Recording Request By |
| --- |
| *Condi Siler* |
| When Recorded Mail To |
| *Namco Capital* |
| Name: *Namco Capital* |
| Mailing Address: *12121 Wilshire Blvd. #1400* |
| City, State, Zip: *LA, CA 90025* |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

*Collateral Assignment of Deed of Trust*

D-5 (2)

When Recorded Mail To

Namco Capital Group, Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025

_Space above this line is for Recorder's use_

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to Faye  Faranak Sarafian as to 5.5%  beneficial interest   under that certain Deed of Trust dated June 29, 2007 executed by Pasadena Athletic Club, Inc., a California corporation Trustor, to Woodman Partners LLC, a California limited liability company., Trustee, and   recorded as instrument # 2007-1990505 on August 24, 2007
in the County Recorder's office of Los Angeles County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Together with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:October 29, 2007

Namco Capital Group, Inc.

By: Ezri Namvar-President

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On October 29, 2007      before  me, Alpha C. Giles, Notary Public, (here insert name and title of the officer), personally appeared      Ezri Namvar
personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

ALPHA C. GILES
Commission # 1707444
Notary Public · California
Los Angeles County
My Comm. Expires Nov 28, 2010

D-5 (3)

4

# EXHIBIT "A"

Ი-5 (4)

## LEGAL DESCRIPTION

PARCEL A:

A CONDOMINIUM COMPRISED OF:

(A)    AN UNDIVIDED 84.859 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896 PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMBROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

CLTA Preliminary Report Form (Rev 1/1/95)          Page 3

*U*

## LEGAL DESCRIPTION
### (continued)

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, A SUBDIVISION OF PART OF
DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF
PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND. ALSO
EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE
SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06
FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY
LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST
NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID
NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE
SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF
BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.90 FEET OF LOT 28 OF THE RESUBDIVISION
OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF
MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE
TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS
RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT
PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID
SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND
DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE
NORTHEASTERLY LINES OF SAID LOT 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG
SAID PARALLEL LINE 18.78 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A
RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST,

CLTA Preliminary Report Form (Rev 1/1/95)                Page 8

O-5 (6)

7

## LEGAL DESCRIPTION
### (continued)

WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF
76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00
FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID
INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE
POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF
LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST
THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY
OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON
MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO
THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340
PAGE 165, OF OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING
DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF
PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019),
RECORDED IN BOOK D-4415 PAGE 340, OFFICIAL RECORDS, IN SAID OFFICE; THENCE
ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST
32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS
OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE
SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND
CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-
4415 PAGE 340 OF OFFICIAL RECORDS.

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE
ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR
DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY
GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED FEBRUARY 15, 1974 AS INSTRUMENT
NO. 162, OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE
NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN
THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS
PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE
OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE
ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL
CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES
IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY
RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE

CLTA Preliminary Report Form (Rev 1/1/95)                    Page 5

D-5 (7)

8

## LEGAL DESCRIPTION
### (continued)

SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(B)   UNIT 1 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL B:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 4.56 PERCENT INTEREST IN AND TO LOT 1 OF TRACT NO. 33536, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 896, PAGES 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT UNITS 1 THROUGH 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467 OF OFFICIAL RECORDS.

ALSO EXCEPT FROM LOT 31, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 31 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF THE ABOVE PARCEL, ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY AMBROSIO MALDONADO AND RUTH D. MALDONADO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974.

EXCEPTING ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THAT PORTION OF LOT 29 OF THE RESUBDIVISION OF THE TURNER TRACT IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; BOUNDED ON THE NORTHEAST BY A LINE THAT IS PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT AND DISTANT 62.00 FEET SOUTHWESTERLY THEREFROM, MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29; AND BOUNDED ON THE SOUTHWEST BY A LINE THAT IS PARALLEL WITH THE SOUTHWESTERLY LINE (AND THE SOUTHEASTERLY PROLONGATION THEREOF) OF LOT 30 OF SAID TRACT AND DISTANT 36.00 FEET NORTHEASTERLY THEREFROM MEASURED ALONG THE NORTHWESTERLY LINE OF SAID LOT 29, DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY VINCENT LUCIDO AND DORA LUCIDO, HUSBAND AND WIFE, IN DEED RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

O-5 (8)

9

## LEGAL DESCRIPTION
(continued)

EXCEPT FROM PARCEL 1 THROUGH 7 INCLUSIVE DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 28 AND THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF LOT 27 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE NORTHERLY 4 FEET OF THE EASTERLY 85.00 FEET OF LOT 28.

PARCEL 2:

LOT 27 OF THE RESUBDIVISION OF TURNER TRACT, A SUBDIVISION OF PART OF DIVISION "B" OF SAN GABRIEL ORANGE GROVE ASSOCIATION, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHERLY 4 FEET OF THE WESTERLY 85 FEET OF SAID LAND, ALSO EXCEPT THAT PORTION OF LOT 27, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF SAID LOT 27; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, A DISTANCE OF 4.06 FEET; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT DISTANT SOUTHEASTERLY THEREON 38.68 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT, THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE 38.68 FEET TO SAID MOST NORTHERLY CORNER; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT TO THE POINT OF BEGINNING.

PARCEL 3:

THE NORTHERLY 4 FEET OF THE EASTERLY 85.50 FEET OF LOT 28 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

LOT 4 OF THE ESTHER TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7 PAGE 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

O-5 (9)

/0

## LEGAL DESCRIPTION
(continued)

PARCEL 5:

LOT 3 AND THE SOUTHEASTERLY 3.00 FEET OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THAT PORTION DESCRIBED AS WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF SAID SOUTHEASTERLY 3.00 FEET OF LOT 4, WITH A LINE THAT IS PARALLEL WITH AND DISTANT SOUTHWESTERLY 10.00 FEET, MEASURED AT RIGHT ANGLES FROM THE NORTHEASTERLY LINES OF SAID LOTS 3 AND 4; THENCE SOUTH 34° 42' 46" EAST, ALONG SAID PARALLEL LINE 18.71 FEET TO A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 1,973.00 FEET, THENCE FROM A TANGENT BEARING SOUTH 69° 10' 25" WEST, WESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 2° 13' 09" AN ARC DISTANCE OF 76.42 FEET TO A POINT IN SAID NORTHWESTERLY LINE OF THE SOUTHEASTERLY 3.00 FEET OF LOT 4 DISTANT THEREON SOUTHWESTERLY 74.54 FEET FROM SAID INTERSECTION; THENCE NORTHEASTERLY ALONG LAST SAID LINE 74.54 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM THAT PORTION THEREOF INCLUDED WITHIN THE LIMITS OF LINCOLN AVENUE AND OF FAIR OAKS AVENUE AS WIDENED.

PARCEL 6:

THAT PORTION OF CYPRESS AVENUE ADJOINING SAID PARCELS 1, 2 AND 4 ON THE WEST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID PARCELS 1, 2 AND 4.

PARCEL 7:

THAT PORTION OF LOT 4 OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, AS CONVEYED TO THE STATE OF CALIFORNIA, BY DEED (STATE PARCEL 43020), RECORDED IN BOOK D-4340 PAGE 165, OFFICIAL RECORDS, BOTH RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED NORTHWESTERLY BY THE FOLLOWING DESCRIBED LINES:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF SAID SOUTHEASTERLY LINE OF PARCEL 1 OF THE LAND CONVEYED TO SAID STATE BY DEED (STATE PARCEL 48019), RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS, IN SAID OFFICE; THENCE ALONG THE PROLONGATION OF SAID SOUTHEASTERLY LINE NORTH 65° 20' 05" EAST 32.26 FEET TO A TANGENT CURVE CONCAVE SOUTHEASTERLY AND HAVING A RADIUS OF 1973.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE TO THE SOUTHWESTERLY TERMINUS OF THE SOUTHEASTERLY LINE OF PARCEL 2 OF SAID LAND CONVEYED TO SAID STATE BY SAID DEED (STATE PARCEL 48019) RECORDED IN BOOK D-4415 PAGE 340 OF OFFICIAL RECORDS.

CLTA Preliminary Report Form (Rev 1/1/95)                    Page 2

D-5 (10)

*H*

## LEGAL DESCRIPTION
### (continued)

ALL OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JANE R. HOLTZ, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 162 OF OFFICIAL RECORDS.

EXCEPT FROM THE NORTHEASTERLY 62 FEET OF LOT 29, MEASURED ALONG THE NORTHWESTERLY LINE THEREOF, OF THE RESUBDIVISION OF THE TURNER TRACT, IN THE CITY OF PASADENA, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10 PAGE 26 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY AND THAT PORTION OF CYPRESS AVENUE ADJOINING SAID LOT 29 ON THE NORTHEAST THAT WOULD PASS BY A LEGAL CONVEYANCE OF SAID LOT 29, ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER ALL OF THE ABOVE DESCRIBED REAL PROPERTY, BUT WITHOUT ANY RIGHT TO PENETRATE USE OR DISTURB THE PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED BY GEORGE G. HOLTZ AND JAME HOLTZ, HUSBAND AND WIFE, IN DEED RECORDED FEBRUARY 15, 1974 AS INSTRUMENT NO. 159 OF OFFICIAL RECORDS.

(D) UNIT 6 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

END OF LEGAL DESCRIPTION

*D-5  (11)*

Case 2:10-ap-01244-BR    Doc 35-3    Filed 06/07/10    Entered 06/07/10 23:50:35    Desc
Exhibit EXHIBITS 5 & 6    Page 15 of 21

# Exhibit 6

## PROMISSORY NOTE

Los Angeles, California

$450,000.00                                           Dated: February 1, 2008

For value received, the undersigned promises to pay, without notice, demand, grace, deduction or offset, to Farmo Trust dated January 1, 2007 in lawful money of the United States, in immediately available funds, the principal sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00), together with interest thereon, on or before February 1, 2009 (the "Maturity Date"), at 18338 Charlton Lane, Northridge, CA 91326 or such other place as the holder hereof may designate.

The outstanding principal amount of this Note shall bear interest at the rate of six and one half Percent (6.5%) per annum calculated on a 360/360 basis: that is by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principla balance, multiplied by the number of days the principal balance is outstanding (based on 30 days a month). Interest only on the unpaid principal amount outstanding under this Note from time to time shall be payable, in arrears without notice, grace, demand, deduction or offset, until and including the Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

Holder understands and is fully aware that Namco shall have no obligation to repay the unpaid principal under this Note until the Maturity Date, subject to the above terms.
In the event of any misrepresentation, breach of warranty, or other failure by the undersigned or any party to perform its obligations under this Note , all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any course of dealing, unless the same shall be in writing and signed by the Holder, and then such waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by holder in connection with any litigation brought for the enforcement or collection of this Note, including court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

B-6 (1)

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of holder, its successors and assigns.

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

This Note shall be governed by, and construed in accordance with, the laws of the State of California and, subject to such laws be construed in accordance with the Heter Iskoh policies observed by the undersigned.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

The undersigned hereby assigns, transfer to and pledges with said lender as collateral security for the payment of this or any other joint or several liability or liabilities of the undersigned to said lender, due or to become due, or that may be hereafter contracted, all of the following secured promissory note of which the undersigned is the sole owner, the same being deposited at the sole risk and expense of the undersigned, to wit:

1. Note dated September 9, 2007 in the amount of $450,000.00 . executed by Kamran Group, LLC, a California limited liability company in favor of Namco Capital Group, Inc. as Beneficiary.

2. Deed of Trust dated September 9, 2007 in the amount of $450,000.00 recorded as instrument # 20072133932 on September 17, 2007 in the County Recorder's Office of Los Angeles County.

Namco Capital Group, Inc.


Ezri Namvar-President


This Note is personally guaranteed by:


Ezri Namvar                                    Eilel Namvar


B-6 (2)

Exhibit B

When Recorded Mail To

Namco Capital Group,Inc
12121 Wilshire Blvd , #1400
Los Angeles, CA 90025

02/05/08

20080214974

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST.

For Value Received, the undersigned hereby grants, assigns and transfers to Farmo Trust  dated January 1, 2007 as to all beneficial interest   under that certain Deed of Trust dated September 9, 2007 executed by Kamran Group, LLC, a California limited liability company  Trustor, to Woodman Partners LLC, a California limited liability company , Trustee, and  recorded as instrument # 20072133932  on September 17, 2007 in the County Recorder's office of Los Angeles County, California, describing land therein as

SET FORTH IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF

Together  with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust  This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated  February 1, 2008                                    Namco Capital Group, Inc

                                                              By
                                                                 Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _____

On _____ before  me, _____ (here insert name and title of the officer), personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her /their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

Signature _____

*please see attached certificate*

0-6 (2)

*3*

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California  }

County of __Los Angeles__  }

On __February 1, 2008__ before me, __Alpha C Giles Notary Public__
*Date* ___ *Here Insert Name and Title of the Officer*

personally appeared __Ezra Namvar__
*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature __Alpha C Giles__
*Signature of Notary Public*

ALPHA C GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

*Place Notary Seal Above*

──────── OPTIONAL ────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document*

**Description of Attached Document**

Title or Type of Document __Collateral Assignment of Deed of Trust__

Document Date __February 1, 2008__   Number of Pages __1__

Signer(s) Other Than Named Above __None__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name __Ezra Namvar__
☐ Individual
☐ Corporate Officer — Title(s) ____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other ____

Signer Is Representing __Namco Capital Group__

Signer's Name ____
☐ Individual
☐ Corporate Officer — Title(s) ____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other ____

Signer Is Representing ____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave. PO Box 2402 • Chatsworth CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder Call Toll-Free 1-800-876-6827

O-6 (3)

**Exhibit 1**

A CONDOMINIUM COMPRISED OF.

A) AN UNDIVIDED 0.87 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF
PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 895 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN
RECORDED JULY 12, 1978 AS INSTRUMENT NO 78-752467, IN SAID OFFICE OF THE COUNTY
RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS
RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED
JANUARY 21, 1974 AS INSTRUMENT NO 71 OF OFFICIAL RECORDS.

B) UNIT 2 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN. 5713-009-040

*0-6 (4)*

# Exhibit 7

### PROMISSORY NOTE ·

Los Angeles, California

$1,000,000.00

Dated: January 8, 2008

For value received, the undersigned promises to.pay, without notice, demand, grace, deduction or offset, to Darioush Soleimani in lawful money of the United States, in immediately available funds, the principal sum of One Million and 00/100 Dollars ($1,000,000.00), together with interest thereon, on or before January 8, 2009 (the "Maturity Date"), at 911 N.Rexford Dr., Beverly Hills CA 90210 or such other place as the holder hereof may designate.

The outstanding principal amount of this Note shall bear interest at the rate.of eight Percent (8%) per annum calculated on a 360/360 basis; that is by applying the ratio ·of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the number of days the principal balance is outstanding (based on 30. days a month). Interest only on the unpaid principal amount outstanding under this Note from.time to time shall be payable, in arrears, on the first day of each calendar month beginning February 1, 2008 without notice, grace, demand, deduction or offset, until and including the·Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid interest payable by the undersigned hereunder, shall be due and payable.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned or any party to perform its obligations under this Note, all unpaid principal and interest under this Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice or presentment.

No amendment, modification, or waiver of any provision of this ·Note, nor consent to any departure by the undersigned therefrom shall be effective, irrespective of any·course of dealing, unless the same shall be in writing and signed by the Holder, and then such.waiver of consent shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by holder in connection with any litigation brought for the enforcement or collection of this Note, including court·costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest, presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the benefit of holder, its successors and assigns.

B-7 (1)

Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

This Note shall be governed by and construed in accordance with the laws of the State of California.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

The undersigned hereby assigns, transfer to and pledges with said lender as collateral security for the payment of this or any other joint or several liability or liabilities of the undersigned to said lender, due or to become due, or that may be hereafter contracted, all of the following secured promissory note of which the undersigned is the sole owner, the same being deposited at the sole risk and expense of the undersigned, to wit:

1. Note dated September 10, 2007 in the amount of $1,300,000.00 executed by Kamran Group, LLC in favor of NAMCO CAPITAL GROUP, INC. a California corporation as Beneficiary.

2. Deed of Trust dated September 10, 2007 in the amount of $1,300,000.00 recorded as Instrument #20072133936 on September 17, 2007 in the County Recorder's Office of Los Angeles County.

NAMCO CAPITAL GROUP, INC.

_____
Ezri Namvar, President

B-7(2)

When Recorded Mail To

Namco Capital Group,Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025

01/14/08



**20080072494**

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to Darioush Soleimani as to all beneficial interest   under that certain Deed of Trust dated September 10, 2007 executed by Kamran Group, LLC, a California limited liability company Trustor, to Woodman Partners LLC, a California limited liability company , Trustee, and   recorded as instrument # 20072133936 on September 17, 2007 in the County Recorder's office of Los Angeles County, California, describing land therein as:

SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Together with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated:January 8, 2008

Namco Capital Group, Inc.

By: _____
Ezri Namvar-President

ALL PURPOSE ACKNOWLEDGMENT

STATE OF California )
COUNTY OF Los Angeles )

On January 8th       20 08.    before  , me,  Alpha C Giles Notary Public personally      appeared EZRI NAMVAR , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature



ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

D-7 (1)

Exhibit 1

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 5.581 PERCENT INTEREST IN LOT 1 OF TRACT NO: 33536, IN THE CITY OF
PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BCOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN
RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752467, IN SAID OFFICE OF THE COUNTY
RECORDER.

ALSO EXCEPT FROM THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS
RESERVED IN VARIOUS DEEDS OF RECORD, ONE OF THEM BEING THE DEED RECORDED
JANUARY 21, 1974 AS INSTRUMENT NO. 71 OF OFFICIAL RECORDS.

B) UNIT 3 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-041

D-7(2)

# Exhibit 8

## PROMISSORY NOTE

Los Angeles, California

$500,000.00                                   Dated: October 10, 2006

For value received, the undersigned promises to pay, without notice, demand, grace, deduction
or offset, to Mahmoud Fatorechi and Soussan Hashemi Trustees of Fatorechi-Hashemi Family
Trust dated March 29, 2005 in lawful money of the United States, in immediately available
funds, the principal sum of Five Hundred Thousand and 00/100 Dollars ($500,000.00),
together with interest thereon, on or before April 10, 2007 (the "Maturity Date"), at 10445
Wilshire Blvd. #1102, Los Angeles CA 90024 or such other place as the holder hereof may
designate.

The outstanding principal amount of this Note shall bear interest at the rate of seven and three
quarter Percent (7.75%) per annum calculated on a 360/360 basis; that is by applying the ratio
of the annual interest rate over a year of 360 days, multiplied by the outstanding principal
balance, multiplied by the number of days the principal balance is outstanding (based on 30
days a month). Interest only on the unpaid principal amount outstanding under this Note from
time to time shall be payable, in arrears, on the first day of each calendar month beginning
November 1, 2006 without notice, grace, demand, deduction or offset, until and including the
Maturity Date, on which date, the principal amount hereof, together with all accrued and unpaid
interest payable by the undersigned hereunder, shall be due and payable.

In the event of any misrepresentation, breach of warranty, or other failure by the undersigned or
any party to perform its obligations under this Note, all unpaid principal and interest under this
Note shall, at Holder's sole discretion, be immediately due and payable, without demand, notice
or presentment.

No amendment, modification, or waiver of any provision of this Note, nor consent to any
departure by the undersigned therefrom shall be effective, irrespective of any course of dealing,
unless the same shall be in writing and signed by the Holder, and then such waiver of consent
shall be effective only in the specific instance and for the specific purpose for which given.

The options, powers and rights of the Holder specified herein are in addition to, and not in lieu
of, those authorized by applicable law.

Notwithstanding anything set forth in this Note, no interest payment or interest rate charged
hereunder shall exceed the maximum amount or rate permitted under applicable law.

The undersigned agrees to pay all costs and expenses incurred or payable by holder in
connection with any litigation brought for the enforcement or collection of this Note, including
court costs and attorneys' fees and costs actually incurred.

To the extent permitted by applicable law, the undersigned waives notice of protest,
presentment, demand and any other notice in connection with the collection of this Note.

This Note shall be binding on the undersigned, its successors and assigns and shall inure to the
benefit of holder, its successors and assigns.

B-8 (1)



Any payment hereunder which is required to be made on a day which is not a business day in the City of Los Angeles shall be payable on the next immediately succeeding business day and such additional time shall be included in the computation of interest.

This Note shall be prepayable upon no less than fifteen (15) days written notice to Holder.

This Note shall be governed by and construed in accordance with the laws of the State of California.

This Note replaces and supersedes all prior instruments, documents and agreements which evidence the indebtedness represented by this Note, all of which prior instruments, documents and agreements, shall be null and void and of no force or effect.

The undersigned hereby assigns, transfer to and pledges with said lender as collateral security for the payment of this or any other joint or several liability or liabilities of the undersigned to said lender, due or to become due, or that may be hereafter contracted, all of the following secured promissory note of which the undersigned is the sole owner, the same being deposited at the sole risk and expense of the undersigned, to wit:

1.  Note dated November 10 2005   in the amount of $200,000.00 and amended on February 28, 2006 to $600,000.00 executed by B.G.A Holding Company LLC in favor of NAMCO CAPITAL GROUP, INC. a California corporation as Beneficiary.

2.  Deed of Trust dated November 10, 2005  in the amount of $200,000.00 recorded as Instrument #05-3074961 on December 14, 2005 and amended on February 28, 2006 to the amount  $600,000.00 recorded as Instrument  # 06-0470287 in the County Recorder's Office of  Los Angeles County.

NAMCO CAPITAL GROUP, INC.


_____
Ezri Namvar, President



This Note is personally guaranteed by

_____
Ezri Namvar

13-8 (2)

This page is part of your document - DO NOT DISCARD

 **20080117011** Pages: 004



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

01/22/08 AT 11:48AM

Fee:  15.00

Tax:  0.00

Other: 0.00

Total: 15.00

1578617     200801220020026   Mail

## TITLE(S) :



L E A D   S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.     Number of AIN's Shown

**THIS FORM IS NOT TO BE DUPLICATED**

D-8 (1)

When Recorded Mail To

Namco Capital Group,Inc.
12121 Wilshire Blvd., #1400.
Los Angeles, CA 90025

01/22/08

20080117011

Space above this line is for Recorder's use

## COLLATERAL ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to Mahmoud Fatorechi and Soussan Hashemi Trustees of Fatorechi-Hashemi Family Trust dated March 29, 2005 as to all beneficial interest  under that certain Deed of Trust dated September 10, 2007 executed by Kamran Group, LLC, a California limited liability company  Trustor, to Woodman Partners LLC, a California limited liability company , Trustee, and  recorded as instrument # 20072133956  on September 17, 2007 in the County Recorder's office of Los Angeles County, California, describing land therein as:

SET FORTH  IN EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

Together  with a collateral  assignment under that certain  note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. This instrument is given to secure a promissory note made by the undersigned in favor the of the assignee hereunder

Dated: December 19, 2007

Namco Capital Group, Inc.

By
Ezri Namvar-President

STATE OF CALIFORNIA

COUNTY OF _____

On _____ before  me, _____ (here insert name and title of the officer), personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be he person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same  in his/her/their authorized capacity(ies), and that by his/her /their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

✛ please see attached certificate

D-8(2)

3

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On January 11, 2008 before me, Alpha C. Giles Notary Public
Here Insert Name and Title of the Officer

personally appeared Ezri Namvar
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Signature of Notary Public

ALPHA C. GILES
Commission # 1707444
Notary Public - California
Los Angeles County
My Comm. Expires Nov 25, 2010

Place Notary Seal Above

――――――――――― OPTIONAL ―――――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

Description of Attached Document

Title or Type of Document: Collateral Assignment of Deed of Trust

Document Date: January 11, 2008 _____ Number of Pages: 1

Signer(s) Other Than Named Above: none

Capacity(ies) Claimed by Signer(s)

Signer's Name: Ezri Namvar
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: President

Signer Is Representing: Namco Capital Group

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

A-8(3)

4

"EXHIBIT ONE"

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 2.21 PERCENT INTEREST IN LOT 1 OF TRACT NO. 33536, IN THE CITY OF
PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 896 PAGE(S) 84 AND 85 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT UNITS 1 TO 6 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN
RECORDED JULY 12, 1978 AS INSTRUMENT NO. 78-752487, IN SAID OFFICE OF THE COUNTY
RECORDER.

ALSO EXCEPT FROM PORTIONS OF SAID LAND, ALL OIL, GAS, AND OTHER HYDROCARBON
SUBSTANCES, WITHOUT, HOWEVER THE RIGHT OF SURFACE ENTRY, AS PROVIDED FOR IN
THE DEEDS RECORDED JANUARY 21, 1974 AS INSTRUMENT NO. 71, JANUARY 21, 1974 AS
INSTRUMENT NO. 82, FEBRUARY 15, 1974 AS INSTRUMENT NO. 160 AND FEBRUARY 15, 1974
AS INSTRUMENT NO. 162, ALL IN SAID OFFICE OF THE COUNTY RECORDER.

B) UNIT 4 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

APN: 5713-009-042

D-8 (4)

# EXHIBIT 12

FILED

2010 SEP 21  PM 4:36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10 **GR 10 01055** |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act To Be Done] |
| EZRI NAMVAR, aka "Ezri Namvar Moghadam," and HAMID TABATABAI, aka "Hamid Taba," | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. §§ 1343, 2]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   Defendant EZRI NAMVAR, also known as ("aka") "Ezri Namvar Moghadam" ("NAMVAR"), operated and controlled Namco Financial Exchange Corp. ("NFE") and Namco Capital Group, Inc. ("NCG"), which were run out of offices located in the same building in Los Angeles, California.   Defendant NAMVAR resided in

Los Angeles County, California.

2.   Defendant HAMID TABATABAI, aka "Hamid Taba" ("TABATABAI"), was the controller and a vice president of NFE and held similar positions at NCG.  Defendant TABATABAI resided in Los Angeles County, California.

3.   Section 1031 of the Internal Revenue Code permitted owners of investment property to defer the capital gains tax that would otherwise be due and owing upon the sale of the investment property by applying, within a set time frame, the sale proceeds to the purchase of an identified replacement investment property or properties.  These transactions were commonly referred to as "like-kind exchanges," "tax-free exchanges," or "1031 exchanges."

4.   In a typical 1031 exchange, the owner of an investment property would assign the owner's interest in the investment property to a "qualified intermediary," before the planned sale of the investment property.  The qualified intermediary would then convey the investment property to the buyer, who would deposit the sale proceeds (the "exchange proceeds") into a bank account of the qualified intermediary.  The owner of the investment property that was sold would have 45 days from the date of the sale to identify for the qualified intermediary a like-kind replacement property or properties and 180 days from the date of the sale to close on the purchase of the replacement property or properties.  The qualified intermediary would use the exchange proceeds to fund the purchase of the replacement property or properties, returning any unused funds to the owner.

5.   A qualified intermediary had responsibilities and obligations to the owner regarding the safekeeping and use of

exchange proceeds.  These responsibilities and obligations were typically set forth in a contract referred to as an "exchange agreement."

6.    NFE held itself out to owners of investment properties as a qualified intermediary from in or about April 2005, when it was incorporated, to in or about April 2009, when it was forced into bankruptcy proceedings.  Before its bankruptcy, NFE entered into exchange agreements with owners selling investment properties to hold the exchange proceeds in safekeeping and then use the exchange proceeds to effectuate 1031 exchanges.

7.    NFE was a member of the Federation of Exchange Accomodators ("FEA"), the only national trade association organized to represent professionals who conducted 1031 exchanges, including qualified intermediaries.  As part of its FEA membership, defendant NAMVAR, on behalf of NFE, agreed to, among other things:

a.    Not loan or otherwise transfer exchange proceeds to any person or entity affiliated with or related to NFE with the exception of a transfer or loan made to a financial institution which was the parent of or related to NFE; and

b.    Not invest exchange proceeds in a manner that did not provide sufficient liquidity to meet NFE's contractual obligations to its clients and did not preserve the principal of the exchange proceeds.

B.    THE SCHEME TO DEFRAUD EXCHANGE CLIENTS

8.    Beginning in or about March 2008, and continuing until at least in or about December 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants

NAMVAR and TABATABAI, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud certain of NFE's clients (the "Victim Clients") as to material matters, and to obtain money and property from the Victim Clients by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

9.   The fraudulent scheme operated, in substance, in the following manner.

a.   Defendant NAMVAR, defendant TABATABAI, and others held NFE out to the Victim Clients as a qualified intermediary that would hold and use their exchange proceeds pursuant to an exchange agreement.  Per its exchange agreements with the Victim Clients, NFE was paid a fixed fee by the Victim Clients in return for its services.

b.   Defendant NAMVAR recruited the Victim Clients, among other ways, by obtaining referrals from accountants and real estate investors.

c.   Defendant TABATABAI, on behalf of NFE, signed and entered into exchange agreements with the Victim Clients, who understood at the time they entered in the exchange agreements that NFE would hold their exchange proceeds in a secure account or accounts, where the exchange proceeds would be available upon demand to effectuate 1031 exchanges.  Those exchange agreements are more particularly described as follows:

i.   The exchange agreement entered into on or about March 24, 2008, between NFE and "E.M.V. and S.V." (the "V.

Exchange");

ii.   The exchange agreement entered into on or about May 16, 2008, between NFE and La Crescenta Foothill Investments, LLC (the "La Crescenta Exchange");

iii. The exchange agreement entered into on or about June 17, 2008, between NFE and "L. and I. K. Trust No. 2" (the "K. Trust Exchange");

iv.   The exchange agreement entered into on or about August 19, 2008, between NFE and Sunnylane Partners, LLC (the "Sunnylane Exchange"); and

v.    The exchange agreement entered into on or about August 28, 2008, between NFE and "P. and J.L. Family Trust U/D/T Dated October 9, 1987" (the "L. Trust Exchange").

d.    Instead of holding the Victim Clients' exchange proceeds in a secure account or accounts (where the exchange proceeds would be available upon demand to effectuate 1031 exchanges), defendant NAMVAR, with the knowing assistance of defendant TABATABAI and others, used those exchange proceeds for a variety of purposes unrelated to the Victim Clients' 1031 exchanges, which purposes were not disclosed to the Victim Clients before they entered into the exchange agreements and which the Victims Clients did not authorize.

e.    Defendant TABATABAI, through NFE's bookkeeper, sent some of the Victim Clients a letter confirming that their exchange proceeds were available for withdrawal upon demand when, in truth and fact as defendant TABATABAI then well knew, they were not.

10.    In carrying out the scheme to commit the above-described defraud, defendants NAMVAR and TABATABAI made and caused to be made to the Victim Clients one or more of the following underlined false and fraudulent representations and promises, among others:

a.    All of the exchange proceeds were available upon demand pursuant to the terms of the exchange agreement.    In truth and fact, as defendants NAMVAR and TABATABAI then well knew, most if not all of the Victim Clients' exchange proceeds were not available upon demand pursuant to the terms of the exchange agreement because they had been used for a variety of purposes unrelated to Victim Clients' 1031 exchanges, such as paying back NCG's creditors and investors.

b.    The exchange proceeds would be held in accounts at various banks.    In truth and fact, as defendants NAMVAR and TABATABAI then well knew, the exchange proceeds were not going to be held in accounts at various banks.

11.    In carrying out this scheme to defraud, defendants NAMVAR and TABATABAI knowingly concealed and caused others to conceal from the Victim Clients the following material facts, among others:

a.    NFE did not continuously hold the Victim Clients' exchange proceeds in a secure account or accounts, where the exchange proceeds would be available upon demand to effectuate 1031 exchanges.

b.    NFE did not continuously maintain a reservoir of funds sufficient to meet the obligations it had to the Victim Clients under the exchange agreements.

c.   After receiving the Victim Clients' exchange proceeds, NFE transferred by wire and check the exchange proceeds to a variety of individuals and entities, such as:

i.   An NCG bank account, from which the exchange proceeds were used to pay the expenses and liabilities of NCG; and

ii.   Individuals and entities other than NCG to whom defendant NAMVAR and/or NCG owed money.

12.   As part of the above-described scheme to defraud, defendants NAMVAR and TABATABAI caused the Victim Clients to provide NFE with approximately $27 million in exchange proceeds, of which only approximately $4 million was returned to or used on behalf of the Victim Clients pursuant to the exchange agreements.

C.   THE USE OF THE WIRES

13.   On or about the dates set forth below, within the Central District of California, and elsewhere, defendants NAMVAR and TABATABAI, for the purpose of executing the above-described scheme to defraud, transmitted, willfully caused the transmission, and aided and abetted the transmission of, the following items by means of wire and radio communication in interstate and foreign commerce:

//

//

//

//

//

//

//

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 4/2/08 | Wire transfer of $742,955.33 from Land Title Guarantee's Alpine Bank account #XXXXXX2755 in Denver, Colorado, through the Federal Reserve Bank processing center in New Jersey to NFE's Security Pacific Bank business checking account #XXXXX4918 in Ontario, California (in connection with the V. Exchange) |
| TWO | 5/23/08 | Wire transfer of $2,110,318.18 from Glen Oaks Escrow's Comerica Bank Scotts Valley account #XXXXXX0907 in Glendale, California, through the Federal Reserve Bank processing center in New Jersey to NFE's Security Pacific Bank business checking account #XXXXX4918 in Ontario, California (in connection with the La Crescenta Exchange) |
| THREE | 7/30/08 | Wire transfer of $20,324,530.33 from Fidelity National Title Company's City National Bank account #XXXXX8666 in Stockton, California, through the Federal Reserve Bank processing center in New Jersey to NFE's Security Pacific Bank business checking account #XXXXX4918 in Ontario, California (in connection with the K. Trust Exchange) |
| FOUR | 8/20/08 | Wire transfer of $1,999,501.96 from First American Title & Trust, Co.'s First American Trust Co. account #XXXXXX0000 in Oklahoma City, Oklahoma, through the Federal Reserve Bank processing center in New Jersey to NFE's Security Pacific Bank business checking account #XXXXX4918 in Ontario, California (in connection with the Sunnylane Exchange) |

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| FIVE | 9/5/08 | Wire transfer of $1,845,297.92 from Southland Title Corporation's Union Bank, NA, aka Union Bank of California, account #XXXXXX9431 in Glen Allen, Virginia, through the Federal Reserve Bank processing center in New Jersey to NFE's Security Pacific Bank business checking account #XXXXX4918 in Ontario, California (in connection with the L. Trust Exchange) |

A True Bill

/s/
_____
FOREPERSON

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

JILL T. FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

BRIAN E. KLEIN
Assistant United States Attorney
Major Frauds Section

9

# EXHIBIT 13

# United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | CR 10-1055 PA | JS-3 |

**Defendant**    Ezri Namvar

akas:   Ezri Namvar Moghadam

Social Security No. 7 9 0 8

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 10 | 11 | 2011 |

**COUNSEL**      Marc Harris, Ret.

(Name of Counsel)

**PLEA**    ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE    ☒ NOT GUILTY

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Wire Fraud in violation of Title 18 U.S.C. §1343, as charged in Counts 1, 2, 3, and 4, of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ezri Namvar, is hereby committed on Counts 1, 2, 3, and 4 of the Indictment to the custody of the Bureau of Prisons for a term of **84 Months**. This term consists of 84 Months on each of Counts 1, 2, 3, and 4 of the Indictment, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 2, 3, and 4, of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with General Order No. 01-05;

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

5. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer;

6. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

---

CR-104 (03/11)      JUDGMENT & PROBATION/COMMITMENT ORDER      Page 1 of 5

USA vs.   Ezri Namvar                                              Docket No.:   CR 10-1055 PA

7.      The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately to the Clerk of the Court. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

It is ordered that the defendant shall pay restitution in the total amount of $20,930,648, pursuant to 18 U.S.C. § 3663A to victims as set forth in a separate victim list prepared by the probation office, which this Court adopts and which reflects the court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

The defendant shall be held jointly and severally liable with his co-participant, Hamid Tabatabai (Docket No. CR-10-1055 PA) for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution. Should the victims be paid any sums from any bankruptcy estates of either the defendant or any of his business entities that amount shall be credited to the amount of restitution owed to that victim.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Restitution shall be paid in full no later than 90 days after sentencing.

In the event that restitution is not paid in full within 90 days after sentencing, the defendant shall make nominal monthly payments of $1,000 towards restitution. These payments shall begin 30 days after the commencement of supervision.

Defendant is advised of his right to appeal.

//

//

//

//

USA vs.   Ezri Namvar                                              Docket No.:   CR 10-1055 PA

The Court recommends that defendant be housed in a facility in Southern California.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12:00 p.m., on November 8, 2011. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

Defendant's bond is ordered exonerated upon self-surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

October 11, 2011
_____
Date

Percy Anderson, United States District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

October 12, 2011                      By    P. Songco /S/
_____                    _____
Filed Date                                 Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| X |   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.    Ezri Namvar                                      Docket No.:    CR 10-1055 PA

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

USA vs.   Ezri Namvar                                                        Docket No.:    CR 10-1055 PA

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date

_____
Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____
Filed Date

_____
Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                            Date


_____          _____
U. S. Probation Officer/Designated Witness          Date

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 831 State Street, Santa Barbara, California 93101. A true and correct copy of the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION, ON COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On **February 1, 2012,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 1, 2012,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/1/12 | Matthew N. Mong | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
09019.003 - 163624.1

**F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

## II.   SERVED BY U.S. MAIL

**United States Trustee (LA)**
725 S Figueroa St # 2600
Los Angeles, CA 90017-5413

**David M. Poitras**
**Dan P. Sedor**
**Jeffer Mangels Butler & Mitchell LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067

**Sawtelle Properties LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Soussan Hashemi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**John M. Rygh**
915 Wilshire Blvd, Suite 2100
Los Angeles, CA 90017

**Ashland Properties, LLC**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Mahmoud Fatorechi**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Morteza Homayounjam**
**Weissmann Wolff, et al**
9665 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

**Saul Reiss**
**Law Offices of Saul Reiss, P.C.**
2800 28th St Ste 328
Santa Monica, CA 90405

**Susan I. Montgomery**
**Law Offices of Susan I. Montgomery**
1925 Century Park East, Suite 2000
Los Angeles, CA 90067

## III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### SERVED BY E-MAIL:

- **David M. Poitras** — dpoitras@jmbm.com
- **Robyn B. Sokol** — rsokol@ebg-law.com; ecf@ebg-law.com
- **Joseph A. Eisenberg** — jeisenberg@jmbm.com
- **Gregory M. Salvato** — gsalvato@salvatolawoffices.com
- **Saul Reiss** — saulreiss@verizon.net
- **Susan I. Montgomery** — susan@simontgomerylaw.com
- **Daniel Issak** — info@lightingzilla.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
09019.003 - 163624.1

**F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 2:08-bk-32333-BR<br>ADVERSARY PROC. NO.: 2:10-ap-01244-BR |
|---|---|

## SERVED BY PERSONAL DELIVERY:

Honorable Barry Russell
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
09019.003 - 163624.1

*F 9013-3.1*